Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, KEVIN BLACK, and MARYANN OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**DEFENDANT PATREON, INC.'S REPLY IN SUPPORT OF ITS REQUEST FOR JUDICIAL NOTICE** |

In evaluating Defendant Patreon, Inc.'s Motion to Dismiss Complaint (Dkt. No. 21), the Court properly can – and should – take judicial notice of Patreon's Terms of Use, Privacy Policy, and Cookie Policy, as requested by Patreon in its Request for Judicial Notice ("RJN").  The Court can take judicial notice of these documents, even though they are not attached to the complaint, because Plaintiffs repeatedly refer to them in their complaint (at least four times), the documents form the basis of Plaintiffs' claims, and Plaintiffs do not question the documents' authenticity.  *See* Patreon's RJN at 1-2 (citing Dkt. 1, ¶¶ 47, 85; *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994)); *see also* Dkt. 1 at 6, heading B ("Patreon's Terms of Use, Privacy Policies, and Data Practices Do Not Disclose Patreon's Use of the Facebook Pixel.").

In their opposition papers (Dkt. 31), Plaintiffs do not dispute, and thus concede, that (1) they repeatedly refer to Patreon's Terms of Use, Privacy Policy, and Cookie Policy in their Complaint; (2) they rely on the alleged content of these documents for their claims; and (3) these documents (as attached to Patreon's RJN) are authentic.[1]  There thus is no valid basis for Plaintiffs to oppose Patreon's request for judicial notice.

In a misguided effort to keep the Court from considering the contents of documents that Plaintiffs themselves cite to and rely on for their claims, Plaintiffs assert that the Court cannot consider Patreon's Terms of Use, Privacy Policy, or Cookie Policy because these documents are "outside" the complaint and thus "cannot be used to dispute Plaintiffs' allegations." Dkt. 31 at 6 n.1, 9 (citing *Pollock v. Fed. Ins. Co.*, No. 21-CV-09975-JCS, 2022 WL 912893, at *5 (N.D. Cal. Mar. 29, 2022), and *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)).  Plaintiffs are wrong.  The Ninth Circuit has made clear that where, as here, the complaint specifically refers to and relies on certain documents, and the authenticity of those documents is not questioned, the documents are not "outside" the complaint.  *Branch*, 14 F.3d at 453 (9th Cir. 1994) ("[A] document is not 'outside' the complaint if the complaint specifically refers to the document and if its authenticity is not questioned."), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Moreover, it is well

---

[1] Plaintiffs did not file a standalone opposition to Patreon's Request for Judicial Notice.  Instead, Plaintiffs stated their opposition to Patreon's Request for Judicial Notice in three sentences in their Opposition to Patreon's Motion to Dismiss Complaint.  Plaintiffs' Opp. (Dkt. 31) at 6 at n.1 and 9.

established that "the court need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit," nor "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Woods v. City of Hayward*, No. 19-CV-01350-JCS, 2020 WL 1233841, at *7 (N.D. Cal. Mar. 13, 2020) (same) (Spero, C. Mag. J.); *Kidstar v. Facebook Inc.*, No. 20-CV-05408-SK, 2021 WL 1110227, at *1 (N.D. Cal. Mar. 23, 2021) (same); *accord Khoja*, 899 F.3d at 1002 (holding that incorporation-by-reference doctrine "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims").

*Kidstar* is instructive.  There, a consumer sued Facebook for claims all premised on the allegations that Facebook promised, contracted, or represented that the Facebook platform is a safe community for consumers and that Facebook failed to keep his photos safe.  *Kidstar*, 2021 WL 1110227, at *2.  Facebook moved to dismiss for failure to state a claim.  *Id.* at *1.  The *Kidstar* court granted Facebook's motion, holding that Facebook's User Agreement was incorporated by reference into the complaint and that plaintiff could not state a claim because his allegations "contradict Facebook's disclaimers in the User Agreement."  *Id.* at *2.  ("'The court need not … accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'") (*quoting Sprewell*, 266 F.3d at 988)).  *Accord Woods*, 2020 WL 1233841, at *7 (dismissing plaintiff's claim for unreasonable police search, where search warrant was incorporated by reference into complaint and showed, contrary to plaintiff's allegations, that warrant contained terms that rendered it facially valid).

Neither of the cases cited by Plaintiffs – *Pollock* and *Khoja* – supports Plaintiffs' opposition. (Dkt. 31 at 6 n.1, 9).  In *Pollock*, the court held that the defendant could not rely on the incorporation-by-reference doctrine to use a letter to contradict the allegations of the complaint where "Plaintiffs have not relied on [the] Letter to establish their claims or even referenced it in the Complaint."  *Pollock*, 2022 WL 912893, at *5; *see also id.* ("Defendant attempts to use the Letter to contradict the allegations in the Complaint and the Letter is neither incorporated in the Complaint nor a matter of public record, judicial notice is improper.").  *Khoja* held likewise.  *Khoja*, 899 F.3d at 1002 ("A more difficult question is whether a document can ever 'form[ ] the basis of the plaintiff's claim' if the complaint does not mention

the document at all. … [I]f the document merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.  Otherwise, defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims.").  These holdings do not apply in this case, since Plaintiffs here repeatedly refer to and explicitly rely on Patreon's Terms of Use, Privacy Policy, and Cookie Policy for their claims.[2]

For all of the foregoing reasons, the Court can take judicial notice of and consider Patreon's Terms of Use, Privacy Policy, and Cookie Policy.  Patreon respectfully requests that the Court do so.

Dated:  September 30, 2022

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*
Fred Norton

Attorneys for Defendant
PATREON, INC.

---

[2] The *Khoja* court also held that "it is improper to assume the *truth* of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *See Khoja*, 899 F.3d at 1003 (emphasis added).  But here Patreon does *not* ask the Court to take judicial notice of the *truth* of the matters asserted in Patreon's Terms of Use, Privacy Policy, or Cookie Policy; instead, Patreon asks the Court to take judicial notice of the fact that these documents disclose what they disclose.