1   Adam E. Polk (SBN 273000)
    Simon Grille (SBN 294914)
2   Kimberly Macey (SBN 342019)
3   **GIRARD SHARP LLP**
    601 California Street, Suite 1400
4   San Francisco, CA 94108
    Telephone: (415) 981-4800
5   Facsimile: (415) 981-4846
    apolk@girardsharp.com
6   sgrille@girardsharp.com
7   kmacey@girardsharp.com

8   *Attorneys for Plaintiffs*

9   *[Additional Counsel Listed on Signature Page]*

10

11              **UNITED STATES DISTRICT COURT**
                **NORTHERN DISTRICT OF CALIFORNIA**
12               **SAN FRANCISCO DIVISION**

13

14  BRAYDEN STARK, JUDD OOSTYEN, KEVIN          Case No.  3:22-cv-03131-JCS
    BLACK, and MARYANN OWENS, on behalf of
15  themselves and all others similarly situated,    **JOINT CASE MANAGEMENT**
                                                      **STATEMENT**
16                      Plaintiffs,
17           v.                                       Date:  October 14, 2022
                                                      Time:  9:30 a.m.
18  PATREON, INC.,                                    Courtroom: F, 15th Floor

19                      Defendant.                    Judge: Hon. Joseph C. Spero

20

21

22

23

24

25

26

27

28

1    Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Civil Local Rule 16-9, and the

2    Standing Order for All Judges of the Northern District of California, Plaintiffs Brayden Stark, Judd

3    Oostyen, Kevin Black, and Maryann Owens, and Defendant Patreon, Inc. ("Patreon") hereby provide

4    this Joint Case Management Statement in advance of the Court's Initial Case Management Conference

5    scheduled for October 14, 2022.

6    **1.    Jurisdiction and Service:**

7    This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiffs' claims under

8    the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"). The Court has supplemental jurisdiction

9    over Plaintiffs' state law claims under 28 U.S.C. § 1367. This Court also has jurisdiction over this

10   lawsuit under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because this is a proposed class

11   action in which: (1) there are at least 100 Class members; (2) the combined claims of Class members

12   exceed $5,000,000, exclusive of interest, attorneys' fees, and costs; and (3) Defendant and at least one

13   Class member are domiciled in different states. There are no disputes regarding personal jurisdiction or

14   venue. Defendant has been served.

15   **2.    Facts:**

16   **Plaintiffs' Statement**

17   Plaintiffs allege that Patreon disclosed its digital subscribers' identities and video-viewing

18   preferences to Facebook without proper consent, thus violating the VPPA and state law. Specifically,

19   Plaintiffs allege that when watching videos on Patreon's website, Patreon disclosed Plaintiffs'

20   Facebook ID ("FID") along with the title of the video that Plaintiffs watched to Facebook. Patreon sent

21   this information through a "Facebook Pixel," a snippet of a programming code that, once installed on a

22   webpage, sends information to Facebook. Facebook adds the information to its Facebook subscriber

23   profile, and Patreon in turn receives information about the consumer to refine its product offerings.

24   Patreon's business, centered on delivering video content to subscribers, falls within the plain

25   language of the VPPA's restrictions on businesses that deliver "video cassette tapes *or similar audio*

26   *visual materials*" to consumers. Additionally, the information that Patreon disclosed to Facebook – the

27   title of the video that a user watched and the user's FID, constitutes "personally identifiable

28   information" under the VPPA. Plaintiffs allege that Patreon acted knowingly when it implanted the

1   Pixel, and the lengthy disclosures in Patreon's Terms of Use and Privacy Policy do not fulfill the

2   standalone consent required under the statute.

3          The VPPA—a 34-year-old statute—does not violate the First Amendment. The VPPA regulates

4   only commercial speech and furthers a substantial government interest in protecting consumer privacy.

5   Plaintiffs are not public figures and their video-watching habits are not matters of public record.

6   Moreover, the VPPA targets those most likely to possess or collect this private information and is

7   narrowly tailored, limiting disclosure only of the information necessary to protect the privacy rights of

8   individuals.

9          Patreon's conduct also violates each of the prongs of the UCL as well as the CLRA, and

10  Plaintiffs lost money by overpaying for their Patreon subscriptions. California law recognizes unjust

11  enrichment as a standalone cause of action, and Plaintiffs allege that Patreon was unjustly enriched by

12  providing consumer data to Facebook in order to increase its revenues.

13          **Patreon's Statement**

14          Patreon is a company that provides an online platform that allows individual fans, known

15          as "patrons," to provide financial support to their favorite artists, called "creators," on an

16  ongoing basis.

