BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*

*[Additional counsel listed on signature page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Brayden STARK, Judd OOSTYEN, Kevin BLACK, and Maryann OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | **No. 3:22-cv-03131-JCS**<br><br>**STIPULATED REQUEST TO ENLARGE TIME TO INTERVENE AND [PROPOSED] ORDER** |

Pursuant to Civil L.R. 6-2, subject to the Court's approval, the United States, Plaintiffs, and Defendant, through their undersigned counsel of record, HEREBY STIPULATE as follows:

1. On August 6, 2022, Defendant filed a Notice of Constitutional Question pursuant to Federal Rule of Civil Procedure 5.1 and Civil L.R. 3-8. *See* ECF No. 24.

2. In that Notice, Defendant stated that its Motion to Dismiss, *see* ECF No. 21, "draws into question the constitutionality of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710," specifically "whether the VPPA, on its face and as Plaintiffs seek to apply it, is unconstitutional because it violates the First Amendment to the United States Constitution." ECF No. 24.

3. The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question. 28 U.S.C. § 2403(a). Pursuant to Federal Rule of Civil Procedure 5.1, the United States may intervene within 60 days after a Notice is filed, "unless the court sets a later time." Fed. R. Civ. P. 5.1(c).

4. On September 16, 2022, Plaintiffs, Defendant, and the United States stipulated to provide the United States with an additional 30 days to decide whether to intervene in this action for the limited purpose of defending the constitutionality of the VPPA. ECF No. 33. The Court entered the stipulation the same day, enlarging the time for the United States to intervene until November 4, 2022. ECF No. 34.

5. On October 13, 2022, the Court entered an order partially granting Defendant's motion to dismiss, with leave to amend, "as to Plaintiffs' claim under the VPPA, as well as a California claim to the extent it is directly derivative of their VPPA claim." Order at 1, ECF No. 40. The Court provided Plaintiffs until October 27, 2022 to file an amended complaint. *Id.*

6. In the Order, the Court expressly declined to reach the parties' constitutional arguments, and stated that "[b]ecause it appears clear that Patreon would renew its constitutional challenge if Plaintiffs reassert their VPPA claim,

the deadline for the United States to determine whether to intervene to address that challenge remains set for November 4, 2022." *Id.* at 19.

7. On October 27, 2022, Plaintiffs filed an amended complaint renewing their claims under the VPPA. ECF No. 41. To date, Defendant has not moved to dismiss the amended complaint, but its deadline to file any such motion has not passed. *See* Fed. R. Civ. P. 15(a)(3). Accordingly, no motion calling into question the constitutionality of a federal statute is currently pending before the court.

8. Because there is no pending challenge to the constitutionality of a federal statute, the United States requires a short extension of its time to intervene to defend the constitutionality of the VPPA, until seven days after the filing of any motion to dismiss that raises a constitutional challenge to the VPPA. This extension would accord with the statute authorizing the United States to intervene. *See* 28 U.S.C. § 2403(a) (directing courts to "permit the United States to intervene . . . for argument on the question of constitutionality" in any suit "wherein the constitutionality of any Act of Congress . . . is drawn in question"); *see also* Fed. R. Civ. P. 5.1 (requiring notice upon the filing of "a pleading, written motion, or other paper drawing into question the constitutionality of a federal statue"). It would also allow the United States to respond directly to the specific arguments raised in any future constitutional challenge, while still providing Plaintiffs and Defendant an opportunity to consider the United States' response in preparing their response and reply, respectively, to any such motion.

9. For these reasons, the United States, Plaintiffs, and Defendant stipulate to provide the United States until seven days after the filing of any motion to dismiss that raises a constitutional challenge to the VPPA to intervene in this action for the limited purpose of defending the constitutionality of the VPPA. If Defendant files such a motion, the deadline for the United States to file

any notice of intervention and any accompanying memorandum in defense of the statute shall be seven days after the motion is filed.

10. This is the second modification of the time for the United States to decide whether to intervene in this matter, as set forth above. Plaintiffs and Defendant have otherwise stipulated to the following modifications of time:

    i. Extending Defendant's time to respond to the complaint from June 21, 2022 to August 5, 2022, *see* ECF No. 13; and

    ii. Extending the briefing schedule for Defendant's motion to dismiss as follows, *see* ECF No. 26:

        1. Continuing the deadline for Plaintiffs' response until September 9, 2022;

        2. Continuing the deadline for Defendant's reply until September 30, 2022; and

        3. Continuing the hearing until October 14, 2022.

11. This stipulated extension will not otherwise affect the deadlines in this matter.

12. This stipulated extension is requested for good cause, and is not intended to cause undue delay or otherwise prejudice any party.

**IT IS SO STIPULATED.**

Dated: November 2, 2022

                                          Respectfully submitted,

                                          BRIAN M. BOYNTON
                                          Principal Deputy Assistant Attorney General
                                          Civil Division

|   |   |
|---|---|
| 1 | LESLEY FARBY |
| 2 | Assistant Branch Director |
|   | Civil Division, Federal Programs Branch |

<u>*/s/ Leslie Cooper Vigen*</u>
LESLIE COOPER VIGEN
Trial Attorney (D.C. Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email:  leslie.vigen@usdoj.gov

*Counsel for United States*

<u>*/s/  Simon Grille*</u>
Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Kimberly Macey (SBN 342019)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
sgrille@girardsharp.com
kmacey@girardsharp.com

*Counsel for Plaintiffs*

By:     <u>*/s/ Nathan Walker*</u>
Fred Norton (CA SBN 224725)
Nathan Walker (CA SBN 206128)
Bree Hann (CA SBN 215695)
Gil Walton (CA SBN 324133)
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900
fnorton@nortonlaw.com
nwalker@nortonlaw.com
bhann@nortonlaw.com
gwalton@nortonlaw.com

*Counsel for Defendant*

**ATTESTATION**

I hereby attest, pursuant to Civil L.R. 5-1(h)(3), that each of the other signatories to this stipulation have concurred in the filing of the document.

                                        */s/  Leslie Cooper Vigen*
                                        LESLIE COOPER VIGEN

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated:

                                        Hon. Joseph C. Spero
                                        United States Chief Magistrate Judge