BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Brayden STARK, Judd OOSTYEN, Kevin BLACK, and Maryann OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | **No. 3:22-cv-03131-JCS**<br><br>**DECLARATION OF LESLIE COOPER VIGEN** |

I, Leslie Cooper Vigen, hereby declare:

1. I am a Trial Attorney with the U.S. Department of Justice, Civil Division, Federal Programs Branch and counsel for the United States. I submit this declaration in support of the United States of America's Stipulated Request to Enlarge Time to Intervene.

Declaration of Leslie Cooper Vigen                                              Case No. 3:22-cv-03131-JCS

1

2. I have personal knowledge of the contents of this declaration, and I could and would testify competently thereto if called upon to do so.

3. On August 6, 2022, Defendant filed a Notice of Constitutional Question pursuant to Federal Rule of Civil Procedure 5.1 and Civil L.R. 3-8. *See* ECF No. 24.

4. In that Notice, Defendant stated that its Motion to Dismiss, *see* ECF No. 21, "draws into question the constitutionality of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710," specifically "whether the VPPA, on its face and as Plaintiffs seek to apply it, is unconstitutional because it violates the First Amendment to the United States Constitution." ECF No. 24.

5. The United States is authorized to intervene in any federal court action in which the constitutionality of an Act of Congress is drawn into question. 28 U.S.C. § 2403(a). Pursuant to Federal Rule of Civil Procedure 5.1, the United States may intervene within 60 days after a Notice is filed, "unless the court sets a later time." Fed. R. Civ. P. 5.1(c).

6. On September 16, 2022, Plaintiffs, Defendant, and the United States stipulated to provide the United States with an additional 30 days to decide whether to intervene in this action for the limited purpose of defending the constitutionality of the VPPA. ECF No. 33. The Court entered the stipulation the same day, enlarging the time for the United States to intervene until November 4, 2022. ECF No. 34.

7. On October 13, 2022, the Court entered an order partially granting Defendant's motion to dismiss, with leave to amend, "as to Plaintiffs' claim under the VPPA, as well as a California claim to the extent it is directly derivative of their VPPA claim." Order at 1, ECF No. 40. The Court provided Plaintiffs until October 27, 2022 to file an amended complaint. *Id.*

8. In the Order, the Court expressly declined to reach the parties' constitutional arguments, and stated that "[b]ecause it appears clear that Patreon would renew its constitutional challenge if Plaintiffs reassert their VPPA claim, the deadline for the United States to determine whether to intervene to address that challenge remains set for November 4, 2022." *Id.* at 19.

9. Because there is no pending challenge to the constitutionality of a federal statute, the United States requires a short extension of its time to intervene to defend the constitutionality of the VPPA, until seven days after the filing of any motion to dismiss that raises a constitutional challenge to the VPPA.

10. Good cause exists for this requested extension. First, this extension would accord with the statute authorizing the United States to intervene. *See* 28 U.S.C. § 2403(a) (directing courts to "permit the United States to intervene . . . for argument on the question of constitutionality" in any suit "wherein the constitutionality of any Act of Congress . . . is drawn in question"); *see also* Fed. R. Civ. P. 5.1 (requiring notice upon the filing of "a pleading, written motion, or other paper drawing into question the constitutionality of a federal statue"). Second, it would also allow the United States to respond directly to the specific arguments raised in any future constitutional challenge, while still providing Plaintiffs and Defendant an opportunity to consider the United States' response in preparing their response and reply, respectively, to any such motion.

11. Should Defendant file a motion to dismiss challenging the constitutionality of the VPPA, United States will be prepared to file its notice of intervention and accompanying memorandum in defense of the statute seven days later.

12. This is the second modification of the time for the United States to decide whether to intervene in this matter, as set forth above. Plaintiffs and Defendant have otherwise stipulated to the following modifications of time:

  i. Extending Defendant's time to respond to the complaint from June 21, 2022 to August 5, 2022, *see* ECF No. 13; and

  ii. Extending the briefing schedule for Defendant's motion to dismiss as follows, *see* ECF No. 26:

    1. Continuing the deadline for Plaintiffs' response until September 9, 2022;

    2. Continuing the deadline for Defendant's reply until September 30, 2022; and

    3. Continuing the hearing until October 14, 2022.

13. This stipulated extension will not otherwise affect the deadlines in this matter.

14. This stipulated extension is requested for good cause, and is not intended to cause undue delay or otherwise prejudice any party.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Signed on November 2, 2022.

        */s/ Leslie Cooper Vigen*
        LESLIE COOPER VIGEN