BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

LESLIE COOPER VIGEN
Trial Attorney (DC Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Brayden STARK, Judd OOSTYEN, Kevin BLACK, and Maryann OWENS, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>                  v.<br><br>PATREON, INC.,<br><br>            Defendant. | **No. 3:22-cv-03131-JCS**<br><br>**UNITED STATES OF AMERICA'S NOTICE OF INTERVENTION**<br><br>Hon. Joseph C. Spero |

Pursuant to Federal Rules of Civil Procedure 5.1(c) and 24(a)(1), 28 U.S.C. §§ 517 & 2403(a), and in accordance with the authorization of the Solicitor General of the United States, the United States of America hereby intervenes in this case for the limited purpose of defending the constitutionality of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710.

1
2
3
4
5
6
7
8
9
10

On August 6, 2022, Defendant filed a Notice of Constitutional Question pursuant to Federal Rule of Civil Procedure 5.1 and Civil L.R. 3-8. *See* ECF No. 24. In that Notice, Defendant stated that its Motion to Dismiss, *see* ECF No. 21, "draws into question the constitutionality of the Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710," specifically whether the VPPA "is unconstitutional because it violates the First Amendment to the United States Constitution."  ECF No. 24. Under Rule 5.1(c), the Attorney General may intervene within 60 days of the filing of such a notice, "[u]nless the Court sets a later time."  Fed. R. Civ. P. 5.1(c). Pursuant to stipulation, the Court initially enlarged the United States' time to intervene until November 4, 2022.  *See* ECF Nos. 33 & 34

11
12
13
14
15

On October 13, 2022, the Court entered an order partially granting Defendant's motion to dismiss, with leave to amend, as to Plaintiffs' VPPA claims. Order at 1, ECF No. 40.  In the Order, the Court expressly declined to reach the parties' constitutional arguments, and maintained the November 4, 2022 deadline for the United States to determine whether to intervene.  *Id*. at 19.

16
17
18
19
20
21
22
23
24

On October 27, 2022, Plaintiffs filed an amended complaint renewing their claims under the VPPA.  ECF No. 41.  On November 3, 2022, the Court entered a stipulation extending the deadline for the United States to intervene until seven days after the filing of any motion to dismiss raising a constitutional challenge to the VPPA.  ECF No. 43.  Thereafter, on November 8, 2022, the Court entered a stipulation that, in relevant part, provided Defendant until November 23, 2022 to respond to the amended complaint, and provided the United States with 10 days after the filing of any motion to dismiss that raises a constitutional challenge to the VPPA to intervene.  ECF No. 45.

25
26
27

On November 23, 2022, Defendant filed a renewed motion to dismiss, in which it challenges the constitutionality of the VPPA on its face under the First Amendment.  ECF No. 48.

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The United States is entitled to intervene in this case pursuant to the Federal Rules of Civil Procedure and relevant statutes.  Rule 5.1(c) permits the Attorney General to intervene in an action where, as here, the constitutionality of a federal statute is challenged.  In addition, Federal Rule of Civil Procedure 24 permits a non-party to intervene when the non-party "is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1).  The United States has an unconditional statutory right to intervene "[i]n any action . . . wherein the constitutionality of an Act of Congress affecting the public interest is drawn in question . . . ." 28 U.S.C. § 2403(a).  In such an action, "the court . . . shall permit the United States to intervene  .  .  . for argument on the question of constitutionality." *Id*.  28 U.S.C. § 517 also authorizes an officer of the Department of Justice to intercede "to attend to the interest of the United States in a suit pending in a court of the United States." 28 U.S.C. § 517; *see also, e.g.*, *Wortman v. All Nippon Airways*, 854 F.3d 606, 617 (9th Cir. 2017) ("Pursuant to 28 U.S.C. § 517, the United States may submit a statement in a case expressing its views on relevant issues in which it has an interest.").

Accordingly, the United States hereby provides notice of intervention in this matter for the limited purpose of defending the constitutionality of the VPPA. Accompanying this notice is the United States' memorandum in support of the constitutionality of the VPPA.

Dated: December 5, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Trial Attorney (D.C. Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*

Notice of Intervention

Case No. 3:22-cv-03131-JCS