Fred Norton (SBN 224725)
fnorton@nortonlaw.com
Bree Hann (SBN 215695)
bhann@nortonlaw.com
Nathan Walker (SBN 206128)
nwalker@nortonlaw.com
Gil Walton (SBN 324133)
gwalton@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900
Fax: (510) 906-4910

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No.  3:22-cv-03131-JCS<br><br>**DEFENDANT PATREON, INC.'S RESPONSE TO FIRST AMENDED COMPLAINT** |

Defendant Patreon, Inc. ("Patreon"), by and through its attorneys at The Norton Law Firm PC, hereby responds below to the factual allegations contained in the First Amended Complaint ("FAC"). Patreon denies all allegations in the FAC, except as expressly set forth below.

## INTRODUCTION

1. Patreon admits that Plaintiffs purport to bring a consumer privacy action against Patreon but Patreon denies any liability to Plaintiffs. Patreon lacks sufficient information to admit or deny the allegation that Meta Platforms Inc. owns the social networking website and app Facebook, and on that basis, Patreon denies the allegation. Patreon denies the remaining allegations in paragraph 1.

2. The allegations in paragraph 2 state legal conclusions, to which no response is required. To the extent a response is required, Patreon denies it is a "video tape service provider" as that term is used in the VPPA.

3. Patreon denies the allegations in paragraph 3.

4. Patreon denies the allegations in paragraph 4.

5. Patreon denies the allegations in paragraph 5.

6. Patreon denies the allegations in paragraph 6.

7. Patreon admits that Plaintiffs purport to seek relief on behalf of a class of allegedly similarly situated Patreon users, but Patreon denies that either Plaintiffs or any of the putative class members are entitled to relief in this case. Patreon denies the remaining allegations in paragraph 7.

## PARTIES

8. Patreon lacks sufficient information to admit or deny the allegations in paragraph 8, and on that basis, denies them.

9. Patreon lacks sufficient information to admit or deny the allegations in paragraph 9, and on that basis, denies them.

10. Patreon lacks sufficient information to admit or deny the allegations in paragraph 10, and on that basis, denies them.

11. Patreon lacks sufficient information to admit or deny the allegations in paragraph 11, and on that basis, denies them. Patreon further avers that Kevin Black voluntarily dismissed his claims against Patreon on December 13, 2022, and he is no longer a party to this case.

1

12. Patreon lacks sufficient information to admit or deny the allegations in paragraph 12, and on that basis, denies them. Patreon further avers that Maryann Owens voluntarily dismissed her claims against Patreon on December 13, 2022, and she is no longer a party to this case.

13. Patreon admits it is corporation that is incorporated under the laws of Delaware, and it is headquartered at 600 Townsend Street, Suite 500, San Francisco, California 94103.

## DIVISIONAL ASSIGNMENT

14. The allegations in paragraph 14 state legal conclusions to which no response is required, but Patreon does not dispute that assignment of this case to the San Francisco Division is appropriate.

## JURISDICTION AND VENUE

15. The allegations in paragraph 15 state legal conclusions, to which no response is required. To the extent a response is required, Patreon admits the paragraph's allegations.

16. The allegations in paragraph 16 state legal conclusions, to which no response is required. To the extent a response is required, Patreon admits the paragraph's allegations.

17. The allegations in paragraph 17 state legal conclusions to which no response is required, but Patreon does not deny that the Court has personal jurisdiction over Patreon in this case.

18. The allegations in paragraph 18 state legal conclusions to which no response is required, but Patreon does not deny that venue in this District is proper.

## PLAINTIFF-SPECIFIC ALLEGATIONS

### Brayden Stark

19. Patreon lacks sufficient information to admit or deny the allegation that Plaintiff Stark is "a Facebook user," and on that basis, denies the allegation. Patreon denies the remaining allegations in paragraph 19.

20. Patreon lacks sufficient information to admit or deny the allegations in paragraph 20, and on that basis, denies them.

21. Patreon admits that Mr. Stark has paid subscription fees to Patreon, as the billing entity for one or more Patreon creator subscriptions. Patreon denies the remaining allegations in paragraph 21.

22. Patreon lacks sufficient information to admit or deny the allegations in paragraph 22,

and on that basis, denies them.

23. Patreon lacks sufficient information to admit or deny the allegations in paragraph 23, and on that basis, denies them.

