Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Trevor T. Tan (SBN 281045)
Kimberly Macey (SBN 342019)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
kmacey@girardsharp.com

*Attorneys for Plaintiffs*

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: April 14, 2023<br>Time: 2:00 p.m.<br>Courtroom: F, 15th Floor<br><br>Judge: Hon. Joseph C. Spero |

Pursuant to Civil Local Rule 16-10(d), Plaintiffs Brayden Stark and Judd Oostyen ("Plaintiffs"), and Defendant Patreon, Inc. ("Patreon") (collectively, "the Parties") hereby provide this Joint Case Management Statement in advance of the Court's Case Management Conference scheduled for April 14, 2023.

## I.     Developments Since the Initial Case Management Statement:

The Parties report the following developments in this action since their February 3, 2023 Joint Case Management Statement (ECF No. 55):

A. The Court heard oral argument on Patreon's Motion to Dismiss Plaintiffs' First Amended Complaint on February 10, 2023 (ECF No. 56).

B. The Court continued the Case Management Conference from February 10, 2023 to April 14, 2023 (ECF No. 56).

C. The Court granted in part and denied in part Patreon's Motion to Dismiss Plaintiffs' First Amended Complaint on February 17, 2023 (ECF No 59).

D. Patreon filed an Answer to Plaintiffs' First Amended Complaint on March 17, 2023 (ECF No. 63).

E. Consistent with the Court's direction at the hearing on Patreon's Motion to Dismiss Plaintiffs' First Amended Complaint, the Parties met and conferred regarding the procedural mechanisms for factual development related to, and a decision on, Patreon's First Amendment challenge.

F. The United States intervened in this matter for the limited purpose of defending the constitutionality of the Video Privacy Protection Act (VPPA), 18 U.S.C. § 2710.  *See* ECF No. 49.  Given the limited scope of the government's intervention, the United States would anticipate its ongoing participation in this matter to be confined to the continued defense of the constitutionality of the VPPA, which may include filing an additional brief in support of the constitutionality of the statute should it again be challenged in a future motion.

## II. Party Discovery

The Parties are negotiating discovery related to Patreon's First Amendment challenge. Plaintiffs' position is that merits discovery and class discovery should proceed in tandem with First Amendment discovery. Consistent with the Court's direction, the Parties met and conferred on April 4, 2023 to discuss the procedural mechanisms for factual development related to Patreon's First Amendment argument. In Section IV, *infra*, the Parties propose alternative schedules, each of which incorporates discovery related to Patreon's First Amendment challenge to the VPPA.

## III. Non-Party Discovery

On February 1, 2023, Plaintiffs served a subpoena requesting production of documents on Meta Platforms, Inc. Plaintiffs represent that their subpoena to Meta seeks documents which Patreon has stated that it does not have, including information sent to Meta in connection with Patreon's use of the Pixel. Meta has thus far refused to produce documents, claiming that (i) discovery into the merits of the case is premature given the constitutional question at issue, (ii) the information Plaintiffs request is not necessary for class certification purposes, and (iii) Plaintiffs have not shown they cannot get the requested information from Patreon. Plaintiffs respond that (i) discovery regarding the merits of the case is not premature because the Court has not stayed discovery and merits discovery between the Parties is ongoing; (ii) the information Plaintiffs request, which includes information sent to Meta in connection with Patreon's use of the Pixel, is relevant to class certification, including the numerosity, commonality, and typicality elements, and identification of Class members; and (iii) because Patreon has represented that it does not have the information Plaintiffs seek from Meta, Plaintiffs properly seek this information from Meta. Plaintiffs are continuing to confer with Meta regarding the documents requested in the subpoena.

## IV. Case Schedule

This Court has not yet entered a case schedule. The Parties' respective alternative proposals for a case schedule are set forth separately below.

### Plaintiffs' position

Plaintiffs propose that the Court enter their proposed case schedule set forth in the table below. Consistent with the Court's statements at the Motion to Dismiss Hearing, the proposed schedule

prioritizes summary judgment motion practice regarding Patreon's First Amendment challenge. The schedule also accounts for merits and class discovery proceeding on a parallel track with discovery into the constitutional question. The Parties reserve the right to seek modification of the schedule upon a showing of good cause under Federal Rule of Civil Procedure 16.

