Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Gilbert Walton (CA SBN 324133)
gwalton@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, KEVIN BLACK, and MARYANN OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT PATREON, INC'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   February 16, 2024<br>Time:   9:30 a.m.<br>Judge:  Hon. Joseph C. Spero |

Defendant Patreon, Inc., pursuant to Federal Rule of Evidence 201, requests the Court take judicial notice of:

(1) Exhibits 78, 79, 86, 87, 91, and 92 attached to the declaration of Jason Byttow declaration submitted in support of Patreon's motion for summary judgment ("Byttow Exhibits"); and

(2) Exhibits 74 and 75 attached to the declaration of Fred Norton submitted in support of Patreon's motion for summary judgment ("Norton Exhibits").

All of these exhibits were obtained from the Internet Archive's "Wayback Machine." *See Parziale v. HP, Inc.*, 2020 WL 5798274, at *2 (N.D. Cal. Sept. 29, 2020) ("The Internet Archive Wayback Machine is a service that allows people to visit archived versions of Web sites." (quotation marks omitted)).

Exhibits 78, 79, 86, and 87 to the Byttow declaration are archived screenshots obtained from the Wayback Machine showing how Patreon's Sign-Up page appeared to users on different dates. *See* Declaration of Jason Byttow In Support of Patreon's Motion for Summary Judgment ¶¶ 14, 25.

Exhibits 91 and 92 to the Byttow declaration are archived versions of Patreon's Terms of Use obtained from the Wayback Machine showing how Patreon's Terms of Use appeared on Patreon's website to users on different dates. *See* Declaration of Jason Byttow In Support of Patreon's Motion for Summary Judgment ¶ 33.

Exhibit 74 to the Norton Declaration is an archived copy of the Facebook Business Tools Terms that were in effect on November 6, 2018. *See* Declaration of Fred Norton In Support of Patreon's Motion for Summary Judgment ¶ 86.

Exhibit 75 to the Norton Declaration is an archived copy of the Facebook Business Tools Terms that were in effect on October 17, 2021. *See* Declaration of Fred Norton In Support of Patreon's Motion for Summary Judgment ¶ 87.

Courts may take judicial notice of facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Facts are not subject to reasonable dispute when they (1) are "generally known within the trial court's territorial jurisdiction" or (2) can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Judicial notice of Byttow Exhibits 78, 79, 86, 87, 91, and 92 and Norton Exhibits 74 and 75 is proper because their contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Numerous courts—

including several judges in this district—have held that the contents of historical webpages available through the Wayback Machine are judicially noticeable. *See, e.g., Parziale*, 2020 WL 5798274, at *3 (taking judicial notice of "a historical [website] snapshot" from the Wayback Machine, finding the page to be "inherently reliable" and its authenticity "not reasonably subject to dispute"); *Gardiner v. Walmart, Inc.*, 2021 WL 4992539, at *5, n.1 (N.D. Cal. July 28, 2021) (taking judicial notice of contents of archived web pages available through the Wayback Machine); *Arroyo v. IA Lodging Santa Clara, LLC*, 2021 WL 2826707, at *2 (N.D. Cal. July 7, 2021) (same, noting that "[p]ublic records and documents on publicly available websites are proper subjects of judicial notice"); *see also Valve Corp. v. Ironburg Inventions Ltd.*, 8 F.4th 1364 (Fed. Cir. 2021) (holding that "the contents of webpages available through the Wayback Machine" are judicially noticeable under FRE 201(b)(2)); *Pohl v. MH Sub I, LLC*, 332 F.R.D. 713, 716 (N.D. Fla. 2019) (following "the overwhelming number of courts that have decided the issue" and taking "judicial notice of the contents of WayBack Machine evidence because they 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

For these reasons, Patreon respectfully requests the Court take judicial notice of Byttow Exhibits 78, 79, 86, 87, 91, and 92 and Norton Exhibits 74 and 75.[1]

Respectfully Submitted,

THE NORTON LAW FIRM PC

Date: November 17, 2023

*/s/ Fred Norton*
Fred Norton

Attorneys for
PATREON, INC

---

[1] Although numerous courts have taken notice of historical website snapshots from the Wayback Machine without requiring authentication from the Internet Archive itself, Patreon is willing—should this Court require it—to seek an authenticating declaration directly from the Internet Archive. *See* https://archive.org/legal/ (providing a process for requesting a declaration or affidavit from the Internet Archive, but requesting that, "[b]efore asking the Internet Archive to authenticate your documents," parties first seek judicial notice).