# EXHIBIT 11



**U.S. Department of Justice**

Office of Legislative Affairs

*Office of the Assistant Attorney General*          *Washington, D.C. 20530*

February 2, 2016

The Honorable Robert W. Goodlatte
Chairman
Committee on the Judiciary
U.S. House of Representatives
Washington, DC  20515

The Honorable Charles E. Grassley
Chairman
Committee on the Judiciary
United States Senate
Washington, DC  20510

Dear Chairman Goodlatte and Chairman Grassley:

Section 107 of the USA PATRIOT Improvement and Reauthorization Act of 2005 requires the Department of Justice (the Department) to submit an annual report relating to emergency disclosures of the contents of communications by public electronic communication service providers or public remote computing service providers. *See* 18 U.S.C. § 2702(b)(8). Specifically, the Department is required to provide: (1) the "number of accounts from which the Department of Justice has received voluntary disclosures under subsection (b)(8)"; and (2) "a summary of the basis for disclosure" in circumstances in which the voluntary disclosures were made to the Department and "the investigation pertaining to those disclosures was closed without the filing of criminal charges."

Based on a nationwide data call, during the period January 1, 2014, through December 31, 2014, the Department requested and received voluntary disclosures on its own behalf from 25 accounts[1] pursuant to section 2702(b)(8). During the period covered by this report, two disclosures affecting two accounts were made in investigations which were subsequently closed without the filing of criminal charges. In those investigations, the disclosures were made on the following bases: the escape of a prisoner convicted on robbery and assault charges, and internet threats to Twitter employees. Additionally, the Department requested and received voluntary disclosures from three accounts on behalf of foreign governments in emergency situations in 2014. We have no information as to whether these disclosures resulted in criminal charges being pursued by the foreign government.

---

[1] Where the voluntary disclosures involved IP addresses, each IP address was counted as a separate account.

The Honorable Robert W. Goodlatte
The Honorable Charles E. Grassley
Page Two


Furthermore, as an update to the report most recently submitted to Congress, a number of disclosures that were previously reported were in cases that have subsequently closed without the filing of criminal charges.  This includes two disclosures previously reported in the 2009 report, one previously reported in the 2010 report, two previously reported in the 2011 report, two previously reported in the 2012 report, and nine previously reported in the 2013 report.

Under Section 602 of the USA FREEDOM Act of 2015, which amended Section 2702(d), the Department is now also required to submit an annual report relating to emergency disclosures of customer records made by public electronic communications service providers or public remote computing service providers pursuant to 18 U.S.C. § 2702(c)(4).  Specifically, the Department is required to provide the "number of accounts from which the Department of Justice has received voluntary disclosures under subsection (c)(4)."  The Department has taken steps to implement collection of this information and will provide its first report on voluntary emergency disclosures of customer records under Section 2702(c)(4) as soon as the information has been collected and can be reported on an annual basis.

We hope this information is helpful.  Please do not hesitate to contact this office if we may provide additional assistance regarding this or any other matter.

Sincerely,

Peter J. Kadzik
Assistant Attorney General


cc:   The Honorable John Conyers, Jr.
      Ranking Member
      Committee on the Judiciary
      U.S. House of Representatives

      The Honorable Patrick J. Leahy
      Ranking Member
      Committee on the Judiciary
      United States Senate

USA-STARK-000006