# EXHIBIT 17

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

LESLIE COOPER VIGEN
Senior Trial Counsel (D.C. Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Brayden STARK, Judd OOSTYEN, Kevin BLACK, and Maryann OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | No. 3:22-cv-03131-JCS<br><br>**UNITED STATES' RESPONSES & OBJECTIONS TO DEFENDANT'S FIRST SET OF INTERROGATORIES TO THE UNITED STATES OF AMERICA**<br><br>Honorable Joseph C. Spero |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court of the Northern District of California, and pursuant to the agreement of Defendant and the United States, the United States, by

and through undersigned counsel, submits its Responses and Objections to Defendant's First Set of Interrogatories to the United States of America.

## GENERAL OBJECTIONS

The general objections set forth below apply to each and every interrogatory discussed below. In asserting objections to specific requests, the United States may assert an objection that is the same as or substantially similar to one or more of these objections. It may do so because the language of the discovery request itself may signal particular and specific concerns that the discovery request at issue may be objectionable based on the grounds stated. The fact that the United States, in its objections to Defendant's individual interrogatories, may specifically reference some of the objections described immediately below, but not others from the same list, does not indicate that the United States has waived any of these objections as to any of Defendant's interrogatories.

1. The United States objects to Defendant's First Set of Interrogatories to the United States of America to the extent those interrogatories seek information that does not concern the issue of the constitutionality of a federal statute. The United States intervened in this matter pursuant to 28 U.S.C. § 2403(a) and Federal Rule of Civil Procedure 5.1 "for the limited purpose of defending the constitutionality of the [Video Privacy Protection Act (VPPA)]." *See* ECF No. 49 at 3. Section 2403(a) applies only to an action "to which the United States . . . is not a party," and permits the United States to intervene in such an action solely "for presentation of evidence . . . and for argument on the question of constitutionality." 28 U.S.C. § 2403(a). Although such intervention affords the United States with "all the rights of a party . . . to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality" and subjects the United States "to all liabilities of a party as to court costs" for the same, it does not render the United States a full party to the action subject to discovery unrelated to the issue of constitutionality. *See id.*

2. The United States objects to Defendant's First Set of Interrogatories to the United States of America to the extent that the requests conflict with or purport to expand upon the United States' obligations under the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Northern District of California.

3. The United States objects to Defendant's First Set of Interrogatories to the United States of America to the extent that the requests seek the disclosure of information subject to the attorney-client privilege, the attorney work-product doctrine, other applicable privileges, or any statutory or regulatory restriction upon disclosure.

4. The United States objects to Defendant's First Set of Interrogatories to the United States of America to the extent that the requests are overly broad or attempt to impose obligations that are unduly burdensome, expensive, or oppressive.

5. The United States objects to Defendant's First Set of Interrogatories to the United States of America to the extent that the requests are ambiguous.

6. The United States objects to Defendant's First Set of Interrogatories to the United States of America to the extent that the requests are directed towards conclusions of law.

7. The United States reserves the right to amend, supplement, or alter these objections at any time.

8. Nothing contained in the following specific responses and objections constitutes a waiver of any applicable objection or privilege as to the requested discovery.

## OBJECTIONS TO INSTRUCTIONS

1. The United States objects to instruction 5 insofar as it purports to expand the scope of discovery beyond the meaning intended in Federal Rules of Civil

Procedure 26(b) or 33, or calls for information outside the actual possession, custody, or control of the United States Department of Justice.

## OBJECTIONS TO DEFINITIONS

1. The United States objects to the definition of "you" and "your" as vague, ambiguous, overly broad, unduly burdensome, and disproportionate to the needs of the case because Defendant does not specify to which branch, agency, or division of the United States federal government it intends to direct these requests. Federal Rule of Civil Procedure 5.1 permits the Attorney General of the United States to intervene in an action in which the constitutionality of a federal statute is called into question. *See* Fed. R. Civ. P. 5.1(c); *see also* 28 U.S.C. 2403(a) (requiring courts to certify an action in which the constitutionality of a federal statute is drawn into question "to the Attorney General"). Approval of the Solicitor General of the United States is required to authorize intervention in an action to defend the constitutionality of a federal statute. *See* 28 C.F.R. § 0.21. Accordingly, subject to and without waiver of the objection that the United States is not a "party" to this action subject to discovery unrelated to the issue of constitutionality, the United States will interpret the terms "you" and "your" to refer to the United States Department of Justice. Any and all references to the "United States" in these responses and objections should also be understood to refer to the United States Department of Justice, unless otherwise stated.

