# EXHIBIT 73

Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, on behalf of themselves and all others similarly situated, | Case No. 3:22-cv-03131-JCS |
| Plaintiffs, | **PLAINTIFFS BRAYDEN STARK'S AND JUDD OOSTYEN'S AMENDED RESPONSES AND OBJECTIONS TO PATREON, INC.'S INTERROGATORIES TO PLAINTIFFS, SET ONE** |
| v. | |
| PATREON, INC., | |
| Defendant. | |

Plaintiffs Brayden Stark and Judd Oostyen ("Plaintiffs") hereby submit the following amended objections and responses to Defendant Patreon, Inc.'s ("Patreon" or "Defendant") Interrogatories to Plaintiffs, Set One ("Interrogatories"), dated August 16, 2023. All responses to the following Interrogatories are based on information currently known to Plaintiffs and are provided without prejudice to Plaintiffs' right to submit evidence of any subsequently discovered facts and information, should such become known. Plaintiffs anticipate that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein. These responses are made in a good faith effort to supply such information as is presently known to Plaintiffs. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiffs' right to rely on other facts or documents at trial. Plaintiffs reserve the right to amend, supplement, or otherwise modify these responses and objections in accordance with Rule 26(e).

Plaintiffs' responses or objections to an Interrogatory or part of an Interrogatory are not an admission of any fact set forth or assumed by that Interrogatory. In addition, each of Plaintiffs' responses to an Interrogatory or part of an Interrogatory is not a waiver of part or all of any objection Plaintiffs might make to that Interrogatory, or an admission that such answer or objection constitutes admissible evidence.

## PLAINTIFFS' RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1

Identify by name the officers or employees of Patreon who had actual knowledge that Patreon's use of the Meta Pixel resulted in the disclosure of YOUR personal information to Meta, at the time such disclosure was allegedly made.

### RESPONSE

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case as the identify of all officers and employees at Patreon, as well as their respective job functions, is not publicly available information and cannot be obtained through a diligent investigation of Plaintiffs' own records. Plaintiffs further object to this Interrogatory as

overbroad, unduly burdensome, oppressive, and not proportional to the needs of the case because it asks Plaintiffs to identity Patreon officers and employees during each conceivable disclosure of the personal information to Meta via the Meta Pixel, which is information exclusively known to Patreon and/or Meta and has not been produced in this litigation. Plaintiffs further object to this Interrogatory as irrelevant, as Plaintiffs' knowledge of what specific Patreon officers or employees knew regarding the Meta Pixel's disclosure of Plaintiffs' personal information to Meta is neither an element of their claims nor a defense thereto. Plaintiffs object to this Interrogatory on the grounds that it is premature pursuant to Federal Rule of Civil Procedure 33(a)(2). Plaintiffs further object to the phrase "actual knowledge" as vague and ambiguous, as it is unclear what is sufficient to constitute "actual knowledge" in the context of this Interrogatory.

Subject to and without waiving the foregoing objections, Plaintiffs provide the following response:

Plaintiffs do not personally know the specific identity of any officers or employees of Patreon who had actual knowledge that Patreon's use of the Meta Pixel resulted in the disclosure of Plaintiffs' personal information to Meta. Plaintiffs understand that discovery has revealed the following persons with knowledge that Patreon's use of the Meta Pixel resulted in the disclosure of Plaintiffs' personal information to Meta: Jason Byttow; Emily Metcalfe; Alyssa DeSangro; Jason Bilog; John Principe; Atish Das Sarma; Rory Brown; Sarah Penna; Brian Keller; Matt Cheetham; Robin Fontaine; Gearoid O'Connor; Kenna Nelson; Carlos Fahan; Sibei Mi; Henry Bryant; Megan Wiley; Lisa Yip; Jared Smith; Errol Schmall; SarahRose Fathi; Maura Church; and Grace Woods.

**INTERROGATORY NO. 2**

State the basis for your assertion that Patreon is a "Video Tape Service Provider," as the term is defined in the Video Privacy Protection Act, 18 U.S.C. § 2710.

**RESPONSE**

Plaintiffs object to this Interrogatory on the grounds that it is premature pursuant to Federal Rule of Civil Procedure 33(a)(2). Plaintiffs further object to this Interrogatory to the extent that it seeks premature disclosure of expert information. Plaintiffs will produce expert report(s) pursuant to the

1  deadlines established by Federal Rule of Civil Procedure 26, court order, and/or the agreement of the

2  parties.

3  Subject to and without waiving the foregoing objections, Plaintiffs provide the following

4  response:

5  Patreon is a "Video Tape Service Provider," as the term is defined in the Video Privacy

6  Protection Act, 18 U.S.C. § 2710 because it is engaged in the business of selling and delivering

7  prerecorded and available on demand video content from content creators on the Patreon website to their

8  subscribers or patrons.

