1  BRIAN M. BOYNTON
   Principal Deputy Assistant Attorney General
2  Civil Division

3  LESLEY FARBY
   Assistant Branch Director
4  Civil Division, Federal Programs Branch

5  LESLIE COOPER VIGEN
   Senior Trial Counsel (DC Bar No. 1019782)
6  CLAYTON L. BAILEY
   Trial Attorney (DC Bar No. 1644867)
7  Civil Division, Federal Programs Branch
   United States Department of Justice
8  1100 L Street, NW, Washington, DC 20005
   Telephone: (202) 305-0727
9  Email: leslie.vigen@usdoj.gov

10
11 *Counsel for United States*

12
                  **UNITED STATES DISTRICT COURT**
13                **NORTHERN DISTRICT OF CALIFORNIA**
                     **SAN FRANCISCO DIVISION**
14

15 Brayden STARK, Judd OOSTYEN,
   Kevin BLACK, and Maryann OWENS,
16 individually and on behalf of all others         **No. 3:22-cv-03131-JCS**
   similarly situated,
17                                                  **DECLARATION OF**
          Plaintiffs,                               **LESLIE COOPER VIGEN**
18
19                v.

20 PATREON, INC.,

21        Defendant.

22
          I, Leslie Cooper Vigen, hereby declare:
23
          1.      I am a Senior Trial Counsel with the U.S. Department of Justice, Civil Division,
24
   Federal Programs Branch and counsel for the United States in the above-captioned matter.  I
25
   submit this declaration in support of the United States of America's Opposition to Defendant's
26
   Motion for Summary Judgment on Plaintiffs' VPPA Claims on the Ground that the VPPA Violates
27
   the First Amendment.
28
                                                    1

2.      I have personal knowledge of the contents of this declaration, and I could and would testify competently thereto if called upon to do so.

3.      On October 6, 2023, the Court held a Case Management Conference in this matter. *See* ECF No. 72.  I attended that conference remotely via Zoom, as did counsel for Plaintiffs and counsel for Defendant.  That conference was not transcribed or recorded, and no transcript is available to order.

4.      During the October 6 conference, I requested that the Court modify the schedule for this case such that summary judgment briefing on the constitutionality of the VPPA would either be combined with, or post-date, summary judgment briefing on potentially dispositive non-constitutional issues.  *See also* ECF No. 70.

5.      Defendant objected to postponing briefing on the constitutional issue.  But Fred Norton, counsel for Defendant, stated that Defendant had developed evidence during discovery that, according to him, demonstrated that Defendant had not violated the VPPA and stated that Defendant would not oppose briefing that issue along with the constitutional issues.  To the best of my recollection, Mr. Norton represented that the evidence showed that Defendant had not disclosed Plaintiffs' personally identifying information.  A violation of the VPPA occurs only where a "video tape service provider . . . knowingly discloses . . . personally identifiable information concerning any consumer of such provider."  18 U.S.C. § 2710(b)(1).

6.      Plaintiffs did not object to postponing summary judgment briefing on all issues until the close of discovery, *see also* ECF No. 70, but did not agree to brief summary judgment on a limited statutory question prior to that.  To the best of my recollection, Simon Grille, counsel for Plaintiffs, represented that, as of the date of the conference, discovery was not complete with respect to the issue that Mr. Norton had raised.

7.      After hearing from the parties and the United States, the Court indicated it was not inclined to alter the schedule. The Court subsequently provided the United States and Plaintiffs the opportunity to file briefs on when the Court should consider the constitutionality of the statute. *See* ECF No. 72.

Declaration of Leslie Cooper Vigen                                Case No. 3:22-cv-03131-JCS

8.      The United States notified the Court on October 13, 2023 that it was electing not to file a separate motion to modify the scheduling order at that time, but "reserve[d] the right to argue in its response to Defendant's forthcoming motion for summary judgment that the Court should refrain from ruling on a facial constitutional challenge prior to considering the non-constitutional grounds for resolving this matter that Defendant has stated it intends to raise at summary judgment."  ECF No. 73.

9.      Plaintiffs also notified the Court in an October 13, 2023 filing that "at this time," they would "not request a modification of the existing case schedule, given the Court's comments at the October 6, 2022 Case Management Conference and the United States's decision not to seek a modification of the schedule."  ECF No. 74.

10.     Attached hereto as **Exhibit A** is a true and correct copy of the United States's Responses and Objections to Defendant's First Set of Interrogatories to the United States, which I served upon counsel for Defendant on November 6, 2023, pursuant to an agreement of the parties intended to resolve ongoing discovery disputes.  As relevant to the United States's opposition, Interrogatory No. 3 requests that the United States "[s]tate the number of voluntary tips or reports that LAW ENFORCEMENT AGENCIES of the United States government received, from January 1, 2013 to the present, from any 'video tape service provider' that included 'personally identifiable information' concerning a 'consumer' (as those terms are defined in 18 U.S.C. § 2710(a)(1)-(4))."  The United States provided the following response to that interrogatory:

