Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Trevor T. Tan (SBN 280145)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**N.D. Cal. L.R. 7-11 and 79-5** |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiffs will and hereby do move the Court to consider whether portions of Plaintiffs' Opposition to Patreon's Motion for Summary Judgment and certain exhibits thereto should be maintained under seal. Plaintiffs file this motion to comply with Civil Local Rules 7-11 and 79-5, as well as the Stipulated Protective Order (Dkt. 29).

Pursuant to Local Rule 79-5(c), Plaintiffs submit herewith the Declaration of Trevor T. Tan ("Tan Decl."), which identifies with particularity the sealable portions of filed materials that reflect Plaintiffs' confidential information, as well as a proposed order which lists in tabular format each document or portion thereof that Plaintiffs request be sealed.

## I.   LEGAL STANDARD

A party seeking to seal a judicial record submitted in connection with a motion affecting the merits of litigation must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). This standard requires that a court find a compelling reason to seal records and to articulate the factual basis for its ruling. *Id.* at 1096-97. In doing so, the court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## II.   DISCUSSION

Plaintiffs seek to seal information detailing the sensitive content they viewed on Patreon's website. Not only is the imperative to protect such information the crux of this litigation, but courts have recognized the "strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature.'" *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (citation omitted). A compelling interest in sealing may also exist for material that "might be used to gratify private spite . . . or circulate libelous statements . . . ." *Ctr. for Auto Safety*, 809 F.3d at 1097 (internal quotation marks omitted). Here, Plaintiffs seek to seal information reflecting their private consumption of video content on Patreon's website. Tan Decl. ¶ 5. Their personal video viewing choices

are inherently private and highly sensitive, and typify the type of information that may be used by a third party to gratify private spite or circulate libel. Tan Decl. ¶ 6. Furthermore, this information is protected under the Stipulated Protective Order. *See* Stip. Protective Order ¶¶ 2.3, 2.15, 13.3, Dkt. 29 (requiring material designated under the protective order as "Confidential" to be filed under seal and defined Protected Material to include information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c)).

Most critically, there is no public interest in obtaining access to such personal information. If sealing were denied, it would impair Plaintiffs' privacy rights by exposing the very information they seek to keep private through this lawsuit. Hence, to deny sealing would effectively vitiate Plaintiffs' ability to protect the right to privacy afforded under the Video Privacy Protection Act. Further, there is no less restrictive alternative to sealing, since describing the material Plaintiffs seek to seal is tantamount to revealing the details of its content. Nor can Plaintiffs parse the information sought to be sealed to exclude private and sensitive information, as the full scope of this information is necessary to respond to Patreon's motion for summary judgment.

Thus, compelling reasons exist to seal the portions of Plaintiffs' Opposition to Patreon's Motion for Summary Judgment and certain exhibits thereto identified in the table below.

**Material to Be Filed Under Seal**

Plaintiffs request that the Court maintain the following documents under seal:

| Document | Description | Designating Party |
|---|---|---|
| Motion | Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Patreon Inc.'s Motion for Summary Judgment on First Amendment Grounds: Page 3, line 8; Page 17, lines 7-9 | Plaintiffs |
| Exhibit B | Deposition Transcript of Judd Oostyen: Page 88, line 25 – Page 90, line 13 | Plaintiffs |

As required by Civil Local Rule 79-5, the following attachments accompany this motion:

1. The declaration in support of this motion;

2. A proposed order granting this motion;

3. Unredacted Version of Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendant Patreon Inc.'s Motion for Summary Judgment on First Amendment Grounds; and

4. Unredacted Versions of Exhibit B.

Dated: December 21, 2023

By: */s/ Trevor T. Tan*
Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
Trevor T. Tan (SBN 280145)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record. I also certify that I caused the under seal documents to be served on counsel *via electronic mail*.

　　　　　　　　　　　　　　　　　　*/s/ Trevor T. Tan*
　　　　　　　　　　　　　　　　　　Trevor T. Tan