Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>PATREON, INC.,<br><br>        Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**PATREON'S OPPOSITION TO MOTION OF ELECTRONIC FRONTIER FOUNDATION, THE CENTER FOR DEMOCRACY & TECHNOLOGY, THE AMERICAN CIVIL LIBERTIES UNION OF NORTHERN CALIFORNIA, AND THE AMERICAN CIVIL LIBERTIES UNION FOR LEAVE TO FILE AN AMICUS BRIEF** |

Patreon, Inc., has no objection to the Court permitting the Electronic Frontier Foundation, the Center for Democracy & Technology, the American Civil Liberties Union of Northern California, and the American Civil Liberties Union ("Amici") to file an amicus brief, so long as two conditions are met:

(1) Patreon should have an adequate opportunity to respond to the separate arguments of Amici; and

(2) Amici should not be allowed to submit extra-record evidence that goes beyond the record that the parties – Patreon, putative class plaintiffs, and the United States of America – developed in the course of discovery dedicated to the First Amendment issue.  Amici are not parties, and courts routinely strike evidentiary submissions by amici while allowing them to offer their perspective on the law.  The Court should do the same here.

### A.    Leave to File an Amicus Brief in the District Court Is a Matter of Discretion

"[C]onsideration of an amicus brief is solely within the discretion of the court and is seldom appropriate at the … trial level where the parties are adequately represented by experienced counsel." *ForestKeeper v. Elliott*, 50 F. Supp. 3d 1371, 1380 (E.D. Cal. 2014).  "An amicus brief is meant to assist the court and not merely extend the length of the litigant's brief." *Gabriel Techs. Corp. v. Qualcomm Inc.*, No. 08CV1992 AJB MDD, 2012 WL 849167, at *4 (S.D. Cal. Mar. 13, 2012) *citing Ryan v. Commodity Futures Trading Com'n* (7th Cir.1997) 125 F.3d 1062, 1063.  An amicus brief is typically allowed when: (1) a party is not represented competently or is not represented at all, (2) when the amicus has an interest in another case that may be affected by the holding in the present case, or (3) when the amicus can present unique information to help the court beyond what the lawyers for the parties can provide. *Id.*  Absent these circumstances, courts, exercising their broad discretion, routinely either do not allow the filing of amicus briefs or do not consider them. *Gabriel Technologies Corp.*, 2012 WL 849167, at *4 (Denying leave to file amicus brief where the amici's arguments were "just an echoing of Plaintiffs'" and did "not add a unique perspective or knowledge[.]");  *ForestKeeper*, 50 F. Supp. 3d at 1380 (Denying motion to appear as amicus curiae where the proposed brief "contain[ed] no material that is useful to the court or that is not set forth adequately by the parties"); *Jones v. Becerra*, No. 3:19-CV-01226-L-AHG, 2020 WL 8920621, at *1 (S.D. Cal. Jan. 14, 2020) (Refusing to consider

1

amicus brief where the court found it "may prejudice Plaintiffs on the trial level because the brief allows
Defendant to have a proverbial 'another bite of the apple' due to partisan influence.").

### B.     The Court Should Grant Leave to File an Amicus Brief Only If Patreon Has an Adequate Opportunity to Respond

Patreon requests the opportunity to file an additional reply, not to exceed 10 pages, to respond to
the 12-page brief filed by Amici.  This reply to Amici would be in addition to the 25-page consolidated
reply brief that the parties already stipulated Patreon could file in response to the separate oppositions of
Plaintiffs and the United States.  While Plaintiffs and Amici have already agreed to this request for a
separate reply, the United States refused.  Dkt. No. 95 at 2; Norton Decl. Ex. A at 2.  Initially, the United
States justified its stance by arguing it was "unaware of any situation in which a party has been afforded
an additional brief to respond to an amicus brief."  Norton Decl. Ex. A at 6.  In fact, courts often do
exactly that, and Patreon provided a myriad of trial court orders in response.  Norton Decl. Ex. A at 4-5.

Ignoring this practice, the United States still opposes Patreon's request as "neither proportional
or reasonable" in light of the stipulated 25-page reply brief to the parties' oppositions.  Norton Decl. Ex.
A.  But when the parties stipulated to that 25-page reply brief, they acknowledged the 25 pages were "in
lieu of [Patreon] filing two, fifteen-page replies," because Patreon is replying to two oppositions, which
comprise 50 pages in total.  Dkt. No. 90 at ECF 2.  *See also* Dkt. 97 (25-page opposition brief of the
United States); Dkt. 100 (25-page opposition brief of plaintiffs).  The stipulation for a 25-page reply
contemplated only the need to respond to the oppositions, not the additional arguments of Amici.  The
United States seems to believe Patreon may not need an additional reply because Amici may just make
the same arguments as the parties, but if that is the case, there is no reason to grant leave to file an
amicus brief in the first place.  Patreon should be allowed to file a 10-page brief responding to the
amicus filing, or alternatively, should be allowed an additional ten pages in its consolidated reply brief.

