Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DECLARATION OF FRED NORTON IN SUPPORT OF PATREON'S OPPOSITION TO AMICI'S MOTION FOR LEAVE TO FILE** |

I, Fred Norton, declare as follows:

1. I am an attorney admitted to practice law in California and before this Court. I am a partner at The Norton Law Firm PC, counsel of record for Defendant Patreon, Inc. Except where otherwise stated, the statements in this declaration are based on my own personal knowledge and, if called to do so, I could and would testify competently to them.

2. Attached as **Exhibit A** is a true and correct copy of an email chain among counsel for plaintiffs in this action, counsel for Amici, and counsel for defendant Patreon. The email chain began on December 4, 2023, when counsel for Amici, Aaron Mackey, emailed plaintiffs' counsel and Patreon's counsel seeking leave to file the amicus brief. The United States' counsel was added to the email chain when Patreon's counsel responded to Mr. Mackey's email cc'ing them. The parties then went on to express their various positions regarding Amici's request for leave to file the amicus brief.

3. On August 3, 2023, Patreon propounded document requests on the United States asking for all documents the United States would reply upon to defend the constitutionality of the VPPA. Attached hereto as **Exhibit B** is a true and correct copy of Patreon's August 3, 2023, requests to the United States; Requests 7 through 10 seek the documents on which the United States would rely in its defense of the VPPA's constitutionality.

4. The United States formally objected to Patreon's requests, stating that the Unted States "relies upon legal principles, arguments, and case law, not documents, to argue in support of the constitutionality of the VPPA." On that basis, the United States refused to produce or identify any documents other than the Senate Report published in connection with the enactment of the VPPA. On September 8, 2023, I wrote to Leslie Vigen, counsel for the United States to meet and confer on the adequacy of those objections and arguing that the United States was required to produce documents in response to these requests or forfeit the right to offer contrary evidence in response to Patreon's summary judgment motion. Ms. Vigen responded by letter on September 28, 2023, confirming the United States' position. As she wrote,

> the United States has indicated that it plans to rely upon the Senate Report cited in its responses and objections, along with legal arguments and relevant case law. This is the type of information courts look to when resolving facial challenges to the constitutionality of statutes under the First Amendment. It is also what the United States anticipates relying on in response to any motion for summary judgment concerning the

1

Declaration Of Fred Norton In Support Of Patreon's Opposition To Amici's Motion For Leave To File
Case No. 3:22-CV-03131-JCS

constitutionality of the VPPA under the First Amendment. Because we have responded to these requests substantively, we do not believe they present a subject of ongoing dispute.

(citation omitted).

5. Consistent with that statement, the United States produced no documents in response to Requests 7-10, and Patreon relied on the United States's express confirmation that it would offer no other documents in defense of the VPPA.

6. On August 3, 2023 Patreon propounded document requests on plaintiffs asking them to produce all documents they would reply upon to defend the constitutionality of the VPPA. Attached hereto as **Exhibit C** is a true and correct copy of Patreon's August 3, 2023, requests to plaintiffs; Requests 13 through 16 seek the documents on which plaintiffs would rely in their defense of the VPPA's constitutionality.

7. On September 15, plaintiffs served their responses and objections to Patreon's requests for production. With respect to each of the Requests 13 through 16, plaintiffs responded that, subject to their various objections, they would "produce responsive, nonprivileged documents on which they affirmatively rely" to defend the constitutionality of the VPPA and would do so no later than October 16, 2023.

8. In preparing its summary judgment motion, Patreon relied on plaintiffs' confirmation that they would produce the documents on which they affirmatively relied in defense of the VPPA, and would do so by October 16, 2023.

9. Neither the United States nor plaintiffs produced in discovery the evidence that Amici cite in their proposed brief and that Patreon has asked the Court to strike.

I declare under the laws of the United States that the statements in this declaration are true and correct to the best of my knowledge, and that this declaration was executed on December 27, 2023 in Berkeley, California.

*/s/ Fred Norton*
Fred Norton

2

Declaration Of Fred Norton In Support Of Patreon's Opposition To Amici's Motion For Leave To File
Case No. 3:22-CV-03131-JCS