# EXHIBIT A

| | |
|---|---|
| **From:** | Aaron Mackey |
| **To:** | Vigen, Leslie (CIV); Simon S. Grille; Fred Norton; Nathan Walker; Bree Hann; Celine Purcell; Gil Walton; Devany, Bonnie E. (CIV); Bailey, Clayton L. (CIV); Emily Kirk |
| **Cc:** | Trevor T. Tan; Adam Schwartz; Mario Trujillo |
| **Subject:** | Re: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA"s constitutionality |
| **Date:** | Wednesday, December 6, 2023 4:50:19 PM |
| **Attachments:** | image001.png |

> Some people who received this message don't often get email from amackey@eff.org. Learn why this is important

Leslie, thank you for clarifying the government's position. To avoid any confusion, the only relief EFF will seek in its motion will be asking the court to grant EFF leave to file its amicus brief. Although EFF consents to Patreon filing a reply brief, we will not be asking the court to grant Patreon leave to file that brief. We will include the government's representation and Plaintiffs' position in our brief.

Fred, Patreon will have an opportunity to contest EFF's motion via an opposition and we will state Patreon's opposition to our motion. EFF disagrees that it must limit its citations to a record it played no role in developing.

EFF files dozens of amicus briefs in federal court each year, and I am not aware of parties in any of those cases requesting that EFF not cite publicly available material in its briefs. Instead, parties can address the content in any response they file, to either the brief or the motion to file the brief. Although we have not finalized the content of the brief and cannot say for certain that the links below will be cited, the brief's citations are likely to include:

- News stories that quantify the popularity of online video viewing and the popularity of video providers like Patreon.
- News stories that describe how easily the privacy of video viewers can be invaded.
- Research describing how and why internet users watch videos.
- Public data released by video providers themselves that quantify how many users watch videos online.
- Links to the VPPA's legislative history that facilitate direct access to the public records.
- Links to law review articles that facilitate direct access to those authorities.

The list above is not exhaustive. It is offered only to try to address Patreon's concerns.

Best,
Aaron

**From:** Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>
**Date:** Wednesday, December 6, 2023 at 2:10 PM
**To:** Simon S. Grille <sgrille@girardsharp.com>, Fred Norton <fnorton@nortonlaw.com>, Aaron Mackey <amackey@eff.org>, Nathan Walker <nwalker@nortonlaw.com>, Bree Hann <bhann@nortonlaw.com>, Celine Purcell <cpurcell@nortonlaw.com>, Gil Walton <gwalton@nortonlaw.com>, Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>, Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>, Emily Kirk <ekirk@nortonlaw.com>

**Cc:** Trevor T. Tan <ttan@girardsharp.com>, Adam Schwartz <adam@eff.org>, Mario Trujillo <mario@eff.org>
**Subject:** RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Afternoon, all—

This may now be moot, but I am following up to clarify the government's position.

EFF asked for our consent to file an amicus brief.  We consented.  Defendant then attempted to unilaterally impose conditions upon EFF's request to leave to file, to which we did not consent.  We continue not to agree to those conditions, including Defendant's request to file an additional brief.  Defendant's current request to file a second 10-page brief to respond to a 12-page amicus brief—in addition to a 25-page reply—is neither proportional nor reasonable, and it is premature.  That is particularly true given that the extent to which EFF's proposed brief will make the same or similar arguments as the Plaintiffs' and the government's opposition briefs is presently unknown.

If the Court grants EFF's forthcoming motion for leave to file, and Defendant believes additional space in its reply is necessary to respond to the amicus brief, we would consider such a request at that time, provided it is reasonable and proportional in light of the particular facts and circumstances of this case.

I am unsure what EFF plans to request in its motion at this point.  In any event, you may represent that the government consents to the amicus brief.  If EFF plans to seek an additional brief for Defendant, even though Defendant opposes your motion, you may also represent:

"The government presently opposes a 10-page additional brief for Defendant to respond to an amicus brief as premature and disproportional, but it is amenable to considering any future request by Defendant to extend the page limits for its reply after any amicus brief has been filed, provided that request is necessary, proportional, and reasonable."

