# EXHIBIT C

Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**DEFENDANT PATREON, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS. SET TWO** |

PROPOUNDING PARTY:    Defendant Patreon, Inc.

RESPONDING PARTY:    Plaintiffs Brayden Stark and Judd Oostyen

SET NUMBER:    Two

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant Patreon, Inc. ("Patreon") hereby submits the following requests to Plaintiffs Brayden Stark and Judd Oostyen ("Plaintiffs").

## INSTRUCTIONS

1. These instructions and the requests below incorporate the definitions given in the following section. The definitions apply to all instructions and requests.

2. The following rules of construction shall apply to all requests as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope:

    a. The use of a verb in any tense shall be construed as the use of that verb in all other tenses,

    b. The use of a word in its singular form shall be deemed to include within its use the plural form as well, and vice versa,

    c. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, and

    d. The terms "all," "any," "every," and "each" shall be construed as "all, any, every, and each."

3. The wording of any request does not constitute an admission of what the facts or evidence may ultimately show.

4. Documents not otherwise directly responsive to any request should be produced if such documents are attached to a document or thing called for by any request.

5. Unless otherwise specified, the document requested includes the responsive document in your actual or constructive possession, custody, or control, or in the possession, custody, or control of your attorneys, employees, directors, officers, or agents.

6. All responsive documents in your possession, custody, or control that exist in electronic format (whether on hard drives on desktop, laptop, notebook, tablet, mobile, or personal digital assistant computers; servers; networks; phones; CDs; DVDs; USB or other portable drives; or any other electronic medium) shall be produced in native electronic format with ALL electronically-stored information, unless otherwise agreed by the parties.

7. Documents should be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories identified in these requests.

8. Documents should be produced in full, without abbreviation or expurgation, regardless of whether you consider the entire document to be relevant or responsive.

9. In the event that any document called for herein has been destroyed, lost, or otherwise became unavailable, that document is to be identified as follows: type of document, author, addressor, addressee, recipients of indicated or "blind" copies, date, subject matter, number of pages, attachments or appendices, all persons believed at any time to have had a copy of or access to the document, date of destruction or loss, place and manner of destruction or loss, persons authorizing destruction, and persons destroying or responsible for losing the document.

10. These requests are to be considered continuing in nature, and you must promptly furnish supplemental responses if any additional documents of information is discovered or created after your responses are tendered, or if any of your responses are subsequently determined to be incorrect, incomplete, or misleading in any respect.

11. To the extent your object to or claim a privilege with respect to any request in whole or in part:

   a. Set forth all reasons and the underlying factual basis for your objection or claim or privilege in sufficient detail to permit the court to determine the validity of your objection or claim of privilege; and

   b. Provide all documents responsive to the request to the extent not privileged and set forth all reasons and the underlying factual basis for your objection or claim of privilege in sufficient detail to permit the court to determine the validity of your objection or claim of privilege as to the remainder of the Request.

12. To the extent you have previously provided documents or items for inspection informally without a formal request for production or inspection demand, you may respond to the requests and demands herein by designating your prior production, without re-producing the documents or items.

## DEFINITIONS

1. "Patreon" means Defendant Patreon, Inc.

2. "Plaintiffs," "you," "your" means Plaintiffs Brayden Stark and Judd Oostyen.

3. "Patreon website" means the website at patreon.com and all individual pages within that domain.

4. "Documents" and "documents" are used in the broadest permissible sense under the Federal Rules of Civil Procedure and mean, without limitation, all written, typewritten, recorded, graphic or computerized materials.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NUMBER 13:**

ALL DOCUMENTS on which YOU rely to refute that the applications of the Video Privacy Protection Act, 18 U.S.C. § 2710, that are unconstitutional are substantial in relation to the statute's legitimate sweep.

**REQUEST FOR PRODUCTION NUMBER 14:**

ALL DOCUMENTS on which YOU rely to establish that the Video Privacy Protection Act, 18 U.S.C. § 2710, furthers a compelling government interest in consumer privacy.

**REQUEST FOR PRODUCTION NUMBER 15:**

ALL DOCUMENTS on which YOU rely to establish that the Video Privacy Protection Act, 18 U.S.C. § 2710, furthers a substantial or important government interest in consumer privacy.

**REQUEST FOR PRODUCTION NUMBER 16:**

ALL DOCUMENTS on which YOU rely to establish that the Video Privacy Protection Act, 18 U.S.C. § 2710, is narrowly tailored to further a government interest in consumer privacy.

**REQUEST FOR PRODUCTION NUMBER 17:**

DOCUMENTS sufficient to identify all social media accounts and messaging apps used by YOU, including but not limited to Facebook, Instagram, YouTube, Twitter or X, TikTok, SnapChat, Reddit, Pinterest, WhatsApp, Discord, Slack, Line, WeChat, Telegram, iMessage, Gmail, and Signal.

**REQUEST FOR PRODUCTION NUMBER 18:**

ALL DOCUMENTS in which YOU mention, discuss, comment on, or otherwise refer to any video or audiovisual content that YOU requested or obtained from a creator on the patreon.com website.

**REQUEST FOR PRODUCTION NUMBER 19:**

ALL DOCUMENTS in which YOU mention, discuss, comment on, or otherwise refer to any creator on the patreon.com website.

**REQUEST FOR PRODUCTION NUMBER 20:**

ALL agreements between YOU and Meta, formerly known as Facebook.

**REQUEST FOR PRODUCTION NUMBER 21:**

ALL DOCUMENTS relating to or referring to YOUR expectations of privacy, or lack thereof, when accessing websites on the Internet.

**REQUEST FOR PRODUCTION NUMBER 22:**

ALL DOCUMENTS relating to or referring to efforts by YOU to protect YOUR privacy when accessing websites on the Internet.

**REQUEST FOR PRODUCTION NUMBER 23:**

ALL DOCUMENTS relating to or referring to efforts by YOU to protect YOUR privacy when accessing websites on the Internet.

**REQUEST FOR PRODUCTION NUMBER 24:**

ALL DOCUMENTS relating to or referring to efforts by YOU to protect YOUR privacy when requesting or watching videos.

Date: August 3, 2023                             THE NORTON LAW FIRM PC

*/s/ Fred Norton*
Fred Norton

Attorneys for Defendant
PATREON, INC.

4

PATREON'S 2ND SET OF REQUESTS FOR PRODUCTION
3:22-CV-03131-JCS

**PROOF OF SERVICE**

I am employed in the City of Oakland, State of California. I am over 18 years of age and not a party to this action. My business address is 299 Third Street, Suite 200, Oakland, CA 94607
On the date below I served a true copy of the following document(s):

**DEFENDANT PATREON, INC.'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS. SET TWO**

on the parties listed below by the following means:

☐ **(BY OVERNIGHT DELIVERY)** By placing a true copy of the above, enclosed in a sealed envelope with delivery charges to be billed to The Norton Law Firm, PC, for delivery by an overnight delivery service to the address(es) shown below.

☒ **(BY E-MAIL or ELECTRONIC TRANSMISSION)** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable period of time, after the transmission, any electronic message or other indication that the transmission was unsuccessful.

Leslie Cooper Vigen
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
202-305-0727
leslie.vigen@usdoj.gov

Simon Seiver Grille
Adam Polk
Reid Gaa
Trevor Tan
Girard Sharp LLP
601 California Street
Suite 1400
San Francisco, CA 94108
415-981-4800
sgrille@girardsharp.com
apolk@girardsharp.com
rgaa@girargsharp.com
ttan@girardsharp.com

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Dated: August 3, 2023          */s/ Diana Abad*
                              Diana Abad