Laurie Edelstein (Bar No. 164466)
Paige Zielinski (Bar No. 318639)
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com
pzielinski@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendants. | Case No. 3:22-cv-03131-JCS<br><br>Hon. Joseph C. Spero<br><br>**DECLARATION OF LAURIE EDELSTEIN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

**DECLARATION OF LAURIE EDELSTEIN**

I, Laurie Edelstein, declare as follows:

1. I am an attorney at law licensed to practice in the state of California, and I am a partner with Jenner & Block LLP. I am counsel for Meta Platforms, Inc. ("Meta") in connection with the July 5, 2023 subpoena that Plaintiffs served on non-party Meta and Meta's production of documents in response. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and if called as a witness, I could and would testify competently to them.

2. I submit this Declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 99). Meta supports Plaintiffs' motion to seal Exhibit V to Plaintiffs' Opposition to Defendant Patreon, Inc.'s ("Patreon") Motion for Summary Judgment, ECF No. 100-17.

3. On November 7, 2023, Meta produced data responsive to Plaintiffs' July 5, 2023 subpoena. Meta designated this data as "Confidential" pursuant to the Court's stipulated protective order (ECF No. 29) because it is confidential business information. Exhibit V to Plaintiffs' Opposition to Patreon's Motion for Summary Judgment (ECF No. 100-17) consists of the data Meta produced.

4. Meta supports Plaintiffs' motion to seal Exhibit V because it discloses Meta's confidential business information and reveals information about Meta's proprietary data systems and storage processes, including information about the Meta Pixel. If this information were revealed, it would put Meta at a competitive disadvantage in the marketplace. The specific content that Meta seeks to seal is identified in the table below.

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) Pte. Ltd.* v. *IPtronics Inc., et al.*, No. 10 Civ. 2863, ECF Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys., Inc.* v. *OpenTV, Inc.*, No. 13 Civ. 282, ECF Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am familiar with Meta's practices of safeguarding proprietary information based on my experience representing Meta in Pixel-related litigation matters. But if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, CA 94105

5. A party seeking to seal judicial records in connection with a dispositive motion must demonstrate "sufficiently compelling reasons" that override the public policies favoring disclosure. *See In re Midland Nat'l Life Ins. Co Annuity Sales Pracs. Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon* v. *Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

6. Meta operates in an intensely competitive marketplace. It is a leader with respect to a number of highly dynamic services. Meta has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. As such, Meta takes care to protect the confidentiality of its proprietary information.

7. Disclosure of the information Meta seeks to seal would provide competitors the opportunity to use Meta's information for their own gains. Specifically, competitors could attempt to duplicate features of Meta's business processes. These attempts would cause competitive harm to Meta because Meta's processes provide Meta with an advantage over competitors by allowing it to develop and deliver a higher-quality service to users and advertisers.

8. The Ninth Circuit and courts in this District have recognized that disclosure of business information that could create competitive harm is a compelling reason to seal. *See Chrysler Grp.*, 809 F.3d at 1097; *Doe* v. *Meta Platforms, Inc.*, No. 22 Civ. 3580, ECF No. 157 (N.D. Cal. Dec. 21, 2022) (finding compelling reason to seal "information regarding the amount of data that Meta receives" because of "competitive harm that could result from disclosure of the information"); *In re Google Inc. Gmail Litig.*, No. 13 MD 2430, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (finding "compelling reasons to seal" information related to structures Google has in place regarding its email delivery mechanisms); *Adtrader, Inc.* v. *Google LLC*, No. 17 Civ. 7082, 2020 WL 6395513, at *2 (N.D. Cal. Feb. 4, 2020) (finding "a compelling reason" to seal "confidential, non-public information related to how Google maintains the security of its advertising products," including "systems functionality related to detecting and addressing invalid

activity"); *Hadley* v. *Kellogg Sales Co.,* No. 16 Civ. 4955, 2018 WL 7814785, at *2 (N.D. Cal. Sept. 5, 2018) (finding "compelling reasons" to seal information providing insight into "business strategies and internal decisionmaking").

9. Meta supports Plaintiffs' motion to seal the following document:

| ECF No. | Description | Designating Party | Reason for Sealing |
|---|---|---|---|
| ECF No. 100-17 | Exhibit V to Plaintiffs' Opposition to Defendant Patreon, Inc.'s Motion for Summary Judgment - META_STARK_002 | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on December 28, 2023 at San Francisco, California.

                                     */s/ Laurie Edelstein*
                                     Laurie Edelstein