Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK and JUDD OOSTYEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO ADD PLAINTIFFS TO FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF LAW IN SUPPORT THEREOF**<br><br>Judge:     Hon. Joseph C. Spero<br>Date:      February 16, 2024<br>Time:      9:30 a.m.<br>Courtroom: D – 15th Floor |

PLAINTIFFS' MOTION FOR LEAVE TO ADD PLAINTIFFS TO FIRST AMENDED CLASS
ACTION COMPLAINT
Case No. 3:22-cv-03131-JCS

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on February 16, 2024 at 9:30 a.m., or as soon thereafter as the matter may be heard by the Honorable Joseph C. Spero in Courtroom D, 15th Floor of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Brayden Stark and Judd Oostyen ("Plaintiffs") will and hereby do move for an order granting Plaintiffs leave to add Isaac Belenkiy, Laura Goodfield, Valerie Burton, and Denovias Mack as Plaintiffs in a Second Amended Class Action Complaint.  This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Simon Grille ("Grille Decl."), the Proposed Order, all documents on file in the above-referenced matter, the arguments presented by counsel at the requested hearing, and any other matter the Court may wish to consider.

**STATEMENT OF THE ISSUE TO BE DECIDED**

Should the Court grant Plaintiffs leave to file the Second Amended Class Action Complaint, adding Isaac Belenkiy, Laura Goodfield, Valerie Burton, and Denovias Mack as named plaintiffs and proposed class representatives?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In November 2023, Defendant Patreon, Inc. ("Patreon") informed Plaintiffs of a purported technical nuance in the configuration of Patreon's website that it contends makes them differently situated from other class members.  Although Plaintiffs believe the evidence developed to date and provided to Patreon demonstrates that this new argument lacks merit, Plaintiffs' counsel have been retained by four additional Patreon subscribers who will allege that they watched prerecorded video content on Patreon's website in a manner that may moot Patreon's new argument.  Plaintiffs seek the Court's permission to file the proposed Second Amended Class Action Complaint ("SAC") submitted herewith. Plaintiffs' SAC includes only the following material changes from the First Amended Complaint ("FAC"):

1. The SAC names Belenkiy, Goodfield, Burton, and Mack ("Proposed New Plaintiffs") as plaintiffs in this litigation.
2. The SAC adds allegations pertaining to the manner in which Belenkiy, Goodfield, Valerie

1

Burton, and Mack watched prerecorded video content on the Patreon website.

For the Court's convenience, clean and redlined copies of the proposed SAC are attached to the Declaration of Simon Grille as Exhibits A and B, respectively. The addition of the Proposed New Plaintiffs would not alter the scope of the proposed class or the nature of the claims against Patreon and, thus, it will not be substantially prejudiced. Nonetheless, Patreon has not agreed to the proposed amendment, necessitating this motion. As summarized below, the applicable standards of Rules 15 and 16 of the Federal Rules of Civil Procedure are met, and Plaintiffs therefore should be given leave to file the proposed SAC.

## II.   RELEVANT BACKGROUND

This is a consumer privacy class action against Patreon for violating the VPPA by disclosing its digital subscribers' identities and video-viewing preferences to Meta Platforms, Inc. ("Meta") without proper consent. The VPPA restricts disclosure of the video viewing preferences of "consumers," which the statute defines as "any renter, purchaser, or subscriber of goods or services from a video tape service provider." 18 U.S.C. § 2710(a)(1).

Plaintiffs allege they are users of both Patreon and Facebook—Meta's social networking platform. FAC (Dkt. 41) ¶¶ 19, 24. Patreon delivers prerecorded video content to its subscribers by allowing them to access content uploaded or shared by content creators on Patreon's website. *Id.* ¶¶ 43-45. Patreon subscribers can access prerecorded video content in several ways, such as by watching it from a list of content on a creator's "creator page" or on a dedicated video webpage that appears when a user clicks a specific video. Grille Decl. ¶ 4.

In November 2023, Patreon argued, for the first time, that the technical configuration of its website precluded the Meta Pixel from transmitting the title of prerecorded video content watched on a "creator page." Grille Decl. ¶ 5. According to Patreon, subscribers who exclusively watched prerecorded video content on a "creator page" could not maintain a claim under the VPPA. Grille Decl. ¶ 6. Patreon further claimed that its records indicate that Plaintiffs only watched prerecorded video content on "creator pages." Grille Decl. ¶ 7.

