1  Adam E. Polk (SBN 273000)
   Simon Grille (SBN 294914)
2  Reid Gaa (SBN 330141)
3  **GIRARD SHARP LLP**
   601 California Street, Suite 1400
4  San Francisco, CA 94108
   Telephone: (415) 981-4800
5  apolk@girardsharp.com
6  sgrille@girardsharp.com
   rgaa@girardsharp.com
7
8  *Attorneys for Plaintiffs*

9

10

11                    **UNITED STATES DISTRICT COURT**
                      **NORTHERN DISTRICT OF CALIFORNIA**
12                    **SAN FRANCISCO DIVISION**

13

14  BRAYDEN STARK, JUDD OOSTYEN,              Case No. 3:22-cv-03131-JCS
15  ISAAC BELENKIY, VALERIE BURTON,
    LAURA GOODFIELD and DENOVIAS             **PLAINTIFFS' ADMINISTRATIVE**
16  MACK, individually and on behalf of all others  **MOTION TO CONTINUE CLASS**
    similarly situated,                      **CERTIFICATION SCHEDULE**
17
                                             [L.R. 7-11]
18          Plaintiffs,
                                             Judge: Hon. Joseph C. Spero
19      v.                                   Courtroom: Courtroom D – 15th Floor

20  PATREON, INC.,

21          Defendant.

22

23

24

25

26

27

28

## I.     INTRODUCTION

On April 14, 2023, the Court entered a pretrial schedule requiring Plaintiffs to file their motion for class certification by March 15, 2024. *See* Dkt. 65. Since that time, Plaintiffs have engaged in ongoing, extensive efforts to obtain discovery from Defendant Patreon, Inc. ("Patreon") and key nonparty Meta Platforms, Inc. ("Meta"), and amended their complaint on January 30, 2024, to name four new plaintiffs and proposed class representatives. *See* Dkt. 121. The Parties simultaneously conducted fact and expert discovery in connection with Patreon's challenge to the constitutionality of the VPPA and briefed a summary judgment motion. Despite both parties' diligence, Plaintiffs need additional time to develop the record and prepare their motion for class certification. Plaintiffs therefore proposed to Patreon that the parties stipulate to an extension of Plaintiffs' current deadline to move for certification. In response, Patreon stated that taking a position on this request would be premature.

As a result, Plaintiffs bring this administrative motion for a 90-day extension of their deadline to file their motion for class certification. The extension requested by Plaintiffs maintains the sequence and timing of the remaining deadlines in the Court's pretrial schedule (Dkt. 65) while affording the parties an opportunity to obtain critical information from Meta. Further, the extension will permit discovery of the four new Plaintiffs and production of all responsive documents by Patreon. Absent the extension, the parties would be forced to truncate discovery to meet the current deadlines, depriving the Court of information necessary to determine class certification. For these reasons, Plaintiffs respectfully ask that the Court grant the requested 90-day extension of their class certification deadline.

## II.     BACKGROUND

### A.     The Current Pretrial Scheduling Order

In addition to requiring Plaintiffs to move for class certification by March 15, 2024, the existing case schedule requires Patreon to respond to the certification motion four weeks before the scheduled hearing date. Dkt. 65. The Court also set deadlines for the following case events:

- Discovery Cut-Off: July 10, 2024;
- Expert Disclosure: August 24, 2024;
- Expert Rebuttal: September 9, 2024; and
- Expert Discovery Cut-Off: October 14, 2024.

1

1    The Order further indicates that the Court would set dates for the pretrial conference and trial at a later

2    time.

3    **B.    Plaintiffs' Efforts to Obtain Patreon's Consent to a Scheduling Extension**

4    On January 26, 2024, Plaintiffs contacted Patreon to request its consent to a 90-day extension of

5    their deadline to file their motion for class certification. Gaa Decl. ¶ 6. Plaintiffs advised Patreon that,

6    given the Court's order on Plaintiffs' Motion to Compel Meta's Compliance with Subpoena (Case No.

