Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**PATREON, INC.'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION SCHEDULE NINETY DAYS** |

## I. INTRODUCTION

Plaintiffs filed an administrative motion to extend their deadline to move for class certification by 90 days, from March 15, 2024, to June 13, 2024. Patreon does not oppose an extension outright but believes 90 days is excessive and unwarranted and would create conflicts with the remainder of the case schedule. Patreon consents to an extension of 45 days, to April 29, 2024, with limited extensions of the remaining dates the Court set in its April 2023 pretrial scheduling order to avoid conflicts and to allow the case to proceed efficiently.

## II. BACKGROUND; PLAINTIFFS' FAILURE TO MEET AND CONFER

On January 18, 2024, Patreon's counsel emailed plaintiffs' counsel a proposed stipulation covering the briefing schedule for the March 15, 2024 motion for class certification and the timing of class-related expert disclosures and class-related expert discovery. *See* Declaration of Fred Norton ("Norton Decl.") ¶ 2 Ex. A. Plaintiffs' counsel did not respond, so Patreon followed up on January 24. On Friday, January 26, plaintiffs' counsel wrote back, without addressing the proposed stipulation. Instead, plaintiffs' counsel stated that, in light of the Court's order that day concerning discovery from third party Meta, plaintiffs would move to extend the deadline for their class certification motion. *Id.* ¶ 3, Ex. A. Plaintiffs asked Patreon to consent to 90 days but threatened to seek an even longer delay if Patreon declined. *Id.*

On Monday, January 29, Patreon responded by email. Given that the sole basis for the requested 90-day extension was the need for discovery from Meta, and the Court's January 26 order anticipated disputes about both documents and testimony would be resolved by February 15, Patreon proposed that the parties discuss the extension after the February 15 Meta deposition. *Id.* ¶ 4, Ex. A. Separately, on January 30, Patreon informed plaintiffs' counsel it was available for the Meta deposition on February 5, 6, 7, 8, 12, 14 or 15, and was amenable to coordinating the deposition with other cases. *Id.* ¶ 5.

On February 5, 2024, plaintiffs filed a stipulation with Meta to extend the deadline for the Meta deposition to March 15, 2024. That same day, plaintiffs filed an administrative motion to continue the class certification motion deadline by 90 days. Dkt. 122.

## III. ARGUMENT

Patreon does not oppose a reasonable extension for plaintiffs to file their class certification brief.

1

But the factors plaintiffs cite justifying the extension are not new. Some are factors plaintiffs expressly told the Court would *not* delay the case in their motion for leave to amend the complaint. None of the factors warrant delaying class certification briefing by 90 days and plaintiffs fail to address the ripple effects of an extension on the remainder of the case. There is no good cause for a 90-day extension.

### A. The Court Has Authority To Deny The Motion Outright Because A Rule 16(b) Motion Is Not An Administrative Motion Under Local Rule 7-11

Plaintiffs have moved to modify the case schedule, which they concede is subject to Fed. R. Civ. P. 16(b). Dkt. 122 at 4. Yet they have filed an administrative motion, under Local Rule 7-11, which is available only "with respect to miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." L.R. 7-11 ("These motions would include matters such as motions to exceed otherwise applicable page limitations or motions to file documents under seal, for example."). A motion to amend the scheduling order is "governed by a … Federal Rule" and is not a proper administrative motion. *See Silva v. B&G Foods, Inc.*, No. 20-CV-00137-JST, 2023 WL 5920089, at *1 (N.D. Cal. Aug. 9, 2023) (motion to amend schedule under Rule 16 cannot be filed as an administrative motion under Local Rule 7-11); *Raymat Materials, Inc. v. A & C Catalysts, Inc.,* No. C 13-00567 WHA, 2014 WL 1647529, at *6 (N.D. Cal. Apr. 22, 2014) (same); *Silverman v. City & Cnty. of San Francisco*, No. C 11-1615 SBA, 2012 WL 6019309, at *1 (N.D. Cal. Dec. 3, 2012) (same); *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1817006, at *1 (N.D. Cal. June 24, 2009) (same).

