# EXHIBIT B

| | |
|---|---|
| **From:** | Simon S. Grille <sgrille@girardsharp.com> |
| **Sent:** | Wednesday, February 7, 2024 12:30 PM |
| **To:** | Fred Norton; Adam Polk; Reid Gaa; Anthony (Tony) Rogari; Edelstein, Laurie J. |
| **Cc:** | Bree Hann; Nathan Walker; Gil Walton; Celine Purcell; Emily Kirk |
| **Subject:** | RE: Stark et al. v. Patreon, Inc. - Meta Deposition |

Fred,

Meta and Plaintiffs made progress in their negotiation such that a joint letter was not necessary. As you will see from the transcript, Judge Spero encouraged Meta and Plaintiffs to make every effort to resolve their dispute without filing a joint letter. We are continuing to negotiate a further production consistent with the Court's order. If we reach an impasse, we will take the appropriate steps to seek guidance from the Court. To the extent you are implying that we have not complied with the Court's order, we disagree.

We will continue to comply with Rule 45, as we have so far, and produce to you information responsive to our subpoena that we receive, including the examples I described below.

Best,
Simon

**From:** Fred Norton <fnorton@nortonlaw.com>
**Sent:** Tuesday, February 6, 2024 6:21 PM
**To:** Simon S. Grille <sgrille@girardsharp.com>; Adam Polk <apolk@girardsharp.com>; Reid Gaa <rgaa@girardsharp.com>; Anthony (Tony) Rogari <arogari@girardsharp.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Bree Hann <bhann@nortonlaw.com>; Nathan Walker <nwalker@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Emily Kirk <ekirk@nortonlaw.com>
**Subject:** RE: Stark et al. v. Patreon, Inc. - Meta Deposition

EXTERNAL EMAIL
Thanks Simon, but I am a little confused by this response.

Judge Spero's January 26 order in the miscellaneous case says, "Counsel shall meet and confer within one (1) week of today to negotiate a compromise on the production of data as outlined by the court and the parties at the hearing. If there is no compromise the parties are to submit a joint letter, not to exceed 5 pages, with each side's final compromise proposal and justification within ten (10) days of today." I read that as requiring plaintiffs and Meta to reach a compromise on the production of data, or file a letter brief by February 5 so the Court can resolve any remaining disputes. It sounds as though instead you have negotiated a partial resolution of the data issue and are planning to negotiate further. Is that correct? To the extent that Meta has agreed to provide any additional data, is there a date for that agreed production?

Given the breadth of your subpoena, any information that you receive from Meta that you have described below, including examples, would be responsive to your subpoena and must be provided to Patreon under Rule 45 and the document requests we have previously made on plaintiffs. Please confirm that you share that understanding.

Finally, I reiterate the position that I stated in my email Friday and again in the call that Nate and I had with you and Dan yesterday – Patreon reserves the right to argue that the selection of "sample" or "example" data from Meta to establish any disputed fact or any attribute about the larger putative class is not reliable, representative, or competent given Patreon's exclusion from those negotiations and the lack of transparency about how specific data was selected.

Regards,
Fred

---

**From:** Simon S. Grille <sgrille@girardsharp.com>
**Sent:** Tuesday, February 6, 2024 5:45 PM
**To:** Fred Norton <fnorton@nortonlaw.com>; Adam Polk <apolk@girardsharp.com>; Reid Gaa <rgaa@girardsharp.com>; Anthony (Tony) Rogari <arogari@girardsharp.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Bree Hann <bhann@nortonlaw.com>; Nathan Walker <nwalker@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Emily Kirk <ekirk@nortonlaw.com>
**Subject:** RE: Stark et al. v. Patreon, Inc. - Meta Deposition

Fred,

The stipulation does reference the status of our discussion concerning Meta's production of documents and data. For example, the fourth whereas clause states, "Meta has agreed to search for and produce information related to the newly added Plaintiffs in *Stark* and certain information to inform discussions of a sampling of class data." Meta has agreed to promptly produce Pixel event data for the newly added plaintiffs. We have also asked Meta for an example of the data it received from Patreon relating to the video referenced in the screenshots at paragraph 67 of the SAC and paragraph 39 of the Hochman rebuttal expert report. We intend to use that example to inform a sampling proposal. Thus, the sampling negotiation would proceed in at least two steps. Like we have done in the past, we will provide you with any data we receive from Meta that is responsive to our subpoena. We have asked Meta for a call this week to discuss the timing of its production concerning the newly added Plaintiffs and information that would inform discussions of sampling.

Best,
Simon

---

**From:** Fred Norton <fnorton@nortonlaw.com>
**Sent:** Tuesday, February 6, 2024 12:46 PM
**To:** Adam Polk <apolk@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Reid Gaa <rgaa@girardsharp.com>; Anthony (Tony) Rogari <arogari@girardsharp.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>
**Cc:** Bree Hann <bhann@nortonlaw.com>; Nathan Walker <nwalker@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Emily Kirk <ekirk@nortonlaw.com>
**Subject:** RE: Stark et al. v. Patreon, Inc. - Meta Deposition

EXTERNAL EMAIL

Counsel,

As you all know, in the miscellaneous proceeding seeking to compel documents and testimony from Meta, Judge Spero ordered that plaintiffs and Meta work out a compromise on the data to be produced, and if you could not reach agreement, you were to file a joint letter within 10 days of January 26, which would have been yesterday.

