Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Trevor T. Tan (SBN 280145)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>PATREON, INC.,<br><br>        Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Joseph C. Spero<br>Date:  March 29, 2024<br>Time: 9:30 a.m. |

**REDACTED - FILED UNDER SEAL**

**TO THE COURT, THE PARTIES, AND COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on March 29, 2024, at 9:30 a.m., before the Honorable Joseph C. Spero in Courtroom D, 15th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs Brayden Stark, Judd Oostyen, Isaac Belenkiy, Valerie Burton, Laura Goodfield, and Denovias Mack ("Plaintiffs") will and hereby do move, pursuant to Local Rule 7-3(d) and Federal Rule of Civil Procedure 56(d), for leave to file supplemental exhibits in support of their Opposition to Patreon's Motion for Summary Judgment on First Amendment Grounds.  Plaintiffs base the motion upon this Notice of Motion and Motion, the incorporated Memorandum of Points and Authorities, the Declaration of Simon S. Grille and its accompanying exhibits ("Grille Decl."), the proposed order, all pleadings and papers filed with the Court, and any additional arguments or material.

Before filing this motion, Plaintiffs sought a stipulation from Patreon that would have provided for the requested supplementation of the record at summary judgment.  Patreon declined, indicating that it would oppose the motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Plaintiffs respectfully request leave to supplement the record with five exhibits relevant to Patreon's Motion for Summary Judgment.  The evidence consists of deposition testimony of former Patreon data and marketing operations and senior engineering managers, obtained after Plaintiffs filed their opposition brief, as well as deposition exhibits.  This evidence undermines Patreon's argument that it could not have realistically complied with the standalone consent requirement of the Video Privacy Protection Act, 18 U.S.C. § 2710 ("VPPA"), such that it could have permissibly shared users' video viewing histories with Meta without any constitutional burden.

Patreon has used ███████████████████████████████████
████████████████████████████████████████████████████
██  Further, Patreon knew that █████████████████████████
████████████████████████████████████████████████████
██████████████  Ex. D (PATREON_005931).  Patreon ultimately chose not to apply software to request users' express consent to share their video watching preferences.  The evidence

1

1    Plaintiffs seek to admit therefore underscores a genuine issue of material fact: whether Patreon could

2    have reasonably deployed ███████████████████████████████████████████████████

3    ████████████████████████████████████████████████████████████████████████████████

4    ████████████████████████████████████████████████████

5         The Court previously highlighted the importance of deciding Patreon's constitutional challenge

6    on a developed factual record.  Dkt. 59 at 25.  Good cause for supplementing the record with the new

7    evidence exists because these depositions bearing on Patreon's arguments were taken after Plaintiffs'

8    deadline for opposing summary judgment.  Accordingly, Plaintiffs' request satisfies Rule 56(d).

9    **II.      STATEMENT OF ISSUE TO BE DECIDED**

10        Should the Court accept the supplemental exhibits into the record so that it can decide Patreon's

11   summary judgment motion with the benefit of a complete record?

12   **III.     LEGAL STANDARD**

13        "A court may allow a party to supplement the summary judgment record after briefing was

14   completed upon a showing of good cause."  *Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-

15   CV-03078-JSC, 2015 WL 3882448, at *9 (N.D. Cal. June 23, 2015) (citing Local Rule 7-3(d)); *see*

16   *Agua Caliente Band of Cahuilla Indians v. Coachella Valley Water Dist.*, No. ED-CV-13-00883-JGB-

17   SPx, 2018 WL 6190348, at *3 (C.D. Cal. Aug. 1, 2018) ("The district court has discretion to permit

18   parties to submit supplemental materials in support of or in opposition to a motion for summary

19   judgment.").

20        "Courts have generally considered motions to supplement the record on summary judgment

21   under both Rule 56[d] and Rule 56(e)."  *Dentists Ins. Co. v. Yousefian*, No. C20-1076RSL, 2023 WL

22   4106220, at *7 (W.D. Wash. June 21, 2023).[1]  "Rule 56(d) requires that the requesting party show (1) it

23   has set forth in affidavit form the specific facts it hopes to elicit from further discovery, (2) the facts

24   sought exist, and (3) the sought-after facts are essential to oppose summary judgment."  *Uvalles v.*

25   *Jacquez*, No. C 09-5221 RMW PR, 2012 WL 4083320, at *1 (N.D. Cal. Sept. 17, 2012); *see also Bell v.*

26

27   ---
     [1] *See Reyes v. Meyer*, No. C 13-0980 RMW(PR), 2014 WL 3058426, at *2 n.3 (N.D. Cal. July 3, 2014)
     (noting that "[f]ormer Federal Rule of Civil Procedure 56(f) was amended in 2010" and "is now set forth
28   in Rule 56(d).").

2

1   *City of Los Angeles*, 835 F. Supp. 2d 836, 848 (C.D. Cal. 2011) ("Rule 56(e) gives this Court discretion

2   to permit a litigant to supplement the factual record in the context of a motion for summary judgment.")

3   (citing *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010)).

