EXHIBIT F

| | |
|---|---|
| **From:** | Fred Norton |
| **To:** | Reid Gaa; Adam Polk; Simon S. Grille; Anthony (Tony) Rogari; Vigen, Leslie (CIV); Bailey, Clayton L. (CIV) |
| **Cc:** | Bree Hann; Nathan Walker; Celine Purcell; Gil Walton; Emily Kirk; Diana Abad |
| **Subject:** | RE: Stark v. Patreon |
| **Date:** | Friday, February 23, 2024 3:34:00 PM |

==EXTERNAL EMAIL==

Reid,

Please copy all members of Patreon's defense team (copied here) on emails concerning this matter.  I have also added Leslie Vigen and Clayton Bailey, as the United States is a party to the action and a responding party on the summary judgment motion.

We do not agree plaintiffs may supplement the record with these documents and testimony, after the conclusion of briefing on summary judgment.  To do so would be prejudicial to Patreon.

The three documents that you cite were produced to you in April and May of 2023, long before Patreon filed its motion for summary judgment.  They were available to you when you filed your opposition on December 21, 2023, but you chose not to include them.

As for the testimony of Mr. Smith and Mr. Bilog related to those same documents, you likewise were aware of both individuals and their relevance to the case long ago.  You mentioned both by name in your September 15, 2023 interrogatory responses in which you listed Patreon employees whom you contended had knowledge of the Meta Pixel.  You served a subpoena seeking Mr. Bilog's testimony on November 10, 2023, a week before Patreon had even served its summary judgment motion.  That same day, November 10, 2023, you emailed us and informed us of your desire to take Mr. Smith's deposition as well.  Nonetheless, you expressed no interest in obtaining their testimony before you filed your opposition on December 21, nor did you ask for a delay in the summary judgment briefing to allow you to take additional discovery related to the First Amendment issue.

Although Federal Rule of Civil Procedure 56(d) expressly permits a party to argue in opposition that summary judgment should be denied or a decision delayed so that the party opposing can obtain additional discovery, you made no such argument and attempted no showing under Rule 56(d) in your December 21 opposition.   I note that you recently filed a case management statement in another VPPA lawsuit in this district, Jackson v. Fandom, Inc., No. 4:22-cv-04423-JST, in which you asserted that you would respond to a threatened summary judgment motion by invoking Rule 56(d), so you obviously are aware of that procedural device.  Even if you had made a timely application under Rule 56(d) in this case in December, however, it would have been denied, as a party seeking relief under that provision "cannot complain if it fails diligently to pursue discovery before summary judgment," *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 524 (9th Cir. 1989).   You had every opportunity to pursue discovery about this issue in the months that preceded your summary judgment opposition, and you offer no explanation why

you did not.

Under these circumstances, courts in the Ninth Circuit routinely deny motions to supplement the record after briefing on summary judgment.

We also disagree with your assertion that belated submission of the three documents and the deposition excerpts you cite below would create any factual issue as to whether the VPPA "violates the First Amendment by imposing unduly burdensome consent requirements with which Patreon could not comply." Mr. Byttow's November 17 declaration set forth the specific requirements of the VPPA's consent regime and explained why it would be unduly burdensome to comply with those terms on a web-based platform like Patreon's. The documents and testimony you cite have nothing to do with the VPPA's consent requirements. Moreover, you assiduously avoided asking Mr. Smith and Mr. Bilog anything about the specific VPPA consent requirements or the obstacles that Mr. Byttow described in detail in his November 17 declaration. As a result, your supplemental submission would constitute nothing more than lawyer speculation that unrelated software tools used for unrelated purposes might have been deployed for a purpose that Mr. Byttow's unchallenged sworn declaration says would not have been feasible. Nonetheless, if you were granted permission to supplement the record, Patreon would have to be allowed a further opportunity to submit evidence and argument demonstrating why this speculation by plaintiffs' counsel is unsound. The agreed discovery schedule for the First Amendment issue, agreed summary judgment briefing schedule, and the escape valve of Rule 56(d) all serve to avoid last-gasp supplemental briefing on the eve of a dispositive motion hearing. There is no reason to depart from those procedures now.

If you nonetheless proceed with this improper motion to supplement the record, please include this email with your motion and note Patreon's opposition.

Regards,
Fred

---

**From:** Reid Gaa <rgaa@girardsharp.com>
**Sent:** Thursday, February 22, 2024 2:02 PM
**To:** Fred Norton <fnorton@nortonlaw.com>; Nathan Walker <nwalker@nortonlaw.com>
**Cc:** Celine Purcell <cpurcell@nortonlaw.com>; Adam Polk <apolk@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Anthony (Tony) Rogari <arogari@girardsharp.com>
**Subject:** Stark v. Patreon


Fred and Nate,

Recent discovery, listed below, has yielded information responsive to Patreon's argument that

the VPPA violates the First Amendment by imposing unduly burdensome consent requirements with which Patreon could not comply. So that the Court can decide Patreon's summary judgment motion with the benefit of a complete record, Plaintiffs believe supplementation of the record is warranted for the limited purpose of including the following documents and portions of the depositions of Jared Smith and Jason Bilog:

- Smith Dep. at 19:8-11
- Smith Dep. at 105:21-106:13
- Smith Dep. at 106:16-107:1
- Smith Dep. at 106:23-107:3
- Smith Dep. at 110:21-111:3
- Bilog Dep. at 21:9-24
- Bilog Dep. at 32:18-33:5
- Bilog Dep. at 36:4-15
- Bilog Dep. at 93:3-5
- Bilog Dep. at 118:23-119:8
- Bilog Dep. at 119:10-13
- Bilog Dep. at 118:21-119:8
- Bilog Dep. at 122:6-124:22
- Bilog Dep. at 125:13-128:2
- PATREON_005600-01
- PATREON_005845
- PATREON_005931

Please advise, by the close of business Friday, if Patreon will consent to supplementing the summary judgment record to include the above evidence. Absent a stipulation to this effect, Plaintiffs will seek leave to submit this evidence.

Thank you,
Reid

**Reid Gaa**
**GIRARD | SHARP**
601 California Street, Suite 1400
San Francisco, CA 94108
415.981.4800 (main)
415.544.6426 (direct)
rgaa@girardsharp.com
www.girardsharp.com