Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>    v.<br><br>PATREON, INC.,<br><br>          Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DEFENDANT PATREON, INC.'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF ITS OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD AND PORTIONS OF THE SUPPLEMENTARY DECLARATION OF JASON BYTTOW** |

1    TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

2         Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Patreon,

3    Inc. ("Patreon") moves the Court for an order granting leave to file under seal 1) portions of Patreon,

4    Inc.'s Opposition to Plaintiffs' Motion to Supplement the Summary Judgment Record and 2) portions of

5    the Supplemental Declaration of Jason Byttow in Support of Defendant Patreon, Inc.'s Motion for

6    Summary Judgment on Plaintiffs' VPPA Claims on the Ground That the VPPA Violates the First

7    Amendment.  Patreon submits the Declaration of Celine G. Purcell in support of this Motion to Seal,

8    which establishes that these portions of documents are sealable.

9         Pursuant to Local Rule 79-5(b), a party seeking to file under seal must demonstrate that "the

10   document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to

11   protection under the law."  Because there is a "general right" to public access to court records, a party

12   seeking to file under seal must offer "compelling reasons" for the requested sealing.  *Kamakana v. City*

13   *& Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  However, "'the right to inspect and copy

14   judicial records is not absolute' and, in particular, 'the common-law right of inspection has bowed

15   before the power of a court to insure that its records are not used ... as sources of business information

16   that might harm a litigant's competitive standing.'"  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th

17   Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

18         A party seeking sealing must narrowly tailor its request and "seek sealing only of sealable

19   material," L.R. 79-5(b).  Where possible, redaction, rather than sealing an entire document, serves to

20   further the objectives of L.R. 79-9(b).  *See id.*; *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015

21   WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) ("Defendant's proposed redactions are 'narrowly

22   tailored' to seal only sealable material, as required by Civil Local Rule 79–5.").

23         Courts considering requests for sealing under the "compelling reasons" standard in this Circuit

24   "have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed

25   product-specific financial information, customer information, internal reports and other such materials

26   that could harm a party's competitive standing." *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-

27   EJD, 2019 WL 8955362, at *1 (N.D. Cal. June 12, 2019) (granting in part Apple's motion to seal

28

1

internal and confidential testing and design information).  For example, the Ninth Circuit has held that a

licensing agreement containing "pricing terms, royalty rates, and guaranteed minimum payment

terms . . . plainly falls within the definition of 'trade secrets'" and was appropriate material for sealing.

*In re Elec. Arts, Inc.*, 298 F. App'x 568, 569-70 (9th Cir. 2008).  A "trade secret," for sealing purposes,

"may consist of any formula, pattern, device or compilation of information which is used in one's

business, and which gives him an opportunity to obtain an advantage over competitors who do not know

or use it."  *Id.* at 569-70; *see, e.g., Opperman v. Path, Inc.,* No.13-cv-00453-JST 2017 WL 1036652 at

*5 (N.D. Cal. Mar. 17, 2017) (granting a request to seal "competitively sensitive financial information"

concerning advertising expenses and specific revenue streams under the "compelling reasons" standard).

Here, Patreon seeks to seal portions of Mr. Byttow's supplemental declaration that discuss third-

party software Ketch, as well as portions of Patreon's opposition to Plaintiffs' motion to supplement the

summary judgment record that refer to Mr. Byttow's testimony.  The contract between Ketch and

Patreon stated:

> 16.2. Except as otherwise set forth in an Order Form, neither party will make any public
> statement relating to this Agreement without the prior written approval of the other,
> except that [Ketch] may include Customer's name and logo in its marketing, promotional
> materials, and customer lists.

Purcell Decl. ¶ 3.  Because of the expedited nature of this briefing, *see* Dkt. 132, Patreon has not had

time to obtain Ketch's approval of Mr. Byttow's supplemental declaration.  Purcell Decl. ¶ 3.

Accordingly, Patreon moves to seal the following text in the opposition and supplemental declaration

that describe Ketch:

| Document | Description | Portions Filed Under Seal |
|---|---|---|
| Opposition | Patreon, Inc.'s Opposition to Plaintiffs' Motion to Supplement the Summary Judgement Record | p. i:10-12<br>p. 2:8-12, 17-18, 24-25<br>p. 4:23-24<br>p. 5:16-18<br>p. 6: 25-26<br>p. 7:28-8:1<br>p. 8:25-26<br>p. 9:2-3, 8-10, 21-28<br>p. 10:1-14, 17-18 |
| Declaration | Supplemental Declaration of Jason Byttow in Support of Defendant Patreon, Inc.'s Motion for | p. 1:18-20, 23-27<br>p. 2:1-25<br>p. 3:11-22 |

2

| | Summary Judgment on Plaintiffs' VPPA Claims on the Ground That the VPPA Violates the First Amendment | |
|---|---|---|

Patreon's request for sealing is narrowly tailored because it seeks to seal only the confidential and sensitive information about Ketch at issue, including by using redactions, rather than the sealing of entire documents.  L.R. 79-5(b).

Accordingly, Patreon respectfully requests the Court seal the portions of the documents listed in the chart above.


Dated:  February 29, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Celine G. Purcell*

Celine G. Purcell

Attorneys for Defendant
PATREON, INC.