Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**PATREON, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD**<br><br>**REDACTED** |

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. PROCEDURAL AND FACTUAL BACKGROUND................................................... 2

III. ARGUMENT................................................................................................................... 5

    A. The Court Should Not Exercise Discretion To Supplement The Record Unless Plaintiffs Show Good Cause By Demonstrating That They Have Been Diligent And That Patreon Will Not Be Prejudiced ........................................................................ 5

    B. The Court Should Deny The Motion Because Plaintiffs Have Not Been Diligent ............ 6

    C. Granting The Motion Would Unfairly Prejudice Patreon........................................................ 8

    D. Plaintiffs' Newly Proffered Evidence Is Irrelevant Because Patreon ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Does Not Refute Mr. Byttow's Testimony ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ........................................................... 9

IV. CONCLUSION .............................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Courkamp v. Fisher-Price Inc.*,
  No. CV-19-02689-PHX-GMS, 2022 WL 4448323 (D. Ariz. Sept. 23, 2022) .................................. 6, 8

*Dutta v. State Farm Mut. Auto. Ins. Co.*,
  895 F.3d 1166 (9th Cir. 2018) ........................................................................................................ 9

*E.E.O.C. v. Peabody W. Coal Co.*,
  773 F.3d 977 (9th Cir. 2014) ....................................................................................................... 5, 7

*Fox v. Cnty. of Sacramento*,
  No. 2:11-CV-00419 JAM-KJ, 2012 WL 4056846 (E.D. Cal. Sept. 14, 2012) ............................. 6, 7

*Nakanelua v. United Pub. Workers, AFSCME, Loc. 646, AFL-CIO*,
  No. CV 20-00442 JAO-KJM, 2022 WL 174098 (D. Haw. Jan. 19, 2022) ................................. 6, 7, 8

*Stucky v. Dep't of Educ.*,
  337 F. App'x 611 (9th Cir. 2009) ............................................................................................. 5, 6, 7

*Udd v. City of Phoenix*,
  No. CV-18-01616-PHX-DWL, 2020 WL 1904638 (D. Ariz. Apr. 17, 2020) ................................. 6

**Statutes**

18 U.S.C. § 2701(b)(2)(B)(iii) ............................................................................................................ 9

**Rules**

Fed. R. Civ. P. 56(d) ...................................................................................................................... 4, 7

## I. INTRODUCTION

In its November 17, 2023, summary judgment motion, Patreon established that it is entitled to judgment as a matter of law on the ground that the VPPA is unconstitutional on its face and as applied. With respect to the as-applied challenge, as shown in Patreon's January 19, 2024 reply brief, there is no factual dispute that each Plaintiff affirmatively consented, in both the Patreon and the Meta terms of use, to the disclosure of their video viewing to Meta; that the VPPA's consent regime is unworkably burdensome; that disclosure of the title of a video on Patreon conveys little if anything about the video content; that Plaintiffs could have used available technology to prevent disclosures; and that the only injury Plaintiffs claim is the disclosure itself, nothing more. Dkt. 117 at 11-12. For each of those reasons, the VPPA fails strict scrutiny. *Id.* at 18-29.

Plaintiffs Brayden Stark and Judd Oostyen did not dispute any of those facts in their December 21, 2023 opposition and they do not seriously dispute them now. Instead, with the benefit of an additional three months of discovery, Plaintiffs have filed an eleventh-hour motion seeking leave to offer three documents and a few snippets of testimony to dispute just one narrow, discrete fact that they conceded before: it would have been exceedingly burdensome and disruptive to user experience to try to implement a VPPA-compliant consent regime, if it could have been done at all. But Plaintiffs are too late, their tactic prejudices Patreon, and in any event, their evidence fails to show what they claim. The Court should deny this gambit but in the end it does not matter. None of Plaintiffs' newly proffered evidence undermines, much less contradicts, the facts Patreon set out in its November motion. None of it demonstrates that consent in the form required by the VPPA was feasible for Patreon, or that the VPPA can withstand an as-applied challenge under the First Amendment.

