Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br>   v.<br><br>PATREON, INC.,<br><br>            Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DECLARATION OF FRED NORTON IN SUPPORT OF DEFENDANT PATREON'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD** |

I, Fred Norton, declare as follows:

1.	I am an attorney admitted to practice law in California and before this Court. I am a partner at The Norton Law Firm PC and counsel of record for Defendant Patreon, Inc. Except where otherwise stated, the statements in this declaration are based on my own personal knowledge and, if called to do so, I could and would testify competently to them.

2.	On February 17, 2023, the Court denied Patreon's motion to dismiss the VPPA claims on First Amendment grounds, noting the VPPA was subject to strict scrutiny that would be better analyzed on a more developed factual record. Dkt. 59 at 25. On April 21, 2024, the Court accepted and so-ordered the parties' stipulated schedule for conducting discovery on the First Amendment question and resolving that issue before deciding class certification or other merits issues. Dkt. 67. That order provided that fact discovery related to the First Amendment issue would conclude on September 22, 2023. *Id.*

3.	Over the spring and summer, the parties conducted discovery related to the constitutionality of the VPPA under the First Amendment, as well as other merits discovery. Even before then, Patreon had been producing documents, beginning in October 2022. On April 5, 2023, Patreon produced a number of documents including the document with the beginning bates stamp: PATREON_005600. On May 25, 2023, Patreon produced another set of documents including the following two documents with beginning bates stamps PATREON_005931 and PATREON_005845, respectively. These are the three documents that mention the Ketch software Plaintiffs now seek to supplement the record with – more than eight months after the documents were produced.

4.	These three examples are not the only documents Patreon produced that mention the Ketch software. Indeed, well before Plaintiffs filed their summary judgment opposition motion on December 21, 2023, Patreon had produced 60 separate documents that mentioned Ketch or its previous name, Switchbit, including documents that made reference to Ketch's use of "pop-up windows."

5.	During the summer of 2023, Plaintiffs also took depositions of Patreon employees, individually and as Rule 30(b)(6) witnesses. Those depositions included the August 1, 2023 deposition of Jason Byttow, a software engineer who was designated to testify on a variety of topics, including

1

"[t]he manner in which Terms and/or Policies on YOUR website are presented to and/or reviewed by YOUR SUBSCRIBERS, from April 1, 2016 through 2022," and "YOUR policies, processes, and procedures relating to collection and/or DISCLOSURE of PERSONALLY IDENTIFIABLE INFORMATION and VIDEO VIEWING BEHAVIOR."

6. At no time did Plaintiffs seek to extend the September 22, 2023 deadline to conclude discovery on the First Amendment issue.

7. On November 17, 2023, pursuant to the case management order, Patreon moved for summary judgment on the constitutionality of the VPPA, relying on the record the parties had established in discovery. Patreon's motion included the argument that the VPPA is unconstitutional as applied to Patreon because the statute's particularized consent regime is "so burdensome for an online VTSP it is essentially impossible." Dkt. 76 at 21; *see also id.* at 26. That argument was supported by a declaration from Mr. Byttow explaining how the requirements of VPPA consent, including but not limited to revocation at will by the consumer at any time, "would (1) require substantial engineering work, and (2) degrade the user's experience on the website, if it were possible at all." Dkt. 78 ¶¶ 40-42.

8. After Patreon filed its motion for summary judgment making this argument, Plaintiffs did not ask to re-open discovery to address any issue, including the excess burdens of obtaining VPPA-compliant consent described in Mr. Byttow's declaration. On November 10, Plaintiffs inquired about scheduling depositions of some current and former Patreon employees, including former Patreon employees Jared Smith and Jason Bilog, both of whom Plaintiffs identified as knowledgeable about Patreon's use of the Pixel even earlier, in interrogatory responses Plaintiffs served on September 15, 2023. Plaintiffs did not propose any date for Mr. Smith's deposition and did not ask to take it before their summary judgment opposition was due on December 21. On November 10, 2023, Plaintiffs did serve a notice for Mr. Bilog's deposition with a date of December 15, 2023, but their cover letter for the subpoenas stated, "Please note that the dates on the deposition notices are placeholders for now, so that we can confer and find a mutually agreeable date for each." Once again, Plaintiffs never requested to schedule any depositions before their summary judgment opposition was due.

9. On February 2, 2024, Plaintiffs took the deposition of Mr. Bilog, elicited additional detail

2

about Ketch, and showed him one of the three documents that they now seek to add to the record.  Dkt. 128-05.  Still, they did not move to supplement the record for three more weeks, waiting until the evening of Friday, February 23 to seek relief.   Indeed, Plaintiffs did not even raise the issue with Patreon until the afternoon of Thursday February 22 at approximately 2 pm, when counsel for Plaintiffs, Reid Gaa, emailed asking Patreon whether it would consent to Plaintiffs supplementing the record and giving Patreon a deadline of close of business on Friday February 23 – the next day – to do so.

10. Patreon was able to obtain a declaration from current Patreon employee, Jason Byttow, in response to Plaintiffs' motion to supplement, but, due to the short time in which it had to respond (six days) and the fact that they are no longer employed by Patreon, Patreon did not obtain declarations from Mr. Bilog and Mr. Smith.  With more time, Patreon could have consulted with those former employees and obtained declarations corroborating Mr. Byttow's declaration.  Those individuals no longer work for Patreon, are not under its control, and cannot be forced to ignore their current jobs and cooperate on this expedited timeline.

11. With more time, Patreon also could have searched its records for additional documents regarding Ketch to support Mr. Byttow's declaration and counter Plaintiffs' arguments on a cherry picked record.

I declare under penalty of perjury and the laws of the United States that the statements in this declaration are true and correct to the best of my knowledge, and that this declaration was executed on February 29, 2024 in Oakland, California.

*/s/ Fred Norton*
Fred Norton

3

DECLARATION OF FRED NORTON IN SUPPORT OF DEFENDANT PATREON'S OPPOSITION TO PLAINTIFFS' MOTION TO SUPPLEMENT THE MOTION FOR SUMMARY JUDGMENT RECORD
CASE NO. 3:22-CV-03131-JCS