Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DEFENDANT PATREON, INC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD** |

1   TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

2           On March 6, 2023, Plaintiffs filed their Reply in Support of Their Motion to Supplement the

3   Summary Judgement Record.  Dkt. 140.  In conjunction with their Reply, Plaintiffs also filed a Motion

4   to Consider Whether Another Party's Materials Should be Filed Under Seal.  Dkt. 139.

5           Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Patreon,

6   Inc. ("Patreon"), moves the Court for an order granting leave to file under seal portions of Dkt. 140,

7   Plaintiffs' Reply in Support of Their Motion to Supplement the Summary Judgment Record.  Patreon

8   concurrently submits the Declaration of Celine G. Purcell in support of this Motion to Seal, which

9   establishes portions of the Reply are sealable.[1]

10          Pursuant to Local Rule 79-5(b), a party seeking to file under seal must demonstrate that "the

11  document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to

12  protection under the law."  Because there is a "general right" to public access to court records, a party

13  seeking to file under seal must offer "compelling reasons" for the requested sealing.  *Kamakana v. City

14  & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  However, "'the right to inspect and copy

15  judicial records is not absolute' and, in particular, 'the common-law right of inspection has bowed

16  before the power of a court to insure that its records are not used ... as sources of business information

17  that might harm a litigant's competitive standing.'"  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th

18  Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

19          A party seeking sealing must narrowly tailor its request and "seek sealing only of sealable

20  material," L.R. 79-5(b).  Where possible, redaction, rather than sealing an entire document, serves to

21  further the objectives of L.R. 79-9(b).  *See id.*; *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015

22  WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) ("Defendant's proposed redactions are 'narrowly

23  tailored' to seal only sealable material, as required by Civil Local Rule 79–5.").

24          Courts considering requests for sealing under the "compelling reasons" standard in this circuit

25  "have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed

26

27  [1] Because L.R. 79-5 requires that this Court enter an order based on specific findings, Patreon has not

28  sought a stipulation to file under seal as noted in L.R. 7-11.

product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2019 WL 8955362, at *1 (N.D. Cal. June 12, 2019) (granting in part Apple's motion to seal internal and confidential testing and design information).  For example, the Ninth Circuit has held that a licensing agreement containing "pricing terms, royalty rates, and guaranteed minimum payment terms . . . plainly falls within the definition of 'trade secrets'" and was appropriate material for sealing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008).  A "trade secret," for sealing purposes, "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* at 569-70; *see, e.g. Opperman v. Path, Inc.*, No.13-cv-00453-JST 2017 WL 1036652 at *5 (N.D. Cal. Mar. 17, 2017) (granting a request to seal "competitively sensitive financial information" concerning advertising expenses and specific revenue streams under the "compelling reasons" standard).

Here, Patreon seeks to seal portions of Plaintiffs' Reply in Support of Their Motion to Supplement the Summary Judgment Record that discuss third party software Ketch and reference various information and arguments filed under seal in Patreon's Opposition to Plaintiffs' Motion to Supplement the Summary Judgment Record.  The contract between Ketch and Patreon stated:

> 16.2. Except as otherwise set forth in an Order Form, neither party will make any public statement relating to this Agreement without the prior written approval of the other, except that [Ketch] may include Customer's name and logo in its marketing, promotional materials, and customer lists.

Purcell Decl. ¶ 3.  Patreon has not obtained Ketch's approval.  *Id*. Accordingly, Patreon moves to seal the following text in Plaintiffs' Reply:

| Document | Description | Designating Party |
|---|---|---|
| Reply | Plaintiffs' Reply in Support of Motion to Supplement the Summary Judgment Record: Page 2, lines 27-28; Page 3, lines 6-7, 9, 11; Page 4, lines 2-4, 6, 15-16 | Patreon, Inc. |

1    Patreon's request for sealing is narrowly tailored because it seeks to seal only the confidential

2  and sensitive information at issue, including by using redactions, rather than the sealing of entire

3  documents.  L.R. 79-5(b).

4

5   Dated:  March 13, 2024                    Respectfully submitted,

6                                             THE NORTON LAW FIRM PC

7                                             */s/ Celine G. Purcell*

8                                             Celine G. Purcell

9                                             Attorneys for Defendant
                                              PATREON, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PATREON'S ADMIN. MTN TO SEAL PORTIONS OF PLTFS' REPLY ISO THEIR MTN. TO SUPP. THE SUMMARY JUDGMENT RECORD
CASE NO. 3:22-CV-03131-JCS