UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYDEN STARK, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>PATREON, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-03131-JCS<br><br>**ORDER RE ADMINISTRATIVE MOTIONS AND ORDER TO SHOW CAUSE**<br><br>Re: Dkt. Nos. 139, 145, 147 |

　　　　Patreon has alerted the Court that its administrative motion to file under seal, dkt. no. 145, was intended as a response to Plaintiffs' administrative motion to consider whether another party's material should be sealed, dkt. no. 139. Pursuant to Civil Local Rule 79-5(f)(3), where a motion to consider whether another party's material should be sealed has been filed, the proper procedure is for the designating party to file a "statement and/or declaration as described in [79-5(c)(1)]," rather than filing its own sealing motion. As Patreon's motion is a mirror image of Plaintiffs' motion, the Court expunges the Order to Show Cause (dkt. no. 147) and addresses the merits of the two motions.

　　　　The motions seek to seal material in Plaintiffs' reply on its motion to supplement the record that is protected under a contract with a third party, Ketch. In particular, Patreon has offered a declaration establishing that the contract between Ketch and Patreon requires that Patreon obtain Ketch's prior written approval to disclose the material sought to be sealed. *See* Purcell Decl. (dkt. no. 145-1) ¶ 3. The Court previously granted a similar request as to material contained in Patreon's opposition papers that Patreon represented was subject to the same non-disclosure provision based on Patreon's representation that it had not had time to secure Ketch's

approval due to the expedited briefing ordered by the Court in connection with Plaintiffs' motion to supplement the record. *See* dkt. no. 133 at 2. Having given Patreon only three days to respond to Plaintiffs' motion to supplement the record, the Court found that sealing disclosures about Ketch in Patreon's Opposition papers that were covered by the parties' non-disclosure agreement was warranted.

In contrast, Plaintiffs' administrative motion to seal material relating to Ketch in their reply on their motion to supplement the record was filed on March 6, 2024 and Patreon had a full week to seek Ketch's permission to disclose the material sought to be sealed. There is nothing in the declaration from Patreon that addresses why it could not have obtained Ketch's approval and/or what efforts Patreon made to obtain Ketch's approval during this period. Therefore, the motions are DENIED without prejudice. The material at issue shall remain provisionally under seal and Patreon may, within thirty (30) days, bring a renewed motion to seal with evidence showing that it has made reasonable efforts to obtain permission from Ketch to disclose the material and has been unable to do so. In the alternative, should Ketch agree to the disclosure of any of the material sought to be sealed, Patreon shall file a declaration informing the Court of that fact within the same time period.

**IT IS SO ORDERED.**

Dated: March 18, 2024

JOSEPH C. SPERO
United States Magistrate Judge