Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DEFENDANT PATREON, INC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF PATREON, INC.'S RESPONSE TO SUPPLEMENTAL EVIDENCE OFFERED BY PLAINTIFFS IN CONNECTION WITH PATREON'S MOTION FOR SUMMARY JUDGMENT AND DECLARATIONS IN SUPPORT THEREOF** |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Patreon, Inc. ("Patreon"), moves the Court for an order granting leave to file under seal portions of:

(1) Patreon, Inc.'s Response To Supplemental Evidence Offered By Plaintiffs In Connection With Patreon's Motion For Summary Judgment;

(2) Declaration of Jason Bilog filed in support thereof;

(3) Declaration of Jared Smith filed in support thereof; and

(4) Declaration of Christopher Eppstein filed in support thereof.

Patreon concurrently submits the Declaration of Celine G. Purcell in support of this Motion to Seal, which establishes portions of these documents are sealable.[1]

Pursuant to Local Rule 79-5(b), a party seeking to file under seal must demonstrate that "the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Because there is a "general right" to public access to court records, a party seeking to file under seal must offer "compelling reasons" for the requested sealing. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). However, "'the right to inspect and copy judicial records is not absolute' and, in particular, 'the common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing.'" *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

A party seeking sealing must narrowly tailor its request and "seek sealing only of sealable material," L.R. 79-5(b). Where possible, redaction, rather than sealing an entire document, serves to further the objectives of L.R. 79-9(b). *See id.*; *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) ("Defendant's proposed redactions are 'narrowly tailored' to seal only sealable material, as required by Civil Local Rule 79–5.").

---

[1] Because L.R. 79-5 requires that this Court enter an order based on specific findings, Patreon has not sought a stipulation to file under seal as noted in L.R. 7-11.

1

DEF. PATREON, INC'S ADMIN. MTN. TO SEAL PORTIONS OF PATREON'S OPP. TO SUPP. EVIDENCE AND DECLS ISO
CASE NO. 3:22-CV-03131-JCS

Courts considering requests for sealing under the "compelling reasons" standard in this circuit "have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2019 WL 8955362, at *1 (N.D. Cal. June 12, 2019) (granting in part Apple's motion to seal internal and confidential testing and design information).  For example, the Ninth Circuit has held that a licensing agreement containing "pricing terms, royalty rates, and guaranteed minimum payment terms . . . plainly falls within the definition of 'trade secrets'" and was appropriate material for sealing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008).  A "trade secret," for sealing purposes, "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* at 569-70; *see*, *e.g. Opperman v. Path, Inc.,* No.13-cv-00453-JST 2017 WL 1036652 at *5 (N.D. Cal. Mar. 17, 2017) (granting a request to seal "competitively sensitive financial information" concerning advertising expenses and specific revenue streams under the "compelling reasons" standard).

Here, Patreon seeks to seal portions of Patreon, Inc.'s Response To Supplemental Evidence Offered By Plaintiffs In Connection With Patreon's Motion For Summary Judgment, and declarations in support thereof, that discuss third party software Ketch.  The contract between Ketch and Patreon stated:

> 16.2. Except as otherwise set forth in an Order Form, neither party will make any public statement relating to this Agreement without the prior written approval of the other, except that [Ketch] may include Customer's name and logo in its marketing, promotional materials, and customer lists.

Purcell Decl. ¶ 3.  Patreon has not obtained Ketch's approval but is in the process of attempting to do so. *Id.*; *Cf.* Dkt. 148. Accordingly, Patreon moves to seal the following text:

| Document | Description | Designating Party |
|---|---|---|
| Response | Patreon, Inc.'s Response to Supplemental Evidence Offered By Plaintiffs In Connection With Patreon's Motion For Summary Judgment<br>Page 1, lines 7-12<br>Page 2, lines 1, 5-6, 7-11, 14, 21, 28<br>Page 3, line 28<br>Page 4, lines 16-19, 23-28<br>Page 5, lines 1-4, 5-12, 14 | Patreon, Inc. |
| Declaration | Declaration of Jason Bilog<br>Page 1, lines 10-11, 14-15<br>Page 2, lines 5-16 | Patreon, Inc. |
| Declaration | Declaration of Jared Smith<br>Page 1, lines 11, 13-14<br>Page 2, lines 6-17, 19-26<br>Page 3, lines 5-10 | Patreon, Inc. |
| Declaration | Declaration of Christopher Eppstein<br>Page 1, lines 11-12<br>Page 2, lines 5-24<br>Page 3, lines 1-15, 17-23, 25<br>Page 4, lines 1-3, 5 | Patreon, Inc. |

Patreon's request for sealing is narrowly tailored because it seeks to seal only the confidential and sensitive information at issue, including by using redactions, rather than the sealing of entire documents.  L.R. 79-5(b).

Dated:  March 20, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Celine G. Purcell*
Celine G. Purcell

Attorneys for Defendant
PATREON, INC.

3

DEF. PATREON, INC'S ADMIN. MTN. TO SEAL PORTIONS OF PATREON'S OPP. TO SUPP. EVIDENCE AND DECLS ISO
CASE NO. 3:22-CV-03131-JCS