Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> PATREON, INC., <br><br> Defendant. | Case No. 3:22-CV-03131-JCS <br><br> **PATREON, INC.'S RESPONSE TO SUPPLEMENTAL EVIDENCE OFFERED BY PLAINTIFFS IN CONNECTION WITH PATREON'S MOTION FOR SUMMARY JUDGMENT** |

**REDACTED**

## I. INTRODUCTION

Plaintiffs have zeroed in on what they apparently perceive as one of Patreon's strongest summary judgment arguments: the Court could grant summary judgment, without striking down the VPPA as a whole, by striking down the VPPA's consent regime as applied to Patreon. Plaintiffs make a last ditch effort to evade this argument, insisting Patreon could have implemented a VPPA-compliant consent regime based on a few lines of deposition testimony from former employees Jason Bilog and Jared Smith and three documents. But (a) the supposed solution Plaintiffs have seized upon, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (d) actually building a VPPA-compliant consent regime, if possible at all, would be extremely burdensome.

In its opening summary judgment brief, Patreon explained why, however narrowly or broadly the government interest is framed, however substantial the interest might be, the VPPA does not advance that interest by means no more extensive than necessary because of the VPPA's unworkably burdensome consent requirement (among other flaws). Dkt. 76 at 26; Dkt. 78 (Byttow Decl.) ¶¶ 40-42. Other federal privacy statutes protect consumers, including with respect to video privacy, without imposing the VPPA's onerous requirement of time-limited, intermittently revocable written consent in a separate document.[1] "The availability of less burdensome alternatives to reach the stated goal signals that the fit between the legislature's ends and the means chosen to accomplish those ends may be too imprecise to withstand First Amendment scrutiny." *44 Liquormart, Inc. v Rhode Island*, 517 U.S. 484 at 529 (O'Connor, J., concurring).

In hopes of creating a dispute of material fact as to the unworkability of the VPPA's consent regime, Plaintiffs offer unpersuasive supplemental evidence: they argue Patreon "could have found a

---

[1] Compare 18 U.S.C. 2710(b)(2)(B) (the VPPA) with 47 U.S.C. § 551(b)(1) (Cable Communications Privacy Act, requiring only "written or electronic consent"); 47 U.S.C. § 338(i)(4)(A) (disclosure of information about satellite television viewers, requiring only "written or electronic consent"); 18 U.S.C. § 2702(b)(3) (ECPA, requiring only "lawful consent").

1

1 way" ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ basing that assertion on
2 cherry-picked documents and selective deposition excerpts from Mr. Smith and Mr. Bilog. Dkt. 129 at
3 6.
4     Plaintiffs are wrong; there is no genuine dispute of material fact here.  Patreon has obtained
5 declarations from both Mr. Smith and Mr. Bilog explaining Patreon ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ something Plaintiffs carefully avoided asking when taking their depositions.
7 Bilog Decl. ¶¶ 8-9; Smith Decl. ¶¶ 9-12.  What is more, Patreon's investigation ▓▓▓▓▓▓▓▓▓▓
8 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
9 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
11 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ called Transcend, in September 2023,
12 which remains in use to date. Eppstein Decl. ¶¶ 10, 13.  While the Transcend software is working to
13 obtain consent for purposes far more limited than that contemplated by the VPPA, Patreon engineer
14 Christopher Eppstein, who oversaw the ▓▓▓▓▓▓▓▓▓▓▓▓▓ implementation of Transcend, is confident
15 Transcend could not provide VPPA-compliant consent, either. Eppstein Decl. ¶¶ 13-14.
16     The declarations of Mr. Smith, Mr. Bilog, and Mr. Eppstein – and the declarations previously
17 submitted by Mr. Byttow – underscore the VPPA's impractical consent regime and buttress an already
18 robust record upon which the Court can and should strike the statute down.
19 **II.     ARGUMENT**
20     Jason Bilog, Jared Smith, Christopher Eppstein, and Jason Byttow all state, definitively, that
21 Patreon ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Bilog Decl. ¶ 8; Smith
22 Decl. ¶¶ 5-12; Eppstein Decl. ¶¶ 11-12; Dkt. 134-2 (Supp. Byttow Decl.) ¶¶ 9-11.  In so stating, all these
23 declarants are careful to analyze and address the precise requirements of the VPPA's consent regime,
24 which Plaintiffs – despite an opposition brief (Dkt. 100), their motion to supplement (Dkt. 129), and
25 their reply in support of their motion to supplement (Dkt. 140), have yet to do.  Plaintiffs try to drum up
26 a dispute of fact in two primary ways: (1) Plaintiffs focus, piecemeal, on the VPPA's consent
27 requirements to argue that discrete elements of the overall regime are not so burdensome and (2)
28 speculate that some technical solution – ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ – was somehow feasible without

venturing to offer any such solutions.  Plaintiffs' effort to manufacture a dispute of fact fails.

