Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gilbert Walton (CA SBN 324133)
gwalton@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, KEVIN BLACK, and MARYANN OWENS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**DECLARATION OF CHRISTOPHER EPPSTEIN IN SUPPORT OF DEFENDANT PATREON, INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' VPPA CLAIMS ON THE GROUND THAT THE VPPA VIOLATES THE FIRST AMENDMENT**<br><br>Hearing Date: March 29, 2024<br>Time: 9:30 a.m.<br>Judge: Hon. Joseph C. Spero |

**REDACTED**

I, Christopher Eppstein, declare as follows:

1. I submit this declaration in support of Patreon, Inc.'s Motion for Summary Judgment. Except as otherwise indicated, I make this declaration based on personal knowledge. If called upon as a witness to testify to the truth of these statements, I could do so competently under oath.

2. I have been employed by Patreon, Inc. ("Patreon") since February 2022. I have held two titles at Patreon: Staff Software Engineer (February 2022 – August 2022) and Engineering Manager (August 2022 – present).

3. I understand that certain Patreon account holders – Brayden Stark and Judd Oostyen ("Plaintiffs") – are named plaintiffs in the above-captioned case against Patreon.

4. I understand that Plaintiffs allege (1) Patreon violated the Video Privacy Protection Act ("VPPA") by disclosing user's video views to Meta though use of the Meta Pixel; and (2) Patreon could have ███████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ I understand the VPPA states:

> (2) A video tape service provider may disclose personally identifiable information concerning any consumer--
> ….
> (B) to any person with the informed, written consent (including through an electronic means using the Internet) of the consumer that--
>
>> (i) is in a form distinct and separate from any form setting forth other legal or financial obligations of the consumer;
>>
>> (ii) at the election of the consumer--
>>
>>> (I) is given at the time the disclosure is sought; or
>>>
>>> (II) is given in advance for a set period of time, not to exceed 2 years or until consent is withdrawn by the consumer, whichever is sooner; and
>>
>> (iii) the video tape service provider has provided an opportunity, in a clear and conspicuous manner, for the consumer to withdraw on a case-by-case basis or to withdraw from ongoing disclosures, at the consumer's election;

5. I am not aware of Patreon ever having disclosed any information protected by the VPPA, for which satisfying the foregoing VPAA consent requirements was or would be needed. I am not aware

1

DECLARATION OF CHRISTOPHER EPPSTEIN ISO PATREON'S MSJ
Case 3:22-cv-03131-JCS
Doc ID: 94a774eccbe5c830e4743de4f4687353b60127990

of Patreon ever having disclosed a user's video viewing history to Meta through use of the Meta Pixel or by any other means.

  6. Ketch is data-privacy software supplied by a third-party company that goes by the same name, Ketch.

  7. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.

  8. In February 2023, ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.

  9. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■.

██████████████████████████████████████████

10. ██████████████████████████████████████

██████████████████████████████████████████ I also spearheaded Patreon's transition to a different software, Transcend.

11. ████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████" ████ ███████ ███████████████████

████████████████████████████████████████-████████-

████████████████████████████ I am not aware of any off-the-shelf software solution that is capable of doing so.

12. ████████████████████████████████

3

[REDACTED]

13.  In September 2023, Patreon began using an alternative third-party cookie-consent software supplied by a company called Transcend.io, [REDACTED] I oversaw and was in charge of this transition.

14.  I am confident Patreon could not have used the Transcend software to implement a consent mechanism for the Patreon website that would comply with the consent requirements of the VPPA (as set forth in paragraph 4 above), because the Transcend software did not have (and, to the best of my knowledge, still today does not have) the ability to manage withdrawal of consent on a "case-by-case" (video-by-video) basis, or even on a webpage-by-webpage basis.  I am not aware of any off-the-shelf software solution that is able to do so.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed on 03 / 15 / 2024, in San Jose, California.

Christopher Eppstein