Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Trevor T. Tan (SBN 281045)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, on behalf of themselves and all others similarly situated,<br><br>            Plaintiffs,<br>    v.<br><br>PATREON, INC.,<br><br>            Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:  April 12, 2024<br>Time:  9:30 a.m.<br>Courtroom: D, 15th Floor<br><br>Judge: Hon. Joseph C. Spero |

Pursuant to Civil Local Rule 16-10(d), Plaintiffs Brayden Stark, Judd Oostyen, Isaac Belenkiy, Valerie Burton, Laura Goodfield, and Denovias Mack ("Plaintiffs"), and Defendant Patreon, Inc. ("Patreon") (collectively, "the Parties") hereby provide this Joint Case Management Statement in advance of the Court's Case Management Conference scheduled for April 12, 2024.

## I.  Developments Since the Last Case Management Statement:

The Parties report the following developments in this action since their September 29, 2023, Joint Case Management Statement (ECF No. 70):

A.  The Court held a Case Management Conference on October 6, 2023 (ECF No. 72).

B.  Patreon filed its motion for summary judgment on First Amendment grounds on November 17, 2023 (ECF Nos. 76-88). Plaintiffs and the United States of America filed their oppositions on December 21, 2023 (ECF Nos. 97-100). The American Civil Liberties Union, the Electronic Frontier Foundation, and the Center for Democracy filed an Amicus Curiae brief in support of the VPPA's facial constitutionality on December 20, 2023 (ECF No. 95-1). Patreon filed a consolidated reply in support of its summary judgment motion on January 19, 2024 (ECF No. 117).

C.  On March 6, the Court granted Plaintiffs' motion to supplement the summary judgment record, accepted the supplemental evidence presented by Plaintiffs, and authorized Patreon to file a response to the supplementary evidence by March 20 (ECF No. 141). Patreon filed a response to the supplementary evidence on March 20 (ECF No. 151).

D.  Plaintiffs filed a miscellaneous action seeking an order compelling nonparty Meta Platforms, Inc.'s ("Meta") compliance with Plaintiffs' subpoena on December 13, 2023 (Case No. 3:23-mc-80326, ECF No. 1-2), which the Court related to this action on January 11, 2024 (ECF No. 113).

E.  After a hearing in the miscellaneous action on January 26, 2024, the Court ordered Meta and Plaintiffs to meet and confer to negotiate the production of data as outlined by the Court and the parties at the hearing and a deposition of a Meta corporate designee (Case No. 3:23-mc-80326, ECF No. 16).

a. **Plaintiffs' Position**: Patreon has been on notice of Plaintiffs' subpoena to Meta for more than a year, and Plaintiffs contend that they have kept Patreon appraised of the relevant developments during that time. Plaintiffs served Patreon with a notice of the subpoena to Meta, immediately produced to Patreon each production received from Meta, and served Patreon with a copy of Plaintiffs' motion to compel Meta's compliance on the day it was filed. Further, Plaintiffs contend that Patreon has been involved in the discussions regarding the production contemplated by the Court's January 26 order in the miscellaneous action. On February 27, Plaintiffs made a proposal to Meta for a production of class data and included Patreon in this communication, at Patreon's counsel's request. At that time, Plaintiffs proposed that Meta produce Pixel data from specific days and in connection with specific URLs. While this proposal consists of a subset of the data Plaintiffs initially sought, it is not a "sample" in the traditional sense but rather a compromise that recognizes the large quantity of data at issue and the need to reduce the burden on a non-party. When Patreon inquired about the rationale for selecting the dates and URLs in Plaintiffs' proposal on a February 29, Plaintiffs responded with an explanation on the same day. Plaintiffs contend that Patreon has thus been involved throughout the process of negotiating a production consistent with the Court's January 26 order in the miscellaneous action.

b. **Patreon's Position**: Patreon represents that it did not receive advance notice of, and thus did not attend, the hearing in the miscellaneous action. Patreon represents that after the hearing, Patreon sent an email to Plaintiffs and Meta, stating that to the extent that Plaintiffs and Meta agree on any sample of Meta data that would be offered as evidence in this case for any purpose, without the participation and agreement of Patreon, Patreon reserves the right to object to the use of that evidence on the grounds that it is not statistically valid, in addition to all other applicable objections. Patreon contends that it has not been included in the meet and confer

