April 9, 2024

Hon. Joseph C. Spero
450 Golden Gate Avenue,
Courtroom D – 15th Floor
San Francisco, CA 94102

Re: *Stark, et al. v. Patreon, Inc.*, Case No. 3:22-cv-03131-JCS (N.D. Cal)

Dear Judge Spero:

Plaintiffs and nonparty Meta Platforms, Inc. respectfully submit this Joint Letter pursuant to Your Honor's Civil Standing Order. Plaintiffs and Meta attest that prior to filing this letter, they have met and conferred in good faith, but have been unable to resolve their disputes.

Respectfully submitted,

By: /s/ *Simon S. Grille*
Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
apolk@girardsharp.com
sgrille@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

By: /s/ *Laurie Edelstein*
Laurie Edelstein (SBN 164466)
Paige Zielinski (SBN 318639)
**JENNER & BLOCK LLP**
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com
pzielinski@jenner.com

*Attorneys for Meta Platforms, Inc.*

**REDACTED**
**(FILED UNDER SEAL)**

**PLAINTIFFS' STATEMENT**

Under the Court's prior Order, the parties and Meta held a consolidated deposition of Meta's corporate designee on March 8. Plaintiffs respectfully seek the Court's assistance in compelling Meta to produce an additional 30(b)(6) witness because its witness was not adequately prepared to address key topics in Plaintiffs' deposition notice, as discussed below. Plaintiffs need additional time to fairly examine Meta's witness, including regarding information available only from Meta that came to light for the first time at the deposition.[1] Plaintiffs raised these deficiencies with Meta within seven business days of taking the deposition after carefully reviewing the transcript.

If a corporation designates a 30(b)(6) witness who is "unable to respond to relevant areas of inquiry, the entity has a duty to immediately designate another knowledgeable deponent." *R.D.G. v. City of Bakersfield*, 2015 WL 3454503, at *2 (E.D. Cal. May 29, 2015). Meta's designee, Amlesh Jayakumar, was not adequately prepared to provide complete testimony on several topics. For instance, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. A at 54:10-16; 116:12-117:16; 125:6-126:8.

**Topic 1** covers "[t]he types of data that Meta receives through the Meta Pixel, including Microdata, and the data fields reflected in the data Meta has produced." This topic is essential for the parties to understand the scope of data that Meta receives from Patreon's Pixel and what records are available to identify Class members whose PII Patreon transmitted to Meta via Pixel.

Meta's witness could not say ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Ex. A at 116:12-117:16 (Q: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓). Mr. Jayakumar attempted to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See id.* at 116:12-117:16; 154:20-24; 162:17-21. This is exactly the sort of answer that Rule 30(b)(6) is designed to avoid. *See Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008) ("The duty to prepare a Rule 30(b)(6) designee goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved.") (citations omitted).

Beyond his general ignorance regarding ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the witness also ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ This information is highly relevant to the merits of Plaintiffs' claim and their ability to identify Class members because it ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ When asked about ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Mr. Jayakumar explained that it reflected ▓▓▓▓▓▓▓▓▓▓▓▓ Ex. A at 123:5-7. Mr. Jayakumar continued that this ▓▓▓▓▓▓▓▓▓▓ but he could not explain *how* the ▓▓▓▓▓▓▓▓▓▓▓▓▓ *Id.* at 123:8-13; 124:1-126:8.

**Topic 2** calls for testimony about Meta's "organization, storage, retention, and ability to query cookie data and data received via the Meta Pixel[.]" Information about Meta's storage and

---

[1] For example, Plaintiffs first learned of the existence of ▓▓▓▓▓▓▓▓▓▓ at the deposition, and while Plaintiffs sought to obtain further testimony from Mr. Jayakumar, as discussed below, he was not able to adequately explain how ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See* Ex. A at 124:1-126:8. Meta's ▓▓▓▓▓▓▓▓▓▓ also was raised for the first time at deposition, and Mr. Jayakumar could not provide even basic information, such as Meta's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See id.*

1

retention of cookie data and Microdata transmitted by the Pixel relate to Plaintiffs' core allegations that Patreon transmitted PII with video titles to Meta. More specifically, the Pixel transmitted Facebook IDs through the "c_user cookie," and video titles through "Microdata."

