Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
299 Third Street, Suite 200
Oakland, CA 94607
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>PATREON, INC.,<br><br>    Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DEFENDANT PATREON, INC'S ADMINISTRATIVE MOTION TO SEAL PORTIONS OF (1) PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO SUPPLEMENT THE SUMMARY JUDGMENT RECORD AND (2) PATREON'S RESPONSE TO SUPPLEMENTAL EVIDENCE.** |

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

On March 6, 2023, Plaintiffs filed their Reply in Support of Their Motion to Supplement the Summary Judgement Record.  Dkt. 140.  In conjunction with their Reply, Plaintiffs also filed a Motion to Consider Whether Another Party's Materials Should be Filed Under Seal.  Dkt. 139.

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendant Patreon, Inc. ("Patreon"), moved the Court for an order granting leave to file under seal portions of Dkt. 140, Plaintiffs' Reply in Support of Their Motion to Supplement the Summary Judgment Record.

On March 18, 2024, Judge Spero issued an order setting an April 16, 2024 deadline to either (1) obtain written permission from Ketch to file Plaintiffs' Reply in Support of their Motion to Supplement the Summary Judgement Record publicly or (2) for Patreon to file a renewed motion to seal.  Purcell Decl. ¶ 4; Dkt. 148.

On March 20, 2024, Patreon filed its Response to Plaintiffs' Supplemental Evidence as well as three declarations in support thereof – all of these documents were filed under seal pursuant to Patreon's agreement with Ketch.  See Dkt. 150-1.

Pursuant to Local Rule 79-5(b), a party seeking to file under seal must demonstrate that "the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law."  Because there is a "general right" to public access to court records, a party seeking to file under seal must offer "compelling reasons" for the requested sealing.  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  However, "'the right to inspect and copy judicial records is not absolute' and, in particular, 'the common-law right of inspection has bowed before the power of a court to insure that its records are not used ... as sources of business information that might harm a litigant's competitive standing.'"  *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

A party seeking sealing must narrowly tailor its request and "seek sealing only of sealable material," L.R. 79-5(b).  Where possible, redaction, rather than sealing an entire document, serves to further the objectives of L.R. 79-9(b).  *See id.*; *Hunt v. Cont'l Cas. Co.*, No. 13-CV-05966-HSG, 2015 WL 5355398, at *2 (N.D. Cal. Sept. 14, 2015) ("Defendant's proposed redactions are 'narrowly tailored' to seal only sealable material, as required by Civil Local Rule 79–5.").

1

Courts considering requests for sealing under the "compelling reasons" standard in this circuit "have upheld the sealing of trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing." *In re MacBook Keyboard Litig.*, No. 5:18-CV-02813-EJD, 2019 WL 8955362, at *1 (N.D. Cal. June 12, 2019) (granting in part Apple's motion to seal internal and confidential testing and design information). For example, the Ninth Circuit has held that a licensing agreement containing "pricing terms, royalty rates, and guaranteed minimum payment terms . . . plainly falls within the definition of 'trade secrets'" and was appropriate material for sealing. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008). A "trade secret," for sealing purposes, "may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Id.* at 569-70; *see*, *e.g. Opperman v. Path, Inc.,* No.13-cv-00453-JST 2017 WL 1036652 at *5 (N.D. Cal. Mar. 17, 2017) (granting a request to seal "competitively sensitive financial information" concerning advertising expenses and specific revenue streams under the "compelling reasons" standard).

Pursuant to the Court's March 18, 2024 order, Patreon moves to seal portions of (1) Plaintiffs' Reply in Support of Their Motion to Supplement the Summary Judgment Record and (2) Patreon's Response to Supplemental Evidence and declarations in support thereof. Patreon only seeks to seal portions of these documents that discuss third party software Ketch. The contract between Ketch and Patreon stated:

> 16.2. Except as otherwise set forth in an Order Form, neither party will make any public statement relating to this Agreement without the prior written approval of the other, except that [Ketch] may include Customer's name and logo in its marketing, promotional materials, and customer lists.

Purcell Decl. ¶ 3. Patreon's counsel spoke with Ketch's in-house counsel on April 10, 2024. Purcell Decl. ¶ 5. Ketch's in-house counsel stated he would do his best to provide Patreon with an answer regarding written permission to file the various documents publicly with the Court's April 16, 2024 deadline in mind. *Id*. As of the time of this filing, Ketch has not provided written permission to file the documents publicly. *Id*. ¶ 6. Accordingly, Patreon moves to seal the following excerpts:

| Document | Description | Designating Party |
|---|---|---|
| Reply | Plaintiffs' Reply in Support of Motion to Supplement the Summary Judgment Record:<br>Page 2, lines 27-28;<br>Page 3, lines 6-7, 9, 11;<br>Page 4, lines 2-4, 6, 15-16 | Patreon, Inc. |
| Response | Patreon, Inc.'s Response To Supplemental Evidence Offered By Plaintiffs In Connection With Patreon's Motion For Summary Judgment<br>Page 1, lines 7-12<br>Page 2, lines 1, 5-6, 7-11, 14, 21, 28<br>Page 3, line 28<br>Page 4, lines 16-19, 23-28<br>Page 5, lines 1-4, 5-12, 14 | Patreon, Inc. |
| Declaration | Declaration of Jason Bilog<br>Page 1, lines 10-11, 14-15<br>Page 2, lines 5-16 | Patreon, Inc. |
| Declaration | Declaration of Jared Smith<br>Page 1, lines 11, 13-14<br>Page 2, lines 6-17, 19-26<br>Page 3, lines 5-10 | Patreon, Inc. |
| Declaration | Declaration of Christopher Eppstein<br>Page 1, lines 11-12<br>Page 2, lines 5-24<br>Page 3, lines 1-15, 17-23, 25<br>Page 4, lines 1-3, 5 | Patreon, Inc. |

Patreon's request for sealing is narrowly tailored because it seeks to seal only the confidential and sensitive information at issue, including by using redactions, rather than the sealing of entire documents.  L.R. 79-5(b).

3

Patreon's Admin. Mtn to Seal
Case No. 3:22-CV-03131-JCS

Dated: April 16, 2024

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Celine G. Purcell*
Celine G. Purcell

Attorneys for Defendant
PATREON, INC.

4

Patreon's Admin. Mtn to Seal
Case No. 3:22-CV-03131-JCS