Laurie Edelstein (Bar No. 164466)
Paige Zielinski (Bar No. 318639)
JENNER & BLOCK LLP
455 Market Street, Suite 2100
San Francisco, California 94105
Telephone: (628) 267-6800
ledelstein@jenner.com
pzielinski@jenner.com

*Attorneys for Non-Party Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, on behalf of themselves and those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendants. | Case No. 3:22-cv-03131-JCS<br><br>Hon. Joseph C. Spero<br><br>**DECLARATION OF LAURIE EDELSTEIN IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED** |

# DECLARATION OF LAURIE EDELSTEIN

I, Laurie Edelstein, declare as follows:

1. I am an attorney at law licensed to practice in the state of California, and I am a partner with Jenner & Block LLP. I am counsel for Meta Platforms, Inc. ("Meta") in connection with the July 5, 2023 subpoena that Plaintiffs served on non-party Meta and Meta's production of documents in response, and with the March 5, 2024 amended subpoena that Plaintiffs served on non-party Meta, Meta's production of documents in response, and Meta's production of responsive testimony by its Rule 30(b)(6) witness at the deposition held on March 8, 2024. I am familiar with Meta's treatment of proprietary and confidential information based on my personal experience representing Meta.[1] I have personal knowledge of the facts stated below and if called as a witness, I could and would testify competently to them.

2. I submit this Declaration under Local Rule 79-5(f)(3) in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (ECF No. 155). Meta supports Plaintiffs' motion to seal identified portions of the April 9, 2024 Joint Discovery Letter Brief (ECF No. 156) and attached Exhibit A (156-1) and Exhibit C (156-3) to the April 9, 2024 Joint Discovery Letter Brief, which disclose Meta's confidential business information and reveal information about Meta's proprietary data systems and storage processes, including information about the Meta Pixel. If this information were revealed, it would put Meta at a competitive disadvantage in the marketplace. The specific content that Meta seeks to seal is identified in the table below.

3. The determination whether to permit filing under seal here is governed by the "good cause" test for "sealed materials attached to a discovery motion unrelated to the merits of a case." *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The good cause

---

[1] Courts in this District routinely grant motions to seal on the basis of declarations of counsel submitted pursuant to Local Rule 79-5. *See, e.g.*, *Avago Techs. Fiber IP (Singapore) Pte. Ltd.* v. *IPtronics Inc., et al.*, No. 10 Civ. 2863, ECF Nos. 544 (N.D. Cal. Apr. 3, 2015), 545 (N.D. Cal. Apr. 7, 2015); *Cisco Sys., Inc.* v. *OpenTV, Inc.*, No. 13 Civ. 282, ECF Nos. 76, 82 (N.D. Cal. Oct. 8, 2013). I am familiar with Meta's practices of safeguarding proprietary information based on my experience representing Meta in Pixel-related litigation matters. But if the Court deems this declaration insufficient, Meta respectfully requests that it be permitted to file a further declaration supporting filing under seal.

test recognizes that "discovery is largely 'conducted in private as a matter of modern practice,'" and the public therefore is not presumed to have a right of access to it. *Id.* (quoting *Seattle Times Co.* v. *Rhinehart*, 467 U.S. 20, 33 (1984)). Here, the documents and document portions Meta seeks to seal are in connection with the Joint Discovery Letter Brief filed by Plaintiffs and Meta on April 9, 2024 (ECF No. 156). The good cause test therefore applies. *See Doe 1* v. *McAleenan*, No. 18 Civ. 2349, 2019 WL 5259134, at *1 (N.D. Cal. Oct. 8, 2019) (applying good cause test to motion to seal materials filed in connection with motion to compel).

4. Good cause exists where, as here, "specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Ests. of Byrd* v. *Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). Courts find "good cause" to seal records that contain "trade secret[s] or other confidential research, development, or commercial information." *In re High-Tech Emp. Antitrust Litig.*, No. 11 Civ. 2509, 2013 WL 163779, at *1 (N.D. Cal. Jan. 15, 2013) (quoting Fed. R. Civ. P. 26(c)(1)(G)). Further, the Supreme Court has recognized that "[c]onfidential information acquired or compiled by a corporation in the course and conduct of its business is a species of property to which the corporation has the exclusive right and benefit." *Carpenter* v. *U.S.*, 484 U.S. 19, 26 (1987).

