EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>PATREON, INC.,<br><br>          Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PROVIDING FOR NOTICE** |

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement for consideration of whether the Court should grant preliminary approval of the proposed Settlement Agreement[1] entered into by Plaintiffs Brayden Stark, Judd Oostyen, Isaac Belenkiy, Valerie Burton, Laura Goodfield, and Denovias Mack, on behalf of themselves and the Class, and Defendant Patreon, Inc. (collectively, the "Parties").

The Court is familiar with the record and has read and considered Plaintiffs' Motion, and all supporting documents submitted therewith, including the Settlement Agreement and Declaration of Simpluris Inc ("Simpluris Decl.") describing the Parties' proposed method of giving notice to Class Members. The Court finds that there are sufficient grounds to preliminarily approve the Settlement under Federal Rule of Civil Procedure 23, that the Court will likely be able to certify the Class for settlement purposes only, and directs notice of the Settlement to be disseminated to the proposed Class.

Accordingly, it is **HEREBY ORDERED** that:

### Preliminary Approval of the Settlement

1.     The proposed Settlement Agreement is preliminarily approved as likely to be finally approved under Federal Rule of Civil Procedure 23(e)(2) and as meriting notice to the Settlement Class for its consideration. This determination is not a final finding that the Settlement is fair, reasonable, and adequate, but it is a determination that good cause exists to disseminate notice to Class Members in accordance with the Settlement Agreement and plan for notice described in the Simpluris Decl. and to hold a hearing on final approval of the proposed Settlement.

2.     Considering the factors set forth in Rule 23(e)(2), the Court preliminarily finds as follows:

    a.   Plaintiffs and Class Counsel have adequately represented the Class;

    b.   The Class Settlement Agreement was negotiated at arm's length with the assistance of the Hon. Jeremy D. Fogel (Ret.), a former District Judge of the Northern District of California and experienced private mediator;

    c.   The monetary relief provided to the Settlement Class is adequate given the risks, delay, and uncertainty of continued litigation and trial, the effectiveness of the

---

[1] Unless otherwise specified, all capitalized terms used herein that are defined in the Settlement Agreement have the same meanings as set forth in that agreement.

proposed method of distributing relief to the class, the terms of the proposed award

of attorney's fees, and any agreement required to be identified under Rule 23(e)(3);

and

d.  The Settlement Agreement and proposed method of distributing the relief treat all

Class Members equitably relative to each other.

**Certification of the Class**

3.      The Court finds, upon preliminary evaluation and for purposes of the Settlement only, that

the Court will likely be able to certify the following proposed class pursuant to Federal Rule of Civil

Procedure 23:

> All persons who, between April 1, 2016, to and through the Preliminary
> Approval date, requested or obtained video content on the Patreon website
> (patreon.com) while in the United States and at a time the person had a
> Facebook account and also had a Patreon account.

Excluded from the Class are Defendant Patreon, Inc., its parents, subsidiaries, affiliates, officers,

directors, and employees; any entity in which Patreon has a controlling interest; and all judges assigned

to hear any aspect of this litigation, as well as their staff and immediate family members.

4.      The Court preliminarily finds that:

a.  Members of the Class are so numerous as to make joinder impracticable;

b.  There are questions of law and fact common to the Class, and such questions

predominate over any questions affecting only individual Class Members for purposes

of the Settlement;

c.  Plaintiffs' claims and the defenses thereto are typical of the claims of the Class

Members and the defenses thereto for purposes of the Settlement;

d.  Plaintiffs and their counsel have, and will continue to, fairly and adequately protect

the interests of the Settlement Class Members in this action with respect to the

Settlement; and

e.  A class action is superior to all other available methods for fairly and efficiently

resolving this action.

2

5.      The Court further finds, for the reasons stated in the Motion, that Plaintiffs and Class Counsel should be conditionally appointed to represent the Class.

6.      This provisional certification of the Class shall be solely for settlement purposes, without prejudice to the parties in the event the Settlement Agreement is not finally approved by this Court or otherwise does not take effect.  If the Settlement Agreement is not finally approved, this provisional certification shall be vacated and shall have no effect.

**Manner and Form of Notice**

7.      The Court approves, as to their form and content, the Notice, as modified per the Court's instructions at the Preliminary Approval Hearing (ECF No. 188), and the Claim Form substantially in the form of Exhibit 3 to the Settlement Agreement. The notice plan outlined in the Settlement Agreement and Simpluris Declaration, which includes direct notice via email and a settlement website, will provide the best notice practicable under the circumstances. The Notice and its manner of transmission is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action, the proposed Settlement and its effects (including the Released Claims), the anticipated motion for attorneys' fees, costs, and expenses and for service awards, and their rights, including to participate in, opt out of, or object to any aspect of the proposed Settlement; constitute due, adequate and sufficient notice to the Class; and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.  The date and time of the Final Fairness Hearing shall be included in the Notice before dissemination.

