Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Ste. 450
Oakland, CA 94612
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DECLARATION OF NATHAN WALKER IN SUPPORT OF DEFENDANT PATREON, INC.'S**<br><br>**1) OBJECTIONS TO THE GROUP OF 927 SETTLEMENT OPT-OUTS SUBMITTED BY LEXCLAIM; AND**<br><br>**2) RESPONSE TO LEXCLAIM'S CONTINGENT OBJECTION TO FINAL APPROVAL OF SETTLEMENT** |

I, Nathan L. Walker, hereby declare:

1.  I am a partner at The Norton Law Firm PC, counsel for Defendant Patreon, Inc. ("Defendant" or "Patreon") in this case. I have personal knowledge of the facts set forth herein, and, if called upon to testify, could and would testify competently thereto.

2.  This declaration is made in support of Defendant Patreon Inc.'s (1) Objections To the Group Of 927 Opt-outs Submitted by Lexclaim; and (2) Response to Lexclaim's Contingent Objection to Final Approval of Settlement.

3.  On information and belief, Lexclaim Recovery Group US LLC ("Lexclaim") filed a complaint against Patreon in the United States District Court for the Northern District of California on January 13, 2025. A true and correct copy of Lexclaim's complaint is attached as **Exhibit A**. I obtained this copy of Lexclaim's complaint from the Court's online ECF/PACER system.

4.  On January 17, 2025, I received an email from Meaghan Bruner, who I understand is Director of Client Services at Simpluris, the Claims Administrator for the class settlement in this case. In her email, Ms. Bruner, as representative of Simpluris, stated:

> We received a package that was postmarked on January 13, 2025, and contained approximately 1,000 pages of what appear to be generic opt-out forms. All documents are identical [sic] formatted, and each opt-out only contains an opt-out statement, name, and signature but does not include the individual's address or telephone number. The generic opt-outs do appear to match the opt-outs described in the attached the attached [sic] document for Case No. 24-cv-428. However, knowing that para 7.4 of the Settlement Agreement prohibits "mass" opt-outs, our inclination is to reject or disqualify these opt outs unless the parties disagree.

A true and correct copy of Ms. Bruner's email, including its attachments, is attached as **Exhibit B**.

5.  I had no prior communication with Ms. Bruner (or anyone else at Simpluris) about Lexclaim in particular or group opt-outs in general prior to Ms. Bruner's January 17 email, discussed above. To the best of my knowledge, and after making an inquiry, no one else at my law firm had any such prior communications with Ms. Bruner (or anyone else at Simpluris). I have been my law firm's primary contact with Ms. Bruner/Simpluris in connection with this case.

6.  On January 31, 2025, Ms. Bruner provided to me, via a fileshare link, a copy of what I understand are the putative opt-out request forms (927 separate documents) she referenced in her January 17 email to me, as well a separate letter she informed me, in a cover email, Simpluris received

1

from Lexclaim. I combined the 927 documents I received from Ms. Bruner into a single PDF file for ease of viewing. A true and correct copy of that combined file is attached as **Exhibit C**. A true and correct copy of the separate letter Simpluris received from Lexclaim is attached as **Exhibit D**.

7. On February 5, 2025, Lexclaim filed in this case a Contingent Objection to Final Approval of Class Action Settlement (Dkt. 206) and an associated Declaration of Jason Harrow (Dkt. 206-1). Paragraph 15 of Mr. Harrow's declaration contains a URL (https://bit.ly/40IV4UF) that links to a video that, according to Mr. Harrow's declaration, is a screen recording he captured of a sample user flow on a website Lexclaim used to communicate with potential class members. I am unsure whether the Court is able to access and view that video using the URL that Mr. Harrow provided. Accordingly, to ensure that the Court can see the user flow on the website, I have made screenshots of the video that reflect the user flow, and I have attached those screenshots as exhibits. Attached as **Exhibit E** is a set of screenshots I took of the video that capture all or nearly all of the visible screen. Attached as **Exhibit F** is a second set of screenshots I took of the video that capture portions of the screen and are enlarged so that the text is larger and thus easier to read.

8. On information and belief, Lexclaim was formed on August 23, 2024. Lexclaim's complaint against Patreon states that Lexclaim "is a Wyoming limited liability company." *See* Exhibit A, ¶ 5. On February 10, 2025, I visited the website of the Wyoming Secretary of State, at wyobiz.wyo.gov/business/filingsearch, and I searched for, located, and downloaded records related to Lexclaim. From the website, I downloaded a document entitled "Limited Liability Company Articles of Organization" and dated August 23, 2024, a true and correct copy of which is attached as **Exhibit G**. I also downloaded a document entitled "Filing Information," a true and correct copy of which is attached as **Exhibit H**. These documents indicate that Lexclaim was formed on August 23, 2024.

9. On February 11, 2025, my colleague Fred Norton and I participated in a meet-and-confer call with Lexclaim's principals Charles Gerstein and Jason Harrow. During this call, Mr. Gerstein represented that, as part of the documents Lexclaim submitted with its Contingent Objection to Final Approval of Class Action Settlement (Dkt. 206), Lexclaim has provided to the Court all communications from Lexclaim to the putative 927 assignors. I have reviewed the documents Lexclaim submitted with

2

its Contingent Objection to Final Approval of Class Action Settlement, as well as the additional documents that it made available through a hyperlink. Apart from one or two emails that Lexclaim filed at Docket No. 206-5, I identified nothing in those documents that appears to be a communication from Lexclaim to the putative assignors made after the putative assignors signed the assignment forms. I identified no documents that indicate Lexclaim ever informed the putative assignors that Lexclaim signed or accepted the assignment or that Lexclaim had submitted an opt-out form on their behalf.

10. On February 12, 2025, I visited the website that Claims Administrator established for the administration of the settlement in this case (https://patreonsettlement.com), and I located and downloaded the Class Notice for settlement in this case. Attached as **Exhibit I** is a true and correct copy of the Class Notice that I downloaded from the Claims Administrator's website.

11. Attached as Exhibit J is a true and correct copy of a court order in the case captioned *Chalian v. CVS Pharmacy, Inc.*, No. 2:16-cv-8979-AB-AGR (C.D. Cal. Oct. 30, 2020). I obtained this court order from the court's online ECF/PACER system.

12. Attached as **Exhibit K** is a true and correct copy of a screenshot of a webpage on the Merriam-Webster Dictionary website at merriam-webster.com. I captured this screenshot on February 12, 2025.

13. Attached as **Exhibit L** is a true and correct copy of Section 9:49 of the legal treatise Newberg and Rubenstein on Class Actions, entitled "Disfavored approaches to exclusion—Group opt-outs prohibited." I downloaded this document from Westlaw.com on February 12, 2025.

I declare under the laws of the United States that the statements in this declaration are true and correct to the best of my knowledge, and that this declaration was executed on February 12, 2025, in Palo Alto, California.

*/s/ Nathan Walker*
Nathan L. Walker

3

1  
2  
3  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28

1

DECLARATION OF NATHAN WALKER ISO DEFENDANT PATREON'S (1) OBJECTIONS TO GROUP OF 927 SETTLEMENT OPT-OUTS SUBMITTED BY LEXCLAIM, AND (2) RESPONSE TO LEXCLAIM'S CONTINGENT OBJECTION TO FINAL APPROVAL OF SETTLEMENT
CASE NO. 3:22-CV-03131-JCS