Jason Harrow
(Cal. Bar No. 308560)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025
jason@gerstein-harrow.com
(323) 744-5293

Charles Gerstein
(*pro hac vice* forthcoming)
GERSTEIN HARROW LLP
1001 G St., NW Ste. 400E
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRAYDEN STARK, et al., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-3131-JCS<br><br>**ADMINISTRATIVE MOTION TO DENY WITHOUT PREJUDICE PATREON'S "OBJECTIONS" TO OPT-OUTS OR, IN THE ALTERNATIVE, TO SET SCHEDULE FOR BRIEFING AND DETERMINATION (L.R. 7-11)**<br><br>**Dated: February 14, 2025**<br><br>**Judge: Hon. Joseph C. Spero** |

## I. PRELIMINARY STATEMENT

At approximately 9 pm pacific time on Wednesday, February 12, Defendant Patreon Inc. filed a document it called "Objections To The Group Of 927 Settlement Opt-Outs Submitted By Lexclaim," and it combined this document with a short response to Lexclaim's Contingent Objection to the approval of the settlement. *See* ECF No. 209. Patreon's document contains extensive legal argument and makes disputed factual allegations about Lexclaim's communications with the people who chose to opt out of the settlement preliminarily approved in this case. *See id.* Patreon also attached to the document a three-page proposed order suggesting that the Court find the 927 opt-outs "invalid" and outlining remedial action Patreon thinks the Court should take. *See* ECF No. 209-15.

Given the document's content and the relief requested, the document is a motion, though it is not captioned as such and not properly noticed to give Lexclaim time to respond. Accordingly, Lexclaim contacted Patreon to ask that the parties stipulate to a briefing schedule so that Lexclaim has an opportunity to respond and the Court has an opportunity to resolve the issue in an orderly fashion. To Lexclaim's surprise, Patreon refused to agree to any briefing schedule on that grounds that it "is unclear to [Patreon] what purpose would be served by additional, extended briefing" and because "Lexclaim will have an opportunity at the February 19 Fairness Hearing to present any argument it wants to make." Decl. of Jason Harrow, Exh. B ("Walker Letter").

Because Lexclaim wants only a fair opportunity to respond to the detailed legal arguments and controversial factual allegations in Patreon's incorrectly captioned motion, Lexclaim feels forced to move this Court for an order either (1) denying the "Objections" without prejudice to such a request being refiled as a noticed motion, if the Court does not moot the issue by approving the settlement and finding the 927 opt-outs valid; or (2) setting a briefing schedule for the orderly determination of

Patreon's "Objections" and Lexclaim's related (and forthcoming) Motion to Quash, along the lines suggested in the attached Proposed Order.

## II. ARGUMENT

### A. LEXCLAIM IS ENTITLED TO RESPOND TO PATREON'S "OBJECTIONS," WHICH IS ACTUALLY A MOTION.

The Federal and Local Rules are clear that formal requests for court action, like the detailed ruling that Patreon requests this Court make with respect to the 927 contested opt-outs, must be filed in the form of a motion that gives the opposing party an opportunity to respond. Federal Rule 7(b) provides that "[a] request for a court order must be made by motion," and Rule 6(c)(1) states that, with some exceptions not applicable here, "[a] written motion and notice of the hearing must be served at least 14 days before the time specified for the hearing." Similarly, the Civil Local Rules state that "[a]ny written request to the Court for an order must be presented by one of" six types of documents, all of which are species of motion or stipulation. *See* Civ. L.R. 7-1(a).

It is plain that Patreon's filing meets this definition even though it lacks a noticed hearing date or the proper caption. Patreon did not dispute this conclusion in a letter exchange regarding Lexclaim's request for time to respond. *See generally* Harrow Decl. Exh. A (citing Fed. R. Civ. P. 7(b)); Walker Letter (not addressing this topic). Nor could it. The "Objections" document is eighteen pages long (and then four additional pages to respond to Lexclaim's earlier filing); the final sub-section is titled "Requested Relief"; there is a Table of Contents and then a Table of Authorities of more than two pages; there is a 3-page proposed order attached; there is extensive legal and factual argument in support of the relief Patreon requests; and there are fourteen other attachments. *See* ECF No. 209–209-15. This document clearly meets the definition of a "request for a court order" under Federal Rule 7 and Civil Local Rule 7-1, so Lexclaim should be entitled to respond as a matter of both the Rules, *see*

Civ. L.R. 7-3(a) (governing oppositions to motions), and basic fairness and efficiency in the adversary system, *e.g.*, *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995) (failing to allow opposing party sufficient time to respond "detracts from a fundamental purpose of the adversary system, namely, to give the court the best possible presentation of the merits and demerits of the case on each side"). Moreover, the document makes incorrect but facially damaging allegations about Lexclaim's conduct that Lexclaim must be given an opportunity to contest.

