Fred Norton (CA SBN 224725)
fnorton@nortonlaw.com
Nathan Walker (CA SBN 206128)
nwalker@nortonlaw.com
Bree Hann (CA SBN 215695)
bhann@nortonlaw.com
Gil Walton (CA SBN 324133)
gwalton@nortonlaw.com
Celine G. Purcell (CA SBN 305158)
cpurcell@nortonlaw.com
Emily Kirk (CA SBN 348547)
ekirk@nortonlaw.com
THE NORTON LAW FIRM PC
300 Frank H. Ogawa Plaza, Ste. 450
Oakland, CA 94612
Telephone: (510) 906-4900

Attorneys for Defendant
PATREON, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-CV-03131-JCS<br><br>**DEFENDANT PATREON, INC.'S OPPOSITION TO LEXCLAIM RECOVERY GROUP LLC'S ADMINISTRATIVE MOTION TO DENY WITHOUT PREJUDICE PATREON'S OBJECTIONS TO OPT-OUTS OR, IN THE ALTERNATIVE, TO SET SCHEDULE FOR BRIEFING AND DETERMINATION** |

## I. INTRODUCTION

In this class action, contingent objector Lexclaim waited until the eve of the opt-out deadline to file 927 "opt-outs" that violated the Settlement Agreement's prohibition on group opt-outs *and* that failed to comply with the express terms of the Court-Approved Class Notice for the necessary information in an opt-out request. When that disregard for the rules prompted a predictable response—the Claims Administrator rejected the opt-outs—Lexclaim filed an untimely objection to the settlement, just two weeks before the fairness hearing. Patreon and Plaintiffs each promptly filed a reply to the objection, just as the Court's Scheduling Order after preliminary approval had authorized them to do; while Plaintiffs also objected that the objection itself was untimely.

Now Lexclaim complains that the rules should change; the class settlement approval process should be delayed to accommodate Lexclaim. Lexclaim asserts that Patreon's proper reply to its objection is really a "motion" that must be separately noticed and heard. In addition, Lexclaim suggests that, when it objected, it failed to anticipate Patreon's arguments so it should be given weeks more to file what is really a sur-reply. Nonsense.

Lexclaim's Administrative Motion should be denied for the simple reason that Patreon did ***not*** file a "motion," it filed a ***reply*** to Lexclaim's objection, exactly as this Court's scheduling order had contemplated. The reply was filed just seven days before the fairness hearing only because Lexclaim's objection itself was filed almost three weeks after the Court's deadline, forcing Patreon to respond on shortened time. Nothing in Lexclaim's Administrative Motion justifies departing from the clear and familiar procedure the Court already set; nothing indicates Lexclaim would suffer any undue prejudice if Patreon's reply is considered at the fairness hearing. The motion should be denied.

## II. BACKGROUND

On September 23, 2024, the Court set out a timetable for sending out the approved Class Notice, for submitting claims and opt-out requests, for filing objections to the settlement, for filing replies to such objections, for the motion for final approval of the settlement, and for a fairness hearing. Dkt. 192 at 9-10. The Court subsequently modified this timetable, though not the familiar procedure. Dkt. 195. Pursuant to the Court's Order, the Motion for Final Approval was filed December 11, objections were due by January 15, and replies to objections were due by January 30, with the Fairness hearing set for

1

1  February 19. *Id.* at 2-3.

2  On February 5, 2025, two weeks before the fairness hearing, Lexclaim filed an untimely
3  "Contingent Objection to Final Approval of Class Action Settlement" ("Objection"). Dkt. 206. In its
4  Objection, Lexclaim asserted that the group of 927 settlement opt-outs requests it solicited, obtained,
5  and submitted are valid. Lexclaim specifically asserted that (1) contrary to Patreon's contention,
6  Lexclaim did not make misleading or incomplete statements to potential class members that may have
7  induced them to provide their opt-outs to Lexclaim, and (2) contrary to the Claims Administrator's
8  determination, the group of 927 opt-outs it submitted *en masse* is not a "group opt-out" that the
9  Settlement Agreement prohibits. *Id.* at 2-11.

10 One week later, on February 12, Patreon filed a reply to Lexclaim's Objection, Dkt. 209,
11 addressing the same two issues Lexclaim had raised in its own filing. Patreon's reply fell outside the
12 time contemplated by the Court's Scheduling Order, Dkt. 195, only because the Objection itself was
13 filed late. Patreon replied in less than half the time the Order had originally contemplated.

14 Patreon's reply directly rebutted Lexclaim's Objection by arguing that (1) Lexclaim did in fact
15 make misleading and incomplete statements to potential class members that likely induced class
16 members to provide their opt-outs to Lexclaim; and (2) as the Claims Administrator had determined, the
17 group of 927 opt-outs Lexclaim submitted is a "group opt-out" that the Settlement Agreement
18 prohibits. Dkt. 209 at 6-25. Patreon also argued that the opt-outs are invalid for a third, straightforward
19 reason: none of the opt-outs Lexclaim submitted contain the individual's address or phone number, as
20 the Class Notice expressly requires and which are necessary to confirm the identities of persons subject
21 to and excluded from the judgment. *Id.* at 19.

