Adam E. Polk (SBN 273000)
Simon Grille (SBN 294914)
Trevor T. Tan (SBN 280145)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD and, DENOVIAS MACK, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>PATREON, INC.,<br><br>　　　　Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**PLAINTIFFS' SUPPLEMENTAL OPENING BRIEF RE CONTESTED OPT-OUTS SUBMITTED BY LEXCLAIM RECOVERY GROUP US, LLC** |

## I. INTRODUCTION

Class Plaintiffs submit this supplemental brief in response to the Court's February 19, 2025 Minute Order. Plaintiffs join in Patreon's supplemental submission and requested relief. The Court can and should invalidate the Class Member assignments to Lexclaim LLC and order curative notice. Law firm Gerstein Harrow LLP, operating through a special purpose LLC, solicited assignments of Class Member claims under the Video Privacy Protection Act ("VPPA") in exchange for an upfront payment and a fractional 20% interest in the pool of assignments aggregated by the LLC.[1] Unlike a traditional contingency fee, the LLC acquired the claims of Class Members outright. Lexclaim's incentive was to downplay the Class Action and Class Members' rights thereunder, and as Patreon demonstrates, and we underscore below, Lexclaim did so. Without discovery, there is no way of knowing how many Class Members understood Lexclaim's offer, but given the nature of Lexclaim's solicitation, likely very few. Re-noticing this discrete segment of the Class will correct any confusion and restore Class Members to the position they would have occupied but for Lexclaim's decision to inject itself into the notice procedure in this case.

The defects in Lexclaim's solicitations are the same ones other courts have considered sufficient to warrant curative notice:

- Downplaying the existence of the Class Action;
- Providing incomplete and misleading information about the amount Class Members could expect to receive in the Class Action;
- Failing to tell Class Members where they could get information about the Class Action;
- Failing to tell Class Members who the lawyers for the Class were or how to contact them; and

---

[1] Plaintiffs note, without waiving any rights, that Lexclaim's assignment scheme may violate federal prohibitions on the promotion and sale of unregistered securities. *See S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 301 (1946) ("The Securities Act prohibits the offer as well as the sale of unregistered, non-exempt securities"); *see also*, *e*.g., *Rocky Aspen Mgmt. 204 LLC v. Hanford Holdings LLC*, 230 F. Supp. 3d 159, 164–65 (S.D.N.Y. 2017) (applying *Howey* test and finding interest in LLC constituted a security); *Shirley v. Jed Cap., LLC*, 724 F. Supp. 2d 904, 910–12 (N.D. Ill. 2010) (same).

1

PLAINTIFFS' SUPPLEMENTAL OPENING BRIEF RE CONTESTED OPT-OUTS SUBMITTED
BY LEXCLAIM RECOVERY GROUP US, LLC
CASE NO. 3:22-cv-03131-JCS

- Failing to notify Class Members that they assume the risk of subjecting themselves to discovery.

As this Court is aware, the $7.25 million settlement before the Court is the product of two years of sharply contested litigation. Notice was given to 99% of potential Class Members, and there are over 105,300 claims. There is no opposition to the fairness of the Settlement, and the only issue standing in the way of final approval and payment to Class Members is the confusion created by Lexclaim's solicitations. While several options are available to the Court, Plaintiffs concur with Patreon's proposal as a reasonable means of finalizing this Settlement consistent with the due process rights of Class Members.

## II. ARGUMENT

### A. The Settlement Should be Finally Approved.

There is no objection to the fairness, reasonableness, or adequacy of the Settlement. For the reasons stated in Plaintiffs' Motion for Final Approval and Reply (ECF Nos. 197, 204), the Court should grant final approval, so that payments can be made to eligible Class Members. *See Wellness Med. Ctr. LLC v. Liberty Mut. Ins. Co.*, 703 F. Supp. 3d 289, 292 (D. Mass. 2023) (granting final approval and separately considering dispute about the validity of opt-out requests that stemmed from allegedly improper communications); *see also In re TikTok, Inc., Consumer Priv. Litig.*, 617 F. Supp. 3d 904, 931 (N.D. Ill. 2022) (separating analysis of dispute over "mass opt-outs" from analysis of whether settlement was fair, reasonable, and adequate under Rule 23(e)).

