UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRAYDEN STARK, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>PATREON, INC.,<br><br>            Defendant. | Case No.  22-cv-03131-JCS<br><br>**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR PARTIAL RECONSIDERATION OR, IN THE ALTERNATIVE, FOR PARTIAL RECONSIDERATION**<br><br>Re: Dkt. No. 228 |

On June 5, 2025, the Court approved the class action settlement in this case and ruled on the validity of opt-out forms submitted by Lexclaim.  Dkt. no. 227 ("June 5 Order").  Among other things, the Court found that the 927 opt-out forms from individual class members who purportedly assigned their claims in this action to Lexclaim, as well as the opt-out form that was submitted in Lexclaim's own name, were invalid "group opt-outs" that are prohibited under the Settlement Agreement.  Presently before the Court is Lexclaim's Motion for Leave to File Motion for Partial Reconsideration or, in the Alternative, For Partial Reconsideration.  Dkt. no. 228 ("Motion").  The Motion is DENIED.[1]

In the Motion, Lexclaim asks the Court to amend its June 5 Order to remove the conclusion that the "opt-out request Lexclaim submitted in its own name—purporting to opt out of the settlement for the entire group of claims of the 927 individuals it purportedly obtained by assignment—is invalid because . . .  the opt-out request Lexclaim submitted is a 'group opt-out' that the settlement expressly prohibits."  Motion at 2 (quoting June 5 Order at 42).  According to Lexclaim, this conclusion is "unnecessary to the Court's finding and relief ordered, because the

---

[1] The Court assumes familiarity of the factual and procedural posture of this case, which are discussed at length in the June 5 Order.

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1    conclusion that the Lexclaim single opt-out form was invalid was fully supported by the Court's

2    conclusion that the claims were not assignable in the first place." *Id.*   Lexclaim further asserts

3    that the conclusion is "unsupported in the Court's opinion and should be removed for clarity and

4    consistency."  *Id.*  Lexclaim argues that the Court did not explain its reasoning in finding that the

5    opt-out form submitted in its own name was a group opt-out and reiterates the argument in its

6    prior briefing that its opt-out form cannot be a "group" opt-out as it is a single entity.  *Id.* at 3

7    (citing dkt. no. 222 at 12). Lexclaim further contends the Court's conclusion that Lexclaim's opt-

8    out form is a "group" opt-out conflicts with its conclusion that the class members' claims were not

9    assignable in the first place.  *Id.* Lexclaim asserts, "by the Court's own reasoning, Lexclaim's

10   single opt-out form contained *no claims at all,* so it is hard to see how it can be a "group"

11   anything; to the Court, it was a nullity."  *Id.* at 3 (emphasis in original).

12        First, the Court rejects Lexclaim's assertion that reconsideration is warranted under Civil

13   Local Rule 7-9(b)(3), which provides for reconsideration where there has been "[a] manifest

14   failure by the Court to consider material facts or dispositive legal arguments which were presented

15   to the Court before such interlocutory order."  Civ.L.R. 7-9(b)(3).  Assuming Lexclaim is correct

16   that the Court's conclusion is unnecessary to the relief it ordered, that reason does not establish

17   that the standard in Rule 7-9(b)(3) has been met. Nor is that standard met based on the purported

18   conflict between the Court's holdings that 1) the underlying assignments of the 927 class

19   members' claims were invalid; and 2) Lexclaim's opt-out form purportedly opting out on the basis

20   of its ownership of those 927 class members' claims was also a group opt-out and therefore

21   prohibited under the Settlement Agreement.  These are simply alternative holdings and Lexclaim's

22   manufactured conflict carries no weight.

23        Second, Lexclaim has violated Rule 7-9(c), which provides that "[n]o motion for leave to

24   file a motion for reconsideration may repeat any oral or written argument made by the applying

25   party in support of or in opposition to the interlocutory order which the party now seeks to have

26   reconsidered."  In particular, the Motion is based, in part, on Lexclaim's position that the Court's

27   "group opt-out" finding is incorrect because "as Lexclaim explained, it is a single entity, so

28   whatever a 'group' or 'class' opt out might mean, it does not include one party submitting one

United States District Court
Northern District of California

1  request on its own individual behalf." Motion at 3 (citing dkt. no. 222 at 12, where Lexclaim

2  made the same argument). *See United States v. Ass'n of Behav. Consultants*, No. 15-CV-01188-

3  EDL, 2019 WL 12517083, at *2 (N.D. Cal. July 18, 2019) (denying motion for leave to file

4  motion for reconsideration and finding that the plaintiff's "motion and reply papers repeat[ed] the

5  facts and arguments that [the] [p]laintiff made in her opposition to Defendant's motion for

6  summary judgment" in violation of Civil L.R. 7-9(c)); *Apotex Inc. v. Gilead Scis., Inc.*, No. 18-

7  CV-06475-JCS, 2019 WL 2410468, at *2 (N.D. Cal. June 7, 2019) (denying motion for leave to

8  file motion for reconsideration and finding that the motion "merely reargue[d] the points made in

9  opposition to the Motion to Dismiss and therefore [did] not satisfy the requirement of Civil Local

10  Rule 7-9(c) that a party seeking reconsideration may not repeat arguments already made in its

11  opposition brief."). "[R]econsideration [is not] to be used to ask the Court to rethink what it has

12  already thought." *Garcia v. City of Napa*, No. C-13-03886 EDL, 2014 WL 342085, at *1 (N.D.

13  Cal. Jan. 28, 2014). The Court considered Lexclaim's argument already and found it

14  unpersuasive. To the extent that Lexclaim is asking the Court to rethink its conclusion, it has not

15  complied with Rule 7-9(c).

16      Accordingly, the Motion is DENIED.

17      **IT IS SO ORDERED.**

18

19  Dated: July 8, 2025

20  _____

21  JOSEPH C. SPERO
    United States Magistrate Judge

22

23

24

25

26

27

28