UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| BRAYDEN STARK, JUDD OOSTYEN, ISAAC BELENKIY, VALERIE BURTON, LAURA GOODFIELD, and DENOVIAS MACK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>PATREON, INC.,<br><br>Defendant. | Case No. 3:22-cv-03131-JCS<br><br>**AMENDED FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** |

Upon consideration of the Motion for Final Approval of Class Action Settlement (ECF No. 197), and Plaintiffs Brayden Stark, Judd Oostyen, Isaac Belenkiy, Valerie Burton, Laura Goodfield, and Denovias Mack ("Plaintiffs") and Defendant Patreon, Inc. ("Patreon") having entered into the Settlement Agreement to fully and finally resolve the Settlement Class's claims against Patreon, and the Court having held a hearing in open court on February 19, 2025, and for the reasons set forth in the Court's Order re: Motion for Final Approval of Class Action Settlement, Contingent Objections of Laura Hill and Lexclaim Recovery Group US LLC, Parties' Objection to 927 Lexclaim Opt-Outs, and Motion

For Attorneys' Fees, Reimbursement of Litigation Expenses, and Service Awards (ECF No. 227, "Final Approval Order") it is hereby **ORDERED**, **ADJUDGED** and **DECREED** as follows:

1. This Judgment incorporates by reference the definitions in the Class Action Settlement Agreement and Release with Patreon dated August 1, 2024 (ECF No. 176-1, the "Settlement Agreement"), and all defined terms used herein that are defined in the Settlement Agreement have the same meanings ascribed to them in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of the Action and over all Parties thereto, and venue is proper in this Court.

3. In its Order Granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and Providing for Notice ("Preliminary Approval Order") dated September 23, 2024 (ECF No. 192), the Court preliminarily approved the Settlement Agreement under Federal Rule of Civil Procedure 23(e)(2). The Court provisionally found that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. Further, the Court found, upon preliminary evaluation, that the Court will likely be able to certify the following proposed class pursuant to Federal Rule of Civil Procedure 23:

> All persons who, between April 1, 2016, to and through the Preliminary Approval date, requested or obtained video content on the Patreon website (patreon.com) while in the United States and at a time the person had a Facebook account and also had a Patreon account.

Excluded from the Settlement Class are Defendant Patreon, Inc., its parents, subsidiaries, affiliates, officers, directors, and employees; any entity in which Patreon has a controlling interest; and all judges assigned to hear any aspect of this litigation, as well as their staff and immediate family members.

4. On June 5, 2025, the Court granted final approval of the Settlement pursuant to Federal Rule of Civil Procedure 23(e) and found that it is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2). ECF No. 227 ("Final Approval Order") at 15. In its Final Approval Order, the Court reaffirmed and made final its provisional findings that, for purposes of the Settlement, all prerequisites for maintenance of a class action set forth in Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied. *Id.* at 14. The Court accordingly certified the Settlement Class described above. *Id.*

In its Final Approval Order, the Court found that notice of the Settlement was given to Settlement Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and due process and that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met. *Id.* The Court, however, further (1) found that some potential Class Members were exposed to material omissions and misleading statements in disclosures by nonparty Lexclaim Recovery Group LLC about the Settlement, in connection with a solicitation campaign by Lexclaim directed at obtaining claim assignments and opt-out requests from Class Members, (2) found that a curative notice thus was required as to the approximately 927 individuals who purportedly assigned their claims to Lexclaim and requested exclusion from the Settlement (the "Curative Notice Group"); and (3) ordered that the Claims Administrator send a curative written notice, in the form specified by the Court in the Final Approval Order, to the Curative Notice Group. *Id.* at 15, 19-44.

5. The Court finds that the Claims Administrator disseminated curative notice in the form and manner ordered by the Court to Curative Notice Group. *See Declaration of Settlement Administrator Simpluris Inc. Regarding (1) Response to Curative Notice and (2) List of Individuals Who Have Submitted Valid Opt-Out Requests*. The Court finds that Class Members have received the best notice practicable, satisfying the requirements of Federal Rule of Civil Procedure 23(b)(3) and in accordance with due process.

6. The Curative Notice Group was provided an additional 60 days to individually submit a claim under the Settlement, individually submit an opt-out request, or do neither. ECF No. 227 at 43-44. The Court finds that the further 60-day curative period afforded the Curative Notice Group a full and fair opportunity to exercise their rights under the Settlement in accordance with due process. The Court notes that after the curative notice was sent to the Curative Notice Group, no member of the Curative Notice Group requested exclusion from the Class.