17          Patreon disputes Plaintiffs' allegations and claims in this case.  Contrary to Plaintiffs' assertions,

18  Patreon did not disclose its subscribers' identities and video-viewing preferences to Facebook. And

19  Patreon did not disclose Plaintiffs' Facebook ID along with the title of videos Plaintiffs watched to

20  Facebook.  Further, and in any event, Plaintiffs consented to Patreon disclosing their video viewing data

21  to third parties like Facebook; they did so by accepting Patreon's Terms of Use and Privacy Policy,

22  which expressly disclose that Patreon would share such data with third parties like Facebook.

23          Plaintiffs' claims that Patreon violated the VPPA fails for at least three reasons:  (1) Patreon is

24  not a "video tape service provider," (2) Patreon did not disclose "personally identifiable information"

25  (PII) to Facebook; and (3) Patreon did not "knowingly" disclose PII to Facebook.  Moreover, even if

26  Plaintiffs could establish a violation of the VPPA, it would not matter, because that law – which imposes

27  presumed damages on the disclosure of truthful information to which a consumer has actually

28

consented, without any actual injury – violates the First Amendment, both on its face and as Plaintiffs seek to apply it in this case.

Plaintiffs' UCL and CLRA claims likewise fail.  Plaintiffs cannot recover for disclosures that they actually consented to, as they each did here.  And even if consent were lacking, Plaintiffs did not lose money or property merely because Patreon (purportedly) disclosed to Facebook videos they had watched, so that Facebook and Patreon could improve their services to Plaintiffs.  Plaintiffs' final claim, for unjust enrichment, is not a standalone cause of action in California.  Moreover, Patreon has not been unjustly enriched; Patreon cannot have been unjustly enriched by conduct that Plaintiffs agreed to in Patreon's Terms of Use.

**3.    Legal Issues:**

**Plaintiffs' Statement:**

Plaintiffs identify the following issues as disputed points of law at this time and reserve the right to modify this statement of disputed legal issues as this litigation progresses:

- Whether Patreon's use of the Facebook Pixel was without User consent or authorization;
- Whether Patreon obtained and shared or caused to be obtained and shared Plaintiffs' and Class members' personal information by using the Facebook Pixel, which Patreon installed on its webpages;
- Whether Plaintiffs and Class members consented to Patreon's practice of obtaining and sharing their personal information to Facebook;
- Whether other third parties obtained Plaintiffs' and Class members' personal information as a result of Patreon's conduct described herein;
- Whether Patreon's conduct violates the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.*;
- Whether Patreon's conduct violates California consumer protection law;
- Whether Patreon's acquisition and transmission of Plaintiffs' and Class members' personal information resulted in harm;
- Whether Patreon was unjustly enriched as a result of sharing users' information with Facebook; and

3

- Whether Patreon should be enjoined from engaging in such conduct in the future.

**Patreon's Statement:**

The legal issues in this case include the following:

- Whether Plaintiffs have stated a claim for violation of the VPPA;
- Whether the VPPA violates the First Amendment, on its face and/or as Plaintiffs seek to apply it in this case;
- Whether the elements of the VPPA claims are satisfied;
- Whether Plaintiffs have stated a claim for violation of the UCL;
- Whether the elements of a UCL claim are satisfied;
- Whether Plaintiffs have stated a claim for violation of the CLRA;
- Whether the elements of a CLRA claim are satisfied;
- Whether unjust enrich enrichment is a standalone cause of action under California law and, if so, whether the elements of unjust enrichment are satisfied;
- Whether certification of Plaintiffs' proposed class and subclass is appropriate under Rule 23 of the Federal Rules of Civil Procedure;
- Whether individual questions of law or fact common to class members predominate over questions affecting only individual members;
- Whether the members of Plaintiffs' proposed class and subclass are ascertainable;
- Whether Plaintiffs are entitled to any damages, restitution, equitable relief, and/or injunctive relief as alleged in the complaint.

**4.     Motions:**

On August 5, 2022, Patreon filed a motion to the dismiss the complaint in this case in its entirety under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim on which relief can be granted. (*See* Dkt. 21). Plaintiffs filed an opposition on September 9. (*See* Dkt. 31). Patreon filed a reply on September 30. (*See* Dkt. 35). Patreon's motion to dismiss is set for hearing on October 14, 2022. (*See* Order at Dkt. 26). If the complaint survives the motion-to-dismiss stage, Patreon anticipates it will file a motion for summary judgment. Plaintiffs anticipate filing a motion for class certification and may move for summary judgment.