### Judd Oostyen

24. Patreon lacks sufficient information to admit or deny the allegation that Judd Oostyen is "a Facebook user," and on that basis, denies the allegation. Patreon denies the remaining allegations in paragraph 24.

25. Patreon lacks sufficient information to admit or deny the allegations in paragraph 25, and on that basis, denies them.

26. Patreon admits that Mr. Oostyen has paid subscription fees to Patreon, as the billing entity for one or more Patreon creator subscriptions. Patreon denies the remaining allegations in paragraph 26.

27. Patreon lacks sufficient information to admit or deny the allegations in paragraph 27, and on that basis, denies them.

28. Patreon lacks sufficient information to admit or deny the allegations in paragraph 28, and on that basis, denies them.

### Kevin Black

29. The allegations in paragraph 29 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

30. The allegations in paragraph 30 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

31. The allegations in paragraph 31 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

32. The allegations in paragraph 32 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

33. The allegations in paragraph 33 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

**Maryann Owens**

34. The allegations in paragraph 34 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

35. The allegations in paragraph 35 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

36. The allegations in paragraph 36 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

37. The allegations in paragraph 37 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

38. The allegations in paragraph 38 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

39. The allegations in paragraph 39 relate to an individual who has voluntarily dismissed their claims in this case. *See* Dkt. 50. Accordingly, no response to those allegations is required.

* * *

40. Patreon denies the allegations in paragraph 40.

41. Patreon lacks sufficient information to admit or deny the allegations in paragraph 41, and on that basis, denies them.

42. Patreon denies the allegations in paragraph 42.

**COMMON ALLEGATIONS**

43. Patreon admits that Patreon users can access a variety of content on Patreon's website, including music, podcasts, and video content posted by content creators. Patreon denies the remaining allegations of paragraph 43.

44. Patreon admits some content creators have provided and delivered prerecorded audiovisual content to some Patreon users. Patreon denies the remaining allegations of paragraph 44.

45. Patreon admits it allows content creators to upload or share prerecorded videos which Patreon users can then view on the content creator's page. Patreon lacks sufficient information to admit or deny the remaining allegations in paragraph 45, and on that basis, denies them.

46. Patreon denies the allegations in paragraph 46.

47. Patreon denies the allegations in paragraph 47.

48. Patreon denies the allegations in paragraph 48.

49. Patreon lacks sufficient information to admit or deny the remaining allegations in paragraph 49, and on that basis, denies them.

50. Patreon lacks sufficient information to admit or deny the allegations in the first and second sentences in paragraph 50, and on that basis, denies them.  Patreon denies the remaining allegations in paragraph 50.

51. Patreon denies the allegations in the first sentence in paragraph 51.  Patreon admits that the Meta Pixel is a snippet of programming code, but Patreon lacks sufficient information to admit or deny the remaining allegations in the second sentence of paragraph 51, and on that basis, denies them.  Patreon denies the remaining allegations in paragraph 51.

52. Patreon lacks sufficient information to admit or deny the allegations in paragraph 52, and on that basis, denies them.

53. Patreon denies the allegations in paragraph 53.

54. Patreon lacks sufficient information to admit or deny the allegations in the first sentence of paragraph 54, and on that basis, denies them.  Patreon denies the allegations in the second sentence of paragraph 54.

55. The website referenced in paragraph 55 speaks for itself.  Patreon lacks sufficient information to admit or deny the remaining allegations in paragraph 55, and on that basis, denies them.

56. Patreon denies the allegations in paragraph 56.

57. The website referenced in paragraph 57 speaks for itself.  Patreon admits that it installed the Meta Pixel on its website.  Patreon lacks sufficient information to admit or deny the remaining allegations in paragraph 57, and on that basis, denies them.

58. The website referenced in paragraph 58 speaks for itself.  Patreon admits that it placed the Pixel in its website code.  Patreon lacks sufficient information to admit or deny the remaining allegations in paragraph 58, and on that basis, denies them.

59. Patreon lacks sufficient information to admit or deny the allegations in paragraph 59, and on that basis, denies them.

...

60. Patreon lacks sufficient information to admit or deny the allegations in paragraph 60, and on that basis, denies them.

61. Patreon denies the allegations in paragraph 61.

62. Patreon denies the allegations in paragraph 62.

63. Patreon denies the allegations in paragraph 63.

64. Patreon admits that its website includes its Terms of Use, a Privacy Policy (which includes information on Patreon's data practices), and a Cookie Policy. Patreon denies the remaining allegations in paragraph 64.