| Event | Plaintiffs' Proposed Date |
| --- | --- |
| Case Management Conference | Set for April 14, 2023 |
| Amendment of Pleadings | June 30, 2023 |
| Further Case Management Conferences | Every 90 days |
| Discovery into Constitutional Question | April 14, 2023-September 15, 2023 |
| Defendant's Motion for Summary Judgment Regarding Constitutional Questions [Parties to stipulate to a briefing schedule within 5 days of filing] | September 29, 2023 |
| Plaintiffs' motion for class certification [Parties to stipulate to a briefing schedule within 5 days of filing] | No later than March 15, 2024 |
| Deadline to Amend the Complaint Regarding Class Certification Matters | 30 days after ruling on class certification |
| ADR | 30 days after ruling on class certification |
| Close of Fact Discovery | July 10, 2024 |
| Exchange Opening Expert Reports | August 12, 2024 |
| Exchange Rebuttal Expert Reports | September 12, 2024 |
| Close of Expert Discovery | October 14, 2024 |
| Motion for summary judgment and *Daubert* motion(s) [Parties to stipulate to a briefing schedule within 5 days of filing] | November 14, 2024 |
| Final Pretrial Conference | February 21, 2025 |
| Jury Trial | March 21, 2025 |

**Patreon's position**

Patreon proposes that the pursuant to FRCP 16 and 42(b), the Court bifurcate discovery and trial into two phases, as set forth below, with the first phase limited to discovery related to Patreon's

affirmative defense that the VPPA violates the First Amendment and is unconstitutional on its face. To the extent a party has already served discovery that is unrelated to the First Amendment issues, that discovery is not stayed. All other fact, expert, or class discovery unrelated to the First Amendment challenge is stayed until after the ruling on the First Amendment challenge in Phase 1.

1. Phase 1 schedule
    a. 150 days for fact discovery (approx. September 15, 2023)
    b. 30 days before close of fact discovery, parties to identify issues on which they intend to offer experts (to allow the other party notice and an opportunity to retain a rebuttal expert) (approx. Aug. 15, 2023)
    c. Opening expert reports simultaneously exchanged on last day of fact discovery period (approx. September 15, 2023)
    d. Rebuttal reports (limited to rebuttal) due 28 days after initial reports. (approx. Oct. 13, 2023)
    e. Expert depositions to be completed 14 days after exchange of rebuttal reports (approx. Oct. 27, 2023)
    f. Summary judgment motion by Patreon
        i. Moving brief due 14 days after expert deposition deadline (approx. November 17, 2023)
        ii. Opposition due 28 days later (approx. Dec. 15, 2023)
        iii. Reply due 25 days later (approx. Jan. 10, 2024)
        iv. Hearing as scheduled by the Court.
    g. If the Court determines that there are material disputes of fact, it will identify those issues and conduct a bench trial to resolve those disputes, with the following trial procedure.
        i. There is no jury trial right on Patreon's constitutional challenge to the VPPA.
        ii. Because there is no factual overlap between Patreon's First Amendment facial challenge and plaintiff's case, the court can decide the constitutional challenge first.
        iii. Trial will be on the summary judgment papers, plus the testimony and evidence offered at the hearing on disputed issue of material fact.

        iv.    The Court may have any expert witness or declarant whose deposition testimony or declaration was submitted for summary judgment testify live at trial, even if that testimony is not the subject of a material dispute of fact.

    2.    Phase 2

If Plaintiffs' VPPA claims survive Patreon's First Amendment challenge, the Court will set a schedule for class-certification briefing, completion of fact and expert discovery, summary judgment and *Daubert* motions, pretrial disclosures, and trial.

**V.**    **Settlement/ADR**

Pursuant to Civil Local Rule 16-10(d), the Parties state that they have agreed to meet and confer regarding the selection of an ADR process when appropriate.

Dated: April 7, 2023    By:    */s/ Simon S. Grille*

Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Trevor T. Tan (SBN 281045)
Kimberly Macey (SBN 342019)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
kmacey@girardsharp.com

*Attorneys for Plaintiffs*

Dated: April 7, 2023    By:    */s/ Nathan Walker*

Fred Norton (CA SBN 224725)
Nathan Walker (CA SBN 206128)
Bree Hann (CA SBN 215695)
Gil Walton (CA SBN 324133)
**THE NORTON LAW FIRM PC**
299 Third Street, Suite 200
Oakland, CA 94607

|   |   |
|---|---|
| 1 | Telephone: (510) 906-4900 |
| 2 | fnorton@nortonlaw.com |
|   | nwalker@nortonlaw.com |
| 3 | bhann@nortonlaw.com |
|   | gwalton@nortonlaw.com |

Attorneys for Defendant
PATREON, INC.

## FILER'S ATTESTATION

I, Simon S. Grille, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(h)(3), I hereby attest that all counsel have concurred in this filing.

/s/ Simon S. Grille