2. The United States objects to the definition of "LAW ENFORCMENT AGENCIES" as overly broad, unduly burdensome, and disproportionate to the needs of the case to the extent Defendant attempts to use this definition to direct these interrogatories to any entity other than the United States Department of Justice, to seek responses from any entity other than the United States Department of Justice, or to seek information outside the possession, custody, or control of the United States Department of Justice. Subject to and without waiver of this objection, the United

States will interpret the term "LAW ENFORCEMENT AGENCIES" to refer to the United States Department of Justice.

**RESPONSES & OBJECTIONS TO SPECIFIC INTERROGATORIES**

**Interrogatory No. 1**

State the number of motions filed by the United States in United States District Courts pursuant to 18 U.S.C. § 2710(b)(3), concerning search warrants seeking information subject to 18 U.S.C. § 2710, from January 1, 2013 to the present.

**Objection**: The United States objects to this interrogatory on the following grounds: *First*, information regarding the issuance and enforcement of search warrants—which are typically sealed—may impermissibly reveal investigatory information compiled for law enforcement purposes, disclose investigative techniques and procedures the effectiveness of which would thereby be impaired, and could interfere with ongoing criminal investigations or other proceedings. *See* 28 C.F.R. § 16.26(b)(5). The Ninth Circuit has specifically recognized that disclosure of pre-indictment search warrant materials would pose a "substantial burden" on government investigations and "jeopardize[]" "significant privacy interests." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1217–18 (9th Cir. 1989). Accordingly, in this Circuit, "[t]he public has no qualified First Amendment right of access to warrant materials during the pre-indictment stage of an ongoing criminal investigation. Nor is the public entitled to access to the materials under either the common law or Federal Rule of Criminal Procedure 41(g)." *Id.* at 1221. Even post-indictment, governmental investigative and individual privacy interests may require search warrant materials to remain partially or entirely under seal. *See United States v. Business of Custer Battlefield Museum and Store*, 658 F.3d 1188, 1194–95 (9th Cir. 2011); *In re Granick*, 388 F. Supp. 3d 1107 (N.D. Cal. 2019) (denying request to unseal post-investigation search warrant materials spanning a nearly 13-year period).

*Second*, the request is extraordinarily overly burdensome, entirely disproportionate to the needs of this case, and the United States would be unable to obtain the requested documents without extreme efforts. Providing an accurate response would potentially require the United States to gather information about every search warrant issued over a period of more than 10 years, related to any number of criminal investigations—both closed and open, and including those that resulted in indictments and those that did not—by countless judges in each of 94 federal judicial districts. The United States Department of Justice does not maintain such records in a centralized location or in a readily searchable manner. Such an exercise would therefore be virtually impossible, and the burden would greatly outweigh any possible benefit. *See Granick*, 388 F. Supp. 3d at 1122 (finding with respect to a single U.S. Attorney's Office that "considerations of administrative burden, law enforcement concerns and the interests of individuals who were investigated, but not charged, overcome the strong presumption in favor of public access to the post-investigation search warrant materials filed in the last 13 years").

*Third*, the request is irrelevant and beyond the scope of discovery permitted under Rule 26(b) because it exclusively seeks information about potential disclosures that would not be prohibited under the VPPA. See 18 U.S.C. § 2710(b)(2)(C). The Court indicated that it "would benefit from a factual record" on the issue of constitutionality as to two topics alone: (1) "consumer preferences" regarding video-viewing privacy and (2) the VPPA's "legitimate applications to commercial speech" as compared to its potential "applications to noncommercial speech." Order at 25, ECF No. 59. Because this request pertains exclusively to potential disclosures to which the VPPA would not apply, it is not relevant to either inquiry.

**Response**: Subject to and without waiving the foregoing objections, the United States, after a reasonably diligent investigation, lacks sufficient information to respond to Interrogatory No. 1 due to the burden of the request. The United States'

reasonably diligent investigation included multiple inquiries within the Federal Bureau of Investigation (FBI); multiple inquiries directed to specific sections of the U.S. Department of Justice most likely to deal with the requested information, including the Criminal Division's Computer Crime and Intellectual Property Section (CCIPS) and Child Exploitation and Obscenity Section (CEOS); and multiple inquires to Computer Hacking and Intellectual Property (CHIP) program members across the U.S. Department of Justice, including in individual U.S. Attorney's Offices. Information or knowledge the U.S. Department of Justice was able to readily obtain as a result of these reasonable inquiries was insufficient to enable it to quantify the number of motions filed by the U.S. Department of Justice in federal district courts "concerning search warrants seeking information subject to 18 U.S.C. § 2710" from January 1, 2013 to present.  Any further investigation would be extremely unlikely to produce definitive results, would be disproportionate to the needs of the case, and the burden would outweigh any likely benefit, as explained further in the objections.