9  **INTERROGATORY NO. 3**

10  State the name and address of any current or former employee of Girard Sharp LLP with whom

11  YOU had a personal or professional relationship prior to the filing of this lawsuit.

12  **RESPONSE**

13  Plaintiffs object to this Interrogatory as overbroad, not proportional to the needs of the case, and

14  irrelevant as the identity and address of current or former employee of Girard Sharp LLP do not relate to

15  Plaintiffs' claims or any defense thereto. Plaintiffs further object to this Interrogatory to the extent it

16  seeks information related to non-parties who have no affiliation with this litigation. Plaintiffs further

17  object to this Interrogatory to the extent it seeks information that would violate the right to privacy of

18  non-parties to this litigation.

19  Subject to and without waiving the foregoing objections, Plaintiffs provide the following

20  response:

21  Plaintiffs did not have any personal or professional relationship with any current or former

22  employee of Girard Sharp LLP prior to filing this lawsuit other than the professional relationship that

23  was necessarily established in order to initiate the lawsuit.

24  **INTERROGATORY NO. 4**

25  State the date YOU first learned of tracking pixels and how YOU learned of them.

26

27

28

**RESPONSE**

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, not proportional to the needs of the case, and irrelevant to the extent it seeks information related to any tracking pixel other than the Meta Pixel. Plaintiffs further object to the phrase "tracking pixels" as vague and ambiguous, as Plaintiffs' allegations only pertain to the Meta Pixel. Plaintiffs further object to this Interrogatory to the extent it seeks the precise date on which Plaintiffs first learned of tracking pixels, as such information is not proportional to the needs of the case. Plaintiffs further object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, constituting attorney work product, or subject to any other relevant protections.

Subject to and without waiving the foregoing objections, Plaintiffs provide the following response:

Plaintiff Stark has been aware for several years that companies utilize tracking pixels in order to track and monetize users' activity online. Plaintiff Stark learned about tracking pixels when the television program Adam Ruins Everything aired an episode regarding online tracking pixels and through YouTube videos on the topic. Plaintiff Stark did not know that Patreon had implemented a Meta Pixel or what information it collects until shortly before filing this lawsuit.

Plaintiff Oostyen became aware of tracking pixels in the time period immediately preceding the filing of this lawsuit. Plaintiff Oostyen did not know that Patreon had implemented a Meta Pixel or what information it collects until shortly before filing this lawsuit.

**AMENDED RESPONSE**

Plaintiff Stark has been aware for several years that companies utilize tracking pixels in order to track and monetize users' activity online. Plaintiff Stark learned about tracking pixels when the television program Adam Ruins Everything aired an episode regarding online tracking pixels and through YouTube videos on the topic. Plaintiff Stark did not know that Patreon had implemented a Meta Pixel or begin to understand what information it collects until on or around May 12, 2022. His understanding of Patreon's implementation of the Meta Pixel and the information it collects continued to develop after that date.

Plaintiff Oostyen became aware of tracking pixels in the time period preceding the filing of this lawsuit. Plaintiff Oostyen did not know that Patreon had implemented a Meta Pixel or begin to understand what information it collects until spring 2022. His understanding of Patreon's implementation of the Meta Pixel and the information it collects continued to develop after that date.

**INTERROGATORY NO. 5**

State the date YOU first learned of Patreon's use of tracking pixels and how YOU learned of this.

**RESPONSE**

Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, not proportional to the needs of the case, and irrelevant to the extent it seeks information related to any tracking pixel other than the Meta Pixel. Plaintiffs further object to the phrase "tracking pixels" as vague and ambiguous, as Plaintiffs' allegations only pertain to the Meta Pixel. Plaintiffs further object to this Interrogatory to the extent it seeks the precise date on which Plaintiffs first learned of Patreon's use of tracking pixels, as such information is not proportional to the needs of the case. Plaintiffs further object to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, constituting attorney work product, or subject to any other relevant protections.

Subject to and without waiving the foregoing objections, Plaintiffs provide the following response:

Plaintiffs first became aware of Patreon's use tracking pixels in the time period immediately preceding the filing of this lawsuit.

**INTERROGATORY NO. 6**

Identify the personal information YOU allege Patreon shared with Meta through use of the Meta Pixel and the basis for that understanding.

**RESPONSE**

Plaintiffs object to this Interrogatory to the extent that it seeks premature disclosure of expert information. Plaintiffs will produce expert report(s) pursuant to the deadlines established by Federal Rule of Civil Procedure 26, court order, and/or the agreement of the parties. Plaintiffs further object to

5

PLAINTIFFS BRAYDEN STARK'S AND JUDD OOSTYEN'S AMENDED RESPONSES AND OBJECTIONS TO
PATREON, INC.'S INTERROGATORIES TO PLAINTIFFS, SET ONE
Case No. 3:22-cv-03131-JCS

1 this Interrogatory to the extent it seeks information protected by the attorney-client privilege, attorney

2 work product doctrine, or any other applicable privilege.