"Subject to and without waiving the foregoing objections, the United States, after a reasonably diligent investigation, lacks sufficient information to respond to Interrogatory No. 3 due to the burden of the request.  The United States' reasonably diligent investigation included inquiries within the U.S. Department of Justice's Criminal Division, the Executive Office of U.S. Attorneys (EOUSA), the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), the Drug Enforcement Administration (DEA), and the Federal Bureau of Investigation (FBI).  Neither the Criminal Division nor EOUSA has a centralized means of collecting the requested information. After inquiry and search of relevant databases, neither ATF, DEA, nor FBI located any responsive

voluntary tips or reports.  The U.S. Department of Justice cannot say definitively, however, that responsive voluntary tips or reports were not provided at some point over the past 10 years to an individual employee, a U.S. Attorney's Office, a field office of one of the U.S. Department of Justice's investigative components, or similar.   Thus, information or knowledge the U.S. Department of Justice was able to readily obtain as a result of these reasonable inquiries was insufficient to enable it to quantify the number of voluntary tips or reports received by the U.S. Department of Justice 'from any 'video tape service provider' that included 'personally identifiable information' concerning a 'consumer' (as those terms are defined in 18 U.S.C. § 2710(a)(1)-(4)), between January 1, 2013 to the present.'  Any further investigation would be extremely unlikely to produce definitive results, would be disproportionate to the needs of the case, and the burden would outweigh any likely benefit, as explained further in the objections."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and recollection.

Signed on December 21, 2023.

/s/  Leslie Cooper Vigen
LESLIE COOPER VIGEN

# Exhibit A

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

LESLIE COOPER VIGEN
Senior Trial Counsel (D.C. Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, DC 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Brayden STARK, Judd OOSTYEN, Kevin BLACK, and Maryann OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | **No. 3:22-cv-03131-JCS**<br><br>**UNITED STATES' SUPPLEMENTAL RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Honorable Joseph C. Spero |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Northern District of California, and pursuant to the agreement of Defendant and the United States, the United

States, by and through undersigned counsel, submits its Supplemental Responses to Defendant's First Set of Requests for Admission.

## GENERAL OBJECTIONS

The United States incorporates by reference all General Objections included in its September 5, 2023, Objections to Defendants' First Set of Requests for Admission.

## OBJECTIONS TO DEFINITIONS

The United States incorporates by reference all Objections to Definitions included in its September 5, 2023, Objections to Defendants' First Set of Requests for Admission. Subject to and without waiver of those objections, the United States will interpret the terms "YOU" or "YOUR" to refer to the United States Department of Justice in these supplemental responses. Any and all references to the "United States" in these supplemental responses and objections should be understood to refer to the United States Department of Justice, unless stated otherwise.

## OBJECTIONS TO INSTRUCTIONS

The United States incorporates by reference all Objections to Instructions included in its September 5, 2023, Objections to Defendants' First Set of Requests for Admission.

## SUPPLEMENTAL RESPONSES & OBJECTIONS TO SPECIFIC REQUESTS

### Request for Admission No. 10

ADMIT that the United States government has, since January 1, 1989, executed search warrants that seek "personally identifiable information" of "consumers" from "video tape service providers" as those terms are defined in 18 U.S.C. § 2710.

**Supplemental Response:** Subject to and without waiving the objections set forth in the United States' Objections to Defendants' First Set of Requests for Admission, the United States admits Request for Admission No. 10.

**Request for Admission No. 12**

ADMIT that the United States government has, since January 1, 1989, obtained court orders allowing it to obtain "personally identifiable information" of "consumers" from "video tape service providers" as those terms are defined in 18 U.S.C. § 2710.

**Supplemental Response:**  Subject to and without waiving the objections set forth in the United States' Objections to Defendants' First Set of Requests for Admission, the United States admits Request for Admission No. 12.

**Request for Admission No. 13**

ADMIT that the United States government has never, since January 1, 1989, sought a court order from any United States District Court pursuant to the procedures set forth in 18 U.S.C. § 2710(b)(3), authorizing disclosure of "personally identifiable information" of "consumers" from "video tape service providers," as those terms are defined in 18 U.S.C. § 2710.

**Supplemental Response:**  Subject to and without waiving the objections set forth in the United States' Objections to Defendants' First Set of Requests for Admission, after a reasonably diligent investigation, the United States Department of Justice lacks sufficient knowledge or information to admit or deny Request for Admission No. 13.  The United States' reasonably diligent investigation included multiple inquiries within the Federal Bureau of Investigation (FBI); multiple inquiries directed to specific sections of the U.S. Department of Justice most likely to deal with this information, including the Criminal Division's Computer Crime and Intellectual Property Section (CCIPS) and Child Exploitation and Obscenity Section (CEOS); and multiple inquires to Computer Hacking and Intellectual Property (CHIP) program members across the U.S. Department of Justice, including in individual U.S. Attorney's Offices.  Information or knowledge the U.S. Department of Justice was able to readily obtain as a result of these reasonable inquiries was insufficient to enable it to admit or deny this Request.  Any further investigation

would be disproportionate to the needs of the case, and the burden would outweigh any likely benefit, as explained further in the United States' Objections.

Dated: November 6, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

LESLEY FARBY
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Leslie Cooper Vigen*
LESLIE COOPER VIGEN
Senior Trial Counsel (D.C. Bar No. 1019782)
Civil Division, Federal Programs Branch
United States Department of Justice
1100 L Street, NW, Washington, D.C. 20005
Telephone: (202) 305-0727
Email: leslie.vigen@usdoj.gov

*Counsel for United States*