### C.     It Is Improper for Amici to Rely on Facts Beyond the Record Developed by the Parties

As a general matter, Amici are not parties and do not have the right to offer evidence.  *High
Sierra Hikers Ass'n v. Powell*, 150 F. Supp. 2d 1023, 1045 (N.D. Cal. 2001), aff'd in part, rev'd in part
on other grounds sub nom. *High Sierra Hikers Ass'n v. Blackwell, 390 F.3d 630* (9th Cir. 2004)  That
general principle is particularly relevant in this case, where the Court directed the parties to conduct

1  discovery for the specific purpose of establishing a summary judgment record on First Amendment

2  grounds, and Patreon diligently pursued that discovery from parties the United States and plaintiffs.  In

3  particular, Patreon demanded that the United States and plaintiffs each produce the documents on which

4  they would rely upon to defend the constitutionality of the VPPA; plaintiffs demanded the same kinds of

5  documents from Patreon.  Norton Decl. ¶¶ 3-6.   The United States expressly disclaimed that it would

6  rely on any documents other than legislative history and legal authority, while plaintiffs confirmed they

7  would produce the documents on which they would "affirmatively rely" in supporting the VPPA's

8  constitutionality and they produced responsive documents.  *Id.* ¶¶ 3-7.   Patreon reasonably and

9  necessarily relied on the discovery responses and the discovery record in preparing its summary

10  judgment motion.  *Id.* ¶ 8.

11  Now, after the close of discovery and after the filing of Patreon's summary judgment brief,

12  Amici appear and assert the right to offer additional and different evidence in opposition to Patreon's

13  summary judgment record.  An evidentiary submission by Amici is not necessary – class counsel and

14  the ***United States of America*** are parties to the case, actively defending the statute.  An evidentiary

15  submission by Amici also is not fair.  Allowing a non-party to supplement the record after a dispositive

16  motion has been filed, to contest the factual basis for the motion, is a kind of sandbagging no party could

17  get away with.  To be sure, Amici's evidence is certainly thin – a few cites to websites, news stories, a

18  self-serving quote of the ACLU's own Congressional testimony in support of the VPPA, and the like.

19  But regardless of how weak the evidence is, it is entirely outside the parties' discovery record, Norton

20  Decl. ¶ 9, and the Court should not consider it.  Moreover, in contrast to Patreon's and plaintiffs'

21  submissions, Amici do not even offer their factual submissions in the form of evidence:  no declarations,

22  no foundation, no request for judicial notice.

23  Allowing Amici to offer evidence outside the record established by the parties is not just

24  unnecessary and unfair.  It is improper.  Amici offer no authority that would permit it.  *See generally*

25  Dkt. No. 95-1 (Amici Brief).  Courts routinely strike extra-record evidence from proposed amicus

26  submissions and sections of amicus briefs that rely on such evidence.  *Metcalf v. Daley*, 214 F.3d 1135,

27  1141 n.1 (9th Cir. 2000) (Granting "appellees' joint motion to strike the extra-record documents that the

28  Humane Society submitted with its amicus brief."); *High Sierra Hikers Ass'n v. Powell*, 150 F. Supp. 2d

3

at 1045 (N.D. Cal. 2001) ("Plaintiffs seek to strike extra-record evidence contained in the amici brief… At this stage, Amici are not parties and cannot introduce evidence…. Accordingly, the extra-record evidence submitted by Amici is excluded."); *Friends of Yosemite Valley v. Norton*, 194 F. Supp. 2d 1066, 1074 (E.D. Cal. 2002) (Striking extra-record exhibits and sections of the brief relying there-on finding "the attachment of such exhibits goes beyond the proper purpose of an amicus brief"), aff'd in part, rev'd in part, 348 F.3d 789 (9th Cir. 2003), opinion clarified, 366 F.3d 731 (9th Cir. 2004); *WildEarth Guardians v. Jeffries*, 370 F. Supp. 3d 1208, 1228 (D. Or. 2019) (Denying amicus's motion to submit extra-record evidence where "Amicus has not moved to intervene and does not have the prerogatives of a proper party in this action, such as filing a motion to consider extra-record evidence."); *Hartford v. Ferguson*, No. 3:23-CV-05364-RJB, 2023 WL 3951208, at *1 (W.D. Wash. June 12, 2023) ("The Proposed Amici include extra-record facts in the briefs. Insofar as it may be appropriate to add claims or facts, it should be done through the parties' counsel, so the protections found in due process, the Federal Rules of Civil Procedure relating to discovery, and the Federal Rules of Evidence are assured.").