Best,
Leslie

**Leslie Cooper Vigen**
U.S. Department of Justice
Civil Division, Federal Programs Branch
(P): 202-305-0727

---

**From:** Simon S. Grille <sgrille@girardsharp.com>
**Sent:** Wednesday, December 6, 2023 3:50 PM
**To:** Fred Norton <fnorton@nortonlaw.com>; Aaron Mackey <amackey@eff.org>; Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>; Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton

L. (CIV) <Clayton.L.Bailey@usdoj.gov>; Emily Kirk <ekirk@nortonlaw.com>
**Cc:** Trevor T. Tan <ttan@girardsharp.com>; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** [EXTERNAL] RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Fred,

Regarding the second condition, Plaintiffs do not oppose Patreon's request for an additional, ten-page brief to respond to the amicus brief. But we disagree with the first condition you have proposed. We see no reason to preemptively restrict an amicus from supporting its arguments, especially when Patreon will have an opportunity to respond to those arguments and assert any evidentiary objections.

Best regards,
Simon

---

**From:** Fred Norton <fnorton@nortonlaw.com>
**Sent:** Wednesday, December 6, 2023 10:17 AM
**To:** Aaron Mackey <amackey@eff.org>; Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>; Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>; Emily Kirk <ekirk@nortonlaw.com>
**Cc:** Simon S. Grille <sgrille@girardsharp.com>; Trevor T. Tan <ttan@girardsharp.com>; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

**EXTERNAL EMAIL**
Aaron,

I asked you in my Monday email what "publicly available sources" you intend to offer and for what particular purpose. You have not answered that question, nor have you explained how it would be fair or appropriate for an amicus to introduce new facts and evidence, not disclosed in discovery, in response to a party's motion for summary judgment. So long as you refuse to answer those questions, we cannot agree to your request to file an amicus brief in this case.

Regards,
Fred Norton

---

**From:** Aaron Mackey <amackey@eff.org>
**Sent:** Wednesday, December 6, 2023 9:48 AM
**To:** Fred Norton <fnorton@nortonlaw.com>; Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>; Nathan

Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>; Emily Kirk <ekirk@nortonlaw.com>
**Cc:** sgrille@girardsharp.com; ttan@girardsharp.com; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** Re: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

> You don't often get email from amackey@eff.org. Learn why this is important

Fred,

We appreciate Patreon's concerns, but EFF cannot avoid citing publicly available sources in its amicus brief. EFF will state in its motion for leave to file the brief that Patreon opposes. The motion will also state that EFF consents to Patreon's request to file a reply to EFF's amicus.

Best,
Aaron

---

**From:** Fred Norton <fnorton@nortonlaw.com>
**Date:** Tuesday, December 5, 2023 at 3:27 PM
**To:** Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>, Aaron Mackey <amackey@eff.org>, Nathan Walker <nwalker@nortonlaw.com>, Bree Hann <bhann@nortonlaw.com>, Celine Purcell <cpurcell@nortonlaw.com>, Gil Walton <gwalton@nortonlaw.com>, Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>, Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>, Emily Kirk <ekirk@nortonlaw.com>
**Cc:** sgrille@girardsharp.com <sgrille@girardsharp.com>, ttan@girardsharp.com <ttan@girardsharp.com>, Adam Schwartz <adam@eff.org>, Mario Trujillo <mario@eff.org>
**Subject:** RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Leslie,

Thanks for following up.  Courts do afford parties additional pages specifically to respond to arguments raised by amici.  They do so here in the Northern District of California, they do so in other courts, and they do in cases in which the United States is a party.  Here are a few examples:

- *Pangea Legal Services v. U.S. Dep't of Homeland Security*, No. 3:20-cv-07721-SI, Dkt. No. 62 (N.D. Cal. Nov. 12, 2020) (granting leave to file amicus briefs and ordering that defendants would be permitted to file additional sur-replies of up to 10 pages for each amicus brief)
- *Federal Trade Commission v. Qualcomm Inc.*, No. 5:17-CV-00220-LHK, Dkt. No. 96 (N.D. Cal. May 5, 2017) (granting Qualcomm five additional reply pages specifically for the purpose of responding to amicus briefs)
- *Doe I v. Cisco Systems, Inc.,* No. 5:11-cv-02449-EJD, Dkt. No. 127 (N.D. Cal. Jan. 29, 2014)