Plaintiffs disagree with Patreon's assertions as they believe configuration of its website would not have prevented the Meta Pixel from transmitting the personal information and specific video

materials Plaintiffs requested.  Grille Decl. ¶ 8.  Plaintiffs intend to show that Patreon coded its website so that video titles could be clearly identified and transmitted to advertising platforms like Meta, and Plaintiffs included photographic evidence in the FAC of the transmission of video titles to Meta via Patreon's Meta Pixel.  Grille Decl. ¶ 9; Dkt. 41 ¶ 42.

Given Patreon's claim that Plaintiffs are situated differently from other class members, however, Plaintiffs seek leave to add four new individuals as additional named plaintiffs in this case.  These individuals retained Plaintiffs' counsel only after Patreon raised its argument regarding the technical configuration of its website, and each Proposed New Plaintiff alleges they watched videos on a Patreon webpage dedicated to the individual video(s) they viewed.  Grille Decl. ¶ 10.[1]  Hence, their addition to the litigation may obviate Patreon's new argument but their claims and underlying allegations are otherwise identical to Plaintiffs'.

On January 8, 2024, Plaintiffs' counsel contacted Patreon's counsel via email to request Patreon's consent to the amendment sought herein and provided the full names and email addresses of the Proposed New Plaintiffs to allow Patreon adequate time to review its electronic records and determine the nature of their relationship to Patreon and whether its records confirm that these Plaintiffs watched videos on a Patreon webpage dedicated to the individual video(s) they viewed.  Grille Decl. ¶ 11.  Plaintiffs' counsel further informed Patreon that the Proposed New Plaintiffs will promptly respond to Patreon's existing discovery requests within 14 days of an order granting this motion, as well as provide their availability for a deposition within 30 days of such an order.  Grille Decl. ¶ 13.

On January 11, 2024, Patreon's counsel informed Plaintiffs' counsel that it does not currently take a position on Plaintiffs' request for leave to amend and Plaintiffs therefore should proceed with filing the present motion; Patreon's counsel also advised that it would discuss the matter further with Plaintiffs' counsel.  Grille Decl. ¶ 12.  Patreon stated that it was still investigating the "specific manner in which the four new proposed plaintiffs may have obtained video on the Patreon platform."  *Id.*  Because Patreon would not presently stipulate to the proposed amendment and the June 30, 2023,

---

[1] Belenkiy, Goodfield, Burton, and Mack retained Plaintiffs' counsel on November 15, 2023, December 11, 2023, December 23, 2023, and January 8, 2024, respectively.

deadline to amend the pleadings and add new parties (*see* Dkt. 65), Plaintiffs file this motion seeking leave of Court to add new named plaintiffs to the action.

### III. LEGAL STANDARD

"When a motion to amend is brought after a court-ordered deadline by which amendments must be made, the movant must show good cause" under Rule 16(b). *Whelan v. Indus.*, No. C -11-02146 EDL, 2012 WL 12920688, at *1 (N.D. Cal. Sept. 12, 2012). "[I]f good cause is shown, the party must demonstrate that the amendment is proper under Rule 15." *Algee v. Nordstrom, Inc.*, No. C 11-301 CW, 2011 WL 6779324, at *1 (N.D. Cal. Dec. 27, 2011). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 WL 1357616, at *2 (N.D. Cal. Apr. 17, 2012). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Whelan*, 2012 WL 12920688, at *1 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

### IV. ARGUMENT

#### A. Good Cause for Allowing the Addition of the New Plaintiffs Exists Under Rule 16

In analyzing whether there is "good cause," diligence is determined from the date the moving party first learned of the facts necessitating the modification of the existing case schedule. *See, e.g.*, *Bradley v. T-Mobile US, Inc.*, No. 17-CV-07232-BLF, 2019 WL 2358972, at *2 (N.D. Cal. June 4, 2019) (determining diligence based on when the plaintiffs learned of alleged inaccuracies in one of the named plaintiff's allegations); *Whelan*, 2012 WL 12920688, at *2 (plaintiffs were diligent in moving soon after recognizing the need for another class representative); *Ellsworth v. U.S. Bank, N.A.*, No. C 12-02506 LB, 2013 WL 6730725, at *10 (N.D. Cal. Dec. 19, 2013) (analyzing diligence based on when the plaintiff learned of the defendant's efforts to moot his claims).[2] "[C]ourts often find good cause