7    3:23-mc-80326-JCS, Dkt. 16) and the ongoing discovery matters, Plaintiffs would seek an order of

8    Court granting this extension absent Patreon's agreement. Gaa Decl. ¶ 6

9    On January 29, 2024, Patreon informed Plaintiffs that it believed it was premature to take a

10   position on Plaintiffs' request, stating that it wished to revisit the issue after Plaintiffs' deposition of

11   Meta. Gaa Decl. ¶ 9. As indicated in Plaintiffs' and Meta's Joint Stipulation to Extend Time for

12   Holding Deposition, however, scheduling conflicts require Meta's coordinated deposition to occur after

13   February 15, 2024. Case 3:23-mc-80326-JCS, Dkt 22. Although Plaintiffs and Meta have discussed

14   alternative dates for Meta's deposition, they have yet to identify a date on which Meta, Plaintiffs, and

15   counsel for the defendants in the other VPPA actions are all available. Moreover, Plaintiffs and Meta

16   have sought the Court's approval to extend the deadline to conduct Meta's deposition to March 15,

17   2024—the same day as Plaintiffs' current deadline to file their motion for class certification. Case 3:23-

18   mc-80326-JCS, Dkt 22. Therefore, instead of waiting until after Meta's deposition to renew their

19   request for a scheduling stipulation, Plaintiffs bring this administrative motion to modify the existing

20   schedule.

21   **C.    Time Modifications to Date**

22   The following modifications of time have occurred in this case to date:

23   • On June 22, 2022, the parties stipulated to extending the deadline for Patreon to respond to

24   Plaintiffs' complaint pursuant to Civil Local Rule 6-1(a). Dkt. 13.

25   • On August 15, 2022, the Court granted the parties' stipulation to extend the briefing

26   schedule on Patreon's motion to dismiss pursuant to Civil Local Rule 6-2(a)(2). Dkts. 25,

27   26.

28   • On September 16, 2022, the Court granted the United States', Plaintiffs', and Patreon's

1   stipulation to enlarge the United States' time to determine whether to intervene for the

2   limited purpose of defending the constitutionality of the Video Privacy Protection Act

3   ("VPPA"). Dkts. 33, 34.

4   • On November 3, 2022, the Court granted the United States', Plaintiffs', and Patreon's

5     further stipulation to enlarge the United States' time to determine whether to intervene.

6     Dkts. 42, 43.

7   • On November 8, 2022, the Court granted the United States', Plaintiffs', and Patreon's

8     stipulation to extend Patreon's time to respond to the First Amended Complaint, extend the

9     briefing schedule for any motion to dismiss the First Amended Complaint, and enlarge the

10    United States' time to determine whether to intervene. Dkts. 44, 45.

11  • On January 10, 2023, the Court granted the United States', Plaintiffs', and Patreon's

12    stipulation to extend Patreon's deadline to file a reply in support of its motion to dismiss the

13    First Amended Complaint. Dkts. 52, 53.

14  • On January 26, 2024, the Court granted Plaintiffs' motion for leave file a Second Amended

15    Complaint naming four additional plaintiffs in the litigation. Dkts. 114, 119.

16  **III.   ARGUMENT**

17      A party seeking to amend a scheduling order must show "good cause" for such relief. Fed. R.

18  Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

19  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the

20  amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "Although the

21  existence or degree of prejudice to the party opposing the modification might supply additional reasons

22  to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification."

23  *Id.* Further, courts have inherent authority to manage their dockets, including by entering scheduling

24  orders. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (noting "power inherent in every court to

25  control the disposition of the causes on its docket with the economy of time and effort," and "[h]ow this

26  can best be done calls for the exercise of judgment, which must weigh competing interests and maintain

27  an even balance."). The forthcoming coordinated deposition of Meta and the ongoing party discovery

28  establish good cause to modify the pretrial schedule to extend Plaintiffs' class certification deadline.

PLAINTIFFS' ADMIN. MTN. TO CONTINUE CLASS CERTIFICATION SCHEDULE
Case No. 3:22-cv-03131-JCS

1    **A.    The Coordinated Deposition of Meta**

2    As the Court directed in its Order on Plaintiffs' Motion to Compel Meta's Compliance with

3    Subpoena (Case No. 3:23-mc-80326-JCS, Dkt. 16), Plaintiffs and Meta are pursuing a coordinated

4    deposition of Meta, and Plaintiffs have contacted counsel for the defendants in other Meta Pixel privacy

5    actions to seek their consent to participate. Gaa Decl. ¶¶ 2, 5; *see also* Joint Stipulation to Extend Time

6    for Holding Deposition, Case 3:23-mc-80326-JCS, Dkt 22. While Plaintiffs and Meta have made

7    significant progress in light of the Court's guidance, the witness Meta intends to produce for a

8    deposition will not be available by the February 15 date identified in the Court's Order (*see* Case No.