### B. Plaintiffs Have Not Established Good Cause For A Ninety-Day Extension Of The Deadline To File Their Class Certification Motion

None of the reasons plaintiffs cite in their motion justify an extension of 90 days to move for class certification, and plaintiffs fail to address the prejudicial effects of such an extension on other aspects of the case. The Court should grant an extension of no more than 45 days.

***Plaintiffs' Motion to Compel Meta.*** On February 1, 2023, plaintiffs served a subpoena on non-party Meta, Inc. *Stark v. Meta, Inc.*, Case No. 3:23-mc-80326-JCS ("Meta Proceeding"), Dkt. 1-1 ¶ 3. In mid-December 2023, over ten months later, plaintiffs filed a miscellaneous proceeding to compel Meta to produce. The court (Magistrate Judge Kim) set a briefing schedule that would conclude by

2

PATREON'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION SCHEDULE
CASE NO. 3:22-CV-03131-JCS

January 22, 2024, and the matter was ultimately related to the main proceeding, *Stark. v. Patreon, Inc.*, pending before Magistrate Judge Spero. Meta Proceeding, Dkt. 9. On January 26, the Court held a hearing on plaintiffs' motion to compel and ordered that (a) plaintiffs and Meta meet and confer on the production of data and if no agreement were reached, file a five-page joint letter outlining the dispute no later than February 5, 2024; and (b) the deposition of Meta proceed by February 15, regardless of whether it could be consolidated with other pending VPPA cases. Meta Proceeding, Dkt. 16. On February 5, plaintiffs and Meta filed a stipulation to extend the February 15 deadline for the Meta deposition to March 15 (Meta Proceeding Dkt. 22, granted at Dkt. 23), but submitted no filing related to the dispute over data and requested no extension of time to resolve any remaining dispute. Patreon thus infers that plaintiffs and Meta have reached an agreement concerning the data to be produced.

Thus, although plaintiffs cite the need for discovery from Meta as a reason to postpone the class certification motion deadline, Dkt. 122 at 5, it appears there is an agreement as to documents and data and the Meta deposition will take place no later than March 15. This is not a reason to delay the class certification motion 90 days beyond March 15.

***Plaintiffs' Motion to Amend the Pleadings.*** On January 14, 2024, as they were litigating the Meta subpoena, plaintiffs moved for leave to amend the complaint to add four new plaintiffs. Dkt. 114. In seeking to justify the amendment under Rule 16(b), plaintiffs emphasized adding new plaintiffs would cause no delay because the new parties would promptly provide discovery and be available for deposition well before the March 15 class certification motion deadline. Dkt. 114 at 9. In express reliance on those representations, Patreon did not oppose amendment and the Court granted leave. Dkt. 118, 119. Just two weeks later, however, plaintiffs argue there is too little time for "discovery pertaining to new plaintiffs" and the class certification deadline should be postponed after all. Dkt. 122 at 5-6. Either the addition of four plaintiffs is not a problem, as plaintiffs represented to the Court, or it is a problem of their own making. It is not good cause to extend the class certification deadline by 90 days.

***Ongoing Party Discovery***. Plaintiffs also argue the class certification motion deadline should be postponed because Patreon recently produced additional documents (on February 1 and 2) and four Patreon witnesses will sit for deposition between February 2 and 20. Plaintiffs do not explain why this discovery, all produced well before the existing March 15 deadline, requires an extension of 90 days

3

beyond that date.  Nor do plaintiffs explain how any of this discovery is necessary for class certification issues rather than other merits issues.  Moreover, the agreed schedule in this case *always* contemplated that fact discovery would continue some months beyond the deadline to move for class certification. Dkt. 65 (motion deadline of March 15, fact discovery cutoff of July 10).  This is nothing new.