We see from the docket that yesterday you submitted a stipulation to push back the deposition deadline but your stipulation makes no reference to the documents and data, nor does it ask for additional time to address any remaining dispute.  It appears from the docket that you did not file a joint letter.  From this we assume that you have reached an agreement on the documents and data to be produced, as well as any sampling plan.  Can you please tell us what the agreement is?

I note that this information is relevant not just to the larger dispute and the upcoming Meta deposition, but also to plaintiffs' pending motion to extend the deadline to move for class certification, which plaintiffs argue is justified in part by the ongoing negotiations with Meta over data.  Please clarify.

Thanks,
Fred

---

**From:** Fred Norton
**Sent:** Friday, February 2, 2024 4:33 PM
**To:** apolk@girardsharp.com; sgrille@girardsharp.com; Reid Gaa <rgaa@girardsharp.com>; Anthony (Tony) Rogari <arogari@girardsharp.com>
**Cc:** Bree Hann <bhann@nortonlaw.com>; Nathan Walker <nwalker@nortonlaw.com>; Gil Walton <gwalton@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>; Emily Kirk <ekirk@nortonlaw.com>; Edelstein, Laurie J. <LEdelstein@jenner.com>
**Subject:** RE: Stark et al. v. Patreon, Inc. - Meta Deposition

Adam, Simon, Reid, Tony, Laurie,

After we learned of the Court's order on plaintiffs' motion to compel documents and testimony from Meta, we also learned that the Court had held a hearing on the motion, on January 26.  We did not receive notice of the hearing.  While we understand that the motion to compel was filed in a separate, albeit related, miscellaneous proceeding, we object to any hearing on any motion related to this case without notice to Patreon and an opportunity to appear.

The importance of prior notice is especially important given that, now that we have a transcript of the hearing, we are aware that Simon Grille made representations about specific arguments Patreon has made in the case that we do not consider entirely accurate or complete.  This is not to accuse Simon of any misconduct – it's clear he intended to convey why plaintiffs believe they need particular data from Meta in the face of arguments Patreon has made.  Nonetheless, if there are hearings before Judge Spero at which Patreon's interests and arguments are relevant and the subject of discussion, Patreon must be given an opportunity to speak for itself.  Otherwise Patreon is prejudiced.

Further, having obtained a transcript of the hearing, we are also now aware that Meta and plaintiffs discussed obtaining a sample of putative class member data that plaintiffs apparently hope to use in support of class certification arguments and possibly for other purposes.  To the extent that plaintiffs and Meta agree on any sample of Meta data that would be offered as evidence in this case for any purpose, without the participation and agreement of Patreon, Patreon of course reserves the right to object to the use of that evidence on the grounds that it is not statistically valid, in addition to all other applicable objections.

Our preference would be that plaintiffs and Meta provide Patreon with notice of all proceedings and negotiations in the discovery dispute and include us in any discussion of its resolution.  Please let us know as soon as possible how you intend to proceed.

Regards,

Fred Norton

**From:** Nathan Walker <nwalker@nortonlaw.com>
**Sent:** Tuesday, January 30, 2024 12:01 PM
**To:** Reid Gaa <rgaa@girardsharp.com>
**Cc:** Simon S. Grille <sgrille@girardsharp.com>; Adam Polk (apolk@girardsharp.com) <apolk@girardsharp.com>; Celine Purcell <cpurcell@nortonlaw.com>; Anthony (Tony) Rogari <arogari@girardsharp.com>; Bree Hann <bhann@nortonlaw.com>;
**Subject:** FW: Stark et al. v. Patreon, Inc. - Meta Deposition

Reid,

Patreon can be available for the deposition of Meta on February 5, 6, 7, 8, 12, 14 or 15.   We are amendable to coordinating the deposition with *Jackson v. Fandom*.

Best regards,

Nate

Nathan Walker
The Norton Law Firm
299 Third Street
Suite 200
Oakland, California 94607
nwalker@nortonlaw.com
510 956-2001


**From:** Reid Gaa <rgaa@girardsharp.com>
**Sent:** Monday, January 29, 2024 1:20 PM
**To:** Fred Norton <fnorton@nortonlaw.com>; Nathan Walker <nwalker@nortonlaw.com>; Celine Purcell <cpurcell@nortonlaw.com>
**Cc:** Adam Polk <apolk@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Anthony (Tony) Rogari <arogari@girardsharp.com>
**Subject:** Stark et al. v. Patreon, Inc. - Meta Deposition

Fred,

In light of the Court's attached Order regarding Plaintiffs' Motion to Compel Meta's Compliance with Subpoena (Dkt. No. 16), could you provide your availability between now and February 15 for a deposition of Meta? In addition, are you amenable to coordinating the deposition with *Jackson v. Fandom*, No. 4:22-cv-04423-JST (N.D. Cal.). Please let us know if you're available to discuss today or tomorrow.

Thank you,
Reid

**Reid Gaa**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800 (main)

415.544.6426 (direct)
rgaa@girardsharp.com
www.girardsharp.com