4   **IV.   ARGUMENT**

5          "In the Ninth Circuit, '[u]nless the non-moving party has failed to diligently pursue discovery,

6   [Rule 56(d)] relief should be granted almost as a matter of course." *VetStem BioPharma, Inc. v.*

7   *California Stem Cell Treatment Ctr., Inc.*, No. 2:19-CV-04728-AB-FFM, 2022 WL 1601387, at *5

8   (C.D. Cal. Mar. 17, 2022) (quoting *Burlington N. Santa Fe R.R. Co. v. Assiniboine & Sioux Tribes of*

9   *the Fort Peck Reservation*, 323 F.3d 767, 773-74 (9th Cir. 2003) (alterations in original)).  The interests

10  of justice strongly favor considering all relevant evidence in deciding a summary judgment motion.

11  *See Intermountain Fair Hous. Council, Inc. v. Tomlinson & Assocs., Inc.*, No. 1:21-CV-00506-BLW,

12  2023 WL 1068579, at *1 (D. Idaho Jan. 27, 2023) ("As a general rule—and particularly where the

13  moving party asks to supplement in a very limited fashion—the Court believe[s] supplementation

14  should be encouraged so that the Court is presented with a complete factual record.").  Given these

15  principles, "[i]n determining whether to grant a motion to supplement the record, district courts

16  consider: (1) whether the evidence the party is seeking to admit is relevant; (2) whether the motion is

17  made in good faith; and (3) whether supplementation would unfairly prejudice the non-moving party."

18  *Shijiazhuang Hongray Grp. v. World Trading 23 Inc.*, No. 5:21-CV-00972-FWS-KK, 2023 WL

19  6370924, at *2 (C.D. Cal. Aug. 14, 2023).  Each factor weighs in favor of granting Plaintiffs' motion

20  here.

21         First, the evidence rebuts Patreon's contention that the VPPA abridges the First Amendment

22  with onerous consent provisions that Patreon could not have reasonably met.  *See* Dkt. 76 at 13

23  (asserting that the consent requirement of 18 U.S.C. § 2710(b)(2)(B) "is so burdensome for an online

24  VTSP it is essentially impossible"); Declaration of Jason Byttow, Dkt. 78, ¶ 42 (declaring that use of a

25  VPPA consent form, while not impossible, would "require substantial engineering work" and "would

26  degrade the user's experience").  Patreon argued on reply, moreover, that "the unnecessary burdens of

27  the VPPA's consent regime" were "unchallenged as a matter of fact" because Plaintiffs and the United

28  States offered "no admissible evidence" to show that Patreon could have realistically presented users

3

1  with the standalone consent form mandated by the VPPA.  Dkt. 117 at 26-27.  The supplemental

2  exhibits show:



PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD
CASE NO. 3:22-cv-03131-JCS

1  ███████████████████████████████████████

2  █ ████████████████████████████████████████████████

3  █████████████████████████████████████████████████████

4  ██████████████████████████████████████████████████████

5  █████████████████████████████████████████████████

6  ██████████████████████████████████████████████████

7  ███████████████████  █████████████████████████

8      This evidence supports Plaintiffs' position that it would not, in fact, have been "essentially

9  impossible" for Patreon to implement a consent procedure that complied with the VPPA, such as

10  through dedicated pop-up notifications.  Indeed, through ██████████████████████████████

11  ████████████████████████████████████████████████████

12  ████████  Ex. A (Smith Dep. at 106:23-107:3; Ex. B (Bilog Dep. at 118:23-119:8).  At a minimum,

13  therefore, this evidence shows that whether Patreon could have complied with the VPPA's consent

14  requirements is a triable issue of fact.  Accordingly, because the evidence directly bears on Patreon's

15  constitutional challenge, the first factor favors granting Plaintiffs' request.

16      Second, Plaintiffs have acted diligently in developing the record and make the request in good

17  faith.  Plaintiffs' deadline to file their opposition to Patreon's motion for summary judgment was

18  December 21, 2023.  Dkt. 99.  Plaintiffs are filing this motion promptly after deposing Patreon's former

19  senior engineering manager Jared Smith on January 12, 2024, and its former data and marketing

20  operations manager Jason Bilog on February 2, 2024, and prior to the close of fact discovery.  Grille

21  Decl., ¶ 3; Ex. A (Smith Dep. at 19:8-11); Ex. B (Bilog Dep. at 21:9-24).  *See Music Grp.*, 2015 WL

22  38824848, at *9 ("Courts have found good cause to supplement the summary judgment record with

23  evidence that was produced after the motion was filed.") (citation omitted); *see, e.g.*, *Yousefian*, 2023

24  WL 4106220, at *8 (granting motions to supplement the record where the depositions were conducted

25  after summary judgment briefing was completed).

---

27  [2] To "fire" a pixel means to load or execute it.  Hence, "pixel firing exception rules" refers to exceptions

28  to this default function, i.e., exceptions to instances in which the Pixel would automatically transmit user
information to Meta.