In their motion, Plaintiff seek leave to supplement the record with (1) three documents Patreon produced to Plaintiffs almost ten months ago, in April and May 2023; (2) deposition testimony Plaintiffs obtained from former Patreon employee Jared Smith six weeks ago, on January 12, 2024; and (3) similar deposition testimony that Plaintiffs obtained from former Patreon employee Jason Bilog over three weeks ago, on February 2, 2024. Plaintiffs contend – incorrectly – that this newly presented evidence about a third-party software tool, Ketch, rebuts the evidence and argument in Patreon's November 17, 2023, summary judgment motion that it would be impracticable, if not impossible, to comply with the

1

VPPA's specific consent requirements on a web-based platform like Patreon's.

The Court should exercise its discretion to deny the motion for three reasons: (1) Plaintiffs admit they must show diligence to obtain the relief they seek, and they have *not* been diligent; (2) allowing Plaintiffs to offer this evidence now, after Patreon has already filed its summary judgment reply, would unfairly prejudice Patreon by denying it a meaningful opportunity to respond to that evidence as it would have done had Plaintiffs raised this issue in their December 21 opposition as they could have done; and (3) the newly offered evidence does *not* rebut the declaration by Patreon's Jason Byttow at all; ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and avoided asking any questions about the substance of Mr. Byttow's declaration. As a result, even now Plaintiffs do not have contrary evidence that would defeat summary judgment. Plaintiffs understandably are desperate for an argument – any argument – that would defeat summary judgment. They have not found it in these irrelevant documents and testimony.

If the Court does nonetheless permit Plaintiffs to introduce a new argument ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (and it should not), the Court must mitigate the prejudice to Patreon by considering Patreon's evidence and argument in response. Pursuant to the Court's *sua sponte* order, Dkt. 132, Patreon has been compelled to locate and present this evidence in fewer than six days, far less time than it would have had if Plaintiffs had been diligent and had complied with the scheduling and briefing order. Nonetheless, and without waiving its objection to the shortening of time for its response and the resulting prejudice, Patreon is submitting a supplemental declaration from Mr. Byttow explaining ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ If the Court considers Plaintiffs' late evidence, it should consider Patreon's response to that evidence as well.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

On February 17, 2023, the Court denied Patreon's motion to dismiss the VPPA claims on First

2

Amendment grounds, noting the VPPA was subject to strict scrutiny that would be better analyzed on a more developed factual record. Dkt. 59 at 25. On April 21, 2024, the Court accepted and so-ordered the parties' stipulated schedule for conducting discovery on the First Amendment question and resolving that issue before deciding class certification or other merits issues. Dkt. 67. That order provided that fact discovery related to the First Amendment issue would conclude on September 22, 2023. *Id.*

Over the spring and summer, the parties conducted discovery related to the constitutionality of the VPPA under the First Amendment, as well as other merits discovery. Declaration of Fred Norton, ¶ 3. Even before then, Patreon had been producing documents, beginning in October 2022. *Id*. Plaintiffs' motion here concerns three documents, bearing Bates numbers PATREON_005600, PATREON_005931, and PATREON_005845. The first of these documents was produced ***on April 5, 2023***, and the latter two were produced on ***May 25, 2023***, all more than eight months ago. *Id*.

During the summer of 2023, Plaintiffs also took depositions of Patreon employees, individually and as Rule 30(b)(6) witnesses. Those depositions included that of Mr. Byttow, a software engineer who was designated to testify on a variety of topics, including "[t]he manner in which Terms and/or Policies on YOUR website are presented to and/or reviewed by YOUR SUBSCRIBERS, from April 1, 2016 through 2022," and "YOUR policies, processes, and procedures relating to collection and/or DISCLOSURE of PERSONALLY IDENTIFIABLE INFORMATION and VIDEO VIEWING BEHAVIOR." *Id.* ¶ 5. At no time did Plaintiffs seek to extend the September 22 deadline to conclude discovery on the First Amendment issue. *Id*. ¶ 6.