First, Plaintiffs refuse to confront what the consent requirements of the VPPA actually demand, glossing over the rigorous specifics and arguing: "Patreon could have found a way to obtain consent when users signed up—such one-time, initial consent allows two years of permissible disclosures under the VPPA—and then allowed them to opt out through their account settings." Dkt. 140 at 2.  But what Plaintiffs describe is not VPPA-compliant consent and ignores the language in 18 U.S. §2710 (2)(B)(iii). The VPPA actually requires:

> (2) A video tape service provider may disclose personally identifiable information concerning any consumer--
>
> ….
>
> (B) to any person with the informed, written consent (including through an electronic means using the Internet) of the consumer that--
>
> (i) is in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer;
>
> (ii) **at the election of the consumer**--
>
> (I) is given at the time the disclosure is sought; or
>
> (II) is given in advance for a set period of time, not to exceed 2 years or until consent is withdrawn by the consumer, whichever is sooner; and
>
> (iii) the video tape service provider has provided an opportunity, in a clear and conspicuous manner, **for the consumer to withdraw on a case-by-case basis or to withdraw from ongoing disclosures, at the consumer's election**;

18 U.S. §2710 (b)(2) (emphasis added).  18 U.S. §2710 (b)(2)(B)(iii) means the consumer must be able to "withdraw [consent] on a case-by-case basis or to withdraw from ongoing disclosures, **at the consumer's election.**" (emphasis added)  Thus, the consumer must be provided with the ability to withdraw consent on a case-by-case basis or the option to withdraw from on-going disclosures – "at the consumer's election," i.e., *whichever the particular consumer prefers*.  The statute requires Patreon to implement a system that accommodates and offers both options.

Second, Plaintiffs' blithe assertion that Patreon "could have found a way" (Dkt. 140 at 2) is not evidence; it is not even argument.  It is telling that Plaintiffs do not propose *how* Patreon actually could have accomplished VPPA-compliant consent.  Based on unrefuted evidence, Patreon could not and cannot ▮▮▮▮▮▮▮▮ not with Transcend, indeed, there is no evidence in the record of *any* solution

1  that can do so.  Bilog Decl. ¶ 8; Smith Decl. ¶¶ 5-12; Dkt. 134-2 (Supp. Byttow Decl.) ¶¶ 9-11; Eppstein
2  Decl. ¶¶ 11-12, 14.

3        Further, Plaintiffs' assertion that Patreon "stops short of asserting such a solution could not be
4  implemented" is obtuse.  As Patreon's Jason Byttow explained, VPPA-compliant consent may be
5  theoretically technically possible – he estimated it would take a year of dedicated engineering work.
6  Dkt 134-2 (Supp. Byttow Decl.) ¶ 3.  But even after a year of dedicated engineering work, the testimony
7  that Plaintiffs nowhere refute is that implementation of such a "solution" would degrade user experience
8  to such an extent "it would create business concerns in terms of users leaving the platform." *Id.*.  And,
9  more importantly, the question is not whether a VPPA consent regime is *technically possible* or "could"
10 be implemented, rather the issue is whether the regime is *unworkably burdensome*.  *See, e.g., Baldwin v.*
11 *Redwood City*, 540 F.2d 1360, 1371 n.30 (9th Cir. 1976) (written consent requirement "insufficient to
12 justify the heavy additional burdens imposed on the exercise of First Amendment rights").  Patreon's
13 evidence regarding the unworkability of the VPPA consent regime is not only unrefuted but has
14 strengthened over the course of supplementary briefing.  *See* Dkt.  134-2 (Supp. Byttow Decl.) ¶¶ 9-11;
15 Bilog Decl. ¶ 8; Smith Decl. ¶¶ 5-12; Eppstein Decl. ¶¶ 11-12, 14.

16       Plaintiffs argue the new evidence shows ▬▬▬▬▬▬▬▬▬▬▬▬
17 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
18 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
19 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ Dkt. 129 at 6.  Not so.  Again, those requirements demand (1)
20 obtaining user consent, at the option of the user, either "at the time of disclosure is sought" or for a
21 period of up to two years or until consent is withdrawn; and (2) providing the user with the opportunity
22 *to withdraw their consent on a case-by-case basis or to withdraw from ongoing disclosures, at the*
23 *consumer's election*.  18 U.S. §2710 (b)(2).  Patreon ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
24 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
25 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
26 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
27 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
28 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

1 ▮
2 ▮
3 ▮
4 ▮

5  Moreover, the undisputed evidence is that Patreon's ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮
11 ▮
12 ▮ *Id.*

13  Finally, the Court should take note of what Plaintiffs are *not* saying: (1) Plaintiffs do not offer
14 any evidence ▮ Transcend, or any other off the shelf solution could meet the VPPA's
15 rigorous consent requirements; and (2) Plaintiffs have not pointed to a single Video Tape Service
16 Provider that offers a VPPA-compliant consent mechanism.  Patreon has put forth undisputed evidence
17 showing the VPPA's consent regime is unworkably burdensome; this stand-alone basis for granting
18 summary judgment is what has Plaintiffs flailing.

### III. CONCLUSION

The Court has numerous bases upon which to grant summary judgment (see generally Dkt. 76 and 117).  Of all those, Plaintiffs seem most distressed now about their failure to offer any evidence to refute the unconstitutional burdens of the VPPA's unworkable consent regime.  They are right to be: the unrefuted evidence shows the VPPA's consent regime is unworkably burdensome and could be struck down on that basis alone.

Dated: March 20, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*

Fred Norton
Attorneys for Defendant
PATREON, INC.