|   |   |   |
|---|---|---|
| 1 |   | sessions between Plaintiffs and Meta, and Patreon has not been consulted for input on |
| 2 |   | the sampling protocol. |
| 3 | F. | Consistent with the Court's Orders in the miscellaneous action, a consolidated deposition of Meta's corporate representative went forward on March 8. Counsel for Patreon attended the deposition and examined the witness. Counsel for the defendant in a similar VPPA action—*Jackson v. Fandom*, 4:22-cv-4423-JST-TSH (N.D. Cal.)—also attended the deposition and examined the witness. In the deposition, Plaintiffs examined Meta's witness for six hours on the record, Defendant Fandom examined Meta's witness for approximately one hour on the record, and Defendant Patreon examined Meta's witness for approximately one hour on the record. Plaintiffs represent that (a) they have contacted Meta to request additional testimony because Plaintiffs contend that Meta's witness was not adequately prepared to testify on certain agreed upon deposition topics; (b) on March 28, Meta sent a letter in response to Plaintiffs' request, and that same day Plaintiffs and Meta met and conferred by video conference to discuss the deficiencies in Meta's testimony; (c) Plaintiffs and Meta subsequently exchanged further support for their respective positions on March 28 and April 1; (d) on April 3, Plaintiffs provided Meta with their portion of a joint letter regarding their dispute in accordance with the Court's standing order. Patreon represents that it did not have sufficient time to complete its examination of Meta's witness, and Patreon thus plans to seek additional deposition testimony from Meta. |
|   | G. | Plaintiffs filed a Second Amended Class Action Complaint ("SAC") adding four new plaintiffs to the litigation on January 30, 2024 (ECF No. 121). |
|   | H. | The Court granted the parties' stipulation to extend Patreon's deadline to respond to the SAC from February 13, 2024, to March 14, 2024 (ECF No. 126). |
|   | I. | Patreon filed an Answer to the SAC on March 14, 2024 (ECF No. 146). |
|   | J. | The Court modified the case schedule on February 12, 2024, and set the deadlines identified in Section III, below (ECF No. 124). |

K.   The Court extended the deadline for Plaintiffs to file their reply in support of class certification on March 5, 2024 (ECF No. 138).

L.   The parties mediated with the Hon. Jeremy D. Fogel (Ret.) on November 20, 2023, and March 5, 2024.

M.   The parties took discovery as described in Section II below.

## II.   Discovery

Discovery is ongoing. Patreon deposed Plaintiff Brayden Stark on October 4, 2023, and Plaintiff Judd Oostyen on November 7, 2023. Plaintiffs deposed five former Patreon employees on January 12, February 2, February 7, February 16, and February 20, 2024.

The parties resolved the dispute identified in their prior Joint Case Management Statement (ECF No. 70) regarding the additional search terms Plaintiffs requested Patreon run. Since that time, at Plaintiffs' request, Patreon agreed to apply other additional search terms and Patreon has produced documents on a rolling basis. On February 9, 2024, the four new Plaintiffs added in the litigation served responses to discovery requests Patreon had served on the original two plaintiffs. On February 22, 2024, Patreon produced data associated with the four new Plaintiffs' Patreon accounts. The parties thereafter have produced additional documents related to the four new Plaintiffs in response to the parties' respective previously served document requests.

Meta made subsequent productions in response to Plaintiffs' subpoena on November 7, 2023, December 5, 2023, February 16, 2023, February 21, 2024, and March 6, 2024.

## III.   Case Schedule

The current case schedule is as follows (ECF Nos. 124, 138):

- Hearing on Patreon's Motion for Summary Judgment on First Amendment grounds set for April 12, 2024;
- Motion for Class Certification due by 4/29/2024;
- Response/Opposition to Motion for Class Certification due by 6/12/2024;
- Reply in support of Motion for Class Certification due by 7/10/2024;
- Motion for Class Certification Hearing set for 8/16/2024 at 9:30 a.m.;
- Close of non-expert discovery is 7/10/2024;

- Designation of Experts due by 9/3/2024;
- Designation of Rebuttal Experts due by 9/20/2024; and
- Close of Expert Discovery due by 10/25/2024.

## IV. Settlement/ADR

The Parties mediated with retired judge Jeremy Fogel on June 27, 2023, November 20, 2023, and March 5, 2024, but did not reach agreement as to resolution. The parties have agreed to further mediation with Judge Fogel on April 15, 2024.

Dated: April 5, 2024

By: */s/ Reid Gaa*
Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Trevor T. Tan (SBN 281045)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

Dated: April 5, 2024

By: */s/ Nathan Walker*
Fred Norton (CA SBN 224725)
Nathan Walker (CA SBN 206128)
Bree Hann (CA SBN 215695)
Gil Walton (CA SBN 324133)
**THE NORTON LAW FIRM PC**
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900
fnorton@nortonlaw.com
nwalker@nortonlaw.com
bhann@nortonlaw.com
gwalton@nortonlaw.com

Attorneys for Defendant PATREON, INC.

**FILER'S ATTESTATION**

I, Reid Gaa, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

/s/ Reid Gaa

Reid Gaa