Meta's witness lacked basic information about its ███████████████████████████████████████ *See* Ex. A at 54:10-16; 60:10-23; 148:12-149:17. When asked ███████████████████████████████████████████████████████████████ *d.* at 54:10-16. He similarly ███████████ *See id.* at 60:10-23; 148:12-21; 148:23-149:13. Mr. Jayakumar admitted that ██████████████ *See id.* at 149:14-17 ("Q: ██████████████████████████████████████). Where and how the c_user cookie is stored at Meta bears directly on Plaintiffs' ability to determine the identity of Patreon subscribers whose information was sent to Meta using Patreon's Pixel.

Mr. Jayakumar also did not know how ███████████████████████████████████████ In this process, ██████████████████████████████████ Plaintiffs thus sought testimony about how this process works and the extent to which Meta stores information during or about this process, such as ██████████████ Yet Mr. Jayakumar could not explain how this process works or whether (and if so, where) the relevant data is stored during the process. Similarly, he could not identify whether Meta ██████████████████ . *See id.* at 61:12-62:16; 62:25-66:10. Nor could Mr. Jayakumar answer more general questions about the ████████████████████████████████████████████████████████████████████████████████ *Id.* at 120:24-121:3; 121:13-19, 122:5-122:16.

Mr. Jayakumar also lacked basic knowledge about ██████████████████████████████████ Patreon's Pixel transmitted video titles to Meta through the Microdata event. *See* SAC ¶¶ 66-68. Although Mr. Jayakumar testified that ███████████████████ he could not say ████████████████████████████ In particular, he ████████████████████████████████████████████████████████████ Ex. A at 57:23-58:5.

**Topic 3** covers "[t]he process for matching Facebook IDs with Event data transmitted through the Meta Pixel, association of Pixel Event data with specific Facebook users, and Meta's ability to identify unique Facebook users whose data was transmitted to Meta through the Meta Pixel." Plaintiffs sought this testimony to better understand how Meta processes the data it receives from Pixel and how Meta associates that data with a particular Facebook user.

Mr. Jayakumar testified ██████████████████████████████████████████████████████ But Mr. Jayakumar did not know ████████████████████████ *See id.* at 61:12-62:16; 62:25-66:10; 120:24-121:19; 121:24-122:22. He also could not explain ████ He testified that this █████████████████████████ *Id.* at 124:11-15. When asked ████████████

2

*Id.* at 124:22-125:4. Mr. Jaykumar was also unable to explain

*See id.* at 125:6-126:8.

**Topic 6** concerns "[t]ools that Meta provides to Facebook users to manage data sharing, including off-Facebook activity and 'Download your information.'" The agreed six-hour time limit for Plaintiffs' questioning precluded testimony in these important areas. For example, Plaintiffs could not examine Meta regarding the "Browser cookies" section of the "Download Your Information" report, which appears to reflect specific Facebook cookies associated with a user's account, but which is indecipherable absent Meta's testimony. This information may allow Class members to independently verify their claims by reference to materials they can download from their Facebook profiles. *See Kress v. Pricewaterhouse Coopers, LLP*, 2013 WL 2421704, at *5 (E.D. Cal. June 3, 2013) (granting "an additional five hours to depose the 30(b)(6) witness" where initial testimony only covered 12 of 18 topics); *Rubin-Knudsen v. Arthur J. Gallagher & Co.*, 2020 WL 2477687, at *3 (C.D. Cal. Jan. 24, 2020) (granting five additional hours of testimony).