5. Meta operates in an intensely competitive marketplace. It is a leader with respect to a number of highly dynamic services. Meta has serious and legitimate concerns that competitors will exploit any release of Meta's sensitive, proprietary information to gain a competitive advantage. As such, Meta takes care to protect the confidentiality of its proprietary information. The documents and document portions Meta seeks to seal contain Meta's sensitive, proprietary information provided through the testimony of Meta's Rule 30(b)(6) witness at the deposition held on March 8, 2024.

6. Disclosure of the information Meta seeks to seal would provide competitors the opportunity to use Meta's information for their own gains. Specifically, competitors could attempt to duplicate features of Meta's business processes. These attempts would cause competitive harm to Meta because Meta's processes provide Meta with an advantage over competitors by allowing it to develop and deliver a higher-quality service to users and advertisers.

7. Courts in the Northern District routinely protect the type of information Meta seeks to seal. *See Calhoun* v. *Google LLC*, No. 20 Civ. 5146, 2022 WL 1122843, at *3 (N.D. Cal. Apr. 14, 2022) (finding good cause to seal references to "sensitive features of Google's internal systems and operations, including the various types of data sources which include information related to Google's data logs, internal data structures, internal identifiers and their proprietary functions"); *Good Samaritan Hosp. L.P.* v. *MultiPlan, Inc.*, No. 22 Civ. 2139, 2023 WL 6520161, at *2 (N.D. Cal. Sept. 15, 2023) (finding good cause to seal confidential and proprietary business information); *Skillz Platform Inc.* v. *AviaGames Inc.*, No. 21 Civ. 2436, 2023 WL 8720685, at *3 (N.D. Cal. Dec. 18, 2023) (protecting confidential source code and confidential business information from disclosure under the good cause standard); *Gen. Motors Corp.*, 307 F.3d at 1211 (stating that "confidential . . . commercial information" is sealable).

8. Meta supports Plaintiffs' motion to seal the following portions of the April 9, 2024 Joint Discovery Letter Brief (ECF No. 156) and attached Exhibit A (156-1) and Exhibit C (156-3) to the April 9, 2024 Joint Discovery Letter Brief:

| Document | Document Portions to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|---|
| April 9, 2024 Joint Discovery Letter Brief (ECF No. 156) | Plaintiffs' and Meta's Joint Letter: Page 1, Lines 12-15, 20-26, 31-39, FN 1; Page 2, Lines 4-11, 14-19, 21-34, 40-47; Page 3, Lines 1-5, 37-39, 43-44;[2] Page 4; Lines 1-2, 4-6, 8-15, 18-23, 26-36, 38-46; Page 5, Lines 1-4, 8-10, 12-17, 20-29[3] | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |

---

[2] Plaintiffs' motion to seal (ECF No. 155) inadvertently identifies these lines as 39-41, 45-46.

[3] Plaintiffs' motion to seal (ECF No. 155) inadvertently identifies these lines as 20-31.

| Document | Document Portions to Be Sealed | Designating Party | Reason for Sealing |
|---|---|---|---|
| Exhibit A (156-1) to April 9, 2024 Joint Discovery Letter Brief (ECF No. 156) | Entire Document | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |
| Exhibit C (156-3) to April 9, 2024 Joint Discovery Letter Brief (ECF No. 156) | Entire Document | Non-Party Meta Platforms, Inc. | The document should be sealed because it includes Meta's non-public confidential business information, including confidential information regarding Meta's internal systems and processes related to the Meta Pixel, which if revealed would put Meta at a competitive disadvantage in the marketplace. |

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on March 16, 2024 at San Francisco, California.

*/s/ Laurie Edelstein*
Laurie Edelstein