8.      The Court hereby appoints Simpluris Inc. to serve as the Claims Administrator to supervise and administer the notice procedures, establish and operate a settlement website (the "Settlement Website"), administer the claims processes, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Claims Administrator that are reasonably necessary or provided for in the Settlement Agreement.

9.      All reasonable expenses incurred in identifying and notifying members of the Class, as well as in administering the Settlement Fund, shall be paid from the Settlement Fund as set forth in the Settlement Agreement.  In the event the Settlement is not approved by the Court or otherwise fails to become effective, Class Counsel shall not be obligated to repay amounts paid to, or that are billed by, the

3

Claims Administrator for Notice or administering the Settlement, as set forth in the Settlement Agreement.

10.     No later than 25 days after entry of this Order, the Claims Administrator will complete distribution of the Notice, as modified per the Court's instructions at the Preliminary Approval Hearing (ECF No. 188), along with an electronic link to the Claim Form, via email to all members of the Class for whom a valid email address is available. To the extent such transmission of email notice results in "bounce-backs," the Claims Administrator will make a second attempt to re-send the email notice to the extent feasible.

11.     Under the Settlement, all Class Members who wish to participate in the Settlement shall complete and submit a Claim Form in accordance with the instructions contained therein.  All Claim Forms must be postmarked or submitted electronically within 100 days after entry of this Order as set forth in the Settlement Agreement, which provides Class Members 75 days from the Notice Date to submit a Claim.

12.     The Claims Administrator shall also establish and maintain the Settlement Website and post the Notice, the Settlement Agreement, the operative Complaint, and other relevant case documents, as well as contact information for Class Counsel and the Claims Administrator.

13.     All payments to the Claims Administrator shall be subject to prior Court approval.   The Court approves an advance payment of $58,953.20 to the Claims Administrator as set forth in Section 2.2 of the Agreement.  Plaintiffs may seek Court approval of (a) an additional interim payment of the Claims Administrator's fees and expenses at the time they move for final approval of the Agreement, and (b) a final payment to the Claims Administrator in connection with their motion for an order approving the distribution of residual funds to eligible Claimants under Section 3.11 of the Agreement.

14.     Any distribution of residual funds shall be subject to prior Court approval.

15.     The dates provided for herein may be extended by Order of the Court, for good cause shown, without further notice to the Class.

### The Final Fairness Hearing

16.     The Court will hold a Final Fairness Hearing on _____, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA

4

94102, Courtroom D – 15th Floor for the following purposes: (i) to finally determine whether the Class satisfies the applicable requirements for certification under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be approved as fair, reasonable, and adequate and in the best interests of the Class; (iii) to consider Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards to the representative Plaintiffs; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

17.     Class Counsel's application for an award of attorneys' fees, expenses, and costs and for service awards will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  Any appeal from any order relating solely to Class Counsel's application for an award of attorneys' fees, costs, and expenses, and/or to Class Counsel's application for service awards, or any reversal or modification of any such order, shall not operate to terminate or cancel the Settlement or to affect or delay the finality of a judgment approving the Settlement.

18.     Papers in support of final approval of the Settlement and Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than 65 days after entry of this Order.   Any Reply in support of final approval of the Settlement or Class Counsel's application for attorneys' fees, expenses and costs and for service awards shall be filed no later than 115 days after entry of this Order.

### Objections and Appearances at the Final Fairness Hearing

19.     Any Class Member may appear at the Final Fairness Hearing and show cause why the proposed Settlement should or should not be approved as fair, reasonable, and adequate; why judgment should or should not be entered; or to comment on or oppose Class Counsel's application for attorneys' fees, costs, and expenses or Class Counsel's application for service awards.  No person or entity shall be heard or entitled to contest the approval of the Settlement, or if approved, the judgment to be entered approving the Settlement, or Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards, unless that person's objection is received by the Clerk of the United States District Court for the Northern District of California within 100 days after entry of this Order (the "Objection Deadline"), which provides Class Members 75 days from the Notice Date to object.

20.     To object, such Class Member must submit copies of: (a) a written statement identifying such Person's name, address, and signature, and, if represented by counsel, the name, and address of counsel; (b) a written statement attesting that the Class Member had a Patreon account and a Facebook account between April 1, 2016 through the Preliminary Approval date and requested or obtained video content on the Patreon website during that time; (c) a written statement of the Class Member's objection and the reasons for such objection; (d) a written statement of whether the objection applies only to the Class Member, to a specific subset of the Class, or to the entire Class; and (e) any documentation or authorities in support of such objection.  All written objections and supporting papers must clearly identify the case name and number (*Stark v. Patreon*, No. 3:22-CV-03131-JCS (N.D. Cal.). Objections must be submitted to the Court either by filing electronically or in person at any location of the United States District Court for the Northern District of California or by mailing it to the Clerk, United States District Court for the Northern District of California, at the following address:

> Northern District of California, San Francisco Division
> United States District Court
> 450 Golden Gate Avenue, Box 36060
> San Francisco, CA 94102-3489
> Case No. 3:22-cv-03131-JCS

21.     Any Class Member who does not make their objection in the time and manner provided for herein shall be deemed to have waived such objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement, and to Class Counsel's application for an award of attorneys' fees, costs, and expenses and for service awards.  By objecting, or otherwise requesting to be heard at the Final Fairness Hearing, a person shall be deemed to have submitted to the jurisdiction of the Court with respect to the objection or request to be heard and the subject matter of the Settlement, including but not limited to enforcement of the terms of the Settlement.