Patreon's reasons for refusing to properly caption this document and failing to give Lexclaim any reasonable time to respond are without merit. In fact, its refusal only reinforces the conclusion that Patreon's sole concern is that the Court quickly approve the settlement and that its own liability be minimized, and nothing more.

In its letter to Lexclaim, Patreon does not address the Federal or Local Rules. Instead, in refusing to agree to a briefing schedule that would give Lexclaim time to respond and this Court time to consider the evidence and argument, it offers two contradictory arguments for why the Court should sign its proposed order invalidating the 927 opt-outs and providing the additional detailed relief without even considering a written response.

Patreon first contends that Lexclaim need not have a chance to respond because it has already had a chance to offer relevant "legal authority" and "evidence," via the contingent objection filed on February 5. Walker Letter at 1. But that document served a different purpose and did not, in fact, address any of Patreon's legal arguments or factual points. When Lexclaim filed the Contingent Objection, Patreon hadn't raised the arguments in its "Objections" or requested that the Court affirmatively invalidate the opt-outs. *See* ECF No. 206. Lexclaim requires an opportunity to respond to the arguments that Patreon actually made and the relief that Patreon actually requests, not the ones it was supposed to foresee.

Patreon's other justification for its refusal is the reversal of its first. Patreon claims it need not afford Lexclaim sufficient time to respond on the grounds that "Lexclaim will have an opportunity at the February 19 Fairness Hearing to present any argument it wants to make." Walker Letter at 2. But a chance for Lexclaim to argue its position orally is not what the rules provide for, not what Lexclaim believes is best for the Court, and potentially insufficient given the detailed nature of the factual and legal argument Patreon makes.

Lexclaim has nothing to hide, as it has repeatedly said. If this Court is going to consider Patreon's "Objections" to the Opt-Outs, all Lexclaim wants is a fair chance to respond. Patreon's argument that the Court should simply grant its requested relief on February 19 without affording Lexclaim any reasonable time to respond is unnecessary, meritless, and revealing of its true motive here.

**B.  This Court Can Either Deny The "Objections" Without Prejudice Or Set A Schedule For Briefing and Decision.**

Given Patreon's improper filing and its refusal to stipulate to a fair briefing schedule, this Court has two options. It can deny the filing without prejudice to refiling if appropriate, or it can construe the document as a motion and set a schedule for briefing and argument.

Denial without prejudice appears to be the most common course for courts when motions are improperly noticed or filed such that they do not afford the opposing party time to respond. *E.g.*, *Carter v. Jackson*, No. 1:23-cv-01775-KES-SAB, 2024 U.S. Dist. LEXIS 60580, at *2 (E.D. Cal. Apr. 2, 2024) (denying motion without prejudice where insufficient notice given and noting that "Plaintiff may file a request to hear the motion on shortened time . . . if Plaintiff can satisfy the requirements for such under the Local Rules"). Doing this is likely the best course. If, at the February 19 hearing, the Court approves the settlement and rules the 927 opt-outs facially valid, any motion would be moot anyway. In the alternative, the Court could at that hearing

at least give guidance about the scope of the inquiry, and Patreon could modify and refile its "Objections" as a properly noticed motion with that information in hand.

In the alternative, the Court could construe the "Objections" as a noticed Motion and set an orderly schedule for briefing and hearing like the one proposed in the attached proposed order.

Finally, the Court may also wish to specify in the Order that Lexclaim's related Motion to Quash be due alongside its response to Patreon's properly construed Motion. Lexclaim and Patreon have had the required videoconference on this issue, and the joint letter required by this Court is due Tuesday, February 18. *See* Harrow Decl. ¶ 5. Patreon's contention that it "does not believe additional time or deferral of the hearing is necessary or appropriate" calls into question whether Patreon has any grounds to enforce subpoenas that it has served on Lexclaim. Walker Letter at 1. Coordinating the Court's decision on that matter with its decision on Patreon's request would thus all involved a chance to hear the Court's views at the hearing and avoid piecemeal consideration.

## III.  CONCLUSION

For the foregoing reasons, this Court should issue an order either (1) denying the "Objections" without prejudice to such a request being refiled as a noticed motion, if the Court does not moot the issue by approving the settlement and finding the 927 opt-outs valid; or (2) setting a briefing schedule for the orderly determination of Patreon's "Objections" and Lexclaim's related (and forthcoming) Motion to Quash.

Respectfully submitted,

*/s/ Jason Harrow*
Jason Harrow
(Cal. Bar No. 308560)
GERSTEIN HARROW LLP
12100 Wilshire Blvd. Ste. 800
Los Angeles, CA 90025

jason@gerstein-harrow.com
(323) 744-5293

Charles Gerstein
(*pro hac vice*)
GERSTEIN HARROW LLP
1001 G St., NW Ste. 400E
Washington, DC 20001
charlie@gerstein-harrow.com
(202) 670-4809

*Attorneys for Lexclaim Recovery Group US LLC*