22 On the record before it, the Court could, of course, simply agree with the Claims Administrator,
23 overrule Lexclaim's untimely objection, and reject the improper, non-compliant group opt-outs. In its
24 February 12 filing, Patreon suggested a less severe remedy: the Court could agree with the Claims
25 Administrator, overrule Lexclaim's untimely objection, and reject the improper, non-compliant group
26 opt-outs, ***and also*** direct that affected individuals be given a curative notice and a second opportunity to
27 make a claim under the settlement or opt out individually. *Id.* at 6, 21-22. But because Lexclaim
28 induced the putative opt-outs to sign opt-out requests without including any contact information

2

1  (contrary to the terms of the Court-approved Class Notice), the Claims Administrator would need
2  Lexclaim to provide that contact information now.  With its submission, Patreon submitted a proposed
3  order describing the process of obtaining contact information and issuing the curative notice.
4      On February 14, Lexclaim filed an "Administrative Motion to Deny Without Prejudice Patreon's
5  'Objections' To Opt-Outs Or, In Alternative, To Set Schedule for Briefing and Determination."  Dkt.
6  211.  That Administrative Motion is meritless and should be denied.

### III. LEXCLAIM'S ADMINISTRATIVE MOTION SHOULD BE DENIED.

8   In its Administrative Motion, Lexclaim asserts that:  (1) it was improper for Patreon to file an
9  "Objection" that requests an order regarding the validity of the opt outs, rather than filing a motion and
10 noticing it to give Lexclaim two weeks to respond; and (2) the Court thus should either deny without
11 prejudice Patreon's Objection or, alternatively, set a schedule for briefing and hearing on it that would
12 provide Lexclaim until March 3—after the fairness hearing—to file a response.  *Id.*
13  Lexclaim's Administrative Motion is meritless and should be denied for six reasons.
14  *First*, Lexclaim's Administrative Motion fundamentally misunderstands the nature of the
15 proceedings before the Court.  Patreon did not a file a "motion," it filed a "reply" as contemplated by the
16 Court's Scheduling Order for the fairness hearing.  Had Lexclaim filed a *timely* objection (by January
17 15), Patreon would have had fifteen days (until January 30) to file its reply, and Lexclaim would have
18 had no opportunity to file a sur-reply.  Dkt. 195 at 3.  Instead, Lexclaim filed an untimely objection on
19 February 5, and Patreon filed its reply in just seven days.  Lexclaim's untimely objection does not
20 convert Patreon's prompt reply into a separate "motion" that requires delay of the fairness hearing and
21 yet another round of briefing.
22  This is reason alone to deny the Administrative Motion.  But there are plenty of other reasons as
23 well.
24  *Second*, Lexclaim's assertion that it was improper for Patreon to include a proposed order with
25 its reply, but instead should have proceeded by separate motion, is contrary to Lexclaim's own
26 conduct.  Lexclaim itself filed an "Objection" and sought an order from the Court, asserting that "this
27 Court should rule that Lexclaim's assignors' opt outs are valid, and that the settlement administrator's
28 allusion to the contrary was incorrect."  Dkt. 206 at 14.  Lexclaim did not caption its submission as

3

1   "motion," nor did it notice its submission to give Patreon two weeks to respond.  (Nor should it have—
2   Lexclaim simply filed an objection, Patreon simply filed a reply, as the Scheduling Order intended.)

   ***Third***, yet again, the Scheduling Order contemplates the filing of objections and the filing of replies, with an opportunity to argue at the fairness hearing.  It does not permit sur-replies.  Lexclaim presumably raised the legal authority and submitted the evidence that it believed was relevant to the validity of the opt-outs when it filed its Objection.  Indeed, Lexclaim has not identified any additional evidence or information the Court needs in order to rule on the validity of the 927 opt-outs requests.  To the contrary, on the issue of whether Lexclaim made misleading or incomplete statements to class members, Lexclaim alleged in its Objection that it has "produce[d] to this Court and all parties every outgoing communication that it has ever had with any of the assignors, so that Patreon, this Court, and all interested parties are aware of the content of the relevant communications."  Dkt. 206 at 6.

   ***Fourth***, to the extent Lexclaim asserts that it has a right to file a sur-reply (it provides no authority) ***and*** that six days is too little time for it to file a sur-reply before the fairness hearing, it has no one but itself to blame.  Lexclaim's submissions to the Court make clear that both Lexclaim and its counsel were familiar with the terms of the Settlement Agreement from the time it was preliminarily approved last year, including its prohibition on group opt-outs.  *See* Dkt. 206 at 4 ("After the settlement in this case was preliminarily approved, Lexclaim sought out affected class members …").  Lexclaim's submissions also make clear that by November of last year, Lexclaim was in possession of everything it needed to submit opt-out forms for many if not all of the putative opt-outs.  *See* Opt-Out Requests dated November 2024, at Dkt. 206-1 ¶ 20 (also submitted at Dkt. 209-5).  Nonetheless, Lexclaim delayed submitting all 927 purported opt-outs until the eve of the January 15 opt-out deadline.  *See* Dkts. 206-1 ¶ 24; 209-2 ¶ 4; 209-4 (Email from Claims Administrator dated Jan. 17, referring to opt-out forms received on Jan. 13).  Having waited until the last minute to act, Lexclaim can hardly complain that it left itself too little time to react to the predictable consequences of its non-compliant opt-out scheme.

   ***Fifth***, Lexclaim ***did*** have enough time to file a sur-reply to Patreon's reply, if it wanted to do so.  Patreon filed and served that submission on February 12, so Lexclaim had six full days before the fairness hearing to file a sur-reply, if Lexclaim wanted to seek leave to file one.  It did not do so, and it did not explain any reason why it could not do so.

4

*Sixth*, and in any event, Lexclaim will have an opportunity at the February 19 fairness hearing to present any argument it wants to make—just like any other objector.

## IV. CONCLUSION

For all the foregoing reasons, Lexclaim's Administration Motion (Dkt. 211) should be denied.

Dated: February 18, 2025

Respectfully submitted,

THE NORTON LAW FIRM PC

*/s/ Fred Norton*

Fred Norton

Attorneys for Defendant
PATREON, INC.