### B. The Court's Authority to Regulate Nonparty Communications with Class Members.

Federal Rule of Civil Procedure 23(d) "vests a district court with the authority and discretion to protect the interests and rights of class members and to ensure its control over the integrity of the settlement approval process." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998); *see also Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981) ("Because of the potential for abuse, a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties."). Thus, under Rule 23(d), the Court has authority to "protect the due process rights of absent class members through accurate notice

procedures." *Retiree Support Grp. of Contra Costa Cnty. v. Contra Costa Cnty.*, No. 12-CV-00944-JST, 2016 WL 4080294, at *3 (N.D. Cal. July 29, 2016) ("[C]ourts in this district have imposed limitations on communications, and invalidated agreements obtained through those communications, based on findings that the communications were misleading, coercive, or omitted critical information."); *Guifu Li v. A Perfect Day Franchise, Inc.*, 270 F.R.D. 509, 517 (N.D. Cal. 2010) ("Courts applying the *Gulf Oil* standard have found that *ex parte* communications soliciting opt-outs, or even simply discouraging participation in a case, undermine the purposes of Rule 23 and require curative action by the court."). This authority extends to the regulation of "false and misleading communications to a class" made by nonparties. *Retiree Support Grp. of Contra Costa Cnty.*, 2016 WL 4080294, at *3.

For the reasons stated in Patreon's Supplemental Brief (ECF No. 218 at 6 to 13), curative notice is necessary to remedy the misleading and incomplete statements Lexclaim made to the 927 individuals from whom it solicited assignments and exclusion requests. In *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1239, 1243 (N.D. Cal. 2000), for example, the court invoked Rule 23 to order a curative notice that would ensure "putative class members will make an informed decision about their decision to opt out of a class." There, two nonparty law firms sent misleading and deceptive communications to solicit class members to sign opt outs. *Id.* at 1244-45. The court ordered curative notice that would "describe the process for certification of a class and the right to opt out" and "also provide that any plaintiff who retained [the nonparty law firm] on the basis of the mass solicitation may void his or her retention agreement." *Id.* at 1246. Courts have repeatedly invoked Rule 23(d) to issue similar curative notice orders regulating the communications of nonparties. *See In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, No. 05-MD-1720 (MKB) (JAM), 2024 WL 4524076, at *3 (E.D.N.Y. Oct. 18, 2024) (ordering curative notice to merchant class members who received misleading communications from claim-filing service and allowing merchants to cancel contracts formed as a result of improper solicitation); *Masonek v. Wells Fargo Bank*, No. SACV091048DOCRNBX, 2009 WL 10672345, at *3 (C.D. Cal. Dec. 21, 2009) (ordering curative notice where "solicitation from [nonparty] was clearly misleading and confusing, and it encouraged

absent class members to pursue individual actions and pay [nonparty] as a litigation manager without properly explaining the nature of a class action").

Accordingly, the Court can and should order curative notice to remedy the impact of misleading and incomplete statements made by Lexclaim to potential Class Members.

### C. Lexclaim's Misleading and Incomplete Solicitation.

Although Lexclaim dismisses its conflicting interest ("Lexclaim sought out affected class members *to offer them a better deal*"), the economic reality is that two lawyers bought claims from non-lawyers at a discount. But unlike lawyers acting as such, Lexclaim, as a claim buyer, did not assume the fiduciary duty or ethical obligation of candor[2] that an attorney owes a client, even though it referred to its consumer counterparties as clients. Not surprisingly, Lexclaim's communications omitted critical information and similar omissions were found misleading by other courts in this District. *See Cnty. of Santa Clara v. Astra USA, Inc.*, No. C 05-03740 WHA, 2010 WL 2724512, at *4 (N.D. Cal. July 8, 2010) (letter to class members was misleading because it omitted relevant basic information); *Slavkov v. Fast Water Heater Partners I, LP*, No. 14-CV-04324-JST, 2015 WL 6674575, at *2 (N.D. Cal. Nov. 2, 2015) (noting that courts have restricted communications with class members "when they omitted critical information").

For example, Lexclaim's internet advertising said, "If you've ever used Patreon, you could be eligible for a cash reward." ECF No. 206-2. But there is no mention of the Settlement, Class Counsel, the right to submit a claim, or Class Counsel's estimate of Settlement recoveries in the range of $35-$175. *See* ECF No. 206-2; ECF No. 191-2 at 12. Class Members who clicked on the advertisement were taken to a landing page that again included no disclosures of the Settlement or Class Counsel. *See* ECF No. 206-3; *see Camp v. Alexander,* 300 F.R.D. 617, 625 (N.D. Cal. 2014) (finding letter misleading because it omitted information such as plaintiff's counsel's contact information and the complaint); *Marino v. CACafe, Inc.*, No. 16-CV-6291 YGR, 2017 WL 1540717, at *2 (N.D. Cal. Apr. 28, 2017) (communications misleading when class members were not informed about the pending lawsuit, "their legal rights, the nature of the claims, plaintiff's counsel's contact information, the status

---

[2] Cal. Rules of Professional Conduct, Rule 1.4.

of the case, or any other information that might have permitted them to allow them to make an informed decision about the waiver of their rights").