7. The Court finds that Notice via email and the establishment and maintenance of a dedicated website and toll-free telephone number were implemented in accordance with the Preliminary Approval Order and the Final Approval Order, and satisfy the requirements of Federal

Rules of Civil Procedure 23(c)(2)(B) and 23(e), the United States Constitution and other applicable laws and rules, and constituted the best notice practicable under the circumstances as to all Class Members, including the members of the Curative Notice Group.

8. Except as to any individual claim of those persons identified in the attached Exhibit 1 (who have validly and timely requested exclusion from the Settlement), the Action and all claims contained therein (including all claims asserted in the Action on behalf of Class Members), as well as all of the Released Claims (including Unknown Claims), are dismissed on the merits and with prejudice. It is hereby determined that all Class Members who did not timely and properly elect to exclude themselves from the Settlement by the exclusion deadline are bound by this Judgment and by the Settlement. No member of the Curative Notice Group is included among Persons identified in Exhibit 1, and each and every member of the Curative Notice Group is included among the Class Members who are bound by this Judgment and by the Settlement.

9. The persons and entities identified in Exhibit 1 hereto requested exclusion from the Settlement before the exclusion deadline, and they are the only persons and entities that did so. These persons and entities shall not share in the benefits of the Settlement and this Judgment does not affect their legal rights to pursue any claims they may have against Patreon. All other members of the Class are hereafter barred and permanently enjoined from prosecuting any Released Claims against Patreon in any court, administrative agency, arbitral forum, or other tribunal.

10. Upon the Effective Date, Releasing Plaintiffs shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendant from all Released Claims.

11. Neither Class Counsel's application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs, nor any order entered by this Court thereon, shall in any way disturb or affect this Judgment, and all such matters shall be treated as separate from the Judgment entered herein.

12. The Parties shall bear their own costs and attorneys' fees, except as set forth in the Settlement Agreement, in this Judgment, or any Order regarding Plaintiffs' request for attorneys' fees, expenses, and service awards.

13. Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement, is or may be deemed to be or may be used as an admission of, or evidence of, (a) the validity of any Released Claim, (b) any wrongdoing or liability of Patreon, or (c) any fault or omission of Patreon in any proceeding in any court, administrative agency, arbitral forum, or other tribunal. To the extent permitted by law, neither the Settlement Agreement, the Settlement, the Judgment, any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be offered as evidence or received in evidence or used in any way in any pending or future civil, criminal, or administrative action or any other proceeding to establish any liability or wrongdoing of, or admission by Patreon. Notwithstanding the foregoing, nothing in this Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Settlement Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding. All other relief not expressly granted to Class Members is denied.

14. No Class Member or any other person will have any claim against Patreon, Plaintiffs, Class Counsel, or the Claims Administrator arising from or relating to the Settlement or any actions, determinations or distributions made substantially in accordance with the Settlement or Orders of the Court.

15. Without affecting the finality of this Judgment, this Court reserves exclusive jurisdiction over all matters related to administration, consummation, enforcement, and interpretation of the Settlement and this Judgment, including (a) distribution or disposition of the Settlement Fund; (b) further proceedings, if necessary, on the application for attorneys' fees, reimbursement of litigation expenses, and service awards for Plaintiffs; and (c) the Parties for the purpose of construing, enforcing, and administering the Settlement.  If any Party fails to fulfill its obligations under the Settlement, the Court retains authority to vacate the provisions of this Judgment releasing, relinquishing, discharging, barring and enjoining the prosecution of, the Released Claims against the Releasees, and to reinstate the Released Claims against the Releasees.

16. If the Settlement does not become effective, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be

vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17. Without further order of the Court, the Parties may unanimously agree to reasonable extensions of time or other reasonable amendments, modifications, and expansions of the Settlement Agreement necessary to carry out any of the provisions of the Settlement Agreement, provided that such amendments, modifications, and expansions of the Settlement Agreement are not materially inconsistent with this Judgment and do not materially limit the rights of Class Members or the Released Defendant or Released Plaintiffs under the Settlement Agreement.

18. Judgment shall be, and hereby is, entered dismissing the Action with prejudice and on the merits. There is no just reason for delay in the entry of Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: August 22, 2025

THE HONORABLE JOSEPH C. SPERO
UNITED STATES MAGISTRATE JUDGE