JOINT CASE MANAGEMENT STATEMENT
Case No.  3:22-cv-03131-JCS

**5.     Amendment of Pleadings:**

Plaintiffs plan to amend (or seek leave to amend) the complaint to add claims for monetary relief, including actual and restitutionary damages, reasonable attorneys' fees and costs, declaratory relief, and punitive damages for violations of the California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* Plaintiffs reserve the right to seek leave to amend pursuant to Federal Rule of Civil Procedure 15.

**6.     Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties met and conferred on July 26, 2022 regarding preservation of evidence and have taken reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.     Disclosures:**

The parties have exchanged initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure.

**8.     Discovery:**

A.     Discovery Taken to Date: On July 20, 2022, Plaintiffs delivered to Patreon a set of thirteen Early Rule 34 Requests pursuant to Rule 26(d)(2).   Patreon served objections and responses to Plaintiffs' requests on August 25, and Patreon is in the process of collecting documents for production to Plaintiff.

On July 26, 2022, Patreon delivered to Plaintiffs an initial set of twelve Rule 34 Requests pursuant to Rule 26(d)(2).  Plaintiffs served objections and responses to Patreon's requests on August 25, and Plaintiffs are in the process of collecting documents for production to Patreon.

B.     Scope of Anticipated Discovery:

**Plaintiffs' Anticipated Discovery:** To date, Plaintiffs have served Early Rule 34 requests regarding the following topics: documents concerning the named plaintiffs and Patreon's communications concerning the named plaintiffs; a list of Patreon's subscribers during the Class Period; documents and communications regarding Patreon's use of the Facebook Pixel; Patreon's internal communications regarding the VPPA; documents relating to any claim by Patreon that its users

consented to the disclosures at issue in this case; documents showing the number of users whose personal information and/or FID was shared with Facebook; and all complaints received by Patreon regarding Patreon's practices of disclosing user information with Facebook by using the Facebook Pixel. In addition, Plaintiffs intend to propound written discovery and seek deposition testimony on the following topics: server logs, source codes, and other electronic records of Patreon's transmissions to third parties (including Facebook) through the Facebook Pixel; the systems and equipment used by Patreon or its agent to send information through the Facebook Pixel; the manner by which information is sent through the Facebook Pixel; Patreon's policies and practices relating to its use of the Facebook Pixel; and Patreon's receipt of any forms of "consent" sent by users.

**Defendant's Anticipated Discovery**:  To date, Patreon has served an initial set of Rule 34 requests for production of documents.  Patreon anticipates serving additional written discovery (including document requests, interrogatories, and requests for admission) and deposition notices, and engaging in expert discovery relating to both Rule 23 class certification issues and the underlying merits of Plaintiffs' claims.

C.   <u>Proposed Limitations or Modifications of the Discovery Rules:</u>  At this time, the Parties do not believe that any changes need to be made to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules but both parties reserve the right to do so by agreement or order of the Court. The parties agree that they will attempt in good faith to resolve any disputes relating to those limits without necessitating intervention by the Court.

D.   <u>When Discovery Should be Completed and Whether Discovery Should be Phased or Be Limited to or Focused on Particular Issues</u>: As set forth in the proposed schedule (part 17, *infra*), Plaintiffs propose that fact discovery be completed by October 9, 2023 and expert discovery be completed by January 22, 2024.

Patreon submits that until the Court rules on the pending and any forthcoming motions to dismiss by Patreon and the case is at issue, it is not clear which claims and issues will remain in the case (if any), and thus Patreon believes it is premature to set a cutoff for fact discovery and expert discovery.

At this time, the parties do not believe discovery should be bifurcated or phased; however, both parties reserve the right to re-evaluate this position as discovery progresses.

E.   <u>Electronically Stored Information (ESI)</u>: The parties believe discovery will encompass ESI and will meet and confer on the topics listed in the Northern District's Guidelines for the Discovery of Electronically Stored Information and ESI Checklist.  Pursuant to Stipulation, the Court has entered a Stipulated Order Re: Discovery of Electronically Stored Information.  (Dkt. No. 30).

F.   <u>Privilege Issues and Trial Preparation Materials</u>:

The inadvertent disclosure of privileged material will be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and the terms of the protective order in this action. The parties anticipate that during discovery, certain documents will need to be withheld on the basis of the attorney-client privilege or work product doctrine.

Pursuant to stipulation of the parties, the Court has entered a Stipulated Protective Order.  (Dkt. No. 29).