65. The allegations in the first sentence of paragraph 65 state legal conclusions to which no response is required. To the extent a response is required, Patreon denies the first sentence's allegations. Patreon denies the allegations in the second and third sentences of paragraph 65.

66. Patreon denies the allegations in paragraph 66.

67. Patreon denies the allegations in paragraph 67.

68. Patreon denies the allegations in paragraph 68.

69. Patreon lacks sufficient information to admit or deny the allegations in paragraph 69, and on that basis, denies them.

70. Patreon lacks sufficient information to admit or deny the allegations in paragraph 70, and on that basis, denies them.

71. Patreon denies the allegations in paragraph 71.

72. Patreon denies that Plaintiffs and Class member have any injuries caused by Patreon. Patreon lacks sufficient information to admit or deny the allegations in paragraph 72, and on that basis, denies them.

73. Patreon denies the allegations in paragraph 73.

## CLASS ACTION ALLEGATIONS

74. Patreon admits that Plaintiffs purport to bring this lawsuit under Rules 23(a) and (b) of the Federal Rules of Civil Procedure, but denies that this suit may or should be maintained as a class action. Patreon denies the remaining allegations in paragraph 74.

75. The allegations in paragraph 75 state legal contentions and/or conclusions, to which no

response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

76. The allegations in paragraph 76 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

77. The allegations in paragraph 77 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

78. The allegations in paragraph 78 state legal contentions and/or conclusions, to which no response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

79. The allegations in paragraph 79 state legal conclusions, to which no response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

80. The allegations in paragraph 80 state legal conclusions, to which no response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

81. The allegations in paragraph 81 state legal conclusions, to which no response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

82. The allegations in paragraph 82 state legal conclusions, to which no response is required. To the extent a response is required, Patreon denies that this suit may or should be maintained as a class action.

**FIRST CAUSE OF ACTION**

**Violation of the Electronic Communications Privacy Act (Video Privacy Protection Act), 18 U.S.C. § 2710, et seq.**
**(On Behalf of the Nationwide Class)**

83. The allegations in paragraph 83 contains an incorporation statement, to which no response is required. To the extent a response is required, Patreon incorporates its responses contained

in paragraphs 1 through and including 82 above as though fully set forth herein.

84. The allegations in paragraph 84 state legal contentions and/or conclusions to which no response is required. To the extent a response is required, Patreon denies the paragraph's allegations.

85. The allegations in paragraph 85 state legal conclusions, to which no response is required. To the extent a response is required, Patreon denies the paragraph's allegations.

86. The allegations in paragraph 86 state legal conclusions, to which no response is required. To the extent a response is required, Patreon admits that the paragraph's quotations are accurate. Patreon denies the paragraph's remaining allegations.

87. Patreon denies the allegations in paragraph 87.

88. The allegations in paragraph 88 state legal conclusions, to which no response is required. To the extent a response is required, Patreon admits that the quotations in the first sentence of the paragraph are accurate. Patreon denies the paragraph's remaining allegations.

89. The allegations in paragraph 89 state legal conclusions, to which no response is required. To the extent a response is required, Patreon avers it obtained users' informed, written consent, but it did not obtain informed, written consent that "at the election of the consumer– (I) is given at the time the disclosure is sought; or (II) is given in advance for a set period of time, not to exceed 2 years or until consent is withdrawn by the consumer, whichever is sooner." Patreon denies the paragraph's remaining allegations.

90. The allegations in paragraph 90 state legal conclusions, to which no response is required. To the extent a response is required, Patreon avers it obtained users' informed, written consent, but it admits it did not "provide[] an opportunity, in a clear and conspicuous manner, for the consumer to withdraw on a case-by- case basis or to withdraw from ongoing disclosures, at the consumer's election."

91. Patreon denies the allegations in paragraph 91.

92. Patreon denies the allegations in paragraph 92.

93. Patreon denies the allegations in paragraph 93.

## SECOND CAUSE OF ACTION
**Violation of California's Unfair Competition Law (the "UCL")**
**Cal. Bus. & Prof. Code § 17200, et seq.**

**(On Behalf of the California Subclass)**

94. The allegations in paragraph 94 contains an incorporation statement, to which no response is required. To the extent a response is required, Patreon incorporates its responses contained in paragraphs 1 through and including 93 above as though fully set forth herein.