**Interrogatory No. 2**

State the number of search warrants obtained by LAW ENFORCEMENT AGENCIES of the United States government that sought from a "video tape service provider" "personally identifiable information" concerning a "consumer" (as those terms are defined in 18 U.S.C. § 2710(a)(1)-(4)), from January 1, 2013 to the present.

**Objection:**  The United States objects to this interrogatory on the following grounds: *First*, subject to and without waiver of the objection that the United States is not a "party" to this action subject to discovery unrelated to the issue of constitutionality, any attempt to direct these requests to any entity other than the United States Department of Justice or to seek information outside the possession, custody, or control of the United States Department of Justice is beyond the scope of permissible discovery under Rules 26 and 33.  The United States will interpret the

Case 3:22-cv-03131-JCS   Document 83-17   Filed 11/17/23   Page 9 of 13

term "LAW ENFORCEMENT AGENCIES" to refer to the United States Department of Justice in its Response.

*Second*, information regarding the issuance of search warrants—which are typically sealed—may impermissibly reveal investigatory information compiled for law enforcement purposes, disclose investigative techniques and procedures the effectiveness of which would thereby be impaired, and could interfere with ongoing criminal investigations or other proceedings. *See* 28 C.F.R. § 16.26(b)(5). The Ninth Circuit has specifically recognized that disclosure of pre-indictment search warrant materials would pose a "substantial burden" on government investigations and "jeopardize[]" "significant privacy interests." *Times Mirror Co. v. United States*, 873 F.2d 1210, 1217–18 (9th Cir. 1989). Accordingly, in this Circuit, "[t]he public has no qualified First Amendment right of access to warrant materials during the pre-indictment stage of an ongoing criminal investigation. Nor is the public entitled to access to the materials under either the common law or Federal Rule of Criminal Procedure 41(g)." *Id.* at 1221. Even post-indictment, governmental investigative and individual privacy interests may require search warrant materials to remain partially or entirely under seal. *See United States v. Business of Custer Battlefield Museum and Store*, 658 F.3d 1188, 1194–95 (9th Cir. 2011); *In re Granick*, 388 F. Supp. 3d 1107 (N.D. Cal. 2019) (denying request to unseal post-investigation search warrant materials spanning a nearly 13-year period).

*Third*, the request is extraordinarily overly burdensome, entirely disproportionate to the needs of this case, and the United States would be unable to obtain the requested documents without extreme efforts. Providing an accurate response would potentially require the United States to gather information about every search warrant issued over a period of more than 10 years, related to any number of criminal investigations—both closed and open, and including those that resulted in indictments and those that did not—by countless judges in each of

Resp. & Obj. to Def.'s First Set of ROGs                               Case No. 3:22-cv-03131-JCS

94 federal judicial districts. The United States Department of Justice does not maintain such records in a centralized location or in a readily searchable manner. Such an exercise would therefore be virtually impossible, and the burden would greatly outweigh any possible benefit. *See Granick*, 388 F. Supp. 3d at 1122 (finding with respect to a single U.S. Attorney's Office that "considerations of administrative burden, law enforcement concerns and the interests of individuals who were investigated, but not charged, overcome the strong presumption in favor of public access to the post-investigation search warrant materials filed in the last 13 years").

*Fourth*, the request is irrelevant and beyond the scope of discovery permitted under Rule 26(b) because it exclusively seeks information about potential disclosures that would not be prohibited under the VPPA. *See* 18 U.S.C. § 2710(b)(2)(C). The Court indicated that it "would benefit from a factual record" on the issue of constitutionality as to two topics alone: (1) "consumer preferences" regarding video-viewing privacy and (2) the VPPA's "legitimate applications to commercial speech" as compared to its potential "applications to noncommercial speech." Order at 25, ECF No. 59. Because this request pertains exclusively to potential disclosures to which the VPPA would not apply, it is not relevant to either inquiry.