3         Subject to and without waiving the foregoing objections, Plaintiffs provide the following

4 response:

5         Plaintiffs allege that at least the following personal information is shared with Meta through the

6 use of the Meta Pixel: the titles of prerecorded video content users view on Patreon's website; Facebook

7 IDs; IP addresses; names; emails; and phone numbers.

8 **INTERROGATORY NO. 7**

9         State the name and address of every person who has, or at any point had, access to any device

10 from which you have logged into your Patreon account or has had access to your Patreon account as a

11 result of you sharing your credentials with those persons.

12 **RESPONSE**

13         Plaintiffs object to this Interrogatory as overbroad, unduly burdensome, oppressive, not

14 proportional to the needs of the case, and irrelevant as it seeks the identity of every individual who could

15 conceivably access any device from which Plaintiffs logged into their Patreon accounts during an

16 indefinite period of time, thereby encompassing an indeterminate number of potential individuals.

17 Plaintiffs further object to this Interrogatory as overbroad, unduly burdensome, oppressive, not

18 proportional to the needs of the case, and irrelevant as it seeks the identities and addresses of non-parties

19 to this litigation. Plaintiffs further object to this Interrogatory to the extent it seeks information that

20 would violate the right to privacy of non-parties to this litigation.

21         Subject to and without waiving the foregoing objections, Plaintiffs provide the following

22 response:

23         Neither Plaintiff Stark nor Plaintiff Oostyen allowed another person to access their Patreon

24 accounts as a result of sharing their credentials with that person.

25         Plaintiff Stark further responds that other individuals, including his former girlfriend and friends,

26 may have used the laptop on which he logged into his Patreon account, but they would only have done

27

28

so while in his presence and would not have accessed Patreon's website. To the extent it is necessary to contact these individuals, Patreon should only do so through Plaintiffs' counsel.

Plaintiff Oostyen further responds that no other person would have accessed another device from which he logged into his Patreon account.

**INTERROGATORY NO. 8**

Paragraph 67 of the First Amended Class Action Complaint alleges, "Patreon's wrongful acquisition and use of their personal and private information deprived Plaintiffs and Class members of control over that information and prevented them from realizing its full value for themselves." (Dkt. 41). State the "full value" of YOUR personal and private information and how YOU would have realized it.

**RESPONSE**

Plaintiffs object to this Interrogatory to the extent that it seeks premature disclosure of expert information. Plaintiffs will produce expert report(s) pursuant to the deadlines established by Federal Rule of Civil Procedure 26, court order, and/or the agreement of the parties.


Dated: November 10, 2023                         Respectfully submitted,

                                                  By:  /s/ Reid Gaa
                                                  Adam E. Polk (SBN 273000)
                                                  Simon S. Grille (SBN 294914)
                                                  Reid Gaa (SBN 330141)
                                                  **GIRARD SHARP LLP**
                                                  601 California Street, Suite 1400
                                                  San Francisco, California 94108
                                                  Telephone: (415) 981-4800
                                                  Facsimile: (415) 981-4800
                                                  apolk@girardsharp.com
                                                  sgrille@girardsharp.com
                                                  rgaa@girardsharp.com

                                                  *Attorneys for Plaintiffs*

## **PROOF OF SERVICE**

I, Anne von Goetz, hereby declare as follows:

I am employed by Girard Sharp LLP, 601 California Street, Suite 1400, San Francisco, California 94108.  I am over the age of eighteen years and am not a party to this action.  On November 10, 2023, I served the below document *by electronic mail*:

1.   **PLAINTIFFS BRAYDEN STARK'S AND JUDD OOSTYEN AMENDED RESPONSES AND OBJECTIONS TO PATREON, INC.'S INTERROGATORIES TO PLAINTIFF, SET ONE**

on:

Fred Norton
Nathan Walker
Bree Hann
Gil Walton
**THE NORTON LAW FIRM PC**
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900
Email: fnorton@nortonlaw.com
Email: nwalker@nortonlaw.com
Email: bhann@nortonlaw.com
Email: gwalton@nortonlaw.com

*Counsel for Patreon, Inc.*

Leslie Cooper Vigen
**UNITED STATES DEPARTMENT OF JUSTICE**
1100 L Street, NW
Washington, DC 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*

I declare under penalty of perjury under the laws of the United States that the above is true and correct.  Executed on November 10, 2023.

*/s/ Anne von Goetz*
Anne von Goetz

PLAINTIFFS BRAYDEN STARK'S AND JUDD OOSTYEN'S AMENDED RESPONSES AND OBJECTIONS TO
PATREON, INC.'S INTERROGATORIES TO PLAINTIFFS, SET ONE
Case No. 3:22-cv-03131-JCS