Amici argue their brief will "assist this Court," citing *NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, for the proposition that "District courts frequently welcome amicus briefs from non-parties concerning legal issues that have potential ramifications beyond the parties directly involved or if the amicus has 'unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" 355 F. Supp. 2d 1061, 1067 (N.D. Cal. 2005) (internal citations and quotations omitted), disapproved in later proceedings sub nom. *Guidiville Band of Pomo Indians v. NGV Gaming Ltd.*, No. C 04-3955-SC, 2005 WL 5503031 (N.D. Cal. Oct. 19, 2005), rev'd in part, vacated in part, 531 F.3d 767 (9th Cir. 2008). There is other language in *NGV Gaming*, consistent with the cases cited above, the Court may find instructive:

> [T]he Court also takes this opportunity to remind the Tribe of the limits of amicus participation.
>
> Traditionally, an amicus curiae was a non-partisan provider of legal perspective or information to the court, although amicus with partisan interests are now quite common. However, an amicus curiae is not a party and has no control over the litigation and no right to institute any proceedings in it, nor can it file any pleadings or motions in the case. **The Tribe may participate as amicus curiae, but its participation is restricted to suggestions relative to matters apparent on the record or to matters of practice.**

4

Motions to file "oppositions" to Plaintiff's briefs, and reference to the Tribe's "pleadings" indicate that the Tribe is attempting to exceed its stated role as amicus curiae.

*Id.* at 1068 (emphasis added).

That authority should be enough. But the prejudice to Patreon is exacerbated by Amici's delay in trying to put their own evidence into the case. For over a year, Patreon has argued in this Court that the VPPA is unconstitutional. The parties initially briefed the VPPA's constitutionality in Patreon's motion to dismiss in November 2022. Dkt. No. 48. After the Court ruled on the motion to dismiss, it set a discovery and summary judgment schedule for the parties to focus on the VPPA's constitutionality. Dkt. Nos. 65, 66, 67. Since then, the parties have conducted extensive discovery, including producing publicly available material such that the material is specifically part of the summary judgment record. Amici, who have been proponents of the VPPA in the past, presumably have been aware of this case and these issues. It would be prejudicial and improper for Amici to offer new and untested evidence at the eleventh hour.

Accordingly, Patreon asks that the Court allow Amici to submit their brief but strike the following citations and the factual propositions they are offered to prove:

- **footnote 1** (news article offered to prove number of video subscribers);

- **footnote 2** (website with purported statistical evidence of number of US video subscribers);

- **footnote 3** (cite to think tank website to establish number of YouTube viewers (not subscribers));

- **footnote 4** (Congressional testimony by employee of amicus ACLU);

- **footnote 5** (cite to website of privacy rights organization to purportedly show number of data breaches in the United States without disclosing that organization actually states that count includes "duplicate breaches that were submitted multiple times");

- **footnote 6** (cite to summary article on Bureau of Labor Statistics website concerning TV watching, including live video not subject to VPPA);

- **footnote 7** (cite to video on *New York Times* website without identifying source of quote in video);

- **footnote 8** (cite to apparent academic analysis available online, without any publication details or any journal association);

- **footnote 8** (law review article by law professor);
- **footnote 9** (third party website purporting to explain Netflix category codes);
- **footnote 10** (website of company selling privacy software describing possible uses of hacked data);
- **footnote 11** (testimony from employee of trade association concerning unrelated federal legislation); and
- the unsupported and uninformed factual assertion by Amici that the VPPA's onerous written consent requirement is a "light burden," Dkt. 95-1 at 15:27, which is directly contrary to the sworn evidence that Patreon submitted in its summary judgment motion.  Dkt. 78 at ¶ 42 (Byttow declaration, describing burdens of designing and implementing a consent process that would comply with the VPPA's unique requirements).

For the reasons stated above, Patreon respectfully requests a ten-page reply brief to respond to Amici, or in the alternative, an additional ten pages in its consolidated reply brief.  In addition, Patreon respectfully requests that the extra-record evidence cited above, and the arguments that rely on it, be struck from the amicus brief.

Dated:  December 27, 2023

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*

Fred Norton

Attorneys for Defendant
PATREON, INC.