(granting motion for leave to file amicus brief and ordering that defendants would be permitted to "file an opposition or response to the amicus brief, not to exceed 20 pages")
- *Rivera v. Bio-Engineered Supplements & Nutrition, Inc.*, No. 8:07-cv-01306-JVS-RNB, Dkt. No. 377 (granting motion of Texas Attorney General for leave to file amicus brief and ordering that "Any party may file a responsive brief of no more than three pages by noon 10/15/2009")
- *In re Terrorist Attacks on September 11, 2001*, No. 1:03-md-01570-GBD-SN, Dkt. No. 7925 at 4 (S.D.N.Y. April 27, 2022) ("The Havlish Plaintiffs and Doe Plaintiffs may each file a single reply brief of up to 20 pages addressing any arguments raised by the briefs of the Afghan Amici or any subsequent briefs by May 13, 2022.  Alternatively, the Havlish and Doe Plaintiffs may file a single joint brief of up to 25 pages.")
- *Stouffer v. National Geographic Partners, LLC*, No. 1:18-cv-03127-WJM-GPG, Dkt. No. 75 (D. Col. Oct. 16, 2019) (granting leave to file amicus briefs and allowing each party an additional five pages to respond to amicus briefs)
- *Center for Food Safety v. Salazar,* No. 1:11-cv-01934-JEB, Minute Order (D.D.C. July 25, 2012) (granting leave to file amicus brief and ordering that "Plaintiffs may have until Aug. 3, 2012 to file a responsive pleading to Amici's brief not to exceed 10 pages")

I also draw your attention to *Amarin Pharma v. United States Food & Drug Administration*, No. 1:15-cv-03588-PAE, Dkt. 39 (S.D.N.Y. June 15, 2015), in which **the United States** asked for leave to file an additional **25 pages** in its reply brief "to ensure that [the Government] has sufficient opportunity to address all of Plaintiffs' arguments **as well as any arguments raised by the amici** that the Government determines should be addressed."  (emphasis added)  The court granted the United States' request for more pages to respond to amicus briefs.  *Id.* Dkt. 41 (June 15, 2015).

In light of these examples, please let me know whether you will reconsider and join EFF in agreeing that Patreon may submit an additional, 10-page brief to respond the arguments made by EFF in its amicus brief (assuming leave is granted).

I still await clarification from EFF as to whether it intends to offer evidence outside the discovery record and for what purpose; and I await a response from plaintiffs whether they agree to Patreon's two conditions for leave to be granted.

Regards,

Fred

---

**From:** Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>
**Sent:** Tuesday, December 5, 2023 1:38 PM
**To:** Fred Norton <fnorton@nortonlaw.com>; Aaron Mackey <amackey@eff.org>; Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>; Emily Kirk <ekirk@nortonlaw.com>
**Cc:** sgrille@girardsharp.com; ttan@girardsharp.com; Adam Schwartz <adam@eff.org>; Mario Trujillo

<mario@eff.org>
**Subject:** RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Fred,

I am unaware of any situation in which a party has been afforded an additional brief to respond to an amicus brief.  We do not agree to that.

We learned of the request to file an amicus brief yesterday.  It is the standard practice of the U.S. Department of Justice to consent to such requests.

Best,
Leslie

**Leslie Cooper Vigen**
U.S. Department of Justice
Civil Division, Federal Programs Branch
(P): 202-305-0727

---

**From:** Fred Norton <fnorton@nortonlaw.com>
**Sent:** Tuesday, December 5, 2023 4:07 PM
**To:** Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>; Aaron Mackey <amackey@eff.org>; Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>; Emily Kirk <ekirk@nortonlaw.com>
**Cc:** sgrille@girardsharp.com; ttan@girardsharp.com; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** [EXTERNAL] RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Leslie,

Thanks for your response.  Plaintiffs and the government did **not** consent "to extend Defendant's page limits for its reply brief by 10 pages."  Rather, Patreon had a right to file two 15-page replies in response to the two oppositions and we agreed to give up five pages and file a consolidated response.  That is what the stipulation expressly states.   If we now have to reply to a third brief – which we did not know at the time – we should not be limited to 25 rather than 30 pages.  I would like to know if plaintiffs or the United States were aware that there might be an amicus brief when they agreed to the stipulation but regardless, I ask that you reconsider the position you state below.