---

[2] *See also, e.g.*, *Chinitz v. Intero Real Est. Servs.*, No. 18-CV-05623-BLF, 2021 WL 1753786, at *1 (N.D. Cal. May 4, 2021) (examining when plaintiff's counsel learned that the original plaintiff had violated his fiduciary duty to class members); *Boyd v. Avanquest N. Am. Inc*, No. 12-CV-04391-WHO, 2014 WL 5205619, at *3 (N.D. Cal. Oct. 14, 2014) (plaintiffs acted promptly in seeking leave to amend after they learned that one plaintiff had used a different software program than the one at issue in the

when the motion to amend the scheduling order is based upon new and pertinent information" obtained during discovery. *Lyon v. U.S. Immigr. & Customs Enf't,* 308 F.R.D. 203, 216 (N.D. Cal. 2015); *see Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. Civ. S-05-583 LKK/GGH, 2006 WL 3733815 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend based on information learned through discovery is common and well established.").

Plaintiffs here have sought leave to amend as soon as practicable after learning of Patreon's new argument regarding the configuration of its website and its purported impact on whether Plaintiffs are similarly situated to other class members. Prior to November 2023, Patreon had not raised this argument and thus Plaintiffs could not have met the June 30, 2023, deadline to amend the pleadings as this information was within Patreon's possession. Plaintiffs thus acted with the requisite diligence under Rule 16, as they promptly moved to amend after becoming aware of the facts necessitating the proposed amendment. *See Smith v. Apple, Inc.*, No. 21-CV-09527-HSG, 2023 WL 7166807, at *2 (N.D. Cal. Oct. 30, 2023) (finding good cause in product defect case more than a year after amendment deadline where plaintiffs did not learn of facts supporting their new defect theory until discovery was well under way); *In re Intuitive Surgical Sec. Litig.*, No. 5:13-CV-01920-EJD, 2017 WL 363269, at *2 (N.D. Cal. Jan. 25, 2017) ("Plaintiffs could not have otherwise met the scheduling order's amendment deadline to seek the addition of information learned through discovery since that process was still ongoing at the time."); *Baird v. BlackRock Institutional Tr. Co., N.A.*, No. 17-CV-01892-HSG, 2018 WL 4028224, at *2 (N.D. Cal. Aug. 23, 2018) ("Plaintiffs have satisfied the 'good cause' standard of Rule 16(b) by acting diligently to file this motion relatively soon after becoming aware of new information during discovery.").

As noted above, Plaintiffs first learned of Patreon's new argument in November 2023 and Plaintiffs' counsel was subsequently retained in the months that followed—with the final Proposed New Plaintiff (Mack) retaining Plaintiffs' counsel on January 8, 2023. Grille Decl. ¶ 10. Plaintiffs' counsel promptly requested Patreon's consent to amend the FAC to name these new individuals. Grille Decl. ¶ 11. On January 11, 2024, Patreon's counsel informed Plaintiffs' counsel of the need to bring

---

litigation); *Guzman v. Chipotle Mexican Grill, Inc.*, No. 17-CV-02606-HSG, 2018 WL 6609564, at *2 (N.D. Cal. Dec. 17, 2018) (focusing diligence inquiry on when plaintiff learned of the "facts supporting an alter ego theory").

5

PLAINTIFFS' MOTION FOR LEAVE TO ADD PLAINTIFFS TO FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:22-cv-03131-JCS

the present motion. Grille Decl. ¶ 12. This sequence of events accordingly demonstrates Plaintiffs have acted diligently by moving for leave approximately two months after learning of Patreon's new argument in opposition to class certification and within days of learning that Patreon would not consent to amendment. *See, e.g.*, *Woods v. Google LLC*, No. 11-CV-01263-EJD, 2018 WL 4030570, at *8 (N.D. Cal. Aug. 23, 2018) ("On the facts of this case, four months is a reasonable span of time to find a new class representative, research his claims, and draft a motion to amend as well as an updated complaint."); *Samora v. Chase Dennis Emergency Med. Grp., Inc.*, No. 20-CV-02027-BLF, 2021 WL 5302822, at *2 (N.D. Cal. Nov. 15, 2021) (finding good cause to add plaintiff "almost two years after the filing of the original complaint").