9    3:23-mc-80326-JCS, Dkt. 16). Gaa Decl. ¶ 2. Plaintiffs and Meta are currently working to identify an

10   alternative date for the consolidated deposition in conjunction with counsel for the defendants in the

11   other Meta Pixel privacy actions to be included in the coordinated deposition. Plaintiffs and Meta are

12   also diligently negotiating a production of class-wide data. As an initial step, Meta has agreed to

13   provide the information necessary for Plaintiffs to make an informed proposal for a sample of class-

14   wide data, and Meta is in the process of collecting that information. Gaa Decl. ¶ 3. Plaintiffs and Meta

15   are also negotiating productions of plaintiff and class-wide data related to the other Meta Pixel privacy

16   actions, which defense counsel in at least one of those actions has stated is a necessary prerequisite to

17   participating in a coordinated deposition. Gaa Decl. ¶ 4.

18   Given these developments, the coordinated Meta deposition and the production of data from

19   Meta are unlikely to occur with enough time to adequately present this evidence to the Court with

20   Plaintiffs' motion to certify the class. Extending the schedule will give Plaintiffs and Patreon sufficient

21   time to collect and analyze this evidence, benefiting the Court and all parties involved.

22   **B.    Discovery Pertaining to New Plaintiffs**

23   In seeking leave to file the Second Amended Complaint, Plaintiffs assured Patreon that the four

24   new Plaintiffs would respond to Patreon's existing discovery requests within 14 days of an order

25   granting their motion and make themselves available for a deposition within 30 days of such an order.

26   Dkt. 114. The Court issued its Order allowing the amendment on January 26, 2024 (Dkt. 119), which

27   would make February 9 the deadline to respond to Patreon's discovery and February 26 the last day for

28   plaintiff depositions. Although the new Plaintiffs are prepared to satisfy these obligations, these dates

PLAINTIFFS' ADMIN. MTN. TO CONTINUE CLASS CERTIFICATION SCHEDULE
Case No. 3:22-cv-03131-JCS

1  leave little time for the parties to meet and confer or produce documents sufficiently in advance of their

2  depositions. In addition, Patreon has not indicated when it will produce documents pertaining to the

3  new Plaintiffs. Gaa Decl. ¶ 7. The time constraints imposed by these discovery obligations weigh in

4  favor of entering the proposed extension of time.

5  **C.   Ongoing Written Discovery and Depositions**

6  Patreon continues to produce documents responsive to discovery requests that Plaintiffs

7  previously propounded, and several depositions of Patreon witnesses are scheduled for the coming

8  weeks. Gaa Decl. ¶¶ 7-8. On February 1, Patreon produced approximately 32,000 additional pages, and

9  on February 2, Patreon produced documents that Plaintiffs anticipate are responsive to their most recent

10 set of document requests and documents related to additional search terms the parties negotiated. Gaa

11 Decl. ¶ 7. Further, Plaintiffs have noticed four depositions of Patreon witnesses to occur between

12 February 2 and February 20. Gaa Decl. ¶ 8. Particularly given the upcoming depositions and the

13 volume of recently produced documents, extending the class certification schedule is prudent and will

14 promote the development and presentation of a complete record.

15 **IV.   CONCLUSION**

16 Plaintiffs therefore respectfully request that the Court grant a 90-day extension of their deadline

17 to file their motion for class certification.

18

19                                                  Respectfully submitted,

20 Dated: February 5, 2024                  By:   */s/ Reid Gaa*

21                                                  Adam E. Polk (SBN 273000)
                                                    Simon Grille (SBN 294914)

22                                                  Reid Gaa (SBN 330141)
                                                    **GIRARD SHARP LLP**

23                                                  601 California Street, Suite 1400
                                                    San Francisco, CA 94108

24                                                  Telephone: (415) 981-4800

25                                                  Facsimile: (415) 981-4846
                                                    apolk@girardsharp.com

26                                                  sgrille@girardsharp.com
                                                    rgaa@girardsharp.com

27

28                                                  *Attorneys for Plaintiffs*

PLAINTIFFS' ADMIN. MTN. TO CONTINUE CLASS CERTIFICATION SCHEDULE
Case No. 3:22-cv-03131-JCS