*Class Certification Briefing. Experts, Hearing*.  The scheduling order directs that, after plaintiffs move for class certification, the parties will meet and confer on a briefing schedule and plaintiffs' reply will be due four weeks before the hearing date, which is not yet set.  Dkt. 65. (Plaintiffs' motion mistakenly states that the Court ordered *Patreon's opposition*, rather than plaintiffs' *reply*, to be filed four weeks before the hearing date.  Dkt. 122 at 2.)  In an effort to plan for the demands of the case, on January 18, 2024, Patreon sent plaintiffs' counsel a draft stipulation with a proposal for briefing, identification of class certification experts, and class expert discovery.  Norton Decl. ¶ 2; Ex. A.  That proposal anticipated that with a March 15 filing date, briefing, expert discovery, and the four-week period before the hearing, the hearing would occur in early June.  Plaintiffs did not respond to Patreon's proposal, except to bring this motion, which says nothing about the briefing schedule and related issues.  *Id.* ¶¶ 3-4, Ex. A.

If plaintiffs' motion for a 90-day extension were granted, the briefing schedule would have to be extended beyond what Patreon had originally proposed because Patreon's lead counsel will be entirely unavailable for about twelve days in early to mid-July.[1]  In contrast, if the Court granted an extension of 45 days, Patreon believes the following schedule would be feasible, absent unforeseen circumstances:

| Event | Deadline |
|---|---|
| Class Certification Opening Brief | April 29, 2024 |
| Opposition to Class Certification | June 12, 2024 |
| Reply Brief | June 28, 2024 |
| Hearing Date | July 26, 2024 |

*Effects on the Remainder of the Case Schedule.*  In their motion, plaintiffs do not discuss class certification briefing at all, nor do they discuss the effect of their request on the remainder of the

---

[1] This is a remote vacation with family that was planned and paid for more than 18 months ago.  It does not affect Patreon's ability to comply with any dates in the *current* case schedule.  Norton Decl. ¶ 7.

4

PATREON'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION SCHEDULE
CASE NO. 3:22-CV-03131-JCS

schedule.  If the Court were to grant a 90-day extension to June 13, the briefing, related class-certification expert discovery, and hearing would overlap the conclusion of fact discovery (July 10) and the bulk of merits expert discovery (August 24 to October 14).  Dkt. 65.  This would be exceedingly inefficient for all parties and especially burdensome for Patreon.  Even a 45-day extension would create similar albeit more manageable challenges.  To the extent the Court grants any extension, the remaining dates should be extended to minimize conflict and overlap and to allow the case to proceed efficiently.  While Patreon opposes a 90-day extension, the schedule below shows how Patreon would propose to proceed in each scenario, considering its counsel's other conflicts and commitments, with new or changed dates in bold.

| Event | Current | 45-Day Extension Proposal | 90-Day Extension Proposal |
|---|---|---|---|
| Class Certification Opening Brief | March 15, 2024 | April 29, 2024 | June 13, 2024 |
| Opposition to Class Certification | Not set | **June 12, 2024** | **July 31, 2024** |
| Reply Brief | Not set | **June 28, 2024** | **August 16, 2024** |
| Hearing Date | Not set | **July 26, 2024** | **September 13, 2024** |
| Discovery Cut-Off | July 10, 2024 | July 10, 2024 | July 10, 2024 |
| Expert Disclosure | August 24, 2024 | **September 3, 2024** | **October 4, 2024** |
| Expert Rebuttal | September 9, 2024 | **September 20, 2024** | **October 21, 2024** |
| Expert Discovery Cut-Off | October 14, 2024 | **October 25, 2024** | **November 25, 2024** |

## IV. CONCLUSION

For the reasons stated above, the Court should deny the request for a 90-day extension of the deadline to move for class certification and should grant an extension of not more than 45 days, with appropriate extensions to the remainder of the case schedule.

Dated:  February 7, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*
Fred Norton

Attorneys for Defendant
PATREON, INC.

5

PATREON'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONTINUE CLASS CERTIFICATION SCHEDULE
CASE NO. 3:22-CV-03131-JCS