1   Plaintiffs issued subpoenas for Smith and Bilog's testimony on November 10, 2023, after

2   learning that Patreon's counsel represented these former employees.  Grille Decl., ¶ 4.  On November

3   30, Patreon stated that Bilog could be available for deposition January 31 or February 3, and that Smith

4   could be available January 12 or 26.  *Id.* ¶ 5.  Plaintiffs thus scheduled these depositions as soon as

5   possible, in line with counsel and the witnesses' earliest availability.  *Id.* ¶ 5.  While the deposition

6   exhibits were produced before Plaintiffs' summary judgment opposition was due, the relevance of the

7   exhibits' content became apparent only after the depositions were taken.  *Id.* ¶ 6.  Critically, the

8   meaning and importance of terminology used in these documents—such as ███████████████████

9   ████████████████████████████—were unclear to Plaintiffs until after the witnesses'

10  testimony describing these terms.  *Id*.  Furthermore, while Plaintiffs were aware before their opposition

11  was due that Smith and Bilog had knowledge relevant to Patreon's use of Pixel, Plaintiffs could not

12  predict the scope of their testimony regarding Patreon's ████████████████████████  *Id.*

13  Third, accepting the new evidence into the record would not unduly prejudice Patreon.  Rather

14  than making any new arguments, Plaintiffs seek to submit recently obtained evidence that calls into

15  question arguments Patreon has already made.  Patreon cannot credibly claim unfair surprise where the

16  evidence consists of the deposition testimony of former Patreon employees and its internal documents.

17  *See Tomlinson*, 2023 WL 1068579, at *1 (narrowness of request weighs in favor of granting leave).

18  Nor can Patreon credibly claim unfair prejudice when it did not make Smith and Bilog available for

19  deposition until after Plaintiffs' deadline for opposing summary judgment.  *See* Grille Decl. ¶ 5.  In

20  contrast, refusing to consider evidence rebutting Patreon's arguments would "not serve the interests of

21  justice []or the Court's duty to provide a fair and full adjudication of this matter on the merits."  *George*

22  *v. Nw. Mut. Life Ins. Co.*, No. C10-668-RSM, 2011 WL 3881476, at *4 (W.D. Wash. Sept. 1, 2011).

23  Plaintiffs satisfy the requirements of Rule 56(d) by identifying the specific facts that discovery

24  has revealed and explaining why they are essential to deciding Patreon's motion.  *See Uvalles*, 2012

25  WL 4083320, at *1 (discussing Rule 56(d) requirements).  As Plaintiffs have shown good cause under

26  Local Rule 7-3(d) and the Rule 56(d) elements are met, the Court should allow Plaintiffs to file the five

27  exhibits in support of their opposition to Patreon's summary judgment motion.  *See*, *e.g.*, *Elliott v.*

28  *Adknowledge, Inc.*, No. C 10-01495 JSW, 2012 WL 892182, at *3 n.1 (N.D. Cal. Mar. 14, 2012)

1  (granting "motion to supplement the record based on the after-acquired evidence."); *Therasense, Inc. v.*

2  *Becton, Dickinson & Co.*, 560 F. Supp. 2d 835, 840 n.3 (N.D. Cal. 2008) (same); *Morrow v. Ethicon,*

3  *Inc.*, No. C20-5062 BHS, 2020 WL 6076132, at *2 (W.D. Wash. Oct. 14, 2020) (granting leave to file

4  supporting evidence under Rule 56(e)(1)); *Shwiyat v. Martin Marietta Materials, Inc.*, No. 3:23-CV-

5  00283-JSC, 2023 WL 8811809, at *3 (N.D. Cal. Dec. 20, 2023) (same); *Tounget v. Valley-Wide*

6  *Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKx), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20,

7  2020) (permitting submission of additional evidence in opposition to summary judgment motion).

8  **V.    CONCLUSION**

9        For the foregoing reasons, Plaintiffs respectfully ask that the Court permit them to file the

10 attached supplemental exhibits in support of their opposition to Patreon's summary judgment motion.

11

12 Dated: February 23, 2024                          Respectfully submitted,

13                                                   /s/  *Simon S. Grille*

14                                                   Adam E. Polk (SBN 273000)
                                                     Simon Grille (SBN 294914)
15                                                   Trevor T. Tan (SBN 281045)
                                                     Reid Gaa (SBN 330141)
16                                                   **GIRARD SHARP LLP**
                                                     601 California Street, Suite 1400
17                                                   San Francisco, CA 94108
                                                     Telephone: (415) 981-4800
18                                                   apolk@girardsharp.com
                                                     sgrille@girardsharp.com
19                                                   ttan@girardsharp.com
                                                     rgaa@girardsharp.com
20

21                                                   *Attorneys for Plaintiffs*

22

23

24

25

26

27

28

PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD
CASE NO. 3:22-cv-03131-JCS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record. I also certify that I caused the under seal documents to be served on counsel *via electronic mail*.

/s/  *Simon S. Grille*
Simon S. Grille

PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD
CASE NO. 3:22-cv-03131-JCS