On November 17, 2023, pursuant to the case management order, Patreon moved for summary judgment on the constitutionality of the VPPA, relying on the record the parties had established in discovery. *Id.* ¶ 7. Patreon's motion included the argument that the VPPA is unconstitutional as applied to Patreon because the statute's particularized consent regime is "so burdensome for an online VTSP it is essentially impossible." Dkt. 76 at 21; *see also id.* at 26. That argument was supported by a declaration from Mr. Byttow explaining how the requirements of VPPA consent, including but not limited to revocation at will by the consumer at any time and on a case-by-case basis, "would (1) require substantial engineering work, and (2) degrade the user's experience on the website, if it were possible at all." Dkt. 78 ¶¶ 40-42.

3

1  After Patreon filed its motion for summary judgment making this argument, Plaintiffs did not ask
2  to re-open discovery to address any issue, including the excess burdens of obtaining VPPA-compliant
3  consent described in Mr. Byttow's declaration.  Norton Decl. ¶ 8.  On November 10, Plaintiffs inquired
4  about scheduling depositions of some current and former Patreon employees, including Mr. Smith and
5  Mr. Bilog, both of whom Plaintiffs had identified as knowledgeable about Patreon's use of the Pixel
6  even earlier, in interrogatory responses Plaintiffs served on September 15, 2023.  *Id*.  Plaintiffs did not
7  propose any date for Mr. Smith's deposition and did not ask to take it before their summary judgment
8  opposition was due on December 21.  *Id*.  On November 10, Plaintiffs did serve a notice for Mr. Bilog's
9  deposition with a date of December 15, 2023, but their cover letter for the subpoenas stated, "Please note
10 that the dates on the deposition notices are placeholders for now, so that we can confer and find a
11 mutually agreeable date for each." *Id*.  Once again, Plaintiffs never requested to schedule either
12 deposition before their summary judgment opposition was due.  *Id*.

13  Plaintiffs filed their summary judgment opposition on December 21, 2023.  Plaintiffs did not
14 make any argument under Fed. R. Civ. P. 56(d) that they could obtain evidence to defeat summary
15 judgment if permitted additional discovery.  Plaintiffs also did not dispute Mr. Byttow's declaration
16 about the technical obstacles to obtaining VPPA-compliant consent.  Rather, they argued that *other*
17 websites use pop-up windows to obtain consent for *other* purposes and speculated Patreon could have
18 done the same for the VPPA. Dkt. 100 at 15.  In support of that claim, Plaintiffs chose not to offer any
19 documents Patreon had produced about how *Patreon* used pop-up windows, nor did they try to obtain
20 testimony on the topic.  Instead, they just submitted screenshots of pop-up windows on other unrelated
21 websites, like Westlaw.  *Id.*; Dkt. 100-06-13.

22  On January 12, 2024, Plaintiffs took the deposition of Mr. Smith and elicited the testimony they
23 offer now about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
24 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Dkt. 128-04 at 106:6-13; 128-05 at 36:4-15.  Plaintiffs did not seek to
25 supplement the record at that time.

26  On January 19, 2024, Patreon filed its reply in support of summary judgment.  With respect to
27 the VPPA's burdensome consent requirements, Patreon relied on the undisputed record as it existed, and
28 thus argued that "the unnecessary burdens of the VPPA's consent regime are substantial and

4

PATREON, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD
CASE NO. 3:22-CV-03131-JCS

1  unchallenged as a matter of fact." Dkt. 117 at 11; *see also id.* at 27 (quoting undisputed Byttow
2  declaration). Patreon further noted that none of Plaintiffs' evidence about pop-up windows was
3  responsive to Mr. Byttow's actual declaration, particularly with respect to the challenges of obtaining
4  consent on a case-by-case basis and of providing for revocation of consent at any time. *Id.*

5  Two weeks later, on February 2, 2024, Plaintiffs took the deposition of Mr. Bilog, elicited
6  additional detail about Ketch, and showed him one of the three documents that they now seek to add to
7  the record. Dkt. 128-05. Still, they did not move to supplement the record for three more weeks,
8  waiting until the evening of Friday, February 23 to seek relief. (Plaintiffs did not even raise the issue
9  with Patreon until the afternoon of February 22. Norton Decl. ¶ 9).