In light of the foregoing and Plaintiffs' April 29 deadline to move for class certification, Plaintiffs respectfully request that the Court order Meta to produce a Rule 30(b)(6) witness, by April 19, to testify for four hours on Topics 1, 2, 3, and 6.

## META'S STATEMENT

Meta is a non-party to plaintiffs' lawsuit against Patreon. Nonetheless, Meta has made every effort to cooperate with plaintiffs' successive and increasingly burdensome discovery demands. Prior to this demand for additional deposition, plaintiffs already had served four separate subpoenas on Meta and its subsidiary WhatsApp. In response, Meta made *seven* different productions of data. Meta also produced a Rule 30(b)(6) witness for a deposition who testified *for more than eight hours* on topics to which Meta and plaintiffs agreed upon in advance. *See* Ex. B.

Meta's witness was a Meta software engineer who has worked at Meta for nearly 10 years and whose work has involved launching, building, maintaining, and developing the source code for the Meta Pixel. *See* Ex. C at 31:1-33:13; 34:9-21. He was prepared and knowledgeable on all topics and provided complete and thorough testimony. Nonetheless, plaintiffs seek four additional hours of testimony. Plaintiffs' demand is unwarranted. Plaintiffs had every opportunity to ask questions, and Meta's witness provided extensive testimony on agreed-upon topics. Plaintiffs' failure to explore certain issues in greater detail – or their dislike of certain testimony provided – does not justify their demand for successive depositions of a non-party. Review of the testimony on each topic shows plaintiffs' request for additional testimony is without merit.

**Topic 1:  Types of data Meta receives through the Pixel, including Microdata.**  Plaintiffs' assertion that they are entitled to additional testimony because Meta's witness purportedly  is unsupported by the record. Topic 1 was directed at the types of data Meta receives through the Pixel, not Meta's process for generating the records it produced in litigation. Meta's witness testified extensively and knowledgeably about types of data Meta receives through the Pixel. Meta's witness acknowledged that as Meta's designated Rule 30(b)(6) witness, he was not personally involved in produced, which was done at the direction of counsel. However, he was prepared and did

testify based on his experience that he believed a ███████████
███████████████████████████████ *Id.* at 116:12-22.

Plaintiffs asked questions about only *one* of Meta's *seven* productions, and Meta's witness provided thorough testimony about the data. He testified ████████████
██████████████████████████████████████████ *Id.* at 116:24-117:1. He also provided detailed descriptions ████████████ *Id.* at 114:10-17, 118:10-16, 119:2-24, 122:25-123:13, 126:10-128:7. Meta's witness also testified in detail about microdata, as discussed further below. *Id.* at 113:24-114:17. In addition, Meta's witness provided testimony about ████
████████████████████████████████████████████████████████ *Id.* at 123:5-7. As discussed further below, he also explained ███████████████████████████████
█████████████████████ *Id.* at 123:1-126:1. The *only* questions Meta's witness could not definitively answer pertained to ████████████████████████████████████████
███████████████████████████████████ *Id.* at 126:2-5. Plaintiffs are not entitled to additional testimony.

**Topic 2: Meta's "organization, storage, retention, and ability to query cookie data and data received via the Meta Pixel."** Meta's witness testified extensively about ████
████████████████████████████████████████████████████████████████████████████████
█████████████████ In addition, he explained ██████████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
██████████████████████████████████████████████████ *Id.* at 23:16-27:5, 49:12-67:11, 70:1-72:16, 123:14-24; 136:19-139:23; 140:17-22; 144:16-149:17, 151:19-152:24, 154:10-16, 162:22-163:1, 166:12-167:14, 188:1-190:9, 193:9-22, 207:16-208:12, 213:21-227:4.