22.     Attendance at the Final Fairness Hearing by Class Members (other than Plaintiffs through counsel) is not necessary.  If an objector hires an attorney for the purpose of making an objection, the attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendant's Counsel by the Objection Deadline.

**Exclusion from the Class**

23.     Any requests for exclusion are due no later than 100 days after entry of this Order ("Exclusion Deadline").  Any person or entity who would otherwise be a member of the Class who wishes to be excluded from the Class must notify the Claims Administrator in writing of that intent by either (i) by U.S. mail postmarked no later than the Exclusion Deadline; or (ii) by submission of an opt-out request on the Settlement Website no later than the Exclusion Deadline.  Any person or entity who is a member of the Class and who validly and timely requests exclusion from the Settlement shall not be a Class Member; shall not be bound by the Settlement Agreement; shall not be eligible to apply for or receive any benefit under the terms of the Settlement Agreement; and shall not be entitled to submit an Objection to the Settlement.

24.     Any member of the Class who does not notify the Claims Administrator of their intent to be excluded from the Class in the manner stated herein shall be deemed to have waived his or her right to be excluded from the Class. If the Court finally approves the Settlement, any such person or entity shall forever be barred from requesting exclusion from the Class in this or any other proceeding, and shall be bound by the Settlement and the judgment, including the releases provided for in the Settlement Agreement, and the Final Order and Judgment.

**Termination of the Settlement**

25.     If the Settlement fails to become effective in accordance with its terms, or if the Final Order and Judgment is not entered or is reversed or vacated on appeal, this Order shall be null and void, the Settlement Agreement shall be deemed terminated, and the Parties shall return to their positions without any prejudice, as provided for in the Settlement Agreement.

**Limited Use of This Order**

26.     The fact and terms of this Order or the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Order or the Settlement, and any act performed or document signed in connection with this Order or the Settlement, shall not, in this or any other Court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference (i) of any acts of wrongdoing or lack of wrongdoing, (ii) of any liability on the part of Defendant to Plaintiffs, the Class, or anyone else, (iii) of any deficiency of any claim or defense that has

7

been or could have been asserted in this Action, (iv) of any damages or absence of damages suffered by Plaintiffs, the Class, or anyone else, or (v) that any benefits obtained by the Class under the Settlement represent the amount that could or would have been recovered from Defendant in this Action if it were not settled at this time.  The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts, and proceedings associated with this Order and the Settlement, including the judgment and the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum, or other tribunal, except as necessary to enforce the terms of this Order, the Final Order and Judgment, and/or the Settlement.

## Reservation of Jurisdiction

27.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

28.    All discovery and pretrial and trial proceedings and deadlines are vacated until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

## Schedule and Deadlines

29.    The Court sets the following schedule for further Settlement-related proceedings:

| Event | [Proposed] Deadline |
|---|---|
| Class Action Fairness Act notice to state and federal officials, under 28 U.S.C. § 1715 | Within 10 days after filing of the motion for preliminary approval |
| Notice Date | No later than 25 days after entry of preliminary approval order |
| Plaintiffs to move for final approval of the settlement and submit declaration of Claims Administrator providing overview of notice process and specifying costs and expenses incurred to date | 65 days after entry of preliminary approval order |
| Plaintiffs to move for attorneys' fees, expenses, and service awards | 65 days after entry of preliminary approval order |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL
CASE NO. 3:22-cv-03131-JCS

| Event | [Proposed] Deadline |
|---|---|
| Deadline to file a claim | 100 days after entry of preliminary approval order |
| Deadline for the submission of objections and requests for exclusion | 100 days after entry of preliminary approval order |
| Reply briefs in support of final approval and motion for attorneys' fees, expenses, and service awards and updated declaration of Claims Administrator | 115 days after entry of preliminary approval order |
| Final Fairness Hearing | At least 130 days after entry of preliminary approval order |
| Deadline for Claims Administrator to submit any final costs and expenses for Court approval and accounting of residual funds<br><br>Deadline for Plaintiffs to submit proposal for distribution of residual funds | No later than 280 days after entry of preliminary approval order |

**IT IS SO ORDERED.**

DATED: _____          _____

                                        THE HONORABLE JOSEPH C. SPERO
                                        UNITED STATES MAGISTRATE JUDGE