Class Members who clicked one of Lexclaim's advertisements—which promised a "cash reward"—were directed to a website with a large green button that says, "Start Evaluation." ECF No. 206-1, ¶ 12 (https://www.videos-privacy-violation.com/); ECF No. 206-3. Nowhere on this webpage does Lexclaim identify the Class Action or the Settlement. The webpage provides no link to the settlement website or any information about Class Members' rights under the Settlement, including the ability to submit a claim. After clicking Start Evaluation, the website visitor is taken through a Q&A about whether they have a Patreon account, whether they watched videos, and whether they have a Facebook account. ECF No. 209-7 at 1-10. At the eighth screen, Lexclaim's webform contains a disclosure of the Settlement:

> We believe that Patreon may have sent data about the videos you watched to Facebook in violation of federal and state privacy laws. A class action settlement has been reached regarding those laws, and based on your answers we think you might be a member of the class. Are you interested in opting-out of that class settlement and selling your right to bring an individual case against Patreon to us in exchange for a $10 payment now plus 20% of what we are able to recover on the claim?

ECF No. 209-7 at 10. But even the statement above is hardly clear: it assumes Class Members know, despite the lack of context or explanation, what the term "opting-out" means and that they have all necessary information about the Class Action at their fingertips.

Lexclaim includes no details about this case, such as the caption, where the case is pending, the identity and contact information of Class Counsel, or a link to the settlement website. These omissions are made worse because Lexclaim withholds information about the obligations that prospective assignors will face in future litigation and the hurdles to recovery. Lexclaim does not disclose that individuals who assign their claims may be subject to discovery in any action it files or any of the burdens of ongoing litigation. *See McKesson*, 126 F. Supp. 2d 1239 at 1245 (Solicitation is misleading when "[t]here is no advice that individual plaintiffs may be subject to the discovery requirements of the Federal Rules of Civil Procedure."). Lexclaim also fails to disclose any of the impediments to

recovery in the follow-on action—information any consumer in this situation would expect an attorney to provide. *See* Patreon's Supplemental Brief (ECF No. 218 at 18 to 22).

Lexclaim also provided selective information about what Class Members will receive if they submit a claim in the Settlement. The Court's approved Notice to the Class included Class Counsel's estimated recovery of $35-$175 per claimant (*see* ECF Nos. 191-2, 191-3), but Lexclaim stated the settlement offers $4,165,000 for approximately 1,400,000 people, inviting the misimpression that Class Members would only receive a $3 quotient (ECF No. 206-4). Lexclaim thus misled Class Members by omitting Class Counsel's estimates and failing to mention the effect of a claims rate. *See In re TracFone Unlimited Serv. Plan Litig.,* 112 F. Supp. 3d 993, 1003 (N.D. Cal. 2015) ("If, as has turned out to be the case, the actual claims rate is below 100%, the per claimant payout rises according to a *pro rata* formula in the settlement agreement."); *Carlotti v. ASUS Comput. Int'l*, 2020 WL 3414653, at *4 (N.D. Cal. June 22, 2020) (finding that in several consumer cases the claim rate was between 4.7 to 10.9% and approving settlement with 4% claims rate); *Norcia v. Samsung Telecommc'ns Am., LLC*, 2021 WL 3053018, at *3 (N.D. Cal. July 20, 2021) (approving consumer settlement with 2% claim rate).

As this Court has recognized, it serves as the protector of class interests. *See Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011), *supplemented*, No. C-06-05778 JCS, 2011 WL 1838562 (N.D. Cal. May 13, 2011) (Spero, J.) (noting the court's role under Rule 23(e) is to protect unnamed members of the class from unjust or unfair settlements affecting their rights). Lexclaim chose to insert itself into the notice process, placing its own interests at odds with those of Class Members. Accordingly, its solicitation scheme deserves no deference of any kind from the Court. Further, any deficiencies in Lexclaim's communications to Class Members, of which the parties have identified many, should be sufficient to warrant corrective action. Under these circumstances, the Court should order curative notice and, as stated above, Plaintiffs agree with the proposed remedies suggested by Patreon.

### III. CONCLUSION

For these reasons, the Court should finally approve the Settlement and order curative notice consistent with Patreon's proposed order (ECF No. 218-11).

Dated: February 26, 2025

Respectfully submitted,

/s/ Simon S. Grille
Adam E. Polk (SBN 273000)
Simon S. Grille (SBN 294914)
Trevor T. Tan (SBN 280145)
Reid Gaa (SBN 330141)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
apolk@girardsharp.com
sgrille@girardsharp.com
ttan@girardsharp.com
rgaa@girardsharp.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record and counsel for Interested Party Lexclaim Recovery Group US LLC.

                                  */s/ Simon S. Grille*
                                  Simon S. Grille