G.   <u>Discovery Disputes</u>: Discovery in this action began on July 26, 2022, the date of the parties' Rule 26(f) conference, in accordance with Federal Rule of Civil Procedure 26(d)(1). Each party has served discovery requests on the other Party, discussed in Section 8.A., *supra*, and each party is prepared to discuss measures for reducing any burden or prejudice claimed by the other party (by considering a prioritized production on a rolling basis, for example).

**9.   Class Actions:**

The parties have reviewed the Procedural Guidance for Class Action Settlements.

**Plaintiffs' Statement**

Pursuant to Local Rule 16-9(b), Plaintiffs submit the following information:

(1)   Plaintiffs contend that this action is maintainable as a class action under paragraphs (a), (b)(1), (b)(2), (b)(3), and/or (c)(4) of Federal Rule of Civil Procedure 23.

(2)   Plaintiffs bring this action on behalf of the following proposed classes:

**Nationwide Class**: All persons in the United States who subscribed to Patreon.com, viewed video content on Patreon.com, and used Facebook during the time Facebook's Pixel was active on Patreon.com.

**California Subclass**: All persons in California who subscribed to Patreon.com, viewed video content on Patreon.com, and used Facebook during the time Facebook's Pixel was active on Patreon.com.

(3)      The following facts alleged in the Complaint (Dkt. No. 1) demonstrate that this action is maintainable as a class action:

**Numerosity**: The Class consists of at least hundreds of thousands of individuals, making joinder impractical.

**Common Questions**: The principal factual issues (*supra* part 2) and disputed points of law (*supra* part 3) are common to all class members and predominate over any individual questions because these issues of fact and law will drive the resolution of the claims. Patreon either knowingly sent information regarding users' viewing content along with their PII to Facebook or it did not. Likewise, either Patreon offered a standalone consent form as required by the VPPA or it did not.

**Typicality**: Plaintiffs' claims are typical of the claims of the Class members in that Plaintiffs, like all Class members, have been injured by Patreon's misconduct—disclosing Users' PII and viewing content to Facebook without consent.

**Adequacy**: Plaintiffs have no interests adverse or antagonistic to those of the Class and have retained competent and experienced counsel to prosecute the action.

**Superiority**: Given the size of each individual class members' claims, the expense and burden of litigation make it economically and procedurally impracticable for class members to pursue individual claims, and a class action presents no manageability issues.

**Defendant's Common Conduct:** Defendant has acted or refused to act on grounds generally applicable to the class, making final injunctive relief and declaratory relief appropriate with respect to the class as a whole.

**Risk of Inconsistent Adjudications**: The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications. Plaintiffs presently anticipate moving for class certification under Rule 23 no later than August 21, 2023.

**Defendant's Statement**

Patreon disputes that class certification is appropriate under Rule 23.

**10.     Related Cases:**

Each party confirms that they are not presently aware of any related cases or proceedings (as defined in Local Rule 3-12) pending before another judge of this court, or before another court or administrative body.

**11.     Relief:**

**Plaintiffs' Statement**

Plaintiffs seek: (a) an order certifying the classes under Rule 23 and appointing Plaintiffs and their counsel to represent the class; (b) an order entering judgment in favor of Plaintiffs and the Class; (c) injunctive and/or declaratory relief as is necessary to protect the interests of Plaintiffs and Class members, including reformation of practices and an accounting and purging of wrongfully obtained personal information; (d) all actual, general, special, incidental, statutory, treble, punitive, liquidated, and consequential damages and/or restitution to which Plaintiffs and Class members are entitled; (e) disgorgement of monies obtained through and as a result of the wrongful conduct alleged herein; (f) an order awarding pre- and post-judgment interest as provided by law; (g) other such orders as may be necessary to restore to Plaintiffs and Class members any money and property acquired by Defendant through its wrongful conduct; (h) an order awarding of reasonable litigation expenses and attorneys' fees as permitted by law; and (i) such other and further relief as the Court deems necessary and appropriate.

Plaintiffs seek $2,500 in statutory damages for each instance in which Patreon knowingly disclosed personally identifying information concerning its users to a third-party (including Facebook) without the informed, written consent of the user. The VPPA provides for these damages in 18 U.S.C. § 2710 (c)(2)(A).

**Patreon's Statement**

Patreon maintains that Plaintiffs have failed to state a claim upon which relief can be granted. Further, Patreon denies that this case can properly be maintained as a class action.  Patreon further contends that Plaintiffs' claims in this case lack merit.  Patreon further contends that Plaintiffs are not entitled to any relief in this case.