95. The allegations in paragraph 95 state legal conclusions, to which no response is required.

96. The allegations in paragraph 96 state legal conclusions, to which no response is required.

97. Patreon denies the allegations in paragraph 97.

98. Patreon denies the allegations in paragraph 98.

99. Patreon denies the allegations in paragraph 99.

100. Patreon denies the allegations in paragraph 100.

101. Patreon denies the allegations in paragraph 101.

102. Patreon denies the allegations in paragraph 102.

103. The allegations in paragraph 103 were made as part of Plaintiffs' UCL "fraud" prong claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

104. The allegations in paragraph 104 were made as part of Plaintiffs' UCL "fraud" prong claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

105. The allegations in paragraph 105 were made as part of Plaintiffs' UCL "fraud" prong claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

106. The allegations in paragraph 106 were made as part of Plaintiffs' UCL "fraud" prong claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

107. The allegations in paragraph 107 were made as part of Plaintiffs' UCL "fraud" prong claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

108. The allegations in paragraph 108 were made as part of Plaintiffs' UCL "fraud" prong

claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

109. The allegations in paragraph 109 were made as part of Plaintiffs' UCL "fraud" prong claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

### THIRD CAUSE OF ACTION
**Violation of California's Consumers Legal Remedies Act
Cal. Civ. Code § 1750, et seq.
(On Behalf of the California Subclass)**

110. The allegations in paragraph 110 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

111. The allegations in paragraph 111 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

112. The allegations in paragraph 112 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

113. The allegations in paragraph 113 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

114. The allegations in paragraph 114 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

115. The allegations in paragraph 115 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

116. The allegations in paragraph 116 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

117. The allegations in paragraph 117 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

118. The allegations in paragraph 118 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

119. The allegations in paragraph 110 were made as part of Plaintiffs' CLRA claim that the Court has dismissed. *See* Dkt. 59. Accordingly, no response to those allegations is required.

## FOURTH CAUSE OF ACTION
**Unjust Enrichment**
**(On Behalf of the Nationwide Class)**

120. The allegations in paragraph 120 contains an incorporation statement, to which no response is required. To the extent a response is required, Patreon incorporates its responses contained in paragraphs 1 through and including 120 above as though fully set forth herein.

121. The allegations in paragraph 121 state legal conclusions, to which no response is required. To the extent a response is required, Patreon lacks sufficient information to admit or deny the allegations in paragraph 121, and on that basis, denies them.

122. Patreon denies the allegations in paragraph 122.

123. Patreon denies the allegations in paragraph 123.

124. Patreon denies the allegations in paragraph 124.

125. Patreon admits that Plaintiffs purport to seek relief on behalf of themselves and a putative class, but Patreon denies that Plaintiffs and any member of the putative class in this case are entitled to any relief in this case. Patreon denies the remaining allegations in paragraph 125.

## PRAYER FOR RELIEF

Patreon denies that this suit may be maintained as a class action, denies Plaintiffs are entitled to any of the relief requested in the FAC, and specifically denies each of the requests for relief set forth in their prayer for relief.

## DEMAND FOR TRIAL BY JURY

Patreon admits Plaintiffs have demanded a trial by jury. Patreon reserves all rights in connection with such demand.

Patreon demands a bench trial on its affirmative defenses (set forth below) that Plaintiffs' claims and those of the putative class are barred, in whole or in part, because 18 U.S.C. § 2710 violates the First Amendment of the United States Constitution and because the award of statutory damages under the VPPA would violate Patreon's substantive and procedural due process rights and its right to be free of excessive fines under the United States Constitution. The issues of whether Plaintiffs' claims and those of the putative class are barred, in whole or in part, on these constitutional grounds are not triable of right by a jury.

## AFFIRMATIVE DEFENSES

By alleging these or other defenses, Patreon does not concede it has the burden of proof or persuasion with respect to any defense or related issue.  Patreon specifically reserves all affirmative or other defenses as may become available or apparent upon further case developments.  In particular, Patreon notes that claims asserted on behalf of absent members of the putative class may raise distinct questions of law or fact that entitle Patreon to affirmative defenses different from, or in addition to, the defenses applicable to Plaintiffs.  As no class has been certified and absent class members are not parties to this proceeding, Patreon denies it has any obligation to identify or plead affirmative defenses that would apply to any putative class member, other than Plaintiffs.