**Response**: Subject to and without waiving the foregoing objections, the United States, after a reasonably diligent investigation, lacks sufficient information to respond to Interrogatory No. 2 due to the burden of the request. The United States' reasonably diligent investigation included multiple inquiries within the Federal Bureau of Investigation (FBI); multiple inquiries directed to specific sections of the U.S. Department of Justice most likely to deal with this information, including the Criminal Division's Computer Crime and Intellectual Property Section (CCIPS) and Child Exploitation and Obscenity Section (CEOS); and multiple inquires to Computer Hacking and Intellectual Property (CHIP) program members across the U.S. Department of Justice, including in individual U.S. Attorney's Offices. Information

or knowledge the U.S. Department of Justice was able to readily obtain as a result of these reasonable inquiries was insufficient to enable it to quantify the number of search warrants obtained by the U.S. Department of Justice that "sought from a 'video tape service provider' 'personally identifiable information' concerning a 'consumer' (as those terms are defined in 18 U.S.C. § 2710(a)(1)-(4)), from January 1, 2013 to the present." Any further investigation would be extremely unlikely to produce definitive results, would be disproportionate to the needs of the case, and the burden would outweigh any likely benefit, as explained further in the objections.

**Interrogatory No. 3**

State the number of voluntary tips or reports that LAW ENFORCEMENT AGENCIES of the United States government received, from January 1, 2013 to the present, from any "video tape service provider" that included "personally identifiable information" concerning a "consumer" (as those terms are defined in 18 U.S.C. § 2710(a)(1)-(4)).

**Objection:** The United States objects to this interrogatory on the following grounds: *First*, subject to and without waiver of the objection that the United States is not a "party" to this action subject to discovery unrelated to the issue of constitutionality, any attempt to direct these requests to any entity other than the United States Department of Justice or to seek information outside the possession, custody, or control of the United States Department of Justice is beyond the scope of permissible discovery under Rules 26 and 33. The United States will interpret the term "LAW ENFORCEMENT AGENCIES" to refer to the United States Department of Justice in its Response.

*Second*, the request is extraordinarily overly burdensome, entirely disproportionate to the needs of this case, and virtually impossible to comply with. Providing an accurate response would potentially require the United States to seek information about every voluntary tip or report—including those that are not credible

and those that do not lead to the opening of an investigation—provided to any current or former United States Department of Justice employee—including employees of each of 93 U.S. Attorney's Offices throughout the country—over a period of more than 10 years. Certain components of the United States Department of Justice do not routinely maintain records about any such voluntary tips or reports—particularly those that are not credible or do not lead to the opening of an investigation—let alone maintain such records in a centralized location or in a format that would be readily searchable. Such an exercise would not only be all but impossible as a logistical matter, but likely also futile. The burden would greatly outweigh any possible benefit.

*Third*, any documentation of voluntary tips or reports provided to law enforcement that did exist would impermissibly reveal investigatory information compiled for law enforcement purposes, disclose investigative techniques and procedures the effectiveness of which would thereby be impaired, and could interfere with ongoing criminal investigations or other proceedings. *See* 28 C.F.R. § 16.26(b)(5).

**Response:** Subject to and without waiving the foregoing objections, the United States, after a reasonably diligent investigation, lacks sufficient information to respond to Interrogatory No. 3 due to the burden of the request. The United States' reasonably diligent investigation included inquiries within the U.S. Department of Justice's Criminal Division, the Executive Office of U.S. Attorneys (EOUSA), the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the Drug Enforcement Administration (DEA), and the Federal Bureau of Investigation (FBI). Neither the Criminal Division nor EOUSA has a centralized means of collecting the requested information. After inquiry and search of relevant databases, neither ATF, DEA, nor FBI located any responsive voluntary tips or reports. The U.S. Department of Justice cannot say definitively, however, that responsive voluntary tips or reports were not provided at some point over the past 10 years to an individual employee, a U.S. Attorney's Office, a field office of one of the U.S. Department of Justice's investigative

components, or similar. Thus, information or knowledge the U.S. Department of Justice was able to readily obtain as a result of these reasonable inquiries was insufficient to enable it to quantify the number of voluntary tips or reports received by the U.S. Department of Justice "from any 'video tape service provider' that included 'personally identifiable information' concerning a 'consumer' (as those terms are defined in 18 U.S.C. § 2710(a)(1)-(4))," between January 1, 2013 to the present." Any further investigation would be extremely unlikely to produce definitive results, would be disproportionate to the needs of the case, and the burden would outweigh any likely benefit, as explained further in the objections.

Dated: November 6, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

  /s/ Leslie Cooper Vigen
LESLIE COOPER VIGEN
Senior Trial Counsel (D.C. Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*