Regards,
Fred

**From:** Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>
**Sent:** Tuesday, December 5, 2023 12:57 PM
**To:** Fred Norton <fnorton@nortonlaw.com>; Aaron Mackey <amackey@eff.org>; Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>; Emily Kirk <ekirk@nortonlaw.com>
**Cc:** sgrille@girardsharp.com; ttan@girardsharp.com; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Afternoon, all—

The government does not consent to Defendant filing a second reply brief in response to an amicus brief. Amicus briefs are routinely filed in district courts (and appellate courts) without parties being afforded separate, additional briefs to address arguments raised therein.

In any event, Plaintiffs and the government already consented to extend Defendant's page limits for its reply brief by 10 pages. Defendant can use those extra pages to address any argument it wishes to. Defendant has no reason to assume, prior to the filing of any opposing or amicus brief, that it will need more space than that.

As previously indicated, EFF may represent that the government consents to the filing of its amicus brief.

Best,
Leslie

**Leslie Cooper Vigen**
U.S. Department of Justice
Civil Division, Federal Programs Branch
(P): 202-305-0727

---

**From:** Fred Norton <fnorton@nortonlaw.com>
**Sent:** Monday, December 4, 2023 8:05 PM
**To:** Aaron Mackey <amackey@eff.org>; Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>; Emily Kirk <ekirk@nortonlaw.com>
**Cc:** sgrille@girardsharp.com; ttan@girardsharp.com; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** [EXTERNAL] RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Aaron,

Thanks for agreeing to the reply brief; I will wait to see what the United States and plaintiffs say.

Regarding the record, it seems that the only reason to cite "news reports, research surveys, and EFF's own website" would be to rebut facts asserted by Patreon in support of summary judgment, or to offer evidence necessary to satisfy the burden of proof that would otherwise fall on plaintiffs or intervenor the United States to defend the constitutionality of the VPPA. I cannot see how that would be fair or proper. The parties have treated publicly available news reports, surveys, and websites as discoverable material and exchanged those kinds of materials before Patreon filed its motion. Perhaps you can clarify what exactly you intend to offer and for what particular purpose.

Regards,
Fred

---

**From:** Aaron Mackey <amackey@eff.org>
**Sent:** Monday, December 4, 2023 4:14 PM
**To:** Fred Norton <fnorton@nortonlaw.com>; Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>; Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>; Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>
**Cc:** sgrille@girardsharp.com; ttan@girardsharp.com; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** Re: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

> You don't often get email from amackey@eff.org. Learn why this is important

Fred,

Thank you for the quick response and for adding counsel for the United States to this email. The United States consented to EFF's amicus brief earlier today.

Regarding the extra brief, EFF agrees that Patreon can have an additional, ten-page brief to respond to our amicus. If it's helpful, EFF plans for its brief to be less than one-half the length of the parties' briefs – 12 pages. I leave it to the plaintiffs and the United States to consider whether they also agree to this condition.

Regarding the record, could you clarify whether the limitation applies to publicly available material, such as news reports, research surveys, and EFF's own website? In past amicus briefs filed in the Northern District, EFF has used these publicly available materials to supplement its legal analysis, such as in this brief (see pp. 6-7) and this brief (see pp. 6-7).

Best,

Aaron

---

**From:** Fred Norton <fnorton@nortonlaw.com>
**Date:** Monday, December 4, 2023 at 3:09 PM
**To:** Aaron Mackey <amackey@eff.org>, Nathan Walker <nwalker@nortonlaw.com>, Bree Hann <bhann@nortonlaw.com>, Celine Purcell <cpurcell@nortonlaw.com>, Gil Walton <gwalton@nortonlaw.com>, Vigen, Leslie (CIV) <Leslie.Vigen@usdoj.gov>, Devany, Bonnie E. (CIV) <Bonnie.E.Devany@usdoj.gov>, Bailey, Clayton L. (CIV) <Clayton.L.Bailey@usdoj.gov>
**Cc:** sgrille@girardsharp.com <sgrille@girardsharp.com>, ttan@girardsharp.com <ttan@girardsharp.com>, Adam Schwartz <adam@eff.org>, Mario Trujillo <mario@eff.org>
**Subject:** RE: Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

Aaron,

Thanks for your email. For convenience, I have added counsel for intervenor the United States: Ms. Vigen, Ms. Devany, and Mr. Bailey.