The addition of the Proposed Named Plaintiffs is not unfairly prejudicial. The proposed SAC arises out of the same factual predicate as the FAC and asserts claims for which Patreon already has notice and that the Court has already upheld (Dkt. 59). Further, Plaintiffs' counsel has informed Patreon's counsel that the Proposed New Plaintiffs will promptly respond to Patreon's existing discovery requests within 14 days of an order granting this motion, as well as provide their availability for a deposition within 30 days of such an order. Grille Decl. ¶ 13. In addition, the fact discovery cut-off is July 10, 2024, and no trial date has been set, providing Patreon sufficient time to conduct additional discovery, if necessary. *See* Dkt. 65. Importantly, Plaintiffs' class certification deadline remains two months away, affording Patreon adequate time to obtain any further class-specific discovery in advance of the deadline to file its opposition. *Id.* Thus the proposed amendment presents no unfair prejudice to Patreon. *See Rice-Sherman v. Big Heart Pet Brands, Inc.,* No. 19-CV-03613-WHO, 2020 WL 5893444, at *3 (N.D. Cal. Oct. 5, 2020) ("Plaintiffs' reason for seeking modification also supports a finding of good cause. They only seek to add a named plaintiff, not to add any new theories of liability or substantive facts that would change the course of this case.").

**B.    The Requirements of Rule 15 Are Satisfied.**

"Once the party has demonstrated good cause under Rule 16(b), the court then applies the Rule 15(a) standard." *Norton v. LVNV Funding, LLC*, No. 18-CV-05051-DMR, 2020 WL 2557003, at *2 (N.D. Cal. May 19, 2020). "Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading 'shall be freely given when justice so requires.' Because Rule

15 favors a liberal policy towards amendment, the nonmoving party bears the burden of demonstrating why leave to amend should not be granted." *Algee*, 2011 WL 6779324, at *2 (citation omitted). "Courts generally consider five factors when assessing the propriety of a motion for leave to amend: undue delay, bad faith, futility of amendment, prejudice to the opposing party and whether the party has previously amended the pleadings." *Id.* (citation omitted).  The permissive requirements of Rule 15 are readily met here.  *See Rao v. Apple Inc.*, No. 5:18-CV-02813-EJD, 2020 WL 3616317, at *2 (N.D. Cal. July 2, 2020) ("Leave to amend under Rule 15 is generally granted liberally.").

### 1. Plaintiffs Have Acted in Good Faith.

Bad faith may exist if the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (finding bad faith where party sought to leave to amend "to destroy diversity and to destroy the jurisdiction of this court") (internal quotation marks omitted).  A court may also find bad faith when the moving party has a "history of dilatory tactics." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001), *superseded by statute on other grounds as stated in Weaving v. City of Hillsboro*, 763 F.3d 1106, 1112 (9th Cir. 2014).  Those concerns do not apply here, as the Court already denied Patreon's effort to dismiss their VPPA claims, Plaintiffs have since developed considerable evidence supporting their allegations, and they bring this motion in response to recent developments in the case.

### 2. There Is No Undue Delay.

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  Moreover, "undue delay, by itself" does not justify denying leave to amend under Rule 15.  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999); *Dep't of Fair Emp. & Hous. v. Law Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *4-5 (N.D. Cal. Feb. 6, 2013) (undue delay alone is insufficient as a party opposing amendment must establish that amendment would cause unfair prejudice).  Here, far from undue delay, retaining four additional plaintiffs and bringing this motion within two months reflects Plaintiffs' diligence. *See Rieve v.*

*Coventry Health Care, Inc*i, No. SACV 11-1032 DOC, 2012 WL 929737, at *3 (C.D. Cal. Mar. 19, 2012) (no undue delay where plaintiffs sought to add class representative two months after they learned of the person's desire to serve as a class representative); *Wixon v. Wyndham Resort Dev. Corp.*, No. C 07-02361 JSW, 2010 WL 424603, at *2 (N.D. Cal. Jan. 27, 2010) (finding no unreasonable delay in seeking to add additional class representative even where plaintiffs knew defendants intended to challenge their adequacy for more than a year).