10 Plaintiffs have now moved to supplement the record with additional irrelevant evidence about
11 pop-up windows. While the newly proffered evidence does at least concern **Patreon's** use of pop-up
12 windows, Plaintiffs' argument is still unresponsive to the evidence Mr. Byttow offered in his original
13 declaration. Use of a pop-up window to obtain case-by-case consent to disclosure of PII about a video,
14 subject to revocation at will, would not be effective, would not be practicable, and would degrade the
15 user's experience. *See* Supplemental Declaration of Jason Byttow ("Supp. Byttow Decl.") ¶¶ 9-11.
16 Indeed, Patreon ▌
17 ▌
18 ▌ *Id.* ¶¶ 7-8.

19 **III.   ARGUMENT**

20   **A.   The Court Should Not Exercise Discretion To Supplement The Record Unless
21         Plaintiffs Show Good Cause By Demonstrating That They Have Been Diligent And
             That Patreon Will Not Be Prejudiced**

22 Patreon and Plaintiffs agree the party seeking to supplement the record after summary judgment
23 briefing is complete must show "good cause" and the decision whether to permit the late addition to the
24 record is committed to the discretion of the district court. Dkt. 129 at 3; *see E.E.O.C. v. Peabody W.*
25 *Coal Co.*, 773 F.3d 977, 990 (9th Cir. 2014) (affirming district court's denial of request to supplement
26 record); *Stucky v. Dep't of Educ.*, 337 F. App'x 611, 613 (9th Cir. 2009) (same).

27 As Plaintiffs also recognize, district courts of course have discretion to deny a motion to
28 supplement when the party seeking that relief has failed to act with diligence. *See, e.g.*, *E.E.O.C.*, 773

5

F.3d at 990 (affirming denial where, at "the time of the EEOC's eleventh-hour motion, the motions to dismiss and for summary judgment had been pending for several months" and the information had been in the EEOC's possession for years); *Stucky*, 337 F. App'x at 613 (affirming denial where moving party "presented no evidence indicating that the deposition could not have been taken sooner."); *Nakanelua v. United Pub. Workers, AFSCME, Loc. 646, AFL-CIO*, No. CV 20-00442 JAO-KJM, 2022 WL 174098, at *2 (D. Haw. Jan. 19, 2022) (denying motion to supplement and observing that "the central question here is whether Plaintiffs demonstrated the requisite diligence. The Court finds that they have not."); *Fox v. Cnty. of Sacramento*, No. 2:11-CV-00419 JAM-KJ, 2012 WL 4056846, at *2 (E.D. Cal. Sept. 14, 2012) (denying motion on grounds that "Plaintiffs' supplement in this case is simply a late effort to do what could have, and should have been done earlier."). Courts have also found a lack of diligence where, as here, a party resisting summary judgment was aware of the factual contention and the need to dispute it, but waited months to seek additional information to oppose the summary judgment motion. *See Courkamp v. Fisher-Price Inc.*, No. CV-19-02689-PHX-GMS, 2022 WL 4448323, at *2 (D. Ariz. Sept. 23, 2022) (plaintiff failed to show diligence where fact discovery closed October 1, 2021, summary judgment motion filed November 19, 2021, yet plaintiff waited until January 19, 2022 to raise the issue).

In deciding whether to allow a party to supplement the record, the district court must also consider "whether allowing supplementation would unfairly prejudice the non-moving party." *Udd v. City of Phoenix*, No. CV-18-01616-PHX-DWL, 2020 WL 1904638, at *2 (D. Ariz. Apr. 17, 2020). *See also Nakanelua*, 2022 WL 174098, at *3 (denying motion to supplement because "allowing Plaintiff to supplement the record now would prejudice Defendants.").