Meta's witness explained ██████████████████████████████████████████████████████
████████████████████████████████████████████ *Id.* at 60:14-16. Thus, he could ████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ *Id.* at 50:23-51:1; 54:10-12, 148:20-21. However, Meta's witness had intimate knowledge about ████████████████████████
███████████████ the agreed upon deposition topic. Meta's witness testified multiple times that ██████████████████████████████████████████████████████████████████
████████████████████████████████████████████████ *Id.* at 54:1-9, 60:6-8. As discussed below, Meta's witness also testified about ██████████████████████
████████████████████████████████████ Plaintiffs may not like the witness' testimony given its implications for the merits, but that is not a basis to demand additional testimony.

Meta's witness also explained repeatedly that ████████████████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ *Id.* at 113:24-114:17. Meta's witness also identified that ██████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████ *Id.* at 117:13-16, 131:24-132:2. The *only* time Meta's witness was ████████████████████
████████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████ *Id.* at 57:3-5, 61:6-8.

4

Notably, plaintiffs failed to show Meta's witness or ask any questions about ▮▮▮▮▮▮▮▮▮▮ in the *Jackson* v. *Fandom* case, which was consolidated for the deposition. If they had done so, Meta's witness would have been able to provide testimony ▮▮▮▮▮▮▮▮▮▮ But plaintiffs chose not to do so. Plaintiffs are not entitled to seek additional testimony from a non-party because they failed to ask certain questions when they had the opportunity to do so.

**Topic 3: The identity-matching process by which Meta matches a Pixel event to a user.** Meta's witness testified extensively about ▮▮▮▮▮▮▮▮▮▮ *See id.* at 24:24-25:7, 26:13-23; 37:5-14, 54:17-21, 56:2-60:8, 60:25-67:11, 71:3-72:18, 83:5-85:1, 119:25-122:24, 123:8-126:5, 144:16-161:21, 162:22-163:1, 166:19-167:14, 176:16-180:13, 197:23-199:18. For example, Meta's witness testified: ▮▮▮▮▮▮▮▮▮▮ *Id.* at 61:4-11. When asked ▮▮▮▮▮▮▮▮▮▮ *Id.* at 61:21-62:1. Plaintiffs proceeded to ask the same question multiple times in different ways. They received the same answer. *See id.* at 63:9-15.

Meta's witness explained ▮▮▮▮▮▮▮▮▮▮ *Id.* at 123:9-13; *see also id.* at 124:11-15. Meta's witness also testified ▮▮▮▮▮▮▮▮▮▮ *Id.* at 124:18-21. He further explained ▮▮▮▮▮▮▮▮▮▮ *Id.* at 124:22-125:4; 125:24-126:1. Meta's witness ▮▮▮▮▮▮▮▮▮▮

Plaintiffs had the opportunity to explore the mapping process further but chose not to do so. Their exercise of their discretion in conducting the deposition is not a basis for their demand for additional deposition testimony on specific topics they chose not to explore in detail.

**Topic 6: Tools that Meta provides to Facebook users to manage data sharing, including off-Facebook activity and "Download your information."** Despite ample time to conduct the deposition, plaintiffs did not ask a *single* question about "Download Your Information," one of the agreed-upon deposition topics. Plaintiffs cases are inapposite as plaintiffs had sufficient time, and neither involved a non-party. Plaintiffs are not entitled to another deposition of a non-party to seek testimony on a topic about which they failed to inquire when they had the opportunity.

Meta's witness was knowledgeable and adequately prepared on all agreed-upon topics, and he provided more than eight hours of complete and thorough testimony in response to the parties' questions. Plaintiffs are not entitled to an additional deposition of a non-party either because they failed to explore certain topics when they had the opportunity to do so or because they are dissatisfied with the testimony provided. Meta respectfully asks the Court to deny plaintiffs' request to require non-party Meta to produce a witness for a second Rule 30(b)(6) deposition.

5

## **ATTESTATION**

I, Simon S. Grille, am the ECF User whose ID and password are being used to file this document. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

Dated: April 9, 2024                                              */s/ Simon S. Grille*
                                                                              Simon S. Grille