**12.    Settlement and ADR:**

Pursuant to Local Rule 16-8 and ADR Local Rule 3-5, the parties met and conferred with respect to ADR on July 26, 2022. In accordance with ADR Local Rule 3-5, the parties filed ADR Certifications on August 5, 2022.

**13.    Consent to Magistrate Judge for All Purposes:**

All parties have consented to have Magistrate Judge Joseph C. Spero conduct all further proceeding in this case, including trial and entry of judgment.

**14.    Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

At this time, the parties have yet to identify issues that can be narrowed by agreement.  The parties anticipate good-faith efforts to stipulate to the authenticity of documents to avoid unnecessary disputes at trial.

**16.    Expedited Trial Procedure:**

The parties agree that this type of case cannot be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

**17.    Scheduling:**

**Plaintiffs' Statement**

Plaintiffs propose the following deadlines in this matter.  The schedule is subject to change upon a proper showing of good cause under Rule 16(b)(4).

| Event | Proposed Date |
| --- | --- |
| (1) Initial Case Management Conference<br>(2) Hearing on Patreon's Motion to Dismiss Complaint | Set for October 14, 2022 |
| Amendment of Pleadings | October 3, 2022 |
| Further Case Management Conferences | Every 90 days |
| Plaintiffs' motion for class certification | No later than August 21, 2023 |

10

| Event | Proposed Date |
|---|---|
| Defendant's opposition to motion for class certification | No later than September 21, 2023 |
| Plaintiffs' reply in support of motion for class certification | No later than October 12, 2023 |
| Hearing on Motion for Class Certification | November 3, 2023, or as soon thereafter as is convenient for the Court |
| Deadline to Amend the Complaint Regarding Class Certification Matters | 30 days after ruling on class certification |
| ADR | 30 days after ruling on class certification |
| Close of Fact Discovery | November 9, 2023 |
| Exchange Opening Expert Reports | December 11, 2023 |
| Exchange Rebuttal Expert Reports | January 11, 2024 |
| Close of Expert Discovery | February 12, 2024 |
| Motions for summary judgment and *Daubert* motions | March 12, 2024 |
| Responses to motions for summary judgment and *Daubert* motions | April 12, 2024 |
| Replies in support of motions for summary judgment and *Daubert* motions | May 3, 2024 |
| Hearing on motions for summary judgment and *Daubert* motions | May 17, 2024, or as soon thereafter as is convenient for the Court |
| Final Pretrial Conference | August 16, 2024 |
| Jury Trial | September 23, 2024 |

**Patreon's Statement**

Until the Court rules on the pending and any forthcoming motions to dismiss by Patreon and the case is at issue, it is not clear which claims and issues will remain in the case (if any), and thus Patreon believes it is premature to propose dates for class certification, designation of experts, discovery cut-off, hearing of dispositive motions, and a pretrial conference and trial.

18.    **Trial:**

Plaintiffs have demanded a jury trial in this matter. Plaintiffs anticipate a five-day trial.

JOINT CASE MANAGEMENT STATEMENT
Case No.  3:22-cv-03131-JCS

Patreon's position is that the length of trial (if any) will largely depend on the outcome of Patreon's pending Motion to Dismiss, and any further motions to dismiss should Plaintiffs amend their complaint, as well any motion for class certification and motion for summary judgment.

**19.  Disclosure of Non-Party Interested Entities or parties:**

Each plaintiff has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.

Plaintiffs certify that as of this date, other than the named parties to this action, the parties have no such interest to report. Patreon certifies that as of this date, other than the named parties, there is no such interest to report.

**20.  Professional Conduct:**

All counsel of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.  Other Matters:**

The parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this action.

Dated: October 7, 2022

By:   */s/ Kimberly Macey*
Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Kimberly Macey (SBN 342019)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

*Attorneys for Plaintiffs*

Dated: October 7, 2022

By:    */s/ Nathan Walker*
Fred Norton (CA SBN 224725)
Nathan Walker (CA SBN 206128)
Bree Hann (CA SBN 215695)
Gil Walton (CA SBN 324133)
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900
fnorton@nortonlaw.com
nwalker@nortonlaw.com
bhann@nortonlaw.com
gwalton@nortonlaw.com

Attorneys for Defendant
PATREON, INC.

## **FILER'S ATTESTATION**

I, Kimberly Macey, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel listed above have concurred in this filing.

DATED: October 7, 2022

*/s/* Kimberly Macey

Kimberly Macey

JOINT CASE MANAGEMENT STATEMENT
Case No.  3:22-cv-03131-JCS