### First Affirmative Defense: Failure to State a Claim

The complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### Second Affirmative Defense: Lack of Article III & Statutory Standing

Plaintiffs and/or the putative class members lack standing, either individually or in a representative capacity, to assert the claims in the Complaint.  Plaintiffs and/or putative class members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the complaint.  In addition, Plaintiffs are not "aggrieved person[s]" as defined in 18 U.S.C. § 2710(b)(1).

### Third Affirmative Defense: Statute of Limitations

Plaintiffs' claims and/or those made by the putative class are barred in whole or in part by the applicable statutes of limitation and repose.

### Fourth Affirmative Defense: No Cognizable Injury

Plaintiffs and/or the putative class members have incurred no cognizable damages.

### Fifth Affirmative Defense: Free Speech

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because 18 U.S.C. § 2710 violates the First Amendment of the Constitution, both facially and as applied, including because 18 U.S.C. § 2710 is a facially invalid, overbroad content- and speaker-based restriction on speech that would punish a speaker for disclosing, with permission, factual information about an individual without causing any harm.

**Sixth Affirmative Defense: Class Action Not Appropriate**

Plaintiffs' claims on behalf of the putative class are barred because this case is maintainable as a class action under Federal Rule of Civil Procedure 23 as the proposed class does not satisfy the requirements described therein.

**Seventh Affirmative Defense: Failure to Mitigate Damages**

To the extent Plaintiffs and/or the putative class have suffered any damages, they have failed to take reasonable steps to mitigate those purported damages.

**Eighth Affirmative Defense: Due Process and Excess Fines**

Plaintiff's claims and/or those of the putative class are barred in whole or in part because the VPPA violates Patreon's substantive and procedural due process rights under the United States Constitution.  The award of the requested statutory damages would violate Patreon's substantive and procedural due process rights under the United States Constitution and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

**Ninth Affirmative Defense: Claims are Barred by Patreon's Terms**

Plaintiffs' claims and those of the putative class are limited or barred, in whole or in part, by applicable provisions in the Patreon Terms of Use Privacy Policy, and/or Cookie Policy, to which Plaintiffs and/or the putative class consented when creating Patreon accounts.

**Tenth Affirmative Defense:  Arbitration Agreement**

Many of the putative class members are subject to binding arbitration agreements with Patreon.

**Eleventh Affirmative Defense: Marketing Goods and Services**

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because any disclosure made by Patreon was done for the exclusive use of marketing goods and services directly to the consumer.

**Twelfth Affirmative Defense: Impropriety of Class-wide Declaratory or Injunctive Relief**

To the extent Plaintiffs and the putative class seek injunctive relief, such relief is barred, including because Plaintiff and the putative class have not suffered irreparable harm and/or there is no real, immediate, or ongoing threat of injury.  Moreover, neither final injunctive relief nor corresponding

13

declaratory relief is appropriate respecting the putative class as a whole because Patreon has not acted or refused to act on grounds that apply generally to the putative class.

### Thirteenth Affirmative Defense: The VPPA Exceeds Congress's Powers

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because the VPPA is unconstitutional as it exceeds the constitutional powers of Congress, and is not a constitutionally permissible exercise of Congress's commerce clause powers or within the scope of Congress's enumerated powers under the Tenth Amendment of the United States Constitution.

### Fourteenth Affirmative Defense: Consent

Plaintiffs' claims and those of the putative class are barred, in whole or in part, because Plaintiffs and/or persons allegedly represented by Plaintiffs consented to the acts complained of herein, and/or are estopped from asserting said claims as a result of their conduct.

### Fifteenth Affirmative Defense: Equitable Defenses

Plaintiff's claims and/or those made by the putative class are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable doctrines.

WHEREFORE, Patreon prays for judgment as follows:

1. That Plaintiffs and the putative class take nothing;
2. That the Court enter judgment in favor of Patreon on each cause of action alleged in the FAC;
3. That Patreon be awarded its costs, expenses, and attorneys' fees; and
4. That the Court grant Patreon all further legal or equitable relief that the Court deems just and proper.

| | |
|---|---|
| Dated: March 17, 2023 | Respectfully submitted,<br><br>THE NORTON LAW FIRM PC<br><br>*/s/ Nathan Walker*<br>Nathan Walker<br><br>Attorneys for Defendant<br>PATREON, INC. |

DEFENDANT PATREON, INC.'S RESPONSE TO FIRST AMENDED COMPLAINT
Case No. 3:22-cv-03131-JCS