We are pleased that EFF agrees that "certain applications of the VPPA would violate the First Amendment," even if we do not agree with the remainder of your anticipated argument. Patreon does not oppose EFF filing an amicus brief in *Stark v. Patreon*, No. 3:22-cv-03131 (N.D. Cal.), subject to two conditions:

1. EFF's brief may not offer any evidence or factual argument outside the summary judgment record established by the parties. It would be inappropriate for an amicus to take a position on evidentiary matters in any case, but especially in this case, where the parties, including intervenor the United States, have engaged in discovery for the specific purpose of establishing a record for an early and targeted motion for summary judgment. For a non-party not subject to discovery to offer new evidence or factual argument in response to Patreon's summary judgment motion would be unfairly prejudicial to Patreon.

2. All parties must agree that Patreon shall be afforded an additional, ten-page reply brief to respond to the amicus brief of EFF. As you likely know from your review of the docket, the parties stipulated, and the Court ordered, that Patreon may submit a consolidated 25-page reply brief in response to the two separate opposition briefs of plaintiffs and of the United States, rather than the two 15-page reply briefs it would be entitled to under the rules. Seeing as there will now be a third brief, Patreon should have an adequate opportunity to respond.

Assuming those conditions are expressly included in your motion for leave and are permitted by the Court, Patreon does not oppose EFF's motion seeking leave to file an amicus brief in this case. Feel free to call me if you would like to discuss.

Regards,

Fred

Fred Norton
The Norton Law Firm
299 Third Street
Suite 200
Oakland, California 94607
fnorton@nortonlaw.com
510-906-4901



This email contains confidential information intended only for the use of the named recipient(s) and may also be protected by the attorney-client privilege or the attorney work product doctrine, or may be exempt from disclosure under applicable law. If you are not a named recipient of this email, or the employee or agent responsible to deliver it to a named recipient, please take note that any dissemination, distribution, copying or other use of this communication by you is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately reply to the sender of this email and then delete this email from your computer.

---

**From:** Aaron Mackey <amackey@eff.org>
**Sent:** Monday, December 4, 2023 1:33 PM
**To:** Nathan Walker <nwalker@nortonlaw.com>; Bree Hann <bhann@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Fred Norton <fnorton@nortonlaw.com>
**Cc:** sgrille@girardsharp.com; ttan@girardsharp.com; Adam Schwartz <adam@eff.org>; Mario Trujillo <mario@eff.org>
**Subject:** Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) - consent to file amicus brief in support of VPPA's constitutionality

> Some people who received this message don't often get email from amackey@eff.org. Learn why this is important

Dear counsel for Patreon,

I write on behalf of the Electronic Frontier Foundation (EFF) to seek Patreon's consent to file an amicus brief in Stark v. Patreon, No. 3:22-cv-03131 (N.D. Cal.) in support of the constitutionality of the Video Privacy Protection Act (VPPA). I've copied plaintiffs' counsel and two of my colleagues.

EFF is a nonprofit digital advocacy organization based in San Francisco that seeks to promote internet users' free speech and privacy rights. We routinely bring impact litigation and file amicus briefs in cases to defend people's civil liberties.

EFF plans to argue that the VPPA serves the compelling First Amendment and privacy interests of millions of Americans who watch videos online because it enables them to access expression on controversial topics, a necessary predicate to their own expression, without fear of unwarranted private or government surveillance. Although Patreon is correct that certain applications of the VPPA would violate the First Amendment, the VPPA's protections for internet users' expressive and private activities demonstrate its legitimate sweep, and thus the law is not substantially overbroad.

EFF plans to file its amicus brief on Wednesday, December 20. Plaintiffs consent, and EFF is reaching out to the U.S. government to seek its consent. Would Patreon consent to EFF filing its brief? If all parties consent, I am happy to draft and circulate a stipulation to that effect. If Patreon does not consent, please let me know by Friday, December 15 how EFF can represent Patreon's position in a motion for leave to file the brief.

Best,
Aaron

--
Aaron Mackey
Free Speech & Transparency Litigation Director
Electronic Frontier Foundation
815 Eddy Street
(415) 436-9333 ext. 167
EFF is member supported. [Join today!](#)