### 3.     The Amendment Creates No Unfair Prejudice.

Denial of leave to amend requires a showing of substantial prejudice. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1094 (S.D. Cal. 2002) ("Where a party opposes a motion for leave to amend on the basis of undue prejudice, the showing of prejudice must be substantial."). The burden of establishing substantial prejudice falls on "the party opposing" the amendment. *Leighton*, 833 F.2d at 187.

For the same reasons discussed above, permitting Plaintiffs to add the Proposed New Plaintiffs will not substantially prejudice Patreon. Courts typically evaluate prejudice in terms of factors such as "whether discovery cut-offs have passed, how close trial is, and so forth." *Yates v. Auto City 76*, 299 F.R.D. 611, 614 (N.D. Cal. 2013). Here, the discovery cut-off dates have not yet passed and the class certification deadline is March 15, 2024. Dkt. 65. The Proposed New Plaintiffs will promptly respond to Patreon's existing discovery requests within 14 days of an order granting this motion, and provide their availability for a deposition within 30 days of such an order. Grille Decl. ¶ 13. Accordingly, Patreon's need to take discovery of the Proposed New Plaintiffs does not constitute unfair prejudice. *See Rao*, 2020 WL 3616317, at *3 (no prejudice where the discovery deadline remained in the future); *Hazdovac v. Mercedes-Benz USA, LLC*, No. 20-CV-00377-RS, 2022 WL 123852, at *3 (N.D. Cal. Jan. 13, 2022) ("Yet the prospect of some additional discovery does not translate into unfair prejudice to the defendant"); *Finjan, Inc.*, 2019 WL 1455333, at *3-4 ("To the extent that some additional discovery may be required, that alone is not enough to constitute prejudice."),[3]

---

[3] *See also, e.g.*, *Bland v. Sequel Nat. Ltd.*, No. 18-CV-04767-RS, 2019 WL 4674337, at *6 (N.D. Cal. Aug. 2, 2019) (permitting addition of two new plaintiffs several months before class certification

Moreover, because Plaintiffs are not seeking to add new causes of action or theories against Patreon, this action will be effectively identical post-amendment.  *See Samora*, 2021 WL 5302822, at *2 (finding no prejudice where new plaintiff's claims overlapped with existing plaintiff); *Avedisian v. Mercedes-Benz, USA, LLC*, No. CV12-00936-DMG-CWX, 2014 WL 12705054, at *3 (C.D. Cal. Mar. 25, 2014) (no prejudice to the defendant when amendment was prior to discovery deadlines and would not "radically shift the nature of the case") (citation and internal quotation marks omitted); *Law Sch. Admission Council, Inc.*, 2013 WL 485830, at *6 (no prejudice where plaintiffs sought to expand class definition but would not change the nature of the suit or add new claims).

### 4. Amendment Is Not Futile.

Finally, the proposed amendment would not be futile.  *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Id.*  The claims in Plaintiffs' proposed SAC are not futile—the Court has already upheld them on the pleadings (Dkt. 59).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant Plaintiffs leave to file the SAC submitted herewith.

Dated: January 17, 2024           By:    */s/ Simon S. Grille*
                                          Adam E. Polk (SBN 273000)
                                          Simon Grille (SBN 294914)
                                          Reid Gaa (SBN 330141)
                                          **GIRARD SHARP LLP**

---

deadline); *In re: Facebook Privacy Litig.*, No. 10-CV-02389-RMW, 2015 WL 2453734, at *5 (N.D. Cal. May 22, 2015) ("While Marfeo's addition as a class representative will saddle Facebook with some additional discovery, the court is not convinced that this burden will be so unfair as to justify denial of plaintiff's motion."); *PNY Techs., Inc. v. SanDisk Corp.*, No. 11-CV-04689-WHO, 2014 WL 294855, at *5 (N.D. Cal. Jan. 27, 2014) (finding no prejudice when there were "four months remaining for discovery"); *McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 WL 1357616, at *2 (N.D. Cal. Apr. 17, 2012) (no prejudice from adding another plaintiff months before discovery cut-off); *Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032 DOC, 2012 WL 929737, at *2 (C.D. Cal. Mar. 19, 2012) (granting leave to amend to add a new class representative prior to any discovery cutoff and where no motion for class certification had been filed and the proposed amendment would "not expand the scope of the litigation").

601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION FOR LEAVE TO ADD PLAINTIFFS TO FIRST AMENDED CLASS ACTION COMPLAINT
Case No. 3:22-cv-03131-JCS