### B. The Court Should Deny The Motion Because Plaintiffs Have Not Been Diligent

Plaintiffs were not diligent in pursuing the evidence that they ask the Court to consider now. ***First***, well before Plaintiffs filed their summary judgment opposition motion on December 21, 2023, ███████████████████████████████████████████████████████████████████████████████████████ Norton Decl ¶ 4. The three documents that Plaintiffs ask the Court to consider now were produced to Plaintiffs in April and May 2023. *Id.* ¶ 3. Yet Plaintiffs ask the Court to excuse their lack of diligence by asserting that "the

6

1  meaning and importance of terminology used in those documents were unclear to Plaintiffs until after
2  the witnesses' testimony describing the terminology." Dkt. 129-1 (Grille Decl.) ¶ 6. Ketch is not a
3  code-word, it is a company with a website – www.ketch.com – that Plaintiffs easily could have accessed
4  to understand the product. They also could have asked Mr. Byttow about it at his deposition in July
5  2023, or sought the depositions of current or former Patreon employees – like Mr. Smith or Mr. Bilog –
6  during the months that were dedicated to discovery on the First Amendment issue. Plaintiffs' failure to
7  do *any* of these things is not diligence. *See E.E.O.C.*, 773 F.3d at 990; *Stucky*, 337 F. App'x at 613;
8  *Nakanelua*, 2022 WL 174098, at *2.

9  Plaintiffs also were not diligent in pursuing the testimony of Mr. Smith and Mr. Bilog. By
10  September 15, 2022, Plaintiffs had included the names of those former Patreon employees in their
11  responses to interrogatories as persons knowledgeable about the Pixel. Norton Decl. ¶ 8. By that time
12  Plaintiffs also had communications that included those former employees and referred to Ketch, pop-up
13  windows, and the Meta Pixel. *Id.* ¶ 4. Yet Plaintiffs did not even ask for those depositions until
14  November 10, 2023, well after the close of fact discovery on the First Amendment question. *Id.* ¶ 8.
15  Despite having this information *and* knowing they would argue that Patreon could easily obtain VPPA-
16  compliant consent with a pop-up window in their summary judgment opposition, Plaintiffs still did
17  nothing to obtain testimony from Mr. Smith, Mr. Bilog, or anybody else before they filed their
18  opposition on December 21. While Plaintiffs argue that they took the depositions of these witnesses as
19  soon as schedules permitted, the truth is that they did not care when the depositions were scheduled and
20  simply took the dates that were offered without ever suggesting there was any urgency to it. This is also
21  not diligence. *See E.E.O.C.*, 773 F.3d at 990; *Stucky*, 337 F. App'x at 613; *Nakanelua*, 2022 WL
22  174098, at *2; *Fox*, 2012 WL 4056846, at *2.

23  And Plaintiffs were not diligent in filing this motion. They knew on November 17, when
24  Patreon filed its summary judgment motion, that they had no real evidence or argument to respond to
25  Mr. Byttow's testimony. But they did not argue in their opposition, under Federal Rule of Civil
26  Procedure 56(d), that the Court should deny or delay decision on the motion to allow them to develop
27  their "pop-up window" theory through more discovery. Even by their own account, by January 12,
28  when Mr. Smith was deposed, ███████████

7

PATREON, INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD
CASE NO. 3:22-CV-03131-JCS

[REDACTED] Still they did not file a motion. By February 2, with the deposition of Mr. Bilog, Plaintiffs had every piece of information they want to add to the record now. But still they waited three more weeks to raise the issue, in a motion filed at 10:39 p.m. on a Friday night. That is not diligence. *See Courkamp*, 2022 WL 4448323, at *2 (plaintiff who acted more quickly than Plaintiffs here in raising issue still failed to act with diligence).

"[T]he central question here is whether Plaintiffs demonstrated the requisite diligence." *Nakanelua*, 2022 WL 174098, at *2. The answer to that question is no. The Court should deny the motion.

### C. Granting The Motion Would Unfairly Prejudice Patreon

In contrast to Plaintiffs, Patreon has fully complied with the scheduling order and offered all of the evidence in support of its summary judgment motion when it filed on November 17. To allow Plaintiffs to add new evidence to the record now, just two weeks before the summary judgment hearing, would unfairly prejudice Patreon.

*First*, under the stipulated briefing schedule, Patreon would have had ***four weeks*** to respond to factual arguments that Plaintiffs actually raised in their opposition. By waiting until now, when the summary judgment hearing is imminent, Plaintiffs would either deny Patreon all opportunity to respond to their untimely argument, or compel Patreon to respond on the merits in a matter of just days, rather than the weeks that had been agreed to.

*Second*, Patreon appreciates that this motion raises a single issue, not the full scope of the summary judgment opposition. But the surprise nature of the argument, and the reliance on former employees, prejudices Patreon as well. With significant effort, Patreon and its counsel have set aside other business to obtain a supplemental declaration from Mr. Byttow that demonstrates that Plaintiffs' newly proffered evidence changes nothing. But if Patreon had more time – the time it would have had under the scheduling order – it could have done still more. Plaintiffs pointedly did ***not*** ask Mr. Bilog or Mr. Smith if [REDACTED] With more time, Patreon could have consulted with those former employees and could have obtained declarations that corroborated Mr. Byttow's declaration. Norton Decl. ¶ 10. But those individuals no longer work for Patreon, are not under its control, and

8

cannot be forced to ignore their current jobs and cooperate on this expedited timeline. *Id.* With more time, Patreon also could have searched its records for additional documents ████████ ████████████████████████████████████████████████████████████████ *Id.* ¶ 11. None of this should be necessary, as none of Plaintiffs' supplemental evidence refutes Mr. Byttow's original, detailed declaration. But Plaintiffs clearly intend to argue otherwise, and to so on a record that may be incomplete and lack context specifically because of Plaintiffs' delay and lack of diligence, not anything Patreon has done. That is prejudice.

**D.** ████████████████████████████████ **Patreon Never Tried To** ████████████████████████████████████████████████ **Does Not Refute Mr. Byttow's Testimony** ████████████████████████████████████████ ████████████████████████████

For all the reasons given above, the Court should deny the motion to supplement. And even if the Court did grant the motion, none of the evidence or testimony Plaintiffs offer now, or even Plaintiffs' argument, says Ketch could have been used to implement "case by case" withdrawal of consent as the VPPA requires. 18 U.S.C. § 2701(b)(2)(B)(iii).

But if the Court does grant the motion, fairness demands Patreon be given a chance to respond with evidence and argument to demonstrate why this newly proffered evidence does not create any material issue of fact to defeat summary judgment. *See, e.g.*, *Dutta v. State Farm Mut. Auto. Ins. Co.*, 895 F.3d 1166, 1172 (9th Cir. 2018) ("Mitigation of any unfairness, following objection, may take the form of granting the objecting party leave to file a sur-reply opposition to the new matter.").

As Mr. Byttow explains, Ketch is data-privacy software supplied by an eponymous company. Supp. Byttow Decl. ¶ 6. ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮
11 ▮
12 ▮
13 ▮
14 ▮

As Mr. Byttow's Supplemental Declaration establishes, Plaintiffs' supplemental evidence is largely irrelevant. To the extent it is relevant at all, it establishes the opposite of what Plaintiffs want to argue: ▮ *Id*. ¶¶ 3, 7-11. Plaintiffs have no evidence that VPPA-compliant consent is feasible at all, and their one, speculative solution – pop-up windows – is a proven failure.

**IV.   CONCLUSION**

Plaintiffs have failed to show good cause for leave to supplement the record. They have not acted diligently, granting the motion prejudices Patreon, and the evidence – even if it were admitted – fails to rebut any material fact on which Patreon relied in moving for summary judgment. The Court should deny the motion to supplement the record and grant Patreon's motion for summary judgment.

Dated: February 29, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*
Fred Norton

Attorneys for Defendant
PATREON, INC.